1  ROBERT E. DARBY (BAR NO. 70576)
   JULIE CAPELL (BAR NO. 226662)
2  FULBRIGHT & JAWORSKI L.L.P.
   555 South Flower Street
3  Forty-First Floor
   Los Angeles, C.A. 90071
4  Telephone:    (213) 892-9272
   Facsimile:    (213) 892-9494
5  rdarby@fulbright.com
   jcapell@fulbright.com
6
   ROBERT A. BURGOYNE (to seek admission pro hac vice)
7  CAROLINE M. MEW (to seek admission pro hac vice)
   FULBRIGHT & JAWORSKI L.L.P.
8  801 Pennsylvania Avenue, NW
   Washington, D.C. 20004
9  Telephone:    (202) 662-0200
   Facsimile:    (202) 662-4643
10 rburgoyne@fulbright.com
   cmew@fulbright.com                    E-filing
11
   Attorneys for Defendant
12 LAW SCHOOL ADMISSION COUNCIL, INC.

FILED

APR 1 2 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

13           IN THE UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15

16 THE DEPARTMENT OF FAIR EMPLOYMENT       Civil Action No.
   AND HOUSING, an agency of the State of
17 California,                             CV 12 1830

                                          NOTICE OF REMOVAL OF ACTION
18           Plaintiff,                    UNDER 28 U.S.C. § 1441

19      v.                                 (FEDERAL QUESTION AND
                                          DIVERSITY JURISDICTION)
20 LAW SCHOOL ADMISSION COUNCIL, INC.,
   a Delaware tax exempt corporation, and DOES
21 ONE through TEN, inclusive,

22           Defendants.

23 JOHN DOE, JANE DOE, PETER ROE,
   RAYMOND BANKS, KEVIN COLLINS,
24 RODNEY DECOMO-SCHMITT, ANDREW
   GROSSMAN, ELIZABETH HENNESSEY-
25 SEVERSON, OTILIA IOAN, ALEX JOHNSON,
   NICHOLAS JONES, CAROLINE LEE,
26 ANDREW QUAN, STEPHEN SEMOS,
   GAZELLE TALESHPOUR, KEVIN
27 VIELBAUM, AUSTIN WHITNEY, and all other
   similarly situated individuals,

28           Real Parties in Interest.

DEFENDANT'S NOTICE OF REMOVAL

DOCUMENT PREPARED
ON RECYCLED PAPER

1    PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441, Defendant Law School

2 Admission Council, Inc. ("LSAC") hereby removes to this Court the state court action described

3 below. In support of this Notice of Removal, LSAC states as follows:

4    1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to

5 the removal of cases.

6    2.    On or about March 15, 2012, Plaintiff The Department of Fair Employment and

7 Housing ("DFEH" or "Plaintiff") filed its Complaint in the Superior Court of the State of

8 California for the County of Alameda, entitled *The Department of Fair Employment and Housing*

9 *v. Law School Admission Council, Inc.*, No. RG12621479. On March 26, 2012, LSAC received a

10 copy of the Summons and Complaint together with a Notice of Acknowledgement and Service of

11 Complaint. Because this Notice of Removal is filed within thirty (30) days of receipt of the

12 original Complaint by defendant LSAC, it is timely under 28 U.S.C. § 1446(b)(1).

13    3.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders

14 served upon LSAC in this action are attached hereto as Exhibit A and incorporated herein by

15 reference.

16    4.    This action originally could have been filed in this Court under 28 U.S.C. § 1331,

17 because it arises under the laws of the United States within the meaning of that provision. This

18 action also could have been filed in this Court under 28 U.S.C. § 1332(a), because complete

19 diversity of citizenship exists between the parties and the amount in controversy exceeds the sum

20 or value of $75,000, exclusive of interest and costs.

21    5.    In removing this action, LSAC denies that it has violated any laws and expressly

22 reserves all defenses that it may have to Plaintiff's claims.

23 **I.    THE COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS**
   **ACTION.**
24

25    6.    Plaintiff's claims in this case are based on LSAC's alleged violations of the federal

26 Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* More specifically, Plaintiff

27 alleges that LSAC violated the ADA in connection with its consideration of requests for testing

28 accommodations by individuals planning to take the Law School Admission Test (the "LSAT"),

1 and that the alleged ADA violations in turn constitute violations of the California Unruh Act (Cal.

2 Civ. Code § 51 *et seq.*) and the California Fair Housing and Employment Act ("FEHA") (Cal.

3 Gov. Code § 12900 *et seq.*). *See* Complaint ¶¶ 1, 187-216.

4    7.    Plaintiff's Complaint asserts five causes of action, each of which is based upon

5 alleged violations of the ADA:

6        a.   First Cause of Action: **"Unlawful Consideration of Mitigation Measures (42**

7            **U.S.C. § 12102(4)(E)(1)(i)(l))"**

8        b.   Second Cause of Action: **"Failure to Ensure that Exam Measures Ability**

9            **Rather than Disability (42 U.S.C. § 12189 and 28 C.F.R. § 36.309)"**

10       c.   Third Cause of Action: **"Coercion, Intimidation, Threats or Interference with**

11           **ADA Rights – Flagging (42 U.S.C. § 12203)"**

12       d.   Fourth Cause of Action: **"Denial of Reasonable Accommodation (42 U.S.C. §**

13           **12189 and 28 C.F.R. § 36.309(b)(1)(iv)"**

14       e.   Fifth Cause of Action: **"Coercion, Intimidation, Threats, or Interference with**

15           **ADA Rights (42 U.S.C. 12203)"**

16 *See* Complaint at 28-33.

17    8.    With respect to both its requests for damages and its requests for injunctive relief,

18 Plaintiff's claims arise under federal law. The claims are based upon alleged violations of the

19 ADA and raise substantial questions of federal law. Alternatively, the claims arise under federal

20 law at least to the extent that Plaintiff seeks injunctive relief for its ADA-based Unruh Act and

21 FEHA claims, *see* Complaint ¶¶ 192, 198, 204, 210, 216, 217-224, thereby giving this Court

22 federal subject matter jurisdiction under 28 U.S.C. § 1331; and the Court may exercise

23 supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims to the

24 extent they seek compensatory damages for LSAC's alleged ADA-based violations of the Unruh

25 Act and FEHA, *see* Complaint ¶¶ 190-91, 196-97, 202-03, 208-09, 214-15, 225.

26

27

28

## II. THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION.

### A. Complete Diversity of Citizenship Exists Between The Real Parties in Interest and LSAC.

9.     Plaintiff DFEH is, and was at the institution of this civil action, an agency of the State of California. "DFEH brings this case on behalf of a group of 17 named individuals," which it identifies as the real parties in interest. Complaint ¶¶ 2, 7. DFEH "also brings this case as a class action, on behalf of: all disabled individuals in the State of California who requested a reasonable accommodation for the Law School Admission Test (LSAT) from January 19, 2009 to February 6, 2012." Complaint ¶ 8 (italics omitted).

10.     According to the allegations in the Complaint, at the time of the institution of this civil action, all 17 individuals who are identified in the Complaint as real parties in interest were residents of counties in the State of California. *See* Complaint ¶¶ 58 (John Doe), 67 (Jane Doe), 74 (Peter Roe), 81 (Raymond Banks), 86 (Kevin Collins), 92 (Rodney DeComo-Schmitt), 99 (Andrew Grossman), 105 (Elizabeth Hennessey-Severson), 112 (Otilia Ioan), 119 (Alex Johnson), 126 (Nicholas Jones), 133 (Caroline Lee), 143 (Andrew Quan), 150 (Stephen Semos), 159 (Gazelle Taleshpour), 170 (Kevin Vielbaum), 175 (Austin Whitney). On information and belief, the real parties in interest currently are, and were at the time of the institution of this civil action, all residents and citizens of the State of California.

11.     Plaintiff alleges that the "harm that is the subject of this complaint occurred throughout the State of California," and that three of the real parties in interest "lived in the County of Alameda" at the time of the actions that are the subject of the Complaint. Complaint ¶ 44.

12.     Defendant LSAC is, and was at the time of the institution of this civil action, incorporated under the laws of Delaware with its principal place of business in Newtown, Pennsylvania. Accordingly, now and at the time of the institution of this civil action, LSAC is a citizen of Delaware and Pennsylvania, not a citizen of the State of California.

13.     Thus, complete diversity existed between the real parties in interest and LSAC at the time this civil action was commenced and continues to exist at the time of removal. *See*

1    *generally Dep't of Fair Employment & Housing v. Lucent Technologies, Inc.*, 642 F.3d 728 (9th
2    Cir. 2011).

3    **B.    The Amount-In-Controversy Requirement is Satisfied.**

4    14.    The matter in controversy in this action exceeds the sum or value of $75,000,
5    exclusive of interest and costs.

6    15.    Plaintiff alleges that, as a result of LSAC's alleged practices, "real parties have
7    incurred out of pocket losses, including test registration fees and medical bills, in an amount to be
8    proven at trial[,]" Complaint ¶¶ 208, 214, and that "real parties have suffered emotional distress,
9    anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an
10   amount to be proven at trial[,]" Complaint ¶¶ 209, 215. Plaintiff makes similar allegations with
11   regard to the purported class plaintiffs, which include the real parties in interest. *See* Complaint
12   ¶¶ 190-91, 196-97, 202-03.

13   16.    According to the Plaintiff's website, "[t]here is no limit to the amount of emotional
14   distress damages" that may be awarded under the Fair Employment and Housing Act. *See*
15   http://www.dfeh.ca.gov/Complaints_EmpFAQ.htm.

16   17.    With respect to all members of the class, including the real parties in interest,
17   Plaintiff requests "actual damages according to proof for each Unruh Act violation up to a
18   maximum of three times the actual damages, but in no case less than $4,000 per violation."
19   Complaint ¶ 225.

20   18.    Plaintiff also seeks injunctive relief with respect to the real parties in interest;
21   specifically, (a) "free and accommodated testing at the next available testing date in each real
22   party's area, with accommodations as initially requested by that real party," and (b) "a letter to
23   each real party explaining that their LSAT scores used for their law school application during the
24   relevant period may not have provided accurate measures of their acquired reading and verbal
25   reasoning skills, because LSAC did not reasonably accommodate their disabilities." Complaint ¶¶
26   217-18.

27   19.    Plaintiff also seeks several types of injunctive relief with respect to all members of
28   the class, including the real parties in interest. *See* Complaint 219-24. The requested injunctive

1    for the State of California shall effect the removal of said suit to this Court.

2

3    Dated: April __, 2012                    FULBRIGHT & JAWORSKI L.L.P.

4

5

6                                            By _____
                                               JULIE CAPELL
7                                            Attorneys for Defendant Law School
                                             Admission Council, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

90726183.1

DEFENDANT'S NOTICE OF REMOVAL

DOCUMENT PREPARED
ON RECYCLED PAPER

Exhibit A

FILED
ALAMEDA COUNTY

MAR 1 6 2012

By _____ , Exec. Off/Clerk

BY FAX

1   NELSON CHAN (#109272)
    Chief Counsel
2   SUSAN SAYLOR (#154592)
    Special Projects Counsel
3   DEPARTMENT OF FAIR EMPLOYMENT
    AND HOUSING (DFEH)
4   39141 Civic Center Drive, Suite 410
    Fremont, CA 94538
5   Telephone: (510) 622-2941

6   Attorneys for the DFEH
    [Filing fee exempt, Gov. Code, § 6103]
7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF ALAMEDA

10

11  THE DEPARTMENT OF FAIR EMPLOYMENT )   Case No.  12621479
    AND HOUSING, an agency of the State of )
12  California,                           )
                                          )   GROUP AND CLASS ACTION
13                        Plaintiff,)         COMPLAINT FOR DAMAGES AND
                                          )   INJUNCTIVE RELIEF
14               vs.                      )
                                          )
15  LAW SCHOOL ADMISSION COUNCIL, INC.,  )   [FEHA, Gov. Code, § 12900 et seq. and
    a Delaware tax exempt corporation, and DOES )   Unruh Civil Rights Act, Civ. Code, § 51 et
16  ONE through TEN, inclusive,          )   seq.]
                                          )
17                        Defendants.)        Jury Trial Demanded
18  _____)
19  JOHN DOE, JANE DOE, PETER ROE,       )
    RAYMOND BANKS, KEVIN COLLINS,        )
20  RODNEY DECOMO-SCHMITT, ANDREW        )
    GROSSMAN, ELIZABETH HENNESSEY-       )
21  SEVERSON, OTILIA IOAN, ALEX JOHNSON, )
    NICHOLAS JONES, CAROLINE LEE,        )
22  ANDREW QUAN, STEPHEN SEMOS,          )
    GAZELLE TALESHPOUR, KEVIN            )
23  VIELBAUM, AUSTIN WHITNEY, and all other )
    similarly situated individuals,       )
24                                        )
                  Real Parties in Interest.)
25  _____)
26

27

-1-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Group and Class Action Complaint for Damages and Injunctive Relief

1    Plaintiff DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING (Department or

2  DFEH) alleges the following against defendant LAW SCHOOL ADMISSION COUNCIL, INC.

3  (LSAC), a Delaware tax exempt Corporation, and DOES ONE through TEN, inclusive:

**PARTIES**

5    1.    DFEH is the state agency charged with enforcing the right of all Californians under

6  the Unruh Civil Rights Act (Unruh Act) (Civ. Code, § 51 et seq.) "to the full and equal

7  accommodations, advantages, facilities, privileges, or services in all business establishments of every

8  kind whatsoever." (Civ. Code, § 51, subd. (a).) Government Code section 12948 makes a violation

9  of the Unruh Act a violation of the Fair Housing and Employment Act (FEHA) (Gov. Code, § 12900

10  et seq.). The FEHA empowers the DFEH to investigate and prosecute Unruh Act claims within the

11  state, including those that adversely affect, in a similar manner, a group or class. (Gov. Code, §§

12  12961, 12965.)

13    2.    Each real party in interest, John Doe, Jane Doe, Peter Roe, Raymond Banks, Kevin

14  Collins, Rodney Decomo-Schmitt, Andrew Grossman, Elizabeth Hennessey-Severson, Otilia Ioan,

15  Alex Johnson, Nicholas Jones, Caroline Lee, Andrew Quan, Stephen Semos, Gazelle Taleshpour,

16  Kevin Vielbaum, and Austin Whitney, applied to LSAC for reasonable accommodations on the Law

17  School Admissions Test (LSAT) between January 19, 2009 and February 6, 2012. Each real party

18  was denied a reasonable accommodation, either in whole or in part, within this same time frame. At

19  the time of applying for reasonable accommodations, each real party resided in California.

20    3.    Real parties in interest John Doe, Jane Doe, and Peter Roe wish to participate in this

21  litigation anonymously. Each real party seeks to retain their privacy interest in the details of their

22  disability and need for accommodation. Each of these real parties has expressed a legitimate fear of

23  negative professional ramifications should their true names be associated with this litigation. A

24  motion requesting the court's permission to proceed under fictitious names for these two real parties

25  is filed concurrently with this complaint.

26  //

27  //

-2-

Exh A, p. 9

1    4.    At all times relevant to this complaint, LSAC was a business establishment as defined

2    by Civil Code section 51, subdivision (b). LSAC offers and administers its LSAT at multiple

3    locations in the State of California several times a year.

4    5.    DOES ONE through TEN, inclusive, are sued pursuant to Code of Civil Procedure

5    section 474. The DFEH is ignorant of the true names or capacities of the defendants sued herein

6    under fictitious names DOES ONE through TEN, inclusive, and will amend this complaint to allege

7    their true names and capacities when the information is ascertained.

8    6.    The DFEH is informed and believes and thereon alleges that, at all times mentioned

9    herein, each and every defendant is and was, in doing the things complained of herein, the agent or

10   employee of their co-defendants herein and was acting within the scope of said agency, service,

11   employment, or representation, and that each and every defendant herein is jointly and severally

12   responsible and liable to the real party for the damages hereinafter alleged.

13   ### GROUP ACTION ALLEGATIONS

14   7.    The DFEH brings this case on behalf of a group of 17 named individuals.

15   ### CLASS ACTION ALLEGATIONS

16   8.    **Class Definition:** The DFEH also brings this case as a class action, on behalf of: *all*

17   *disabled individuals in the State of California who requested a reasonable accommodation for the*

18   *Law School Admission Test (LSAT) from January 19, 2009 to February 6, 2012.* The DFEH alleges

19   that everyone within this class was subjected to LSAC's unlawful policies of discouraging requests

20   for accommodation, requiring excessive documentation, and requesting unlawful information about

21   mitigation measures. Within this class is a subclass of people who took the LSAT with the condition

22   of extended time and were thereafter subjected to discriminatory treatment and retaliation because of

23   this accommodation. These two classes are defined as follows:

24   a.    Unlawful Discouragement and Consideration of Mitigation Measures: All

25   disabled individuals in the State of California who requested a reasonable accommodation for the

26   LSAT from January 19, 2009 to February 6, 2012.

27

-3-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Group and Class Action Complaint for Damages and Injunctive Relief

Exh A, p. 10

b.    <u>Differential Treatment and Retaliation Against Examinees Granted Extended</u>
<u>Time</u>: All disabled individuals in the State of California who took the LSAT with the accommodation
of extra time from January 19, 2009 to February 6, 2012.

9.    **Class Representative**: The Director of the DFEH, with the assistance of the 17 named
real parties in interest, will fairly and adequately represent the class. Government Code section 12961
authorizes the Director to pursue this litigation as a class representative. Section 12961 authorizes the
DFEH to seek class relief without being certified as the class representative. Nonetheless, this lawsuit
meets the criteria for class certification.

10.    **Manageability**: Class treatment of this dispute would save time and money by
bringing all like claims before this court. For LSAC policies that affect a large group of applicants in
a similar fashion, such as subjecting applicants to unlawful inquiries and flagging certain scores,
treatment as a class is a superior method of adjudication, as compared to multiple individual suits
where each plaintiff would allege an identical harm. Class treatment would neatly aggregate these
claims, preventing duplicative litigation and potential inconsistencies in the ultimate findings.

11.    **Numerosity**: The class is estimated to include hundreds of LSAT applicants. It would
be impracticable to join each of these applicants who requested reasonable accommodation during the
three-year time frame and to bring them individually before the court for adjudication. The members
of this class are fully ascertainable and there exists a probability that the individual members will
ultimately be available to come forward to prove their separate damage-related claims to a portion of
the total class recovery, if any.

12.    **Commonality**: There exists for the class a well-defined community of interest such
that common questions of both law and fact predominate over individual interests or claims.

13.    **Typicality**: The class claims raised by the real parties in interest are typical of those
held by other members of the class. Each applicant for reasonable accommodation was subject to an
unlawful inquiry about mitigation measures, and each test-taker, who was granted extra time, had his
or her test score segregated and flagged.

