```
 1  NELSON CHAN (#109272)
       Chief Counsel
 2  SUSAN SAYLOR (#154592)
       Special Projects Counsel
 3  DEPARTMENT OF FAIR EMPLOYMENT
       AND HOUSING
 4  39141 Civic Center Drive, Suite 410
    Fremont, CA 94538
 5  Telephone: (510) 789-1031

 6  Attorneys for the DFEH
    [Filing fee exempt, Gov. Code, § 6103]
 7
```

*K. Ghee* (signature)

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>                                Plaintiff,<br><br>vs.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC., a Delaware tax exempt corporation, and DOES ONE through TEN, inclusive,<br><br>                                Defendants. | Case No. RG12621479<br><br>**DECLARATION OF JOHN DOE IN SUPPORT OF MOTION TO PROCEED USING FICTITIOUS NAMES**<br><br>Date: May 15, 2012<br>Time: 10:30 am<br>Dept. 31, Hon. Evelio Grillo presiding |
| JOHN DOE, JANE DOE, PETER ROE, RAYMOND BANKS, KEVIN COLLINS, RODNEY DECOMO-SCHMITT, ANDREW GROSSMAN, ELIZABETH HENNESSEY-SEVERSON, OTILIA IOAN, ALEX JOHNSON, NICHOLAS JONES, CAROLINE LEE, ANDREW QUAN, STEPHEN SEMOS, GAZELLE TALESHPOUR, KEVIN VIELBAUM, AUSTIN WHITNEY, and all other similarly situated individuals,<br><br>                                Real Parties in Interest. | |

I, John Doe, hereby declare:

-1-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*DFEH v. Law School Admission Council, Inc.* (Whitney)
Doe Declaration in Support of Motion to Proceed Using Fictitious Names

1. I am an applicant to law school and a real party in interest in this lawsuit against the Law School Admission Council, Inc. (LSAT). I have personal knowledge of the above-captioned case, and if called upon to testify, I could do so competently.

2. I am 25 years old.

3. I have ADD, as well as encephalopathy from a bacterial infection which required approximately two month of hospitalization and a medically-induced coma for several weeks. During this illness, I suffered from a severe brain edema which left me with residual neurological impairments, for which I requested reasonable accommodations on the LSAT.

4. I believe that LSAC has violated my rights as a person with a disability and I wish to participate in the lawsuit being handled by the DFEH as a real party in interest. However, I do not wish to reveal my true name.

5. I would like to retain my right to privacy in my medical condition because of its highly personal and sensitive nature. Because of the judgment I have already faced for my traumatic brain injury and my potentially life-long residual impairments, I am concerned about becoming permanently labeled as "disabled." I miraculously survived LeMierre's Syndrome, a rare bacterial infection of which I was the 137th documented case since 1936. It has an 8 percent survival rate; thus only around 11 people have survived it. Of these few, most end up in a fully compromised state with significant organ failures, including the kidneys, lungs, pancreas, heart and brain. Despite being considered "two hours away" from death before my "last resort" thoracic surgery, I have recovered astonishingly well. However, because of the severity of this illness and the societal stigma associated with it, I want to avoid any possibility of being mistaken as a "vegetable" by the world. I do not want to be ostracized by society due to the unfortunate events that have occurred.

6. I am also afraid that, if my real name is used in the DFEH lawsuit, it will have a negative impact on my career. I have already struggled with having to explain the gap in my resume to potential employers who are deterred from considering me when I describe the critical condition I was in and the extensive recovery period it took to heal. As a result, I am sensitive to having been critically ill, and am fearful that it will prejudice me later by future employers who recognize my



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-2-

*DFEH v. Law School Admission Council, Inc.* (Whitney)
Doe Declaration in Support of Motion to Proceed Using Fictitious Names

1  involvement in this lawsuit. Furthermore, I know I can continue to outperform others when given a
2  fair opportunity.
3      7.   I would like to participate in this case using a fictitious name.
4  I declare under penalty of perjury under the laws of the State of California that the foregoing
5  is true and correct.
6  Executed on this 29 day of March, 2012, at San Diego, California.



*John Doe*
Real Party in Interest