-4-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Group and Class Action Complaint for Damages and Injunctive Relief

Exh A, p. 11

14. **Adequacy of Representation:** With the assistance of the real parties in interest, the DEFH will fairly and adequately represent the interests of all members of the class in the adjudication of their similar legal claims.

### JURISDICTION AND VENUE

15. The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 14, inclusive, as if fully set forth herein.

16. This action arises under the FEHA, specifically Government Code section 12948, which incorporates the Unruh Act into the enforcement structure of the FEHA, giving the DFEH jurisdiction over Unruh Act violations occurring within the state. By virtue of its incorporation into the Unruh Act, a violation of the Americans with Disabilities Act of 1990 (ADA) (42 U.S.C. § 12101 et seq.) also constitutes a violation of the Unruh Act. (Civ. Code, § 51, subd. (f).)

17. At all times relevant to this complaint, LSAC was a business establishment as defined by Civil Code section 51, subdivision (b). LSAC offers and administers its LSAT at multiple locations in the State of California several times a year.

18. At all times relevant to this complaint, real parties in interest John Doe, Jane Doe, Peter Roe, Raymond Banks, Kevin Collins, Rodney Decomo-Schmitt, Andrew Grossman, Elizabeth Hennessey-Severson, Otilia Ioan, Alex Johnson, Nicholas Jones, Caroline Lee, Andrew Quan, Stephen Semos, Gazelle Taleshpour, Kevin Vielbaum, Austin Whitney, and all other similarly situated individuals, were "persons" within the meaning of Government Code section 12925, subdivision (d), and Civil Code section 51, subdivision (b).

19. On May 9, 2010, Jane Doe filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied her full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A redacted copy of this complaint is attached hereto as Exhibit I.

20. On January 12, 2010, Nicholas Jones filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

-5-

Exh A, p. 12

of the FEHA and Unruh Act.  A true and correct copy of this complaint is attached hereto as Exhibit 2.

21.   After receiving the complaints of Jane Doe and Mr. Jones, and beginning an investigation into their allegations, the Department came to believe that LSAC's policies and practices toward disabled applicants requesting reasonable accommodation were affecting a larger group or class of applicants in a similar manner.

22.   On July 22, 2010, the Department issued a document entitled "Notice of Class Action Complaint and Director's Complaint" describing the affected group or class as "all disabled individuals in the State of California who have or will request a reasonable accommodation for the Law School Admission Test (LSAT), administered by the LSAC, and who have or will be unlawfully denied such request from January 19, 2009 to the conclusion of the Department's investigation of this complaint." A redacted copy of this complaint is attached hereto as Exhibit 3.

23.   During its investigation of the class action and Director's complaint, the DFEH propounded administrative discovery to determine whether other people had been harmed by LSAC's discriminatory practices within the state. The DFEH's efforts to obtain this information from defendant included the filing of a superior court petition to compel LSAC to respond to its discovery requests. Although Government Code section 12960, subdivision (d), provides that the DFEH has one year from the date of the filing of its complaint until the filing of its accusation, this time is extended by the pendency of a court action to enforce administrative discovery. (Gov. Code, § 12963.5, subd. (f).) Therefore, this action is timely filed.

24.   With the court's assistance, the DFEH was able to discover and notify other persons who were harmed by defendant's discriminatory practices. Some of these people elected to file individual complaints as follows.

25.   On August 29, 2011, Alex Johnson filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

-6-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FEAH Autocoded

1  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

2  4.

3      26.    On August 31, 2011, John Doe filed a verified complaint of discrimination in writing

4  with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully

5  denied him full and equal access to the LSAT within the preceding one year, in violation of the

6  FEHA and Unruh Act. A redacted copy of this complaint is attached hereto as Exhibit 5.

7      27.    On September 26, 2011, Elizabeth Hennessey-Severson filed a verified complaint of

8  discrimination in writing with the Department pursuant to Government Code section 12960, alleging

9  that LSAC unlawfully denied her full and equal access to the LSAT within the preceding one year, in

10  violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as

11  Exhibit 6.

12      28.    On October 3, 2011, Caroline Lee filed a verified complaint of discrimination in

13  writing with the Department pursuant to Government Code section 12960, alleging that LSAC

14  unlawfully denied her full and equal access to the LSAT within the preceding one year, in violation

15  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

16  7.

17      29.    On October 6, 2011, Raymond Banks filed a verified complaint of discrimination in

18  writing with the Department pursuant to Government Code section 12960, alleging that LSAC

19  unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

20  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

21  8.

22      30.    On October 7, 2011, Gazelle Taleshpour filed a verified complaint of discrimination in

23  writing with the Department pursuant to Government Code section 12960, alleging that LSAC

24  unlawfully denied her full and equal access to the LSAT within the preceding one year, in violation

25  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

26  9.

27

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Group and Class Action Complaint for Damages and Injunctive Relief

31.     On October 11, 2011, Peter Roe filed a verified complaint of discrimination in writing with the Department pursuant to section Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A redacted copy of this complaint is attached hereto as Exhibit 10.

32.     On October 11, 2011, Stephen Semos filed a verified complaint of discrimination in writing with the Department pursuant to section Government Code section12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 11.

33.     On October 14, 2011, Rodney DeComo-Schmitt filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 12.

34.     On October 17, 2011, Andrew Grossman filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 13.

35.     On October 19, 2011, Kevin Collins filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 14.

36.     On October 24, 2011, Otilia Ioan filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

-8-

Exh A, p. 15

1  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

2  15.

3       37.    On October 28, 2011, Andrew Quan filed a verified complaint of discrimination in

4  writing with the Department pursuant to Government Code section 12960, alleging that LSAC

5  unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

6  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

7  16.

8       38.    On October 28, 2011, Austin Whitney filed a verified complaint of discrimination in

9  writing with the Department pursuant to Government Code section 12960, alleging that LSAC

10  unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

11  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

12  17.

13       39.    On November 7, 2011, Kevin Vielbaum filed a verified complaint of discrimination in

14  writing with the Department pursuant to Government Code section 12960, alleging that LSAC

15  unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

16  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

17  18.

18       40.    On February 6, 2012, the DFEH issued a Group and Class Accusation before the

19  California Fair Employment and Housing Commission (Commission), charging LSAC with

20  violations of the Unruh Act. The Group and Class Accusation was properly served on LSAC by

21  certified mail.

22       41.    On February 17, 2012, the DFEH issued a First Amended Group and Class Accusation

23  before the Commission. This accusation was properly served on the LSAC by certified mail.

24       42.    Pursuant to Government Code section 12965, subdivision (c)(1), LSAC elected to

25  have this dispute heard in civil court in lieu of a hearing before the Commission, and so notified the

26  Department in writing, on or about February 22, 2012. A true and correct copy of "Respondent's

27  Notice of Transfer of Proceedings to Court" is attached hereto as Exhibit 19.

-9-

Exh A, p. 16

43.     The Department has withdrawn its accusation and has timely filed this complaint
pursuant to Government Code section 12965, subdivision (c)(2).

44.     The harm that is the subject of this complaint occurred throughout the State of
California. Three of the real parties in interest lived in the County of Alameda at the time that they
were denied full and equal accommodations in the testing process.

45.     The amount of damages sought by this complaint exceeds the minimum jurisdictional
limits of this court.

FACTUAL ALLEGATIONS

The Law School Admissions Test (LSAT)

46.     The LSAT is a half-day, standardized test administered four times each year at
designated testing centers throughout the State of California. It purports to provide a standard
measure of acquired reading and verbal reasoning skills that law schools use to assess applicants.

47.     The test consists of five 35-minute sections of multiple-choice questions. A 35-minute
writing sample is administered at the end of the test. Defendant does not score the writing sample, but
sends it on to the law schools with the scores.

48.     The LSAT is designed to measure reading and comprehension skills, the ability to
organize and manage information, and analytical skills such as evaluation and criticism.

49.     The three multiple-choice question types in the LSAT are labeled reading
comprehension, analytical reasoning, and logical reasoning. All candidates take one additional
multiple-choice section, which is experimental.

LSAC Business within the State

50.     LSAC offers and administers its LSAT at multiple locations in the State of California
four times a year, typically at law schools and universities. Applicants pay a test registration fee of
$139 after creating an online account and filling out the online application form. Additional fees
charged by LSAC include $68 for late registration, $35 to change the test date, and so on.

51.     LSAC pays local proctors to administer the exam on site. LSAC also pays for
accommodations at the site, such as readers or scribes.



COURT PAPER
State of California
Std. 113 Rev. 3-95
95241 Automated

-10-

52.     LSAC offers a Credential Assembly Service to law schools and law school applicants, which streamlines the law school admission process by allowing transcripts, recommendations and evaluations to be sent one time to LSAC. LSAC, in turn, summarizes and combines a law school applicant's LSAT score, writing samples, transcripts, recommendations, and evaluations into a report to an applicant's prospective law schools. The Credential Assembly Service also includes access through an applicant's LSAC account to electronic applications for all ABA-approved law schools. Applicants are charged $124 to register for the Credential Assembly Service and $16 for law school reports.

53.     LSAC provides a series of LSAT preparatory guides, manuals and compilations of sample LSATs for purchase via its Web site, which materials range in price from $8 to $39.96. LSAC also sells a guide to ABA-approved law schools for $26 and a skill readiness inventory for $29.95.

The LSAC Accommodation Request Process

54.     LSAC requires candidates requesting a reasonable accommodation to utilize its standard forms and procedures. Applicants making an accommodation request for a so-called cognitive or psychological impairment are required to provide psychoeducational/ neuropsychological testing and a full diagnostic report, including comprehensive aptitude and achievement testing.

55.     LSAC requires each applicant to disclose whether he or she took prescribed medication during the evaluation process and to provide an explanation for any failure or refusal to take the medication.

56.     LSAC has a policy whereby examinees who complete the LSAT under a disability-related accommodation involving additional test time receive a notation on their score report indicating that their exam scores were earned under non-standard time conditions. When reporting these LSAT scores to the law schools, defendant advises the schools that these examinees' scores "should be interpreted with great sensitivity and flexibility."

-11-

57.   In addition, scores from tests taken under extended time conditions are not averaged with other scores to produce a percentile ranking as are other test scores. Instead, extended time scores are reported individually.

### John Doe

58.   John Doe, a resident of Rancho Santa Fe (San Diego County), requested that defendant make accommodations for the December 2010 LSAT at Saddleback College.

59.   Mr. Doe was diagnosed with attention deficit disorder (ADD) at age 13. In addition, in 2010 he became extremely ill with a bacterial infection and was hospitalized for approximately two months, spending several weeks in the Intensive Care Unit in a medically-induced coma. During this illness he suffered a severe brain edema, which left him with residual neurological impairments.

60.   Mr. Doe requested time and a half (150 percent) on the multiple choice and writing sections for the December 2010 LSAT.

61.   In support of his request, Mr. Doe submitted medical documentation verifying his hospitalization, and a complete psychoeducational assessment, which reported multiple diagnoses: ADD, a learning disability (spelling), and a "[r]ecent bacterial infection with sustained induced coma and residual impairments."

62.   LSAC refused to grant Mr. Doe's requested accommodation and instead asked for "a detailed explanation regarding the nature, severity, treatment, and extent of [his] disorder at the present time and it [*sic*] impact on your ability to take the LSAT."

63.   Mr. Doe then submitted additional medical documentation indicating that he had "suffered a serious illness and developed marked weaknesses and encephalopathy. He continues to have fatigability and impaired concentration." His doctor recommended that Mr. Doe be granted increased time to complete the LSAT.

64.   LSAC then demanded that Mr. Doe's psychologist provide "a current update of [his] cognitive status" before making a decision on his accommodation request.

65.   Mr. Doe and his doctor disputed the need for an updated psychoeducational assessment just three months after the first report was completed. His doctor responded, "I would

-12-



1   reiterate that Mr. Doe's intelligence is much as it was when he was originally seen (10/26/10) and

2   with IQ scores as noted in that report, all within the average range with the exception of Processing

3   Speed (4th percentile)."

4       66.     LSAC granted Mr. Doe nine additional minutes for the multiple choice and writing

5   sample sections (125 percent), with an additional 15 minutes of break time between sections three

6   and four, for the February and June 2011 LSAT.

7                                    **Jane Doe**

8       67.     Jane Doe, a resident of Oakland (Alameda County), requested that defendant provide

9   her with reasonable accommodations on each of two administrations of the LSAT examination, one

10  in February 2010 and a second in June 2010.

11      68.     Ms. Doe has attention deficit disorder (ADD). Her condition makes it difficult to

12  retain attention and focus, and significantly impairs her ability to conceptually organize and sequence

13  abstract ideas.

14      69.     Ms. Doe requested that LSAC accommodate her with time and a half (150 percent) on

15  the multiple choice and writing sample sections of the LSAT.

16      70.     In support of her request, Ms. Doe submitted medical documentation, verification that

17  she had received the accommodation of time and a half (150 percent) as an undergraduate university

18  student, and proof that she had received extended time (150 percent) on the Graduate Record Exam

19  (GRE).

20      71.     On January 15, 2010, LSAC denied Ms. Doe's accommodation requests, explaining

21  that her documentation did not demonstrate that she had a disability, which affected her ability to take

22  the LSAT.

23      72.     Ms. Doe reapplied for accommodations on the June 2010 LSAT, requesting the same

24  accommodation of time and a half (150 percent) on the multiple choice and writing sample sections.

25      73.     LSAC also denied this request. When Ms. Doe asked for an explanation for the denial,

26  defendant replied in writing that it was "not obligated to provide accommodations that are not

27  warranted or supported by the documentation."



COURT PAPER
State of California
Std. 113 Rev. 3-95
95 28491 (Rev. 3-95)

-13-

Exh A, p. 20

**Peter Roe**

74.    Peter Roe, a resident of San Jose (Santa Clara County), requested that defendant make accommodations for the September 2009 LSAT at California State University, East Bay.

75.    Mr. Roe has reading and math disorders, characterized by impaired auditory attention span and low visuomotor processing speed. These learning disorders substantially impact his ability to process written material, particularly under timed conditions.

76.    Mr. Roe requested 20 extra minutes for the multiple choice sections and 30 extra minutes for the writing sample section of the LSAT. He also requested a reader and permission to use a computer dictation program.

77.    In support of his request, Mr. Roe submitted a neuropsychological evaluation documenting his learning disabilities.

78.    LSAC denied Mr. Roe any accommodation, noting that he had neglected to submit a "timed reading comprehension measure" in conformance with LSAC's guidelines, he had no history of educational accommodation, and his test results demonstrated an "average range of functioning."

79.    Mr. Roe requested reconsideration of LSAC's denial, submitting the results of an additional reading comprehension test that documented Mr. Roe's reading problems and recommended that he receive an accommodation of time and a half (150 percent).

80.    After reconsideration, LSAC stood by its previous decision to deny accommodation.

**Raymond Banks**

81.    Raymond Banks, a resident of San Francisco (County of San Francisco), requested that defendant make accommodations for the February 2011 LSAT at San Francisco State University.

82.    Mr. Banks had a longstanding and severe injury to his shoulder muscle. As a result of this injury, Banks suffered from nerve damage, carpal tunnel syndrome, and chronic pain, all of which limited his ability to write.

83.    Mr. Banks requested five additional minutes to complete each multiple-choice test section of the LSAT, 10 additional minutes on the writing sample section, five-minute breaks between each test section, a large table to write on, and permission to wear a splint on his wrist.

-14-

Exh A, p. 21

84.     Real party Banks submitted medical documentation in support of his request, as well as proof that he had received accommodation as a student at the University of California, Berkeley for time and a half (150 percent) on all exams and quizzes.

85.     LSAC denied all of Mr. Banks' requests, other than permitting him to wear a hand splint "as a courtesy."   When Mr. Banks asked LSAC for an explanation of the denial, LSAC responded in writing that "[t]he documentation provided did not support your request for the additional accommodations you requested."

### Kevin Collins

86.     Kevin Collins, a resident of Woodland Hills (Los Angeles County), requested that defendant make accommodations for the February 2011 LSAT at California State University, Northridge.

87.     Mr. Collins suffers from two learning disorders: disorder of written expression and a reading disorder. He has perceptual-organizational impairments, making it significantly more difficult for him to process simple or routine visual material without making errors, as compared to his peers.

88.     Collins requested the accommodations of double time on multiple choice and writing sample sections of the LSAT, permission to use a computer and printer for the writing sample, and an alternative, non-Scantron answer sheet.

89.     In support of his request, Collins submitted proof that he had received time and a half (150 percent) on the GRE and for exams at Claremont Graduate University. He also submitted a full psychoeducational assessment report as requested by LSAC's guidelines.

90.     Defendant's first response was to ask for additional information and inform Collins that the deadline had passed for the February 2011 LSAT. Later, after Collins had submitted the requested information and requested consideration for the June exam, defendant granted him the accommodations of time and a half (150 percent) for the multiple choice and writing sample sections, rather than the double time that he had requested. The rest of his requested accommodations was granted.

-15-

COURT PAPER
State of California
Std. 113 Rev. 3-95
79091 Automated

1    91.    Collins asked LSAC to reconsider its decision to deny him double time. LSAC stood

2  by its previous decision that time and a half was appropriate.

3                                   **Rodney DeComo-Schmitt**

4    92.    Rodney DeComo-Schmitt, a resident of Marin County, requested that defendant make

5  accommodations for the October 2010 LSAT offered at Sonoma State University.

6    93.    Mr. DeComo-Schmitt suffers from a reading disorder, causing a significant

7  discrepancy between his verbal abilities and his visual-spatial abilities, especially under timed

8  conditions.

9    94.    Mr. DeComo-Schmitt requested time and a half (150 percent) on the multiple-choice

10 sections of the exam, extra rest and break time, and permission to use a computer for the writing

11 sample.

12   95.    In support of his request, Mr. DeComo-Schmitt submitted a thorough

13 psychoeducational assessment and proof that he had received time and a half (150 percent) on his

14 SAT exam.

15   96.    LSAC at first refused to consider Mr. DeComo-Schmitt's request for reconsideration,

16 asserting that it had been submitted past the deadline for the October 2010 exam. Later, LSAC denied

17 any accommodation to Mr. DeComo-Schmitt for the December 2010 exam, asserting that the

18 documentation he had submitted did not demonstrate a limitation of a major life activity which

19 affected his ability to take the LSAT.

20   97.    Mr. DeComo-Schmitt requested reconsideration of LSAC's decision, submitting a

21 letter from his psychologist contending that LSAC had misinterpreted the psychological testing.

22   98.    LSAC stood by its denial of accommodation, informing Mr. DeComo-Schmitt that he

23 was registered for the December 2010 LSAT as a standard test taker.

24                                   **Andrew Grossman**

25   99.    Andrew Grossman, a Saratoga resident (Santa Clara County), requested that defendant

26 make accommodations for the December 2010 LSAT offered at Santa Clara University.

27

-16-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FEPA Automated

100.   As a child, Andrew Grossman was in a car accident and suffered a traumatic brain injury, which significantly impacted his cognitive abilities, memory, and attention. At the time that he applied for the LSAT, Andrew Grossman had been diagnosed with a reading disorder and a learning disorder (weak short-term auditory memory).

101.   Andrew Grossman requested that defendant accommodate him by granting double time on the multiple choice and writing sample sections of the LSAT, and additional break and rest time.

102.   In support of his request, Andrew Grossman submitted a complete psychoeducational assessment documenting his disability and need for accommodation, copies of an Individualized Educational Plan (IEP) from his high school showing that he had received extended time on tests, and proof that he had received accommodation for the SAT.

103.   On October 18, 2012, LSAC notified Andrew Grossman that it would provide him with time and a half (150 percent) for the multiple choice and writing sample sections of the LSAT, instead of the double time that he had requested. LSAC did approve the extra rest and break time, explaining that it had fully considered the materials that Andrew Grossman had submitted, but "it is our judgment that the alternative accommodations you have been granted are appropriate and reasonable for your documented disability."

104.   With the assistance of his psychologist, Andrew Grossman asked LSAC to reconsider its decision to deny him double time. LSAC replied that it was too late to reconsider any decision related to the December 2010 test.

### Elizabeth Hennessey-Severson

105.   Elizabeth Hennessey-Severson, a resident of San Francisco (San Francisco County), requested that defendant make accommodations for the June 2011 LSAT at University of California, Hastings College of the Law.

106.   Ms. Hennessey-Severson has reading, written expression and mathematics disorders, and ADHD. These conditions impair her working memory and her ability to plan, organize, and devote sustained attention to language-based tasks, particularly reading.

-17-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FEAH Automated

107.   Ms. Hennessey-Severson requested that LSAC accommodate her on the LSAT with a minimum of time and a half (150 percent) extra testing time, and by allowing her short breaks of 10 to15 minutes between sections of the exam.

108.   In support of her request, Ms. Hennessey-Severson submitted psychoeducational assessment reports from 2002 and 2009. She also submitted proof that she had been accommodated with time and a half (150 percent) on the SAT, and while she was a student at Dartmouth College.

109.   Defendant denied all of Ms. Hennessey-Severson's requests for accommodation, contending that she scored in the "very superior" and "high average" range in her psychoeducational testing, and that her 2002 evaluation noted that she demonstrated a remarkable ability to compensate for her learning disabilities, such that she was able to take honors courses and play high school sports.

110.   Ms. Hennessey-Severson and her psychologist requested that LSAC reconsider its decision to deny accommodation. Her psychologist wrote: "It is my professional opinion based on all available evidence including comprehensive history, diagnostic interview, well established history of early diagnosis, remediation, and later accommodations throughout high school and college, that Ms. Hennessey has a standard learning disability that has a substantial impact on a major life function, namely, her ability to read, write, and calculate efficiently, and that extended time for formal testing is a reasonable accommodation for her disability."

111.   After reconsideration, LSAC stood by its prior decision to deny Ms. Hennessey-Severson any accommodation.

### Otilia Ioan

112.   Otilia Ioan, a resident of San Jose (Santa Clara County), requested accommodation for the December 2010 LSAT offered at Santa Clara University.

113.   Ms. Ioan is quadriplegic. She is paralyzed in all four limbs and is unable to physically write without using a brace.

114.   Ms. Ioan requested that LSAC provide her with double time on all sections of the test, an alternate answer sheet, the use of a scribe, and an additional break of 30 minutes between sections 3 and 4 of the test.

-18-

115.   In support of her request, Ms. Ioan submitted verification that she had received the accommodation of double time on tests while a student at De Anza College, and double time when taking the GRE.

116.   LSAC asked Ms. Ioan to submit additional information from her doctor before it could consider her request for accommodation. LSAC wrote: "Your evaluator needs to provide detailed information regarding the nature, extent, severity, and treatment of your disorder and its functional limitation on your ability to take the LSAT," defendant wrote.

117.   Ms. Ioan's doctor supplied the additional information that LSAC requested.

118.   Ms. Ioan wrote to LSAC requesting reconsideration of its decision to deny her double testing time. LSAC stood by its previous decision.

### Alex Johnson

119.   Alex Johnson, a resident of Lake San Marcos (San Diego County), requested accommodations for the October 2010 LSAT offered at the University of Southern California.

120.   Mr. Johnson is quadriplegic. He is unable to write or turn pages because his fingers are paralyzed. He is unable to draw diagrams, underline text, or use a standard Scantron answer sheet.

121.   Mr. Johnson requested 15 minutes of extra break time between each section of the LSAT, and 120 additional minutes (more than triple time) on the multiple choice and writing sample sections.

122.   In support of his request, Mr. Johnson submitted medical documentation of his condition and need for accommodation, as well as verification from the University of Southern California that he had received double time on his exams while a student there.

123.   At first, LSAC refused to consider Mr. Johnson's accommodation request, because he was not registered to take the LSAT. Later, it granted Mr. Johnson time and a half (150 percent) on the multiple choice and writing sample sections, and 10 minutes of break time between each section. It agreed to provide Mr. Johnson with a scribe, and permitted him to use a computer for the writing sample.

-19-

124. Mr. Johnson requested that LSAC reconsider his request for double time. His doctor wrote, "Double time is the least amount of time I should be allocated. It is also very hard to use a scribe because of time limitations."

125. LSAC responded that it did not offer an untimed test, and that the documentation submitted did not support Johnson's request.

## Nicholas Jones

126. Nicholas Jones, a resident of Palm Desert (Riverside County), requested that defendant provide him with an accommodation for the December 2009 LSAT offered at the University of Laverne (Ontario).

127. Mr. Jones suffers from two distinct eye conditions. First, he has amblyopia or "lazy eye" in his left eye, which impairs his visual processing. Second, he has posterior vitreous detachments in his right eye, meaning that he has persistent floaters or spots, which obstruct his field of vision. These conditions together impair Mr. Jones' reading speed and ability.

128. Mr. Jones requested time and a half (150 percent) on the multiple choice and writing sample sections of the exam and five-minute breaks between each section.

129. In support of his request, Mr. Jones submitted medical forms filled out by his doctor, an eye specialist.

130. LSAC refused to provide any accommodation to Mr. Jones, informing him that "[t]he documentation provided did not reflect an impairment related to taking the Law School Admission Test."

131. Mr. Jones requested that LSAC reconsider its decision denying him accommodations, and asked it to provide further explanation. Mr. Jones' doctor wrote a letter supporting his request for reconsideration, asserting that Jones' eye condition "substantially limits him in at least one major life activity, reading."

132. After reconsideration, defendant stood by its prior decision to deny accommodation.



*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Group and Class Action Complaint for Damages and Injunctive Relief

**Caroline Lee**

133.   Caroline Lee, a resident of Oakland (Alameda County), requested that defendant make accommodations for the December 2010 LSAT offered in the City of Oakland.

134.   Ms. Lee suffers from ADHD and a reading disorder, causing her reading to be labored and excessively slow, and impairing her short-term memory.

135.   Ms. Lee requested time and a half (150 percent) on the LSAT multiple choice and writing sample, as well as extended breaks during the exam, a quiet testing environment, and the use of a laptop to compose all written work.

136.   In support of her request, Ms. Lee submitted proof that she had received extended testing time of 150 percent while a student at City College of San Francisco (CCSF) and that she had taken the SAT and ACT with accommodations. She also submitted a psychoeducational assessment that had been performed while she was a student at CCSF.

137.   LSAC replied in writing to Ms. Lee that she needed to submit additional documentation in order for her request to be considered, asking for: "[t]esting results and a full diagnostic report from a comprehensive up-to-date psychoeducational/neuropsychological assessment that comply with the Law School Admissions Council, Inc. Guidelines for Documentation of Cognitive Impairments."

138.   Ms. Lee then obtained and submitted a full psychoeducational evaluation in February 2011, which documented her ADHD and reading disorder. Her psychologist recommended that she receive 150 percent extended time, as well as the other previously requested accommodations.

139.   LSAC then requested that Ms. Lee submit several additional documents and reports. Ms. Lee did so.

140.   In April 2011, defendant denied all of Ms. Lee's requested accommodations, informing her that: her performance on academic measures was commensurate with her ability, negating a finding of impairment; her documentation failed to support the diagnosis of an attention disorder; and her request for additional time on the writing sample was not considered because her psychologist had not administered the right tests.

-21-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FSAH Automated

Exh A, p. 28

141.     Ms. Lee requested that LSAC reconsider its denial of accommodation. This request was accompanied by a letter from her psychologist, who contended that LSAC had misinterpreted the psychoeducational assessment.

142.     After reconsideration, LSAC stood by its initial decision to deny accommodations.

### Andrew Quan

143.     Andrew Quan, a resident of Hayward (Alameda County), requested accommodation for the October 2011 LSAT offered at the University of California, Santa Cruz.

144.     Mr. Quan has ADHD, a visual-motor integration deficit with slow processing speed, hypotonia, and dysgraphia.

145.     Mr. Quan requested that LSAC provide him with the accommodations of double time on the multiple choice and writing sample portions of the exam, 10-minute breaks between each section of the test, and the use of a computer for the writing sample.

146.     In support of his request, Mr. Quan submitted to LSAC proof that he had been accommodated with the use of a computer on his ACT exams. He also submitted a 2008 psychoeducational assessment from high school, showing that Mr. Quan suffered from "significant deficits in visual-motor integration and fine motor skills." Included within that assessment was a 2008 IEP documenting dysgraphia, attention deficit, visual processing, and sensory motor skills disorders which qualified him for special educational services, the use of a laptop computer, a scribe, and extra examination time.

147.     LSAC requested that Mr. Quan provide further documentation to support his request, including "testing results and a full diagnostic report from a comprehensive up-to-date psychoeducational/neuropsychological assessment that comply with [LSAC Guidelines]."

148.     Mr. Quan contested LSAC's need for additional documentation, asserting that it was unnecessary, unaffordable, and burdensome.

149.     LSAC responded that if Mr. Quan wanted any accommodation in the future, he would need to submit "substantive documentation to support your request for your hypotonia/dysgraphia disorders."



-22-

**Stephen Semos**

150.  Stephen Semos, a resident of Rancho Palos Verdes (Los Angeles County), requested that defendant make accommodations for the December 2010 LSAT at Whittier Law School (Costa Mesa).

151.  Mr. Semos has ADHD and dysgraphia, which significantly impair his reading, writing, organization, and general academic performance.

152.  Mr. Semos requested time and a half (150 percent) on both the multiple-choice and writing sample portions of the exam, additional break time of five to eight minutes.

153.  In support of his request, Mr. Semos submitted proof that he had received: accommodations on the SAT; an IEP from the Palos Verdes Peninsula Unified School District identifying Mr. Semos as learning disabled; a letter verifying that he had received accommodations while a student at the University of California, Irvine, of time and a half (150 percent) on tests; and a complete psychoeducational assessment by his doctor, a neuropsychologist.

154.  LSAC's first response was to ask Mr. Semos to provide additional documentation in order to consider his accommodation request, including a full report of two particular tests for cognitive disabilities, the Nelson-Denny Reading Test (NDRT) and the Conner's Continuous Performance Test-II. LSAC also informed Mr. Semos that the deadline for the December 2010 LSAT had passed, but that he could request accommodation for future exams.

155.  Mr. Semos then submitted his documentation for the February 2011 LSAT.

156.  In response, LSAC denied all of Mr. Semos' requests for accommodation on the basis that his test scores were generally commensurate with his abilities and thus did not demonstrate a learning disability.

157.  Mr. Semos' neuropsychologist requested that LSAC reconsider its denial. Mr. Semos' doctor wrote: "Your denial letter written to Mr. Semos selectively highlighted the above average scores and thereby masked the patterns of deficits in processing speed and fine motor speed noted in my neuropsychological report."

-23-

158.  LSAC responded that the letter from Mr. Semos' neuropsychologist had arrived too late to be considered for the February 2011 LSAT. LSAC wrote: "You remain registered to test as a standard test taker. No accommodations have been granted."

### Gazelle Taleshpour

159.  Gazelle Taleshpour, a resident of San Diego (San Diego County), requested that defendant make accommodations for the October 2010 LSAT offered at the University of San Diego.

160.  Ms. Taleshpour has ADHD. She also suffers from osteopenia (bone loss) and chronic pain in her neck and back as a result of treatment she had received for leukemia, a bone marrow transplant, radiation, and chemotherapy.

161.  Ms. Taleshpour requested that LSAC accommodate her with 30 extra minutes on the multiple choice and writing sample portions of the exam, breaks of two to five minutes every half hour so that she could stretch and alleviate pain, a high table, and a comfortable chair.

162.  In support of her request, Ms. Taleshpour submitted documentation from her treating medical doctor, her chiropractor, and her psychologist. She also provided LSAC with verification that she had received time and a half (150 percent) on all tests and exams while a student at the University of San Diego.

163.  LSAC requested that Ms. Taleshpour provide additional documentation in support of her accommodation request, including "[t]esting results and a full diagnostic report from a psychoeducational/neuropsychological assessment that comply with Guidelines for Documentation of Cognitive Impairments."

164.  Ms. Taleshpour obtained and submitted the additional documentation that LSAC requested. Her psychiatrist performed a full psychoeducational assessment, which diagnosed her with ADHD, a reading disorder, and a learning disability (dyslexia). Her psychiatrist supported Ms. Taleshpour's request for double time and other accommodations.

165.  LSAC only partially granted Ms. Taleshpour's request for accommodation, allowing her to sit or stand at a podium while taking the exam, and to bring a seat cushion or an adjustable chair.



166. Ms. Taleshpour then resubmitted a request for accommodation for the December 2010 LSAT: double time on multiple choice and writing sample; an alternate, non-Scantron answer sheet; use of a reader; an additional 15 minutes of rest time; and 15-minute breaks between sections.

167. LSAC denied the request for additional accommodations beyond the two it had already granted, explaining to Ms. Taleshpour that her intelligence test scores were average and commensurate with her ability, meaning that no cognitive disability was apparent.

168. Ms. Taleshpour requested that LSAC reconsider its denial of accommodation for extra time. Her psychologist supported the reconsideration request, contending that LSAC failed to recognize significant discrepancies in her reading speed and comprehension. "These significant difficulties provide psychometric evidence of the presence of a Learning Disability as described by the ADA," he wrote.

169. LSAC stood by its prior decision to limit the accommodations made for Ms. Taleshpour: permission to sit or stand with a podium and to bring a seat cushion or an adjustable chair.

### Kevin Vielbaum

170. Kevin Vielbaum, a resident of San Mateo (San Mateo County), requested that defendant make accommodations for him in taking the June 2011 LSAT at the University of California, Hastings College of the Law.

171. Mr. Vielbaum has a reading disorder (dyslexia), characterized by a significant difficulties with perceptual reasoning, working memory, and cognitive processing speed.

172. Mr. Vielbaum requested that defendant accommodate him with time and a half (150 percent) on the multiple choice section of the LSAT, double time on the writing sample, and permission to use a computer for the writing sample.

173. In support of his request, Mr. Vielbaum submitted extensive records from his primary education at a special school for students with dyslexia, where he was granted accommodations of extended time and the use of a laptop and calculator.

-25-

174.    LSAC granted Mr. Vielbaum only the accommodation of using a computer, printer and spell check for the writing sample. LSAC denied the accommodation of extra time, noting that Mr. Vielbaum had not requested accommodation on the SAT, and that he had scored well on the tests involved in his psychoeducational assessment. Defendant went on to explain that: "[y]our evaluator notes you have difficulties with logical reasoning. Inasmuch as the Law School Admission Test is designed to measure these skills, the accommodations requested (extended time on all examinations that involve the solving of logic problems), would not be appropriate."

**Austin Whitney**

175.    Austin Whitney, a resident of Contra Costa County, first requested accommodations for the September 2009 LSAT offered at San Diego State University.

176.    Mr. Whitney is paraplegic due to a spinal cord injury in 2007.

177.    Mr. Whitney requested that defendant accommodate his disability with time and a half (150 percent) on the multiple choice and writing sample sections of the LSAT, and a wheelchair accessible testing location.

178.    In support of his request, Mr. Whitney submitted medical records pertaining to his 2007 injury, verification from the University of California at Berkeley that he had received time and a half (150 percent) for all exams and quizzes during his undergraduate studies, and a form filled out by his doctor indicating that, because of his injury and surgeries, he suffered from "severe chronic pain and radiating radicular nerve pain" for which Whitney took prescription medication that caused drowsiness.

179.    LSAC responded that Mr. Whitney's request for accommodation had been submitted too late for the September 2009 test, and therefore he was registered as a standard test taker.

180.    Mr. Whitney next requested accommodations for the June 2010 LSAT offered in Berkeley at the California Ballroom. This time he requested that LSAC accommodate him with five-minute breaks between sections, in addition to providing time and a half (150 percent) on the multiple choice and writing sample sections and a wheelchair accessible testing site.



*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Group and Class Action Complaint for Damages and Injunctive Relief

181.   In support of this request, Mr. Whitney submitted medical forms from four different doctors, each of whom supported his need for extra testing time. Dr. Larry Snyder explained: "Patient has significant fatigue due to medications taken for previous spinal injury - this will affect his performance in TIMED conditions." Dr. Carol Jessop wrote that, due to Mr. Whitney's spinal cord injury with chronic, nueropathic pain, he needed extra time to compensate for the effects of the pain medication which cause fatigue. Dr. Jessop explained: "This is a significant problem for Austin Whitney as he is taking medications . . . that cause him to be sleepy and fatigued. This drowsiness makes him slower in his response to test questions. If an exam has a time limit, he will definitely need extra time to complete it."

182.   LSAC then granted Mr. Whitney the extra break time that he requested, and agreed to provide a wheelchair accessible testing site, but denied his request for extra testing time. "If you choose to have your cognitive disorder (alluded to by Carol Jessop, MD) considered," defendant wrote, "you must provide a current psychoeducational/neuropsychological assessment or neuropsychological evaluation as per our Guidelines for Documentation of Cognitive Impairments."

183.   Mr. Whitney asked defendant to reconsider its decision to deny additional testing time, and three of his doctors wrote to LSAC in support of his request.

a.   Dr. Snyder wrote, "His pain and spacticity are a constant distraction and put him at a significant disadvantage as a test taker. In addition, the medication he is taking causes significant fatigue and makes it difficult to concentrate. The medication side effects do not impair cognition but can slow processing speed. For these reasons, he should be afforded extra time when taking this standardized test."

b.   Dr. Jessop wrote, "I would like to emphasize that the nature of Mr. Whitney's condition is physiological (pain issues) and NOT cognitive or due to a learning disorder. Our request for extra time on the exam is based solely on physiological effects of chronic, severe neuropathic pain, and the fatiguing side effects of pharmaceutical pain killers. Thus, because he doesn't have a learning disability, I feel strongly that neuropsychological or psychoeducational testing would be irrelevant in his case."

-27-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FEAH Automated

c.      Dr. Hedelman wrote, "Patient's significant impacts on concentration, reading, writing, ability to attend class is secondary to his unpredictable, severe neuropathic pain and the associated pain management medications. Patient does not have an underlying cognitive impairment requiring neuropsych[ological] testing."

184.    LSAC refused to reconsider its decision, responding: "We have no objective evidence to support Dr. Carol Jessop, MD's conclusion that your thought processes are not as fast as they could be without medication."

185.    In 2011, at LSAC's behest, Mr. Whitney was evaluated by a psychologist, who determined that he required double time on examinations due to the effect that his pain medication was having on his cognitive abilities.

186.    In response to a second accommodation request by Mr. Whitney with the psychologist's report as supporting documentation, LSAC awarded him 10 additional minutes on each section of the exam. LSAC provided no rationale for denying his request for double time.

### FIRST CLASS CAUSE OF ACTION

### Unlawful Consideration of Mitigation Measures

### (42 U.S.C. § 12102(4)(E)(1)(i)(I))

187.    The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 186, inclusive, as if fully set forth herein.

188.    The ADA, 42 U.S.C. § 12102(4)(E)(1)(i)(I), requires that "any determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as medication." The ADA is incorporated into the Unruh Act by Civil Code section 51, subdivision (f).

189.    By requiring applicants to take the medication prescribed for their disabilities while being evaluated for accommodations or explain their failure or refusal to do so, LSAC violates the rights of class members under the FEHA, Unruh Act, and ADA,

-28-

190. As a direct result of the unlawful practices of defendants as alleged herein, class members have incurred out of pocket losses, including test registration fees and medical bills, in an amount to be proven at trial.

191. As a further and direct result of the unlawful practices of defendants as alleged herein, class members have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial.

192. Defendants have engaged in, and by their refusal to comply with the law, have demonstrated that they will continue to engage in, the pattern and practice of unlawful discrimination described herein unless and until they are enjoined, pursuant to the police power granted by Government Code sections 12920 and 12920.5, and pursuant to section 12974, from failing or refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until defendants are enjoined from failing or refusing to comply with the mandates of these laws, class members' right to full and equal access to places of public accommodation will continue to be violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and loss, which will continue until the court enjoins the complained of unlawful conduct and grants other affirmative relief as prayed for herein.

## SECOND CLASS CAUSE OF ACTION

### Failure to Ensure that Exam Measures Ability Rather than Disability

### (42 U.S.C. § 12189 and 28 C.F.R. § 36.309)

193. The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 186, inclusive, as if fully set forth herein.

194. The ADA requires that any person offering examinations related to post-secondary education or profession "shall offer such examinations or courses in a place and manner accessible to persons with disabilities." (42 U.S.C. § 12189.) Regulations interpreting this section impose an obligation on the entity offering such an examination that " [t]he examination is selected and administered so as to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect

-29-

1    the individual's aptitude or achievement level or whatever other factor the examination purports to

2    measure, rather than reflecting the individual's impaired sensory, manual, or speaking skills." (28

3    C.F.R. § 36.309.)

4       195.    By adhering to a blanket policy of annotating scores taken under extended time

5    conditions, defendant is communicating to law schools that it does not know whether or not the

6    applicants' exam results accurately reflect aptitude or achievement. Therefore, LSAC is breaching its

7    duty under the FEHA, Unruh Act, and ADA to ensure that the examination results accurately reflect

8    the individual's aptitude or achievement level. (28 C.F.R. § 36.309(b)(1)(i).)

9       196.    As a direct result of the unlawful practices of defendants as alleged herein, class

10    members have incurred out of pocket losses, including test registration fees and medical bills, in an

11    amount to be proven at trial.

12       197.    As a further and direct result of the unlawful practices of defendants as alleged herein,

13    class members have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation,

14    and loss of dignity and self-esteem, in an amount to be proven at trial.

15       198.    Defendants have engaged in, and by their refusal to comply with the law, have

16    demonstrated that they will continue to engage in, the pattern and practice of unlawful discrimination

17    described herein unless and until they are enjoined, pursuant to the police power granted by

18    Government Code sections 12920 and 12920.5, and pursuant to section 12974, from failing or

19    refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until

20    defendants are enjoined from failing or refusing to comply with the mandates of these laws, class

21    members' right to full and equal access to places of public accommodation will continue to be

22    violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and

23    loss, which will continue until the court enjoins the complained of unlawful conduct and grants other

24    affirmative relief as prayed for herein.

25

26

27

## THIRD CLASS CAUSE OF ACTION

### Coercion, Intimidation, Threats, or Interference with ADA Rights - Flagging

#### (42 U.S.C. § 12203)

199.    The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 186, inclusive, as if fully set forth herein.

200.    The ADA makes it unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, any right granted or protected by this Act." (42 U.S.C. § 12203.)

201.    LSAC's policy of annotating tests scores administered under extended time conditions discourages applicants from seeking such an accommodation, and punishes those who receive it, in violation of the FEHA, Unruh Act, and ADA.

202.    As a direct result of the unlawful practices of defendants as alleged herein, class members have incurred out of pocket losses, including test registration fees and medical bills, in an amount to be proven at trial.

203.    As a further and direct result of the unlawful practices of defendants as alleged herein, class members have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial.

204.    Defendants have engaged in, and by their refusal to comply with the law, have demonstrated that they will continue to engage in, the pattern and practice of unlawful discrimination described herein unless and until they are enjoined, pursuant to the police power granted by Government Code sections 12920 and 12920.5, and pursuant to section 12974, from failing or refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until defendants are enjoined from failing or refusing to comply with the mandates of these laws, class members' right to full and equal access to places of public accommodation will continue to be violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and loss, which will continue until the court enjoins the complained of unlawful conduct and grants other affirmative relief as prayed for herein.

-31-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FEAH Automated

Exh A, p. 38

## FOURTH CAUSE OF ACTION – REAL PARTIES IN INTEREST ONLY

### Denial of Reasonable Accommodation

### (42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(iv))

205.    The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 186, inclusive, as if fully set forth herein.

206.    The ADA requires that any person offering examinations related to post-secondary education or profession "shall offer such examinations or courses in a place and manner accessible to persons with disabilities." (42 U.S.C. § 12189.) As part of this duty to make an examination accessible, the regulations require that any documentation requested be "reasonable and limited to the need for the modification, accommodation, or auxiliary aid or service requested." (28 C.F.R. § 36.309(b)(1)(iv).)

207.    LSAC breached its duty to make the LSAT accessible to people with disabilities by requiring excessive amounts of documentation and denying a reasonable accommodation to each real party in interest, in violation of the FEHA, Unruh Act, and ADA.

208.    As a direct result of the unlawful practices of defendants as alleged herein, real parties have incurred out of pocket losses, including test registration fees and medical bills, in an amount to be proven at trial.

209.    As a further and direct result of the unlawful practices of defendants as alleged herein, real parties have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial.

210.    Defendants have engaged in, and by their refusal to comply with the law, have demonstrated that they will continue to engage in, the pattern and practice of unlawful discrimination described herein unless and until they are enjoined, pursuant to the police power granted by sections 12920 and 12920.5, and pursuant to section 12974, from failing or refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until defendants are enjoined from failing or refusing to comply with the mandates of these laws, class members' right to full and equal access to places of public accommodation will continue to be violated. Plaintiff lacks any plain,



COURT PAPER
State of California
Std. 113 Rev. 3-95
F&M Automated

-32-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Group and Class Action Complaint for Damages and Injunctive Relief

Exh A, p. 39

1  speedy, adequate remedy at law to prevent such harm, injury and loss, which will continue until the

2  court enjoins the complained of unlawful conduct and grants other affirmative relief as prayed for

3  herein.

4  **FIFTH CAUSE OF ACTION – REAL PARTIES IN INTEREST ONLY**

5  **Coercion, Intimidation, Threats, or Interference with ADA Rights**

6  **(42 U.S.C. § 12203)**

7      211.    The DFEH realleges and incorporates by reference each and every allegation

8  contained in paragraphs 1 through 186, inclusive, as if fully set forth herein.

9      212.    The ADA makes it unlawful to "coerce, intimidate, threaten, or interfere with any

10 individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed,

11 any right granted or protected by this Act." (42 U.S.C. § 12203.)

12     213.    LSAC's policies and patterns of requiring unreasonable types and excessive amounts

13 of documentation to support each accommodation request violate the FEHA, Unruh Act, and the

14 ADA, by unlawfully coercing, intimidating, threatening, or interfering with real parties' exercise or

15 enjoyment of their right to reasonable accommodation on the LSAT.

16     214.    As a direct result of the unlawful practices of defendants as alleged herein, real parties

17 have incurred out of pocket losses, including test registration fees and medical bills, in an amount to

18 be proven at trial.

19     215.    As a further and direct result of the unlawful practices of defendants as alleged herein,

20 real parties have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and

21 loss of dignity and self-esteem, in an amount to be proven at trial.

22     216.    Defendants have engaged in, and by their refusal to comply with the law, have

23 demonstrated that they will continue to engage in, the pattern and practice of unlawful discrimination

24 described herein unless and until they are enjoined, pursuant to the police power granted by

25 Government Code sections 12920 and 12920.5, and pursuant to section 12974, from failing or

26 refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until

27 defendants are enjoined from failing or refusing to comply with the mandates of these laws, class

-33-

1    members' right to full and equal access to places of public accommodation will continue to be

2    violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and

3    loss, which will continue until the court enjoins the complained of unlawful conduct and grants other

4    affirmative relief as prayed for herein.

5                                 **PRAYER FOR RELIEF**

6         WHEREFORE, the DFEH prays that the court issue a judgment in favor of the DFEH, real

7    parties in interest, and members of the class, and order defendants to provide the following relief:

8                         **AS TO REAL PARTIES IN INTEREST**

9         217.    Provide free and accommodated testing at the next available testing date in each real

10    party's area, with accommodations as initially requested by that real party;

11         218.    Provide a letter to each real party explaining that their LSAT scores used for their law

12    school applications during the relevant period may not have provided accurate measures of their

13    acquired reading and verbal reasoning skills, because LSAC did not reasonably accommodate their

14    disabilities.

15                   **AS TO ALL MEMBERS OF THE CLASS,**
16             **INCLUDING THE REAL PARTIES IN INTEREST**

17         219.    Cease and desist from consideration of mitigation measures such as medication when

18    making a determination as to whether an applicant needs an accommodation.

19         220.    Cease and desist from specially annotating LSAT scores tests scores administered

20    under extended time conditions.

21         221.    Include all test scores in the percentile ranking process and provide a ranked percentile

22    to each test taker.

23         222.    Immediately undertake a validation study to determine if LSAC scores under

24    accommodation of extra time for cognitive disabilities are an equal measure of aptitude or

25    achievement as compared to non-accommodated scores.

26         223.    Reduce to a discrete and reasonable amount the documentation required to verify an

27    applicant's need for an accommodation, especially for so-called cognitive disabilities, consistent with

-34-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Group and Class Action Complaint for Damages and Injunctive Relief

Exh A, p. 41

1  the ADA's requirement that such documentation be "reasonable" and Congress' mandate that "the

2  question of whether an individual's impairment is a disability under the ADA should not demand

3  extensive analysis." (28 C.F.R. § 36.309(b)(1)(iv); 42 U.S.C. § 1201 [Pub. L. No. 110-325, § 2(b)(5)

4  (Sept. 25, 2008) 122 Stat. 3553].)

5      224.   Create a more streamlined and user-friendly process for considering reasonable

6  accommodation requests, that includes notice to applicants, within a reasonable period of time,

7  whether or not requested accommodations have been granted, and provides a fair process for timely

8  reconsideration of any denial of requested accommodations.

9      225.   Pay actual damages according to proof for each Unruh Act violation up to a maximum

10  of three times the actual damages but in no case less than $4,000 per violation.

11      226.   Provide written proof to the Department of the nature and extent of LSAC's

12  compliance with all requirements of the court's order within 100 days of its effective date; and,

13      227.   Provide such other relief as the Court deems to be just and proper.

14

15  Dated: March 15, 2012               DEPARTMENT OF FAIR EMPLOYMENT
                                         AND HOUSING
16
17                                       NELSON CHAN
                                         Chief Counsel
18
                                         SUSAN SAYLOR
19                                       Special Projects Counsel

20
                                    By: _Susan        Saylor_
21                                       Susan Saylor
22                                       Attorneys for the Department

23

24

25

26

27

-35-

# EXHIBIT 1

**\* \* \* PUBLIC ACCOMMO      \TION/RALPH/CIVIL CODE S   \TIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE       DFEH # U200910-Q-0003 __00
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

| COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual) | |
|---|---|
| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| | COUNTY Alameda | COUNTY CODE 001 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

| NAME(S) | |
|---|---|
| LAW SCHOOL ADMISSIONS COUNCIL | |
| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| P.O. Box 8512 | (215) 968-1001 |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Newtown, PA 18940 | ACCommodity | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

DATE MOST RECENT OR CONTINUING DISCRIMINATION           TYPE OF COMPLAINT
TOOK PLACE (month, day, and year)   April 21, 2010           B
THE PARTICULARS ARE:

I.   On or about April 21, 2010, I was denied my reasonable accommodation request for 50% extra testing
time when taking my LSAT exam for the Law School Admissions Council which is located at P.O. Box
8512, Newtown, PA 18940.

II.   I believe I was denied my reasonable accommodation request for 50% extra testing time when taking
my LSAT exam which is necessary due to my disability (Attention Deficit Disorder) which is a violation
Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code.
My belief is based on the following:

A.     Corporate Council, Joan Van Tol, was aware of my disability and the granting of my
accommodation request for 50% additional testing time for a prior test date. However, after I
requested an accommodation for 50% additional testing time for the June 6, 2010 exam, my
request was denied.

Typed and mailed for signature on May 4, 2010.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own
knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   X May 31 2010

At   X Oakland
     City

RECEIVED
MAY 09 2010
DEPT OF FAIR EMPLOYMENT
HOUSING-OAKLAND HOUSING UNIT

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)    Q:DS:bps          DATE FILED:
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING          STATE OF CALIFC

# EXHIBIT 2

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54**

DFEH # E-200910-G-0012-00-p

| COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual) | | |
|---|---|---|
| Jones, Nicholas E. (Mr) | | |
| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| 73213 Catalina Way | | (760) 409-9103 |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Palm Desert, ca 92260 | Riverside | 065 |

**NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:**

| NAME(S). | | |
|---|---|---|
| Law School Admissions Council, Inc. (LSAC) | | |
| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| Post Office Box 8512 | | 215-968-1001 |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Newton, PA 18940-8512 | Out-of-State | 000 |

| CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES)) | | | | |
|---|---|---|---|---|
| ☐ RACE | ☐ SEX | ☒ DISABILITY | ☐ RELIGION | ☐ NATIONAL ORIGIN/ANCESTRY | ☐ SEXUAL ORIENTATION |
| ☐ COLOR | ☐ AGE | ☐ MARITAL STATUS | ☐ OTHER (SPECIFY) | |

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)   December 5, 2009 | B |

THE PARTICULARS ARE:

I. On or about December 5, 2009 I was denied reasonable accommodation to take the LSAT test for the Law School Admissions Council.

II. On or about October 27, 2009 and November 9, 2009 I received notification my request for reasonable accommodation had been denied.

III. I believe I was denied reasonable accommodation because of my disabilities (Amblyopia/Posterior Vitreous Detachment) and because of my membership in a class of people who are disabled. This is a violation of Section 12948 of the Government Code. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about October 20, 2009 I requested a reasonable accommodation to take the LSAT test scheduled for December 5, 2009.

B. On or about October 27, 2009 I received notification the documentation I provided did not reflect an impairment related to taking the LSAT and I remained registered to test as a standard test taker.

C. On or about November 3, 2009 I requested reconsideration regarding my accommodation request by providing additional information requested by LSAC to justify my need for reasonable accommodation.

Pg. 1 of 2

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTION 54 \* \* \***

**COMPLAINT OF DISCRIMINATION UNDER THE**      DFEH # U-200910-G-0012-00-p
**PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT**
**AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL**
**RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54**

COMPLAINANT

Jones, Nicholas E. (Mr.)

RESPONDENT

Law School Admissions Council, Inc. (LSAC)

THE PARTICULARS ARE:

> D. On or about November 9, 2009 I received notification the additional documentation was reviewed and there was no change in their decision and my request for reasonable accommodation was denied.

> IV. I am making this complaint on behalf of myself and all other disabled individuals, who have been, are now, or will in the future be similarly aggrieved.

Pg. 2 of 2

RECEIVED

Typed and mailed for signature on January 11, 2010 JAN 2 1 2010

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true. FAIR EMPLOYMENT &
HOUSING SAN JOSE

Dated 1/14/20b      NICHOLAS E. JONES
               COMPLAINANT'S SIGNATURE

At PALM DESERT, CA
     City          COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)    SJ:iso        DATE FILED: JAN 2 1 2010
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                 STATE OF CALIFORNIA

Exh A, p. 47

# EXHIBIT 3

1   SUSAN SAYLOR (#154592)
      Acting Chief Counsel
2   ALEXANDRA SELDIN (#239708)
      Staff Counsel
3   DEPARTMENT OF FAIR EMPLOYMENT
      AND HOUSING
4   2218 Kausen Drive, Suite 100
    Elk Grove, CA 95758
5   Telephone No.: (619) 645-2575
    Facsimile: (619) 645-3170
6
    Attorneys for the Department
7

8            BEFORE THE FAIR EMPLOYMENT AND HOUSING COMMISSION

9                        OF THE STATE OF CALIFORNIA

10

11  In the Matter of the Complaint of          )   Case Nos.   U-200910-G-0012-00-p
    THE DEPARTMENT OF FAIR                      )               U-200910-G-0011-00-p
12  EMPLOYMENT AND HOUSING,                     )               U-200910-Q0003-00
                                                )
13        vs.                                   )
                                                )   NOTICE OF CLASS ACTION
14  LAW SCHOOL ADMISSION COUNCIL,               )   COMPLAINT AND DIRECTOR'S
    INC.,                                       )   COMPLAINT
15                                              )
                              Respondent,       )   (Gov. Code §§ 12960, 12961 and 12965,
16                                              )   subd. (a).)
                                                )
17  HAMID MICHAEL HEJAZI; NICHOLAS E.           )
    JONES; and ▮▮▮▮▮▮▮▮▮▮▮                       )
18                                              )
19                            Complainants.     )

20

21       TO LAW SCHOOL ADMISSION COUNCIL, INC., 662 Penn Street, Box 40, Newton,

22  Pennsylvania, 18940:

23       PLEASE TAKE NOTICE that pursuant to Government Code sections 12960 and 12961, the

24  Director of the DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING (hereinafter "the

25  Department") has determined that the cases listed below will be treated and proceed as a group or

26  class complaint for all purposes, and the Director has issued the following Complaint of

27  Discrimination on behalf of the group or class described below:

-1-

*DFEH v. Law School Admission Council, Inc. (Hejazi, et. al.):*
Notice of Class Action Complaint

1    Case number U-200910-G-0011-00-p, filed by Complainant HAMID MICHAEL HEJAZI

2  against Respondent LAW SCHOOL ADMISSION COUNCIL, INC. on January 19, 2010.

3    Case number U-200910-G-0012-00-p, filed by Complainant NICHOLAS E. JONES against

4  Respondent LAW SCHOOL ADMISSION COUNCIL, INC. on January 21, 2010.

5    Case number U-200910-Q0003-00, filed by Complainant ▮▮▮▮▮▮▮▮ against

6  Respondent LAW SCHOOL ADMISSION COUNCIL, INC. on May 9, 2010.

7    The Director's determination and issuance is based on the following:

8    1.    Complainants HAMID MICHAEL HEJAZI, NICHOLAS E. JONES and ▮▮▮

9  ▮▮▮▮▮ (hereinafter "Complainants") filed individual verified complaints in writing with the

10  Department on the dates herein indicated alleging that Respondent LAW SCHOOL ADMISSION

11  COUNCIL, INC. (hereinafter "LSAC") engaged in unlawful practices against them which were

12  discriminatory on the basis of disability, in violation of the Fair Employment and Housing Act

13  ("FEHA"), Government Code section 12900, *et. seq.* and the Unruh Civil Rights Act, Civil Code

14  section 51.

15    2.    The Department's investigation revealed that LSAC is a proper respondent for all

16  purposes in this matter.

17    3.    The group or class of which the Complainants are members is comprised of all

18  disabled individuals in the State of California who have or will request a reasonable

19  accommodation for the Law School Admission Test ("LSAT"), administered by the LSAC, and

20  who have or will be unlawfully denied such request from January 19, 2009 to the conclusion of the

21  Department's investigation of this complaint.

22    4.    There are common questions of law and fact involved which affect the parties to be

23  represented and those persons similarly situated in that during the course of the Department's

24  investigation the Complainants provided and the Department obtained information, which, if

25  proven, indicates that LSAC unlawfully denied or denies disabled individuals reasonable

26  accommodations for the LSAT. Respondent disputes some of these allegations. The Department

27  will continue the investigation to determine the merits of these allegations.

COURT PAPER
State of California
Std. 113 Rev. 3-95
FEHA Automated

1    5.    The nature of the group or class is such that proof of a single set of facts will

2    establish the right of each member of the group to recover.

3    6.    The Director will fairly and accurately represent the interests of the group or class.

4    7.    You may, but need not, respond to this notification in writing by submitting your

5    response to:

6    Alexandra Seldin
     Special Investigations Unit Administrator
7    Department of Fair Employment and Housing
     2218 Kausen Drive, Suite 100
8    Elk Grove, CA 95758

9    DATED: July 22, 2010

10

11                             DEPARTMENT OF FAIR EMPLOYMENT
                                   AND HOUSING
12
                               PHYLLIS W. CHENG
13                             Director

14                             By: _____
15                                 Phyllis W. Cheng

16

17

18

19

20

21

22

23

24

25

26

27

*DFEH v. Law School Admission Council, Inc. (Hejazi, et. al.):*
Notice of Class Action Complaint

# EXHIBIT 4

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0007-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
JOHNSON, ALEX (MR.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 1447 La Linda Drive | 760-736-0119 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Marcos, CA 92078 | San Diego | 073 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LASC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA 18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE ☐ SEX ☒ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ SEXUAL ORIENTATION
☐ COLOR ☐ AGE ☐ MARITAL STATUS ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | ·TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year) September 17, 2010 | Unruh |

THE PARTICULARS ARE:

I. On or about 9/17/10 I was denied the reasonable accommodation needed to take the LSAT (Law School Admissions Test).

II. No reason was given for partial denial of my reasonable accommodation and the granting of inadequate/ineffective accommodations.

III. I believe I was denied reasonable accommodation, which is necessary due to my disability (Quadriplegia), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

    A. On or about 8/5/10 I advised the Accommodated Testing section of my medical need for accommodation in the form of using a computer for all sections of the test, 120 extra minutes on each section of the test, alternate to scantron answer sheet, use of amanuensis (to turn pages), additional rest period and breaks, . I also provided supporting medical documentation to confirm the accommodations were medically necessary.

    B. On or about 9/17/10 I was notified that part of my requested accommodation was being denied. The accommodations that were granted were inadequate and ineffective.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on August 23, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 8·26·11      _(signature)_
                               COMPLAINANT'S SIGNATURE

At Lake San Marcos             COMPLAINANT'S SIGNATURE (GUARDIAN AD LITEM)
    City

DFEH-300-02 (12/99)      8:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED·

_stamp:_ RECEIVED AUG 29 2011 STATE OF CALIFORNIA DEPT OF FAIR EMPLOYMENT & HOUSING BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 5

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0008-00-p

| COMPLAINANT'S NAME (S) (indicate Mr. or Mrs., if individual) | |
|---|---|
| | |
| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| | XXX-XXX-XXXX |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| | San Diego | 073 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

| NAME(S) | |
|---|---|
| Law School Admissions Council, Inc. (LASC) | |
| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| 662 Penn Street | 215-968-1001 |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Newtown, PA 18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE ☐ SEX ☒ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ SEXUAL ORIENTATION
☐ COLOR ☐ AGE ☐ MARITAL STATUS ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year) October 31, 2010 | Unruh |

THE PARTICULARS ARE:

I. On or about 10/31/2010 I was denied the reasonable accommodation of adequate additional time to
take the LSAT (Law School Admissions Test) and adequate break periods.

II. No reason was given for partial denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation in the form of additional test taking time and break
periods, which is necessary due to my disabilities (ADD (Attention Deficit Disorder), Lemierre's
Syndrome with Brain edema resulting in brain processing speed impairment), which is a violation of
Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code.
My belief is based on the following:

A. On or about early 10/2010 I advised the Accommodated Testing section of my medical need for
additional test taking time and break periods. I also provided supporting medical documentation.

B. On or about 10/31/10 I was notified that my requested accommodation was being denied. I was
granted in sufficient additional time to take test sections. I was not granted sufficient break period
to administer vital medication.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are
now, or will in the future be similarly aggrieved.

Typed and mailed for signature on August 22, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own
knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated ___8/26/2011___

At ___Rancho Santa Fe CA___
City

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

RECEIVED
AUG 3 1 2011
DEPT OF FAIR EMPLOYMENT & HOUSING OF CALIFORNIA
BAKERSFIELD DISTRICT OFFICE

DATE FILED:

DFEH-300-02 (12/99)     B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

# EXHIBIT 6

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54**

DFEH # U 201112 H-0013-00-p

| COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual) | | |
|---|---|---|
| HENNESSEY-SEVERSON, ELIZABETH (MS.) | 1-603-667-5459 | |
| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| 1067 Oak Street | | XXX-XXX-XXXX |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| San Francisco, CA 92101 | San Francisco | 075 |

**NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:**

| NAME(S) | | |
|---|---|---|
| Law School Admissions Council, Inc. (LSAC) | | |
| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| 662 Penn Street | | 215-968-1001 |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Newtown, PA 18940 | Out of State | 000 |

**CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))**

☐ RACE  ☐ SEX  ☑ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year) May 10, 2011 | Unruh |

**THE PARTICULARS ARE:**

I.  From on or about 4/29/11 I was denied the reasonable accommodation of adequate additional time to take the LSAT (Law School Admissions Test).

II.  No reason was given for denial of my reasonable accommodation.

III.  I believe I was denied reasonable accommodation in the form of additional test taking time, which is necessary due to my disabilities (Anxiety, Processing Disorder, Learning Disorder, Attention Deficit-Hyperactivity Disorder (ADHD)), which is a violation of Government Code, Section 12948. The Government Code Incorporates Section 51 of the Civil Code. My belief is based on the following:

   A.  On or about 4/27/11 I advised the Accommodated Testing section of my medical need for additional test taking time as well additional breaks in between test sections. I also provided supporting medical documentation.

   B.  On or about 4/29/11 and again 5/10/11 I was notified that my requested accommodation was being denied.

IV.  I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 14, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  9/22/2011

At  San Francisco
City

COMPLAINANT'S SIGNATURE

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DATE FILED: SEP 26 2011

RECEIVED SEP 26 2011

DFEH-300-02 (12/99)    B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

Exh A, p. 57

# EXHIBIT 7

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54**

DFEH # U 201112 K-0018-00-p

| COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual) |  |  |
|---|---|---|
| LEE, CAROLINE FAVROT (MS.) | | |

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |  |
|---|---|---|
| 676 Alcatraz Avenue | 510-655-1758 | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Oakland, CA  94609 | Alameda | 001 |

**NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:**

| NAME(S) |  |  |
|---|---|---|
| Law School Admissions Council, Inc. (LSAC) | | |

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |  |
|---|---|---|
| 662 Penn Street | 215-968-1001 | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

**CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOXES)**
☐ RACE  ☐ SEX  ☒ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)  April 28, 2011 | TYPE OF COMPLAINT Unruh |
|---|---|

**THE PARTICULARS ARE:**

I. From on or about 10/2010 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No adequate reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation, which is necessary due to my disabilities (Learning Disabilities & Processing Disabilities), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

   A. On or about 10/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

   B. Most recently on or about 4/28/11 I was notified that my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 28, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  Sept 29 2011                        _____
                                                           COMPLAINANT'S SIGNATURE

At  Oakland                                    _____
         City                        COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)        B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

RECEIVED
OCT 03 2011
DEPT OF FAIR EMPLOYMENT & HOUSING STATE OF CALIFORNIA
BAKERSFIELD DISTRICT OFFICE

Exh A, p. 59

# EXHIBIT 8

10/06/2011  05:19  5106429878          SLAS EOP                        PAGE  82/84

**▸ ◦ ◦ PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 ◦ ◦ ◦**

COMPLAINT OF DISCRIMINATION UNDER THE            DFEH # 11 201112 H-0021-00-p
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

| COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual) | | |
|---|---|---|
| BANKS, RAYMOND (MR.) | | |

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| P. O. Box 156861 | | xxx-xxx-xxxx |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Francisco, CA  94115 | San Francisco | 075 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

| NAME(S) | | |
|---|---|---|
| Law School Admissions Council, Inc. (LSAC) | | |

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 662 Penn Street | | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☑ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)  January 31, 2011 | Unruh |

THE PARTICULARS ARE:

I.  On or about January 2011 I was denied the reasonable accommodation of adequate additional time to
take the LSAT (Law School Admissions Test).

II.  No reason was given for denial of my reasonable accommodation.

III.  I believe I was denied reasonable accommodation in the form of additional test taking time, which is
necessary due to my disabilities (Nerve and Muscle damage in left shoulder/arm),
which is a violation of Government Code, Section 12948. The Government Code incorporates Section
51 of the Civil Code. My belief is based on the following:

A.  On or about January 2011 I advised the Accommodated Testing section of my medical need for
additional test taking time. I also provided supporting medical documentation.

B.  On or about January 2011 I was notified that my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are
now, or will in the future be similarly aggrieved.

Typed and mailed for signature on August 26, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own
knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  10/6/11                              _____
                                           COMPLAINANT'S SIGNATURE

At  San Francisco                          _____
    City                                   COMPLAINANT'S SIGNATURE/SUPERVISOR/AGENT/NAME

DFEH-300-02 (12/99)       B:PND            DATE FILED:
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

RECEIVED
OCT 06 2011
STATE OF CALIFORNIA
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

Exh A, p. 61

# EXHIBIT 9

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE      DFEH #   U 201112 H-0023-00-p
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual)
TALESHPOUR, GAZELLE (MS.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 6756 Bestwood Court | XXX-XXX-XXXX |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Diego, CA 92119 | San Diego | 073 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA 18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE    ☐ SEX    ☒ DISABILITY    ☐ RELIGION    ☐ NATIONAL ORIGIN/ANCESTRY    ☐ SEXUAL ORIENTATION
☐ COLOR    ☐ AGE    ☐ MARITAL STATUS    ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year) December 6, 2010 | Unruh |

THE PARTICULARS ARE:

I. Most recently on or about 12/6/10 I was denied the reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No adequate reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation in the form of additional test taking time, which is necessary due to my disabilities (Dyslexia, ADHD, Complications due to bone marrow transplant), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

    A. On or about 2008 and again starting in 7/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodations. I also provided supporting medical documentation.

    B. Most recently on or about 12/6/10 I was notified that at least part of my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 30, 2011. Corrected and re-mailed October 7, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   Oct 7th, 2011       _[signature]_
                         COMPLAINANT'S SIGNATURE

At  _____
            City                  COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)     B:PND           DATE FILED:
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING          OF CALIFORNIA

_[stamp: RECEIVED OCT 07 2011 DEPT OF FAIR EMPLOYMENT & HOUSING BAKERSFIELD DISTRICT OFFICE]_

# EXHIBIT 10

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # _____

COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual)
▓▓▓▓▓▓▓

ADDRESS
▓▓▓▓▓▓▓

TELEPHONE NUMBER (INCLUDE AREA CODE)
XXX-XXX-XXXX

CITY/STATE/ZIP ▓▓▓▓▓▓▓

COUNTY
Out of State

COUNTY CODE
000

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

ADDRESS
662 Penn Street

TELEPHONE NUMBER (INCLUDE AREA CODE)
215-968-1001

CITY/STATE/ZIP
Newtown, PA  18940

COUNTY
Out of State

COUNTY CODE
000

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOXES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)  October 21, 2010

TYPE OF COMPLAINT
Unruh

THE PARTICULARS ARE:

I. On or about 10/21/10 I was denied the reasonable accommodation to take the LSAT (Law School Admissions Test).

II. The reason cited for denying my request for reasonable accommodation was that documentation did not support that my condition limited a major life activity.

III. I believe I was denied reasonable accommodation, which is necessary due to my disabilities (Attention Deficit—Hyperactivity Disorder [ADHD] and Learning Disabilities), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about 8/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodations. I also provided supporting medical documentation.

B. Most recently on or about 10/21/10 I was notified that my requested accommodations were being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 27, 2011.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated ___07/27/2011___

At  Scottsdale, AZ
        City

DFEH-300-02 (12/99)        B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM
DATE FILED: 9/29/11

RECEIVED
DEPT OF FAIR EMPLOYMENT & HOUSING CALIFORNIA
BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 11

Exh A, p. 66

PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54**

DFEH # U 201112 H-0025-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
SEMOS, STEPHEN (MR.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 6612 Monero Drive | 310-544-2993 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Rancho Palos Verdes, CA 90275 | Los Angeles | 037 |

**NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:**

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA 18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE ☐ SEX ☑ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ SEXUAL ORIENTATION
☐ COLOR ☐ AGE ☐ MARITAL STATUS ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) February 28, 2011 | TYPE OF COMPLAINT Unruh |
|---|---|

THE PARTICULARS ARE:

I. Most recently on or about February 2011 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No adequate reasons were given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation which is necessary due to my disabilities ((Epilepsy, ADD (Attention Deficit Disorder) and Gertsmann Syndrome), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about 2008, 11/2010 and 12/21/10 I advised the Accommodated Testing section of my medical need for accommodation. I also provided supporting medical documentation.

B. Most recently on or about February 2011 I was notified that my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 30, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 9-30 ̶ ̶  10-5-2011                  _Stephen Semos_

At _____     COMPLAINANT'S SIGNATURE
        City

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DATE FILED:

RECEIVED
OCT 11 2011
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

DFEH-300-02 (12/99)        8:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING            STATE OF CALIFORNIA

# EXHIBIT 12

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54 | DFEH # | U 201112 H-0027-00-p |
|---|---|---|

| COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual) |
|---|
| DECOMO-SCHMITT, RODNEY ALEXANDER |

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 4579 Paradise Drive | xxx-xxx-xxxx |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Tiburon, CA  94920 | Marin | 041 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

| NAME(S) |
|---|
| Law School Admissions Council, Inc. (LSAC) |

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

| CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES)) |
|---|
| ☐ RACE   ☐ SEX   ☑ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION |
| ☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY) |

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   October 25, 2010 | TYPE OF COMPLAINT Unruh |
|---|---|

THE PARTICULARS ARE:

I. Most recently on or about 10/25/10 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. LSAC stated that the documentation submitted did not support that my condition limited a major life activity.

III. I believe I was denied reasonable accommodation in the form of additional test taking time, which is necessary due to my disabilities (Learning Disability—Reading Processing Problem), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about 9/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

B. Most recently on or about 10/25/10 I was notified that my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 13, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated _10·13·11_          _[signature]_
                          COMPLAINANT'S SIGNATURE

At _Tiburon, California_     _____
      City                 COMPLAINANT'S SIGNATURE/GUARDIAN-AD-LITEM

| DFEH-300-02 (12/99) | B:PND | DATE FILED |
|---|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING | | STATE OF CALIFORNIA |

RECEIVED
OCT 14 2011
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

Exh A, p. 69

# EXHIBIT 13

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

U 201112 H-0028-00-p

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # _____

COMPLAINANT'S NAME(S) (indicate Mr. or Mrs., if individual)
GROSSMAN, ANDREW "ANDY" (MR.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 14780 Farwell Avenue | 408-741-5859 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Saratoga, CA   95070 | Santa Clara | 085 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA   18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOXES)
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   November 30, 2010 | TYPE OF COMPLAINT Unruh |
|---|---|

THE PARTICULARS ARE:

I.   Most recently on or about 11/2010 I was denied reasonable accommodation to take the LSAT (Law
     School Admissions Test).

II.   No reason was given for the partial denial of my reasonable accommodation.

III.   I believe I was denied reasonable accommodation which is necessary due to my disabilities (Traumatic
     Brain Injury and Depression/Anxiety Disorder), which is a violation of Government Code, Section
     12948.  The Government Code incorporates Section 51 of the Civil Code.  My belief is based on the
     following:

     A.   On or about 7/2010 or 8/2010 I advised the Accommodated Testing section of my medical need
         for reasonable accommodation.  I also provided supporting medical documentation.

     B.   Most recently on or about 11/2010 I was notified that part of my requested accommodation was
         being denied.

IV.   I am making this complaint on behalf of myself and all other disabled individuals who have been, are
     now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 10, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own
knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

| Dated | 10/13/11 | _Andrew L. Grossman_ |
|---|---|---|
| | | COMPLAINANT'S SIGNATURE |
| At | Saratoga | _Cindy L. Freeman_ |
| | City | COMPLAINANT'S SIGNATURE (GUARDIAN AD LITEM) |

DFEH-300-02 (12/93)     8:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED                     STATE OF CALIFORNIA

RECEIVED
OCT 17 2011
DEPT OF FAIR EMPLOYMENT & HOUSING

# EXHIBIT 14

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

| | |
|---|---|
| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54 | DFEH # U 201112 H-0029-00-p |

COMPLAINANT'S NAME(S) (indicate 'Mr. or Ms., if individual)
**COLLINS, KEVIN M. (MR.)**

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 23140 Victory Blvd. | | 818-346-4200 |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Woodland Hills, CA 91367 | Los Angeles | 037 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 662 Penn Street | | 215-968-1001 |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Newtown, PA 18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE  ☐ SEX  ☒ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) March 14, 2011 | TYPE OF COMPLAINT Unruh |
|---|---|

THE PARTICULARS ARE:

I. On or about 1/18/11 and most recently on 3/14/11 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. The denial on 1/18/11 was allegedly due to insufficient documentation. No reason was given for the partial denial of my requested reasonable accommodation on 3/14/11.

III. I believe I was denied reasonable accommodation which is necessary due to my disabilities (Gifted Learning disability: Reading Disorder and Written Expression Disorder), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. Beginning on or about 12/10/10 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

B. On or about 1/18/11 I was notified that my requested accommodation was not being granted even though I believe that all necessary supporting documentation had been submitted.

C. Most recently on 3/14/11 I was notified that part of my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 19, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated **10/23/11**

At **Los Angeles**
City

| | COMPLAINANT'S SIGNATURE |
|---|---|
| | RECEIVED OCT 27 2011 |

DFEH-300-02 (12/99)  B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

DEPT OF FAIR EMPLOYMENT & HOUSING OF CALIFORNIA
BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 15

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # _____

U 201112 H-0031-00-p

| COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual) |
|---|
| IOAN, OTILIA (MS.) |

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 5305 Harwood Road | xxx-xxx-xxxx |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Jose, CA 95124 | Santa Clara | 085 |

**NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:**

| NAME(S) |
|---|
| Law School Admissions Council, Inc. (LSAC) |

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA 18940 | Out of State | 000 |

| CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES)) | | | |
|---|---|---|---|
| ☐ RACE  ☐ SEX  ☒ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION | | | |
| ☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER (SPECIFY) | | | |

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) November 17, 2010 | TYPE OF COMPLAINT Unruh |
|---|---|

THE PARTICULARS ARE:

I. On or about 11/17/10 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation which is necessary due to my disability (Spinal Chord Injury–Quadriplegia), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

    A. On or about 8/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

    B. On or about 11/17/10 I was notified that part of my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 27, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated _10/26/11_

At _San Jose_
    City

COMPLAINANT'S SIGNATURE

COMPLAINANT'S SIGNATURE/GUARDIAN LITEM

RECEIVED

DFEH-300-02 (12/99)    B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE OF CALIFORNIA

# EXHIBIT 16

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0032-00-p

| COMPLAINANT'S NAME (indicate Mr. or Mrs., if individual) | |
|---|---|
| QUAN, ANDREW (MR.) | |

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 4023 Oak Manor Court | XXX-XXX-XXXX |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Hayward, CA 94542 | Alameda | 0001 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

| NAME(S) | |
|---|---|
| Law School Admissions Council, Inc. (LSAC) | |

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA 18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE  ☐ SEX  ☑ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)  September 13, 2011 | TYPE OF COMPLAINT Unruh |
|---|---|

THE PARTICULARS ARE:

I. Most recently on or about 9/13/11 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No reason was given for denial of my requested reasonable accommodations.

III. I believe I was denied reasonable accommodation in the form of additional test taking time, which is necessary due to my disabilities (Hypotonia, Dysgraphia, ADHD, Visual Processing Disorder, and back injury), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about 9/2011 I advised the Accommodated Testing section of my medical need for reasonable accommodations. I also provided supporting medical documentation.

B. Most recently on or about 9/13/11 I was notified that my requested accommodations were being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed by signature on October 7, 2011.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  10-26-2011    _Andrew C. Quan_
                                    COMPLAINANT'S SIGNATURE

At _____    _____
            City                              COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)    B:PNO    DATE FILED:
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

RECEIVED
OCT 28 2011
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

Exh A, p. 77

# EXHIBIT 17

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54**

DFEH # U 201112 H-0035-00-p

| COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual) | | |
|---|---|---|
| WHITNEY, AUSTIN (MR.) | | |

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) | |
|---|---|---|
| 1050 Miller Avenue | XXX-XXX-XXXX | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Berkeley, CA  94708 | Alameda | 001 |

**NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:**

| NAME(S) | | |
|---|---|---|
| Law School Admissions Council, Inc. (LSAC) | | |

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) | |
|---|---|---|
| 662 Penn Street | 215-968-1001 | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

**CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))**

☐ RACE ☐ SEX ☒ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ SEXUAL ORIENTATION
☐ COLOR ☐ AGE ☐ MARITAL STATUS ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)  September 21, 2011 | Unruh |

**THE PARTICULARS ARE:**

I. On or about 9/21/11 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation in which is necessary due to my disabilities (Spinal Chord Injury—paraplegia, chronic/neuropathic pain), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about 8/28/11 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

B. On or about 9/21/11 I was notified that part of my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 28, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated ___11/6/11___

At ___Berkeley, CA___
        City

COMPLAINANT'S SIGNATURE

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DATE FILED:

RECEIVED
NOV - 7 2011
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE
STATE OF CALIFORNIA

DFEH-300-02 (12/99)       B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

Exh A, p. 79

# EXHIBIT 18

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54 | DFEH # U 201112 R-0033-00-p |
|---|---|

**COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual)**
VIELBAUM, KEVIN (MR.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 812 Foothill Drive | xxx-xxx-xxxx |

| CITY/STATE/ZIP | COUNTY | | COUNTY CODE |
|---|---|---|---|
| San Mateo, CA  94402 | San Mateo | | 081 |

**NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:**

**NAME(S)**
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | | COUNTY CODE |
|---|---|---|---|
| Newtown, PA  18940 | Out of State | | 000 |

**CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))**

☐ RACE ☐ SEX ☒ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ SEXUAL ORIENTATION
☐ COLOR ☐ AGE ☐ MARITAL STATUS ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)  May 12, 2011 | TYPE OF COMPLAINT Unruh |
|---|---|

**THE PARTICULARS ARE:**

I. Most recently on or about 5/12/11 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No adequate reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation which is necessary due to my disabilities (Dyslexia—Learning Disabilities), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

    A. On or about March 2011 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

    B. On or about 4/28/11 my initial request for accommodation was denied in total. Most recently on or about 5/12/11 I was notified that part of my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on November 4, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  11/08/11          _____ COMPLAINANT'S SIGNATURE

At  San Mateo, CA      _____ COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM
       City

DFEH-300-02 (12/99)     8:PND       DATE FILED:
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

RECEIVED NOV 2011
DEPT OF FAIR EMPLOYMENT
BAKERSFIELD DISTRICT

# EXHIBIT 19

1   CASE NAME:   DFEH v. Law School Admission Council, Inc.
2                (Austin Whitney, et al., Complainants)

3   CASE NOS.:   U-201112-H-0021-00-p, U-201112-H-0008-00-p, U-201112-H-0029-00-p,
4                U-201112-H-0027-00-p, U-200910-Q-0003-00-p, U-201112-H-0018-00-p,
                 U-201112-H-0028-00-p, U-201112-H-0014-00-p,
5                U-201112-H-0013-00-p, U-201112-H-0031-00-p, U-201112-H-0007-00-p,
                 U-200910-G-0012-00-p, U-201112-H-0032-00-p, U-201112-H-0025-00-p,
6                U-201112-H-0023-00-p, U-201112-H-0033-00-p, and U-201112-H-0035-00-p

7
8   RESPONDENT'S NOTICE OF TRANSFER OF PROCEEDINGS TO COURT

9       I am a Respondent in this matter.  I elect to transfer this proceeding to court in lieu of a

10  hearing before the Fair Employment and Housing Commission, pursuant to Government Code

11  section 12965, subdivision (c)(1).

12  Dated: _2-22-12_

13                          _Julie Capell_
                            Respondent's/Representative's Signature
14

15

16                          Respondent(s) [Please print]

17                          _Julie Capell, Attorney for Law School_
                            Representative [Please print]        _Admission Council, Inc._
18
                            Address of Respondent, or if
19                          represented, address of Representative
20                          _Fulbright & Jaworski L.L.P._
                            _555 S. Flower Street, 41st Floor_
21                          Street
22                          _Los Angeles, CA 90071_
                            City        State    Zip
23                          _(213) 892-9800_
24                          Telephone number of Respondent, or if
                            represented, telephone number of Representative
25

26

27

-6-

*10016045*

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Susan Saylor (#154592)
Department of Fair Employment and Housing
Legal Division
39141 Civic Center Drive, Suite 410
Fremont, CA 94538
TELEPHONE NO.: (510)622-2941   FAX NO.: (916)478-7331
ATTORNEY FOR (Name): Dept of Fair Employment and Housing

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME: DFEH v. Law School Admission Council, Inc.

FILED
ALAMEDA COUNTY

MAR 15 2012
Exec. Off/Clerk

By

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | RG12621476 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  c. [ ] Substantial amount of documentary evidence    f. [X] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): five

5. This case [X] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 15, 2012

Susan Saylor (#154592)
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Ca Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

BY FAX

 

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case (non-tort/non-complex)
    Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| DFEH v. Law School Admission Council, Inc. | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

| [✓] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) |
|---|---|
| | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | | Alameda County Case Type (Check only one) |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [✓] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    [ ] Yes [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13



*10016053*

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
ALAMEDA COUNTY

MAR 1 5 2012

By _Guiva Bakeo_ Exec. Off/Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LAW SCHOOL ADMISSION COUNCIL, INC., a Delaware tax
exempt corporation, and DOES ONE through TEN,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an
agency of the State of California

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.
   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):*<br>ALAMEDA COUNTY SUPERIOR COURT<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):* 12621479 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Susan Saylor (#154592)                              (510)622-2941
Department of Fair Employment and Housing-Legal Division
39141 Civic Center Drive, Suite 410
Fremont, CA 94538

| DATE: MAR 1 5 2012 | Pat S. Sweeten Clerk, by _Guiva Bakeo_ | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Law School Admission Council, Inc.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

Exh A, p. 87

SUM-200(A)

| SHORT TITLE:  DFEH v. Law School Admission Council, Inc. | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons:  "Additional Parties Attachment form is attached."

List additional parties *(Check only one box.  Use a separate page for each type of party.)*:

☐ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

REAL PARTIES IN INTEREST:

JOHN DOE, JANE DOE, PETER ROE, RAYMOND BANKS, KEVIN COLLINS, RODNEY DECOMO-
SCHMITT, ANDREW GROSSMAN, ELIZABETH HENNESSEY-SEVERSON, OTILIA IOAN, ALEX
JOHNSON, NICHOLAS JONES, CAROLINE LEE, ANDREW QUAN, STEPHEN SEMOS, GAZELLE
TALESHPOUR, KEVIN VIELBAUM, AUSTIN WHITNEY, and all other similarly situated
individuals,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Legal
Solutions
Plus

*10016077*

FILED
ALAMEDA COUNTY

MAR 1 5 2012

By _____ Deputy Clerk

1  NELSON CHAN (#109272)
   Chief Counsel
2  SUSAN SAYLOR (#154592)
   Special Projects Counsel
3  DEPARTMENT OF FAIR EMPLOYMENT
   AND HOUSING
4  39141 Civic Center Drive, Suite 410
   Fremont, CA 94538
5  Telephone: (510) 622-2941

6  Attorneys for the DFEH
   [Filing fee exempt, Gov. Code, § 6103]

7
                                                              **BY FAX**
8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ALAMEDA

10

11  THE DEPARTMENT OF FAIR                 )  Case No. RG 12621479
    EMPLOYMENT AND HOUSING, an agency of   )
12  the State of California,               )
                                          )  NOTICE OF MOTION AND MOTION TO
13                          Plaintiff,    )  PROCEED USING FICTITIOUS NAMES
                                          )
14                  vs.                    )
                                          )  Date: 5/15/12
15  LAW SCHOOL ADMISSION COUNCIL, INC.,   )  Time: 10:30
    a Delaware tax exempt corporation, and DOES )  Dept. 31
16  ONE through TEN, inclusive,            )
                                          )
17                          Defendants.   )
                                          )
18  _____  )
                                          )
    JOHN DOE, JANE DOE, PETER ROE,        )
19  RAYMOND BANKS, KEVIN COLLINS,         )
    RODNEY DECOMO-SCHMITT, ANDREW         )
20  GROSSMAN, ELIZABETH HENNESSEY-        )
    SEVERSON, OTILIA IOAN, ALEX JOHNSON,  )
21  NICHOLAS JONES, CAROLINE LEE,         )
    ANDREW QUAN, STEPHEN SEMOS,           )
22  GAZELLE TALESHPOUR, KEVIN             )
    VIELBAUM, AUSTIN WHITNEY, and all other )
23  similarly situated individuals,       )
                                          )
24                  Real Parties in Interest. )
                                          )
25  _____  )

26

27

                                -1-

*Dept. Fair Empl & Hous. v. Law School Admission Council, Inc.* (Whitney)
Notice of Motion and Motion to Proceed Using Fictitious Names

Exh A, p. 89

1   **TO ALL NAMED PARTIES AND THEIR ATTORNEY OF RECORD:**

2       The DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING will, on _____,

3   2012, at _____ , in Department ____; located at _____, or as soon

4   thereafter as the matter can be heard, move this court for an order permitting the Department to

5   proceed with its Group and Class Action Complaint for Damages and Injunctive Relief using

6   fictitious names for three of the real parties in interest.

7       This motion will be made on the ground that exceptional circumstances justify the use of

8   fictitious names to protect the true identity of these three real parties in interest because of the highly

9   sensitive and personal nature of their disabilities and the potential injury to their professional

10   reputation should such information be publicly disclosed. (*Doe v. Lincoln Unified School Dist.* (2010)

11   188 Cal. App. 4th 758, 767.)  The motion will be based on this notice, the attached points and

12   authorities, and declarations of Susan Saylor, Jane Doe, and Peter Roe.

13

14   Dated:  March 15, 2012             DEPARTMENT OF FAIR EMPLOYMENT
15                                        AND HOUSING

16                                    NELSON CHAN
17                                    Chief Counsel

18                                    SUSAN SAYLOR
19                                    Special Projects Counsel

20                       By: _____
21                            Susan Saylor
                           Attorneys for the Department

22

23

24

25

26

27

-2-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FEAM Automated

Exh A, p. 90

1   NELSON CHAN (#109272)
       Chief Counsel
2   SUSAN SAYLOR (#154592)
       Special Projects Counsel
3   DEPARTMENT OF FAIR EMPLOYMENT
       AND HOUSING
4   39141 Civic Center Drive, Suite 410
    Fremont, CA 94538
5   Telephone: (510) 622-2941

6   Attorneys for the DFEH
    [Filing fee exempt, Gov. Code, § 6103]
7

**FILED**
ALAMEDA COUNTY

MAR 1 5 2012

Guion Baker /Clerk

By _____

**BY FAX**

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF ALAMEDA

10

11  THE DEPARTMENT OF FAIR EMPLOYMENT )
    AND HOUSING, an agency of the State of )   Case No. **12621479**
12  California,                          )
                                         )   MEMORANDUM OF POINTS AND
13                         Plaintiff,)       AUTHORITIES IN SUPPORT OF
                                         )   MOTION TO PROCEED USING
14              vs.                      )   FICTITIOUS NAMES
                                         )
15  LAW SCHOOL ADMISSION COUNCIL, INC., )
    a Delaware tax exempt corporation, and DOES )   Date: 5-15-12
16  ONE through TEN, inclusive,          )   Time: 1030
                                         )   Dept. 31
17                         Defendants.)
    ─────────────────────────────────── )
18                                       )
    JOHN DOE, JANE DOE, PETER ROE,       )
19  RAYMOND BANKS, KEVIN COLLINS,        )
    RODNEY DECOMO-SCHMITT, ANDREW        )
20  GROSSMAN, ELIZABETH HENNESSEY-       )
    SEVERSON, OTILIA IOAN, ALEX JOHNSON, )
21  NICHOLAS JONES, CAROLINE LEE,        )
    ANDREW QUAN, STEPHEN SEMOS,          )
22  GAZELLE TALESHPOUR, KEVIN            )
    VIELBAUM, AUSTIN WHITNEY, and all other )
23  similarly situated individuals,      )
                                         )
24                   Real Parties in Interest.)
    ─────────────────────────────────── )
25

26

27

-1-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FESt Automated

1

## I.  INTRODUCTION

2   By this motion, the Department of Fair Employment and Housing (DFEH) asks the court to

3 exercise its discretion to allow three of the real parties in interest to proceed anonymously, using the

4 fictitious names of John Doe, Jane Doe, and Peter Roe. The use of fictitious names would protect

5 these real parties' privacy interest in information about their disability and medical condition, and

6 also guard against potential harm to reputation and retaliation in the legal industry. No prejudice to

7 the opposing party would occur, because the Law School Admissions Council, Inc. (LSAC) already

8 possesses the information that these real parties wish to keep private.

9

## II.  PROCEDURAL HISTORY

10   After investigating LSAC's practices in granting and denying reasonable accommodation on

11 the Law School Admission Test (LSAT), the DFEH filed an administrative accusation before the

12 Fair Employment and Housing Commission on February 6, 2012 and an amended accusation on

13 February 17, 2012. (Declaration of Susan Saylor in Support of Motion to Proceed Using Fictitious

14 Names (Saylor Dec.), ¶ 3.) LSAC elected to transfer this matter to superior court, and the DFEH is

15 filing this motion concurrently with its Group and Class Action Complaint for Damages and

16 Injunctive Relief.

17

## III.  FACTS

18   The Group and Class Action Complaint alleges that LSAC denied reasonable

19 accommodation to 17 separately identified real parties in interest, and further discriminated against a

20 class of applicants for reasonable accommodation on the LSAT, from January 19, 2009 to February

21 6, 2012. Three of the 17 real parties in interest have requested that the Department seek permission

22 for them to participate in this litigation anonymously. (Saylor Dec., ¶¶ 2-6.) These real parties have

23 expressed concerns about their privacy in information pertaining to their disability, and are also

24 fearful of discrimination in their future careers should the facts about their reasonable

25 accommodation requests be made public. (*Ibid.*)

26 //

27 //



Exh A, p. 92

## IV.   ARGUMENT

The DFEH requests the court's permission to proceed with its litigation on behalf of three real parties in interest using the fictitious names John Doe, Jane Doe, and Peter Roe. Although party names are usually required in any pleading (Code Civ. Pro., § 422.40), parties are sometimes permitted to proceed under fictitious names where "exceptional circumstances" exist. (*Doe v. Lincoln Unified School Dist.* (2010) 188 Cal.App.4th 758, 767.) This is one of those exceptional situations where fictitious names should be allowed.

### A.   FICTITIOUS NAMES SHOULD BE PERMITTED DUE TO THE PERSONAL AND SENSITIVE NATURE OF THE REAL PARTIES IN INTERESTS' DISABILITIES

Parties have been allowed to proceed under fictitious names where the subject matter of the dispute is highly sensitive and personal, such that public disclosure would inflict an irreparable injury. In *Doe v. Lincoln Unified School Dist., supra,* 188 Cal.App.4th at p. 767, a school teacher bringing a challenge to the school district's determination that she was mentally unfit was permitted to proceed under a pseudonym. Other examples include a patient suing a laboratory after acquiring HIV from a reused needle, and a sperm donor who was accused of failing to disclose his family history of kidney disease. (*Jane Doe 8015 v. Superior Court* (2007) 148 Cal.App.4th 489 [HIV]; *Johnson v. Superior Court* (2000) 80 Cal.App.4th 1050, 1072 [kidney disease].) California courts have recognized that, where sensitive, disability-related information is concerned, the use of pseudonyms is appropriate.

Here, John Doe, Jane Doe, and Peter Roe all sought a reasonable accommodation on the LSAT due to their disabilities. (Group and Class Action Complaint for Damages and Injunctive Relief, ¶¶ 58-66 [John Doe], 67-73 [Jane Doe], and 74-80 [Peter Roe].) The Department's complaint explains that both Jane and John Doe have Attention Deficit Disorder (ADD). (Complaint, ¶¶ 59 and 68.) Peter Roe has learning disabilities. (Complaint, ¶¶ 75.) In California, information about a litigant's disability is personal and private. (Cal. Const., art. I, § 1; *Johnson v. Superior Court, supra,* 80 Cal.App.4th at p. 1068 ["[I]t is well settled that the zone of privacy created by [the California Constitution] extend[s] to the details of a patient's medical and psychiatric history"].) Real parties



COURT PAPER
State of California
Std. 113 Rev. 3-95
FEHA Automated

-3-

Exh A, p. 93

1    should not be forced to disclose closely held information about their disability in order to assert their

2    right to receive reasonable accommodation.

**B.    REAL PARTIES' NEED FOR ANONYMITY OUTWEIGHS ANY PREJUDICE TO THE PUBLIC OR OPPOSING PARTY**

The use of three pseudonyms in this case will not prejudice LSAC or impair the public's right to know. Federal courts have adopted a balancing test between the need for anonymity and the public interest in open proceedings. As the court explained in *Does I thru XXIII v. Advanced Textile Corp.* (9th Cir. 2000) 214 F.3d 1058, 1068, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Here, LSAC already possesses real parties' personal information because defendant requires it in order to consider any request for reasonable accommodation. The public's need to know will be satisfied by the fact that most of the other real parties have chosen to proceed under their true names. On balance, real parties John Doe, Jane Doe, and Peter Roe should be allowed to proceed anonymously.

**C.    REAL PARTIES HAVE A LEGITIMATE FEAR OF FURTHER DISCRIMINATION SHOULD THEIR IDENTITIES BE REVEALED**

16    Fictitious names will also protect real parties from further discrimination as they pursue their

17    dream to practice law. In *Does I thru XXIII v. Advanced Textile Corp.*, where the plaintiffs requested

18    to use fictitious names out of a fear of future retaliation from their employer, the court identified

19    three relevant factors in determining whether the use of pseudonyms were appropriate: "(1) the

20    severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the

21    anonymous party's vulnerability to such retaliation." (*Does I thru XXIII v. Advanced Textile Corp.*,

22    *supra* 214 F.3d 1058, 1068.) Here, the real parties in interest have requested anonymity out of a

23    desire to protect their professional reputation as they enter the legal profession, and to eliminate the

24    possibility that future employers might discriminate against them. (Saylor Dec., ¶¶ 3-5.) Each of

25    these concerns is concrete and legitimate. Especially in this age of internet-accessible information,

26    real parties' concerns should be addressed by the use of fictitious names. "The judicial use of 'Doe

27    plaintiffs' to protect legitimate privacy rights has gained wide currency, particularly given the

-4-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

Exh A, p. 94

1    rapidity and ubiquity of disclosures over the World Wide Web." (*Starbucks Corp. v. Sup. Ct.* (2008)

2    168 Cal.App.4th 1436, 1453.) These real parties should be allowed to assert their right to

3    accommodation without suffering any future impairment in their inability to practice law.

4         The age of the parties seeking anonymity is also a factor. (*James v. Jacobson* (4th Cir. 1993)

5    6 F.3d 233, 238.) John Doe, Jane Doe, and Peter Roe are young adults seeking only to complete their

6    education; discretion should be exercised in favor of the use of pseudonyms.

7                                    **V.    CONCLUSION**

8         Anonymity will protect the privacy interests of real parties and prevent harm to reputation

9    without impairing defendant's rights or those of the public. For these reasons, the Department

10   respectfully requests that the court grant permission for John Doe, Jane Doe, and Peter Roe to

11   proceed in this lawsuit under fictitious names.

12

13   Dated: March 15, 2012                    DEPARTMENT OF FAIR EMPLOYMENT
                                               AND HOUSING
14

15                                             NELSON CHAN
                                               Chief Counsel
16

17                                             SUSAN SAYLOR
                                               Special Projects Counsel
18

19                                        By: _____
                                              Susan Saylor
20                                            Attorneys for the Department

21

22

23

24

25

26

27

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*Dept. Fair Empl & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Memorandum of Points and Authorities in Support of Motion to Proceed Using Fictitious Names



*10016069*

**FILED**
ALAMEDA COUNTY

MAR 1 5 2012

*Gwen Babino* Deputy Clerk

By _____

1   NELSON CHAN (#109272)
       Chief Counsel
2   SUSAN SAYLOR (#154592)
       Special Projects Counsel
3   DEPARTMENT OF FAIR EMPLOYMENT
       AND HOUSING
4   39141 Civic Center Drive, Suite 410
    Fremont, CA 94538
5   Telephone: (510) 622-2941

6   Attorneys for the DFEH
    [Filing fee exempt, Gov. Code, § 6103]                    **BY FAX**

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF ALAMEDA

10

11  THE DEPARTMENT OF FAIR EMPLOYMENT )   Case No. 12 6 2 1 4 7 9
    AND HOUSING, an agency of the State of )
12  California,                           )
                                          )
13                      Plaintiff,        )   **DECLARATION OF SUSAN SAYLOR**
                                          )   **IN SUPPORT OF MOTION TO**
14                      vs.               )   **PROCEED USING FICTITIOUS NAMES**
                                          )
15  LAW SCHOOL ADMISSION COUNCIL, INC.,   )
    a Delaware tax exempt corporation, and DOES )   Date: 5-15-12
16  ONE through TEN, inclusive,           )   Time: 11300
                                          )   Dept. 51
17                      Defendants.       )
    _____)
18                                        )
    JOHN DOE, JANE DOE, PETER ROE,        )
19  RAYMOND BANKS, KEVIN COLLINS,         )
    RODNEY DECOMO-SCHMITT, ANDREW         )
20  GROSSMAN, ELIZABETH HENNESSEY-        )
    SEVERSON, OTILIA IOAN, ALEX JOHNSON,  )
21  NICHOLAS JONES, CAROLINE LEE,         )
    ANDREW QUAN, STEPHEN SEMOS,           )
22  GAZELLE TALESHPOUR, KEVIN             )
    VIELBAUM, AUSTIN WHITNEY, and all other )
23  similarly situated individuals,       )
                                          )
24                      Real Parties in Interest. )
    _____)
25

26

27

                                -1-

*DFEH v. Law School Admission Council, Inc.* (Whitney et al.)
Declaration of Susan Saylor in Support of Motion to Proceed Using Fictitious Names

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

Exh A, p. 96

1    I, Susan Saylor, hereby declare:

2    1.      I am an attorney at law duly licensed to practice before all the courts of the State of

3    California, and employed as Special Projects Counsel by plaintiff, the Department of Fair

4    Employment and Housing (DFEH). I have personal knowledge of the above-captioned case, and if

5    called upon to testify, I could do so competently.

6    2.      The DFEH issued its accusation before the Fair Employment and Housing

7    Commission on February 6, 2012, and a First Amended Group and Class Accusation on February

8    17, 2012. After the Law School Admission Council, Inc. (LSAC) notified the DFEH of its desire to

9    transfer the litigation to superior court, the DFEH contacted all of the real parties with the news. One

10   real party in interest, identified here as Jane Doe, expressed concerns about having her name

11   associated with the litigation once it moved into superior court.

12   3.      Jane Doe has attention deficit disorder (ADD), for which she has received

13   accommodations throughout her academic career. Ms. Doe is afraid that, if her real name is used, she

14   will have more difficulty finding employment in the legal industry. The DFEH informed Ms. Doe

15   that it might be possible to request that the court allow her to proceed under a fictitious name. Ms.

16   Doe asked the Department to make such a request on her behalf.

17   4.      After investigating the viability of using fictitious names, the DFEH offered each of

18   its real parties in interest the opportunity to use a pseudonym. One other real party, named here as

19   John Doe, also asked to proceed anonymously.

20   5.      Like Jane Doe, John Doe has ADD and a history of accommodations. He sought

21   accommodation on the LSAT due to his ADD and also because of a recent and severe illness from

22   which he is still recovering. Mr. Doe wants this information to remain private. He also fears that his

23   future career will be negatively impacted if this information is released.

24   6.      Peter Roe likewise has learning disorders for which he requested accommodations on

25   the LSAT. Mr. Roe is currently attending law school in spite of being denied accommodations on the

26   LSAT, and he wants to retain his privacy rights concerning his diagnosis because of the social

27   stigma attached that cognitive impairments carry. He is also worried about the impact that the release

-2-

Exh A, p. 97

1    of this information would have on his legal career. Mr. Roe has submitted a declaration of his own

2    requesting to proceed under a fictitious name. I have redacted his signature, which reveals is true

3    name.

4         I declare under penalty of perjury under the laws of the State of California that the foregoing

5    is true and correct.

6         Executed on this 15th day of March, 2012, at Fremont, California.

7

8                             *Susan Saylor*

9                            Susan Saylor

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-3-

*DFEH v. Law School Admission Council, Inc.* (Whitney et al.)
Declaration of Susan Saylor in Support of Motion to Proceed Using Fictitious Names

COURT PAPER
State of California
Std. 113 Rev. 3-95
PE&M Automated

‖‖‖‖‖‖‖‖‖‖‖‖
*10016061*

**FILED**
ALAMEDA COUNTY

MAR 1 5 2012

By _Elisa Perkins_ Exec. Off/Clerk

1  NELSON CHAN (#109272)
      Chief Counsel
2  SUSAN SAYLOR (#154592)
      Special Projects Counsel
3  DEPARTMENT OF FAIR EMPLOYMENT
      AND HOUSING
4  39141 Civic Center Drive, Suite 410
   Fremont, CA 94538
5  Telephone:  (510) 789-1031

6  Attorneys for the DFEH
   [Filing fee exempt, Gov. Code, § 6103]

7                                                                    **BY FAX**

8        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF ALAMEDA

10

11  THE DEPARTMENT OF FAIR EMPLOYMENT )    Case No. **RG 12621479**
    AND HOUSING, an agency of the State of )
12  California,                          )
                                         )    **DECLARATION OF PETER ROE IN**
13                          Plaintiff,)       **SUPPORT OF MOTION TO PROCEED**
                                         )    **USING FICTITIOUS NAMES**
14                 vs.                   )
                                         )
15  LAW SCHOOL ADMISSION COUNCIL, INC., )    Date: 5-15-12
    a Delaware tax exempt corporation, and DOES )  Time: 10:30a
16  ONE through TEN, inclusive,          )    Dept.  31
                                         )
17                          Defendants.)
    _____ )
18                                       )
    JOHN DOE, JANE DOE, PETER ROE,       )
19  RAYMOND BANKS, KEVIN COLLINS,        )
    RODNEY DECOMO-SCHMITT, ANDREW        )
20  GROSSMAN, ELIZABETH HENNESSEY-       )
    SEVERSON, OTILIA IOAN, ALEX JOHNSON, )
21  NICHOLAS JONES, CAROLINE LEE,        )
    ANDREW QUAN, STEPHEN SEMOS,          )
22  GAZELLE TALESHPOUR, KEVIN            )
    VIELBAUM, AUSTIN WHITNEY, and all other )
23  similarly situated individuals,      )
                                         )
24                                       )
                       Real Parties in Interest.)
25  _____ )

26

27                                  -1-

DFEH v. Law School Admission Council, Inc. (Whitney)
Doe Declaration in Support of Motion to Proceed Using Fictitious Names

COURT PAPER
State of California
Std. 113 Rev. 3-95
FEAH Automated

Exh A, p. 99

1    I, Peter Roe, hereby declare:

2       1.    I am a full time law student and a real party in interest in this lawsuit against the Law

3    School Admission Council, Inc. (LSAC). I have personal knowledge of the above-captioned case,

4    and if called upon to testify, I could do so competently.

5       2.    I am 29 years old.

6       3.    I have diagnosed with attention deficit hyperactivity disorder (ADHD), a learning

7    disability, for which I requested reasonable accommodations on the LSAT.

8       4.    I believe that LSAC has violated my rights as a person with a disability and I wish to

9    participate in the lawsuit being handled by the DFEH as a real party in interest. However, I do not

10   wish to reveal my true name.

11      5.    I would like to retain my right to privacy in my diagnosis and related medical

12   information because of the social stigma that cognitive impairments carry. I have a legitimate belief

13   that public disclosure of these private facts will influence how I am perceived by others.

14      6.    I am also afraid that, if my real name is used in the DFEH lawsuit, it will have a

15   negative impact on my standing in the legal community because information about my disability

16   diagnosis, despite its irrelevancy, would likely cause members of the legal profession and prospective

17   clients to question my skills and abilities as an attorney.

18      7.    I would like to participate in this case using a fictitious name.

19      I declare under penalty of perjury under the laws of the State of California that the foregoing

20   is true and correct.

21      Executed on this 14th day of March, 2012, at Maricopa County in the State of Arizona.

22

23   
     *Peter Roe*

24   Real Party in Interest

25

26

27                                                    -2-

COURT PAPER
State of California
Std. 113 Rev. 3-95
F&M Automated

*DFEH v. Law School Admission Council, Inc.* (Whitney)
Doe Declaration in Support of Motion to Proceed Using Fictitious Names

Exh A, p. 100



*10016066*

**FILED**
ALAMEDA COUNTY

MAR 1 5 2012

,Exec. Officer

By _Erica Baker_

1  NELSON CHAN (#109272)
   Chief Counsel
2  SUSAN SAYLOR (#154592)
   Special Projects Counsel
3  DEPARTMENT OF FAIR EMPLOYMENT
   AND HOUSING
4  39141 Civic Center Drive, Suite 410
   Fremont, CA 94538
5  Telephone: (510) 789-1031

6  Attorneys for the DFEH
   [Filing fee exempt, Gov. Code, § 6103]

7                                                              **BY FAX**

8        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             IN AND FOR THE COUNTY OF ALAMEDA

10
    THE DEPARTMENT OF FAIR EMPLOYMENT)    Case No. RG12621479
11  AND HOUSING, an agency of the State of )
    California,                          )
12                                       )   DECLARATION OF JANE DOE IN
                              Plaintiff,)   SUPPORT OF MOTION TO PROCEED
13                                       )   USING FICTITIOUS NAMES
               vs.                       )
14                                       )
    LAW SCHOOL ADMISSION COUNCIL, INC., )   Date: 5/15/12
15  a Delaware tax exempt corporation, and DOES )  Time: 10:30B
    ONE through TEN, inclusive,          )   Dept. 31
16                                       )
                          Defendants.)
17                                       )
                                         )
18  JOHN DOE, JANE DOE, PETER ROE,       )
    RAYMOND BANKS, KEVIN COLLINS,        )
19  RODNEY DECOMO-SCHMITT, ANDREW        )
    GROSSMAN, ELIZABETH HENNESSEY-       )
20  SEVERSON, OTILIA IOAN, ALEX JOHNSON, )
    NICHOLAS JONES, CAROLINE LEE,        )
21  ANDREW QUAN, STEPHEN SEMOS,          )
    GAZELLE TALESHPOUR, KEVIN            )
22  VIELBAUM, AUSTIN WHITNEY, and all other )
    similarly situated individuals,      )
23                                       )
                                         )
24                 Real Parties in Interest.)

25

26      I, Jane Doe, hereby declare:

27
                              -1-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FEAH Automated

Exh A, p. 101

1      1.     I am a law student and a real party in interest in this lawsuit against the Law School

2    Admission Council, Inc. (LSAC). I have personal knowledge of the above-captioned case, and if

3    called upon to testify, I could do so competently.

4      2.     I am 28 years old.

5      3.     I have been diagnosed with attention deficit disorder (ADD), a learning disability, for

6    which I requested reasonable accommodations on the LSAT.

7      4.     I believe that LSAC has violated my rights as a person with a disability and I wish to

8    participate in the lawsuit being handled by the DFEH as a real party in interest. However, I do not

9    wish to reveal my true name.

10      5.     I would like to retain my right to privacy in my diagnosis and related medical

11    information because, if made public, I believe that my ability to secure employment in a corporate

12    law environment will be severely limited. I have reason to believe that a corporate law firm would

13    find the existence of a learning disability in a prospective applicant to be a disqualifying factor.

14      6.     I am also afraid that, if my real name is used in the DFEH lawsuit, it will have a

15    negative impact on my career because I believe that the legal profession is one that is generally not

16    sympathetic to those with disabilities, apparent or not. The firms to which I am applying are

17    extremely competitive and would likely view my disability as a reason to disqualify my candidacy.

18      7.     I would like to participate in this case using a fictitious name.

19      I declare under penalty of perjury under the laws of the State of California that the foregoing

20    is true and correct.

21      Executed on this 14th day of March, 2012, in New York County in the State of New York.

22

23                       *Jane Doe*

24                       Real Party in Interest

25

26

27

COURT PAPER
State of California
Std. 113 Rev. 3-95
FEAH Automated

*DFEH v. Law School Admission Council, Inc.* (Whitney)
Doe Declaration in Support of Motion to Proceed Using Fictitious Names

Department of Fair Employment And
Housing
Attn: Saylor, Susan
39141 Civic Center Dr.
Ste 410
Fremont, CA 94538

Law School Admission Council, Inc.

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| The Department of Fair Employ | No. RG12621479 |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | |
| Law School Admission Counci | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 04/17/2012    TIME: 08:45AM    DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Case Management Conference:
DATE: 05/17/2012    TIME: 08:30 AM    DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6937. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by emailing them to the following address:

Court Rule 3                sc

EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at **http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept.21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 03/16/2012                                    Executive Officer / Clerk of the Superior Court

                          By          _Melly Gajmay_
                                                        digital
                                                                    _____
                                                                           Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

      Executed on 03/16/2012.

                          By          _Melly Gajmay_
                                                        digital
                                                                    _____
                                                                           Deputy Clerk

TR - Motion Granted

This Tentative Ruling is issued by Judge Wynne Carvill. The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. The matter is assigned for all purposes including trial to Department 21 of the Alameda County Superior Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq.

COMPLEX CASE FEES Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $550 for each plaintiff or group of plaintiffs appearing together up to a maximum of $10,000 for all plaintiffs, and $550 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $10,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the René C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court.

Documents may continue to be filed as allowed under Local Rule 1.9.

PROCEDURES Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules, and the protocols set forth on the Court's website for Department 21. All motions and ex parte applications shall be noticed for hearing in Department 21. The parties shall reserve hearing dates and times by contacting the Department 21 courtroom clerk via email at Dept.21@alameda.courts.ca.gov . The courtroom clerk can also be contacted by phone at (510) 267-6937, but phone contact should be used very sparingly. E-mail is the preferred method of communication.

Courtesy (bench) copies of all filings should be delivered directly to Dept. 21 and may be left in the drop box when court is in session. The Court may also direct that certain filings be supplemented by an electronic copy (via e-mail to Dept.21@alameda.courts.ca.gov or by CD-ROM lodged with the clerk in Dept. 21). Any such electronic copy of documents shall be in Microsoft Word readable form (Microsoft Word, Word Perfect, a TIF or JPEG file inserted into a Word file, or any other format that can be saved in a Microsoft Word document). Each separate document (notice, points and authorities, declarations, requests for judicial notice, et al) must be in a separate file in the diskette and the computer files must be identified in a fashion to permit accurate identification by Court personnel (e.g. "Notice.doc," "Points and Authorities.doc," "Li Declaration.doc," "Johnson Declaration.doc," and "Proof of Service.doc," NOT "Quashnot.doc," "briefdraft3.doc," "Defdecl.doc," "Decl2revised.doc," or "Form5.doc.") Electronic media submitted will not be returned.

CASE MANAGEMENT At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management

of the case at each stage. This is not a perfunctory exercise. The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation. Case Management Statements may be filed by E-Delivery, by emailing them to the following address: EDelivery@alameda.courts.ca.gov. No fee is charged for this service. For further information, go to Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb. However, courtesy copies of statements must be delivered directly to Dept. 21. The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724. CCMC statements must address the following issues when applicable:
A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.
B. The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;
C. Deadlines and limits on joinder of parties and amended or additional pleadings;
D. Class discovery and class certification;
E. A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;
F. An identification of all potential evidentiary issues involving confidentiality or protected evidence;
G. A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:
(1) unserved parties and the reasons for the failure to serve;
(2) unserved and/or unfiled cross-complaints;
(3) related actions pending in any jurisdiction and the potential for coordination or consolidation;
(4) any possible jurisdictional or venue issues that may arise;
(5) the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;
(6) unresolved law and motion matters;
(7) requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;
(8) severance of issues for trial; and
(9) calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.
H. Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

SERVICE OF THIS ORDER Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party

2

cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

1  NELSON CHAN (#109272)
      Chief Counsel
2  SUSAN SAYLOR (#154592)
      Special Projects Counsel
3  DEPARTMENT OF FAIR EMPLOYMENT
      AND HOUSING
4  39141 Civic Center Drive, Suite 410
   Fremont, CA 94538
5  Telephone: (510) 789-1031

6  Attorneys for the DFEH
   [Filing fee exempt, Gov. Code, § 6103]
7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF ALAMEDA

10

11  THE DEPARTMENT OF FAIR EMPLOYMENT )    Case No.  RG12621479
    AND HOUSING, an agency of the State of   )
12  California,                              )
                                             )    DECLARATION OF JOHN DOE IN
13                            Plaintiff,)         SUPPORT OF MOTION TO PROCEED
                                             )    USING FICTITIOUS NAMES
14          vs.                              )
                                             )
15  LAW SCHOOL ADMISSION COUNCIL, INC., )
    a Delaware tax exempt corporation, and DOES )
16  ONE through TEN, inclusive,              )
                                             )    Date:  May 15, 2012
17                           Defendants.)         Time:  10:30 am
   _____ )    Dept.  31, Hon. Evelio Grillo presiding
18                                           )
    JOHN DOE, JANE DOE, PETER ROE,          )
19  RAYMOND BANKS, KEVIN COLLINS,           )
    RODNEY DECOMO-SCHMITT, ANDREW           )
20  GROSSMAN, ELIZABETH HENNESSEY-          )
    SEVERSON, OTILIA IOAN, ALEX JOHNSON, )
21  NICHOLAS JONES, CAROLINE LEE,           )
    ANDREW QUAN, STEPHEN SEMOS,             )
22  GAZELLE TALESHPOUR, KEVIN               )
    VIELBAUM, AUSTIN WHITNEY, and all other )
23  similarly situated individuals,          )
                                             )
24                   Real Parties in Interest.)
                                             )
25

26          I, John Doe, hereby declare:

27

Exh A, p. 108

1  NELSON CHAN (#109272)
   Chief Counsel
2  SUSAN SAYLOR (#154592)
   Special Projects Counsel
3  DEPARTMENT OF FAIR EMPLOYMENT
   AND HOUSING
4  39141 Civic Center Drive, Suite 410
   Fremont, CA 94538
5  Telephone: (510) 789-1031

6  Attorneys for the DFEH
   [Filing fee exempt, Gov. Code, § 6103]

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF ALAMEDA

10

11  THE DEPARTMENT OF FAIR EMPLOYMENT )      Case No.  RG12621479
    AND HOUSING, an agency of the State of  )
12  California,                             )
                                            )
13                           Plaintiff,)    **DECLARATION OF JOHN DOE IN**
                                            )  **SUPPORT OF MOTION TO PROCEED**
14              vs.                         )  **USING FICTITIOUS NAMES**
                                            )
15  LAW SCHOOL ADMISSION COUNCIL, INC., )
    a Delaware tax exempt corporation, and DOES )
16  ONE through TEN, inclusive,             )
                                            )  **Date:** May 15, 2012
17                          Defendants.)    **Time:** 10:30 am
    _____)   **Dept.** 31, Hon. Evelio Grillo presiding
18
    JOHN DOE, JANE DOE, PETER ROE,          )
19  RAYMOND BANKS, KEVIN COLLINS,           )
    RODNEY DECOMO-SCHMITT, ANDREW           )
20  GROSSMAN, ELIZABETH HENNESSEY-          )
    SEVERSON, OTILIA IOAN, ALEX JOHNSON, )
21  NICHOLAS JONES, CAROLINE LEE,           )
    ANDREW QUAN, STEPHEN SEMOS,             )
22  GAZELLE TALESHPOUR, KEVIN               )
    VIELBAUM, AUSTIN WHITNEY, and all other )
23  similarly situated individuals,         )
                                            )
24                  Real Parties in Interest.)
                                            )
25

26      I, John Doe, hereby declare:

27

                              -1-

*DFEH v. Law School Admission Council, Inc.* (Whitney)
Doe Declaration in Support of Motion to Proceed Using Fictitious Names

Exh A, p. 109

1.     I am an applicant to law school and a real party in interest in this lawsuit against the

Law School Admission Council, Inc. (LSAT). I have personal knowledge of the above-captioned

case, and if called upon to testify, I could do so competently.

2.     I am 25 years old.

3.     I have ADD, as well as encephalopathy from a bacterial infection which required

approximately two month of hospitalization and a medically-induced coma for several weeks. During

this illness, I suffered from a severe brain edema which left me with residual neurological

impairments, for which I requested reasonable accommodations on the LSAT.

4.     I believe that LSAC has violated my rights as a person with a disability and I wish to

participate in the lawsuit being handled by the DFEH as a real party in interest. However, I do not

wish to reveal my true name.

5.     I would like to retain my right to privacy in my medical condition because of its

highly personal and sensitive nature. Because of the judgment I have already faced for my traumatic

brain injury and my potentially life-long residual impairments, I am concerned about becoming

permanently labeled as "disabled." I miraculously survived LeMierre's Syndrome, a rare bacterial

infection of which I was the 137th documented case since 1936. It has an 8 percent survival rate; thus

only around 11 people have survived it. Of these few, most end up in a fully compromised state with

significant organ failures, including the kidneys, lungs, pancreas, heart and brain. Despite being

considered "two hours away" from death before my "last resort" thoracic surgery, I have recovered

astonishingly well. However, because of the severity of this illness and the societal stigma associated

with it, I want to avoid any possibility of being mistaken as a "vegetable" by the world. I do not want

to be ostracized by society due to the unfortunate events that have occurred.

6.     I am also afraid that, if my real name is used in the DFEH lawsuit, it will have a

negative impact on my career. I have already struggled with having to explain the gap in my resume

to potential employers who are deterred from considering me when I describe the critical condition I

was in and the extensive recovery period it took to heal. As a result, I am sensitive to having been

critically ill, and am fearful that it will prejudice me later by future employers who recognize my



COURT PAPER
State of California
Std. 113 Rev. 3-95
FCEH Automated

-2-

*DFEH v. Law School Admission Council, Inc.* (Whitney)
Doe Declaration in Support of Motion to Proceed Using Fictitious Names

Exh A, p. 110

1 | involvement in this lawsuit. Furthermore, I know I can continue to outperform others when given a
2 | fair opportunity.

3 |      7.    I would like to participate in this case using a fictitious name.

4 |      I declare under penalty of perjury under the laws of the State of California that the foregoing
5 | is true and correct.

6 |      Executed on this 29 day of March, 2012, at San Diego, California.

7

8

9



*John Doe*
Real Party in Interest

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-3-



R CD

*10231083*

1  NELSON CHAN (#109272)
     Chief Counsel
2  SUSAN SAYLOR (#154592)
     Special Projects Counsel
3  DEPARTMENT OF FAIR EMPLOYMENT
     AND HOUSING
4  39141 Civic Center Drive, Suite 410
   Fremont, CA 94122
5  Telephone: (510) 789-1031

6  Attorneys for the DFEH
   [Filing fee exempt, Gov. Code, § 6103]

7

**FILED**
**ALAMEDA COUNTY**

APR – 5 2012

CLERK OF THE SUPERIOR COURT
By _Chelsha Place_
                                    Deputy

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ALAMEDA

10

11  THE DEPARTMENT OF FAIR EMPLOYMENT )   Case No. RG12621479
    AND HOUSING, an agency of the State of )
12  California,                           )
                                          )
13                      Plaintiff,        )   **DECLARATION OF SERVICE BY MAIL**
                                          )
14                vs.                     )
                                          )
15  LAW SCHOOL ADMISSION COUNCIL, INC.,  )
    a Delaware tax exempt corporation, and DOES )
16  ONE through TEN, inclusive,          )
                                          )
17                      Defendants.       )
                                          )
18  _____    )
                                          )
19  JOHN DOE [*GABRIEL BECERRA*], JANE DOE )
    [*ERIKA EWING*], RAYMOND BANKS, KEVIN )
20  COLLINS, RODNEY DECOMO-SCHMITT,      )
    ANDREW GROSSMAN, SAMAN HEIDARI,      )
21  ELIZABETH HENNESSEY-SEVERSON,        )
    OTILIA IOAN, ALEX JOHNSON, NICHOLAS  )
22  JONES, CAROLINE LEE, ANDREW QUAN,    )
    STEPHEN SEMOS, GAZELLE TALESHPOUR,   )
23  KEVIN VIELBAUM, AUSTIN WHITNEY, and  )
    all other similarly situated individuals, )
24                                        )
                      Real Parties in Interest. )
25  _____    )

26        I, the undersigned, hereby declare:

27

-1-

DFEH v. Law School Admission Council, Inc. (John Doe, et al., RPI's)
Declaration of Service by Mail

1    I am over eighteen years of age and not a party to the within cause. My business and mailing

2 address is 39141 Civic Center Drive, Suite 410, Fremont, California 94538.

3    On **April 4, 2012**, I served a copy of the attached **DECLARATION OF JOHN DOE IN**

4 **SUPPORT OF MOTION TO PROCEED USING FICTITIIOUS NAMES**, in the case of *DFEH*

5 *v. LAW SCHOOL ADMISSION COUNCIL, INC., et al. (John Doe, et al., RPI's)*, Alameda County

6 Superior Court Case No. RG12621479, on each of the following by placing the same in an envelope

7 (or envelopes) addressed (respectively) as follows:

8
| Julie Capell | Attorney for Defendants |
| Fulbright & Jaworski LLP | |
| 555 S. Flower Street, 41st Floor | |
| Los Angeles, CA 90071 | |

11   Each said envelope was then on said date sealed and deposited in the United States mail in

12 Fremont, Alameda County, California, the county in which I am employed, with mail postage

13 thereon fully prepaid.

14    I declare under penalty of perjury under the laws of the State of California that the foregoing

15 is true and correct.

16    Executed on **April 4, 2012**, at Fremont, California.

17

18                                         *Janet Ellenberg*
                                          Janet Ellenberg
19

20

21

22

23

24

25

26

27

-2-

1  NELSON CHAN (#109272)
       Chief Counsel
2  SUSAN SAYLOR (#154592)
       Special Projects Counsel
3  DEPARTMENT OF FAIR EMPLOYMENT
       AND HOUSING
4  39141 Civic Center Drive, Suite 410
   Fremont, CA 94538
5  Telephone:  (510) 789-1031

6  Attorneys for the DFEH
   [Filing fee exempt, Gov. Code, § 6103]

7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF ALAMEDA

10

11 THE DEPARTMENT OF FAIR EMPLOYMENT)     Case No.  RG12621479
   AND HOUSING, an agency of the State of )
12 California,                          )
                                        )      DECLARATION OF JOHN DOE IN
13                          Plaintiff, )       SUPPORT OF MOTION TO PROCEED
                                        )      USING FICTITIOUS NAMES
14              vs.                     )
                                        )
15 LAW SCHOOL ADMISSION COUNCIL, INC., )
   a Delaware tax exempt corporation, and DOES )
16 ONE through TEN, inclusive,          )
                                        )      Date: May 15, 2012
17                          Defendants.)        Time: 10:30 am
   _____)      Dept. 31, Hon. Evelio Grillo presiding
18
   JOHN DOE, JANE DOE, PETER ROE,       )
19 RAYMOND BANKS, KEVIN COLLINS,        )
   RODNEY DECOMO-SCHMITT, ANDREW        )
20 GROSSMAN, ELIZABETH HENNESSEY-       )
   SEVERSON, OTILIA IOAN, ALEX JOHNSON, )
21 NICHOLAS JONES, CAROLINE LEE,        )
   ANDREW QUAN, STEPHEN SEMOS,          )
22 GAZELLE TALESHPOUR, KEVIN            )
   VIELBAUM, AUSTIN WHITNEY, and all other )
23 similarly situated individuals,      )
                                        )
24             Real Parties in Interest.)
                                        )
25 _____)

26    I, John Doe, hereby declare:

27

-1-

DFEH v. Law School Admission Council, Inc. (Whitney)
Doe Declaration in Support of Motion to Proceed Using Fictitious Names

1      1.      I am an applicant to law school and a real party in interest in this lawsuit against the

2    Law School Admission Council, Inc. (LSAT). I have personal knowledge of the above-captioned

3    case, and if called upon to testify, I could do so competently.

4      2.      I am 25 years old.

5      3.      I have ADD, as well as encephalopathy from a bacterial infection which required

6    approximately two month of hospitalization and a medically-induced coma for several weeks. During

7    this illness, I suffered from a severe brain edema which left me with residual neurological

8    impairments, for which I requested reasonable accommodations on the LSAT.

9      4.      I believe that LSAC has violated my rights as a person with a disability and I wish to

10   participate in the lawsuit being handled by the DFEH as a real party in interest. However, I do not

11   wish to reveal my true name.

12     5.      I would like to retain my right to privacy in my medical condition because of its

13   highly personal and sensitive nature. Because of the judgment I have already faced for my traumatic

14   brain injury and my potentially life-long residual impairments, I am concerned about becoming

15   permanently labeled as "disabled." I miraculously survived LeMierre's Syndrome, a rare bacterial

16   infection of which I was the 137th documented case since 1936. It has an 8 percent survival rate; thus

17   only around 11 people have survived it. Of these few, most end up in a fully compromised state with

18   significant organ failures, including the kidneys, lungs, pancreas, heart and brain. Despite being

19   considered "two hours away" from death before my "last resort" thoracic surgery, I have recovered

20   astonishingly well. However, because of the severity of this illness and the societal stigma associated

21   with it, I want to avoid any possibility of being mistaken as a "vegetable" by the world. I do not want

22   to be ostracized by society due to the unfortunate events that have occurred.

23     6.      I am also afraid that, if my real name is used in the DFEH lawsuit, it will have a

24   negative impact on my career. I have already struggled with having to explain the gap in my resume

25   to potential employers who are deterred from considering me when I describe the critical condition I

26   was in and the extensive recovery period it took to heal. As a result, I am sensitive to having been

27   critically ill, and am fearful that it will prejudice me later by future employers who recognize my

-2-

1  involvement in this lawsuit. Furthermore, I know I can continue to outperform others when given a

2  fair opportunity.

3       7.    I would like to participate in this case using a fictitious name.

4       I declare under penalty of perjury under the laws of the State of California that the foregoing

5  is true and correct.

6       Executed on this 29 day of March, 2012, at San Diego, California.

7

8

9

10                          *John Doe*
                            Real Party in Interest

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-3-

POS-015

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address): | **FOR COURT USE ONLY** |
|---|---|
| Susan Saylor (#154592)<br>Department of Fair Employment and Housing<br>39141 Civic Center Drive, Suite 410<br>Fremont, CA 94538<br><br>TELEPHONE NO: (510) 622-2941   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Dept. of Fair Employment and Housing | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94512
BRANCH NAME:

PLAINTIFF/PETITIONER: Department of Fair Employment and Housing

DEFENDANT/RESPONDENT: Law School Admission Council, Inc.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | **CASE NUMBER:**<br>RG12621479 |
|---|---|

TO (insert name of party being served): <u>Law School Admission Council, Inc.</u>

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 22, 2012

<u>Iya Townsel</u>
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify):
   Notice of Motion and Motion to Proceed Using Fictitious Names; Memorandum of Points and Authorities in Support of Motion; Declaration of Susan Saylor in Support of Motion; Declaration of Peter Roe in Support of Motion; Declaration of Jane Doe in Support of Motion; and Alternative Dispute Resolution (ADR) Information Packet

(To be completed by recipient):

Date this form is signed: 4/5/2012

<u>Julie Capell, Attorney for Law</u>
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)
School Admission
Council, Inc.

▶ _(signature)_
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exh A, p. 117