ROBERT E. DARBY (BAR NO. 70576)
JULIE CAPELL (BAR NO. 226662)
FULBRIGHT & JAWORSKI L.L.P.
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone:    (213) 892-9272
Facsimile:    (213) 892-9494
jcapell@fulbright.com
rdarby@fulbright.com

ROBERT A. BURGOYNE (pro hac vice)
CAROLINE M. MEW (pro hac vice)
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:    (202) 662-0200
Facsimile:    (202) 662-4643
rburgoyne@fulbright.com
cmew@fulbright.com

Attorneys for Defendant
LAW SCHOOL ADMISSION COUNCIL, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>Plaintiff,<br><br>v.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC., *ET AL.*,<br><br>Defendants. | No. CV 12-1830-EMC<br><br>**DEFENDANT'S MOTION TO DISMISS AND SUPPORTING POINTS AND AUTHORITIES**<br><br>**Hearing Date:  July 13, 2012**<br>**Hearing Time:  1:30 p.m.** |
| JOHN DOE, JANE DOE, PETER ROE, RAYMOND BANKS, KEVIN COLLINS, RODNEY DECOMO-SCHMITT, ANDREW GROSSMAN, ELIZABETH HENNESSEY-SEVERSON, OTILIA IOAN, ALEX JOHNSON, NICHOLAS JONES, CAROLINE LEE, ANDREW QUAN, STEPHEN SEMOS, GAZELLE TALESHPOUR, KEVIN VIELBAUM, AUSTIN WHITNEY, and all other similarly situated individuals,<br><br>Real Parties in Interest. | |

# <u>TABLE OF CONTENTS</u>

**Page(s)**

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS............................... 1

STATEMENT OF FACTS ....................................................................................................... 1

PROCEDURAL HISTORY....................................................................................................... 2

STATEMENT OF ISSUES TO BE DECIDED ....................................................................... 5

ARGUMENT ............................................................................................................................. 6

I.      LEGAL STANDARD FOR A MOTION TO DISMISS ................................................ 6

II.     DFEH LACKS JURISDICTION OVER THE ADMINISTRATION OF STANDARDIZED ADMISSIONS TESTS.............................................................. 7

     A.    California's Disability Statutes ............................................................... 7

     B.    The Americans with Disabilities Act ..................................................... 7

     C.    The FEHA Does Not Give DFEH The Authority To Investigate Or File Complaints Involving Accommodation Requests On Admissions Tests ............... 8

III.    TO THE EXTENT DFEH HAS JURISDICTION, IT IS LIMITED TO PURSUING VIOLATIONS ALLEGED IN THE UNDERLYING COMPLAINTS TO THE AGENCY ............................................................... 11

IV.    DFEH'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM...................... 13

V.     DFFH'S SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM.................... 15

VI.    DFEH'S THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM ........................ 16

VII.   DFEH'S FOURTH CAUSE OF ACTION FAILS TO STATE A CLAIM TO THE EXTENT IT CHALLENGES LSAC'S DOCUMENTATION POLICES ...................... 17

VIII.  DFEH'S FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM........................ 18

IX.    DFEH'S PROPOSED CLASS MUST BE NARROWED EVEN IF A CLASS ACTION IS OTHERWISE VIABLE ................................................................. 20

X.     DFEH CANNOT RECOVER DAMAGES UNDER UNRUH ACT § 52 ..................... 21

XI.    THE DOE DEFENDANTS SHOULD BE DISMISSED FROM THE CASE................ 22

     A.    DFEH Has Not Sufficiently Alleged Claims Against Any Individual Defendant .............................................................................. 22

     B.    DFEH Cannot Sue Any Individual Defendants Because No Individual Was Identified In The Complaints To The Agency ....................................... 24

CONCLUSION......................................................................................................................... 25

DOCUMENT PREPARED ON RECYCLED PAPER

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Abrahams v. MTA Long Island Bus,*
  644 F.3d 110 (2d Cir. 2011)..........................................................................................18

*Anderson v. County of Siskiyou,*
  2010 U.S. Dist. LEXIS 99927 (N.D. Cal. 2010).........................................................10

*Ashcroft v. Iqbal,*
  556 U.S. 662, 129 S. Ct. 1937 (2009)....................................................................6, 17

*Balisteri v. Pacifica Police Dep't,*
  901 F.2d 696 (9th Cir. 1988)..........................................................................................6

*Bass v. County of Butte,*
  458 F.3d 978 (9th Cir. 2006)........................................................................................10

*Bell Atl. v. Twombly,*
  550 U.S. 544 (2007) ................................................................................................6, 17

*Cort v. Ash,*
  422 U.S. 66 (1975) .......................................................................................................13

*Cousins v. Lockyear,*
  568 F.3d 1063 (9th Cir. 2009)........................................................................................6

*De Los Santos v. Panda Express, Inc.,*
  2010 U.S. Dist. LEXIS 127788 (N.D. Cal. 2010).......................................................13

*Delgado v. United Facilities, Inc.,*
  2012 U.S. Dist. LEXIS 21527 (N.D. Cal. 2012).........................................................13

*Dep't of Fair Empl. & Housing v. Marion's Place,*
  2006 WL 1130912 (Cal. FEHC 2006) .........................................................................22

*In re Digimarc Corp. Deriv. Litig.,*
  549 F.3d 1223 (9th Cir. 2009).......................................................................................14

*Doe v. Division of Youth & Fam. Serv.,*
  148 F. Supp. 2d 462 (D.N.J. 2001) ..............................................................................23

*Doe v. Nat'l Bd. of Medical Examiners,*
  199 F.3d 146 (3d Cir. 1999)..........................................................................................16

*Dydzak v. George,*
  2010 U.S. Dist. LEXIS 144336 (C.D. Cal. 2010).......................................................22

DOCUMENT PREPARED
ON RECYCLED PAPER

*Emerson v. Thiel College,*
   296 F.3d 184 (3d Cir. 2002)..................................................................................... 23

*Hobson v. Raychem Corp.,*
   73 Cal. App. 4th 614 (1999)................................................................................... 11

*Lonberg v. City of Riverside,*
   571 F.3d 846 (9th Cir. 2009)................................................................................. 18

*Lonberg v. Sanborn Theatres, Inc.,*
   2001 U.S. App. LEXIS 21065 (9th Cir. 2001)....................................................... 23

*Love v. Law School Admission Council,*
   513 F. Supp. 2d 206 (E.D. Pa. 2007) ...................................................................... 2

*Medix Ambulance Serv., Inc. v. Superior Ct.,*
   97 Cal. App. 4th 109 (2002).................................................................................. 24

*Noel v. City of Oroville,*
   2007 US. Dist. LEXIS 80704 (E.D. Cal. 2007) ..................................................... 24

*Northstar Financial Advisors, Inc. v. Schwab Investments,*
   615 F.3d 1106 (9th Cir. 2010)............................................................................... 13

*Powell v. Nat'l Bd. of Med. Examiners,*
   364 F.3d 79 (2d Cir. 2004)...................................................................................... 2

*Rodriguez v. Airborne Express,*
   265 F.3d 890 (9th Cir. 2001)................................................................................. 12

*Rojo v. Kliger,*
   52 Cal. 3d 65 (1990) ............................................................................................. 10

*Spiegel v. Schulmann,*
   604 F.3d 72 (2d Cir. 2010).................................................................................... 24

*Turner v. Ass'n of American Medical Colleges,*
   167 Cal. App. 4th 1401 (2008)........................................................................ 8, 9, 17

*U.S. v. Ritchie,*
   342 F.3d 903 (9th Cir. 2003).................................................................................... 6

*Van Hulle v. Pacific Telesis Corp.,*
   124 F. Supp. 2d 642 (N.D. Cal. 2000) .................................................................. 24

*White v. Creighton Univ.,*
   2006 U.S. Dist. LEXIS 85801 (D. Neb. 2006) ...................................................... 23

*Wilkins-Jones v. Cty. of Alameda,*
   2012 U.S. Dist. LEXIS 34543 (N.D. Cal. 2012)...................................................... 6

90734770.1

DOCUMENT PREPARED
ON RECYCLED PAPER

*Wilson-Combs v. Cal. Dep't of Consumer Affairs*,
    555 F. Supp. 2d 1110 (E.D. Cal. 2008)............................................................................ 7, 24

*Winter v. Corrections Corp. of America*,
    2009 U.S. Dist. LEXIS 53668 (S.D. Cal. 2009) .................................................... 13

*Yurick v. Superior Court*,
    209 Cal. App. 3d 1116 (1989).............................................................................. 12

**FEDERAL STATUTES**

42 U.S.C. § 12101 ....................................................................................................... 7

42 U.S.C. § 12012 ..................................................................................................... 13

42 U.S.C. § 12182 ..................................................................................................... 23

42 U.S.C. § 12188 ..................................................................................................... 23

42 U.S.C. § 12189 ............................................................... 8, 13, 14, 15, 18, 19, 23

42 U.S.C. § 12203 ............................................................... 16, 18, 19, 23, 24

42 U.S.C. § 2000a-3 ................................................................................................ 23

**CALIFORNIA STATUTES**

Civ. Code § 51 ............................................................................... 1, 8, 9, 10, 13

Civ. Code § 52 ............................................................................................ 21, 22

Gov't Code § 12930 ........................................................................................ 7, 20

Gov't Code § 12940 ............................................................................................. 7

Gov't Code § 12948 ................................................................. 1, 2, 8, 9, 10, 13, 22

Gov't Code § 12955 ............................................................................................. 7

Gov't Code § 12960 ...................................................................................... 11, 24

Gov't Code § 12961 ...................................................................................... 11, 20

DOCUMENT PREPARED
ON RECYCLED PAPER

Gov't Code § 12962 .................................................................................................... 11

Gov't Code § 12963.7 ................................................................................................. 11

Gov't Code § 12965 ............................................................................................... 4, 11

Gov't Code § 12970 .................................................................................................... 21

**FEDERAL RULES**

Fed. R. Civ. P. 8 ......................................................................................................... 22

Fed. R. Civ. P. 12 ...................................................................................................... 5, 6

Fed. R. Civ. P. 23 ....................................................................................................... 21

**FEDERAL REGULATIONS**

28 C.F.R. § 36.309 ............................................................................................... 15, 18

28 C.F.R. § 36.501 ....................................................................................................... 5

28 C.F.R. § 36.502 ....................................................................................................... 5

28 C.F.R. § 36.503 ....................................................................................................... 5

**OTHER AUTHORITIES**

75 Fed. Reg. 56236 (Sept. 15, 2010)......................................................................... 18

PLEASE TAKE NOTICE that on July 13, 2012, at 1:30 p.m., or as soon thereafter as counsel may be heard, defendant Law School Admission Council, Inc. ("LSAC") will present argument on its Motion to Dismiss ("Motion").

LSAC seeks dismissal of the entire action on the grounds that plaintiff California Department of Fair Employment and Housing ("DFEH") lacks jurisdiction over the subject matter of this litigation.  In the alternative, LSAC seeks dismissal of four of the five claims asserted in DFEH's complaint, as well as its request for certain damages; and dismissal of any remaining class-based claims relative to individuals who were not part of the class that was defined in the pre-litigation notice of class complaint that DFEH served on LSAC.

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## STATEMENT OF FACTS

DFEH's complaint alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*., as incorporated by reference in the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code § 51(f), as incorporated by reference in the California Fair Employment & Housing Act ("FEHA"), Cal. Gov't Code § 12948.  *See* Group and Class Action Complaint for Damages and Injunctive Relief ¶ 16 (March 15, 2012)(the "Complaint").  DFEH has sued on behalf of 17 individuals (the "Complainants") who requested testing accommodations on the Law School Admission Test, or "LSAT."  DFEH also purports to bring this case as a class action on behalf of "all disabled individuals in the State of California who requested accommodations for the [LSAT] from January 19, 2009 to February 6, 2012."  Complaint ¶ 8.

LSAC is a non-profit membership organization based in Pennsylvania.  LSAC provides services for its member schools and individuals who wish to attend law school, including developing and administering the LSAT examination.  Law schools across the country rely upon LSAT scores as one factor among many in evaluating admission applications.

The LSAT is a standardized test.  With limited exceptions, all examinees take the LSAT under the same testing conditions, including standard testing time.  The primary exception is for disabled individuals who need reasonable accommodations.

LSAC conscientiously evaluates each accommodation request.  It does so to ensure that "individuals with *bona fide* disabilities receive accommodations, and that those without disabilities do not receive accommodations that they are not entitled to, and which could provide them with an unfair advantage when taking the ... examination."  *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 88-89 (2d Cir. 2004); *see also Love v. Law School Admission Council*, 513 F. Supp. 2d 206, 216 n.7 (E.D. Pa. 2007)("the research indicates that if you give someone extra time on a timed test like the GMAT or LSAT, their scores will improve whether they have a learning disability or not").  More than a thousand individuals request disability-based accommodations on the LSAT every year, and LSAC grants accommodations to most, but not all, of those individuals.

Each of the Complainants filed administrative complaints with DFEH (two on their own initiative, the others after receiving a Notice of Investigation which asked them if they wanted to participate in DFEH's investigation).  *See* Complaint ¶¶ 19-39.  Each Complainant alleged that LSAC's denial of his or her accommodation requests (in whole or in part) was a "violation of Government Code, Section 12948" (the FEHA), which "incorporates Section 51 of the Civil Code" (the Unruh Act).  *See id.*, Exs. 1-2, 4-18.

## PROCEDURAL HISTORY

In January and May 2010, three individuals filed complaints with DFEH in which they claimed to have mental or physical impairments that entitled them to extra testing time and other accommodations on the LSAT.  Their complaints alleged violations of California's FEHA and Unruh Act.  The complaints did not allege that LSAC had violated the ADA.

DOCUMENT PREPARED
ON RECYCLED PAPER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

All three complainants had already taken the LSAT, and two were already enrolled in law school.  Nevertheless, in a Notice of Class Complaint dated July 22, 2010, DFEH informed LSAC that it intended to investigate the complaints and would do so on a group or class basis. The "group or class" consisted of "all disabled individuals in the State of California who have or will request a reasonable accommodation for the [LSAT], ... and who have or will be unlawfully denied such request from January 19, 2009, to the conclusion of the ... investigation...." Complaint,  Ex. 3 at ¶ 3.  The Notice asserted that there were "common questions of law and fact," *id*., Ex. 3 at ¶ 4, but it did not identify what those common questions were.  The Notice did not reference any general LSAC policies as being the subject of the investigation.  *See id.*

DFEH's July 2010 Notice of Complaint did not assert that DFEH was investigating LSAC's compliance with the ADA.  Consistent with the underlying complaints, it stated that DFEH was investigating whether LSAC had violated the FEHA and the Unruh Act.  *See id.*, Ex. 3, at ¶¶ 1, 4.

In August 2010, DFEH served broad discovery requests on LSAC, asking for the identities of all persons in California who submitted requests for disability-related accommodations over a 21-month period of time, and all documents associated with these requests.  LSAC objected.  Six months later, DFEH filed a petition in superior court to compel compliance with its investigative discovery.  The court ordered compliance in substantial part.  It required LSAC to produce records for all individuals in California who had requested accommodations on the LSAT during the applicable time period, after removing or redacting personally identifiable information from those records.  It also required LSAC to send a Notice of Investigation to all of those individuals, informing them of DFEH's investigation and asking whether they wanted LSAC to make the recipient's name and contact information available to DFEH.  *See* Ex. 1 to the Decl. of C. Mew (filed herewith).

DOCUMENT PREPARED
ON RECYCLED PAPER

In May 2011, LSAC mailed a Notice of Investigation to 311 individuals.  *See* Mew Decl., Ex. 2 ¶ 2.  Eighty-nine of those individuals completely and fully executed consent forms authorizing LSAC to share their names with DFEH.  DFEH then worked with 35 of those individuals to prepare and file administrative complaints, bringing the total number of complainants at the agency level to 38.

On February 6, 2012, DFEH filed a "Group and Class Accusation" before the California Fair Employment & Housing Commission ("FEHC"), which it amended on February 17th to remove one complainant and correct another complainant's name (as amended, the "Accusation").  The Accusation alleged that LSAC had violated the rights of 17 individuals under the FEHA by refusing to grant their accommodations requests.

Thus, after being provided with records for 311 individuals and going through a class notification process in which 89 of those 311 individuals elected to have their names provided to DFEH, DFEH apparently concluded that 17 individuals had viable complaints. Nevertheless, the Accusation was made on behalf of the 17 designated individuals and all "similarly situated individuals," whom DFEH referred to as "class complainants."

Because the Accusation requested damages, LSAC had the right to have the matter heard in court instead of proceeding before the FEHC.  Gov't Code § 12965(c)(1).  LSAC exercised that right and, on March 15, 2012, DFEH filed its Complaint in the Alameda County Superior Court.  *See* Complaint ¶¶ 42, 43.  LSAC removed the case to federal court on April 12, 2012.

DFEH's Complaint includes claims that were not alleged by any of the Complainants, and it seeks damages that the FEHC has held cannot be recovered by DFEH.  In addition, DFEH purports to be proceeding on behalf of a broader class that it identified in its Notice of Class Complaint. The broader class includes individuals who were ***granted*** the testing accommodations that they requested.

DOCUMENT PREPARED
ON RECYCLED PAPER

It is unclear why DFEH is pursuing this matter, particularly at a time when DFEH and other state agencies are confronting drastic budgetary constraints. The complaints to DFEH did not involve housing or employment, and there is no enforcement vacuum that DFEH needed to fill. The ADA includes a provision that expressly governs the administration of standardized tests such as the LSAT, and Congress has tasked the U.S. Department of Justice ("DOJ") with investigating disability-based discrimination complaints involving such examinations.[1]

For the reasons set forth below, some or all of DFEH's claims should be dismissed.

## STATEMENT OF ISSUES TO BE DECIDED

1. Whether DFEH has jurisdiction to pursue administrative complaints involving requests for accommodations on standardized admissions tests. Only if the Court answers this question in the affirmative will it need to decide the following additional issues:

2. Whether DFEH can pursue claims in court that were not included in any complaint filed with the agency and which DFEH did not attempt to resolve through conciliation.

3. Whether Counts One, Two, Three and Five of DFEH's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6).

4. Whether DFEH can seek up to treble damages, in an amount not less than $4,000, for each alleged Unruh Action violation.

5. Whether DFEH can seek relief on behalf of individuals who do not fall within the class that was indentified in the Notice of Class Complaint that DFEH provided to LSAC.

6. Whether DFEH's claims against the Doe defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and/or Fed. R. Civ. P. 12(b)(6).

---

[1] In addition to investigating complaints, DOJ has the authority to conduct compliance reviews. 28 C.F.R. § 36.502. DOJ can file suit if it believes that a testing organization has violated the ADA's testing provision, *id.* at § 36.503, as can private individuals, *id.* at § 36.501.

DOCUMENT PREPARED
ON RECYCLED PAPER

## ARGUMENT

## I.   LEGAL STANDARD FOR A MOTION TO DISMISS

Dismissal of a complaint "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).  In considering a motion to dismiss, "a court must take allegations of materials fact as true and construe them in the light most favorable to the nonmoving party," but "'conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal.'"  *Wilkins-Jones v. Cty. of Alameda*, 2012 U.S. Dist. LEXIS 34543, *6 (N.D. Cal. 2012) (quoting *Cousins v. Lockyear*, 568 F.3d 1063, 1067 (9th Cir. 2009)).  A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.*

A court is generally limited to reviewing the contents of the complaint when deciding a motion to dismiss.  However, a court may also consider documents attached to a complaint, documents incorporated by reference in the complaint, and matters subject to judicial notice without converting a motion to dismiss to a summary judgment motion. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Likewise, "when considering a motion to dismiss for lack of subject matter jurisdiction, the district court may properly review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction." *Wilson-Combs v. Cal. Dep't of Consumer Affairs*, 555 F. Supp. 2d 1110, 1114 (E.D. Cal. 2008).

DOCUMENT PREPARED
ON RECYCLED PAPER

## II.   DFEH LACKS JURISDICTION OVER THE ADMINISTRATION OF STANDARDIZED ADMISSIONS TESTS

### A.   California's Disability Statutes

Various California statutes prohibit disability discrimination.  Two such laws are the FEHA and the Unruh Act.  The FEHA makes it unlawful to discriminate against a person in terms of employment or housing because of a physical or mental disability.  Gov't Code §§ 12940, 12955.  The Unruh Act focuses on ensuring that persons with disabilities have equal access to public businesses, facilities, and other accommodations.  Civ. Code §§ 51 *et seq.*

DFEH is responsible for investigating discrimination complaints related to employment, housing, and equal access to public accommodations.  Gov't Code §§ 12930(f)(1)-(2).  The present matter does not involve employment, housing, or alleged discrimination by a hotel or other public accommodation.[2]  It involves the manner in which standardized tests are administered to individuals who claim to have a disability.

### B.   The Americans with Disabilities Act.

Congress enacted the ADA in 1990 to provide a "comprehensive national mandate for the elimination of discrimination against individuals with disabilities," as well as "clear" and "consistent" standards for achieving that goal.  42 U.S.C. § 12101(b).  Title I of the ADA applies to employment practices, Title II to the services provided by state and local governments, and Title III to public accommodations and certain other private entities.

---

[2] As noted above, DFEH's investigation began with the filing of complaints by three individuals. When DFEH notified LSAC of the initial complaint, it stated that the complainant "alleges that you have discriminated ... in providing *equal access to housing*...."  Notice of Filing of Discrimination Complaint at 1 (May 19, 2010)(emphasis added).  When it notified LSAC of the second two complaints, DFEH asked LSAC to provide, among other things, information regarding sexual harassment training as well as the "[p]ersonnel records of the complainant." Notices of Filing of Discrimination Complaint at 6-7 (Jan. 20, 2010 and Jan. 27, 2010).  The notices from DFEH thus reflected the subject areas that DFEH is actually charged with enforcing – housing and employment.

DOCUMENT PREPARED
ON RECYCLED PAPER

Within Title III, the ADA includes a provision that expressly applies to the administration of examinations such as the LSAT. It states, in relevant part, that "examinations ... related to applications ... for secondary or post-secondary education" must be administered to disabled individuals in an "accessible" place and manner. 42 U.S.C. § 12189.

### C.   The FEHA Does Not Give DFEH The Authority To Investigate Or File Complaints Involving Accommodation Requests On Admissions Tests.

DFEH's jurisdiction derives exclusively from the FEHA. In this case, DFEH's claims are grounded in FEHA § 12948. *See* Complaint ¶¶ 1, 16. Section 12948 states that it is "an unlawful practice … for a person to deny … the rights created by Section 51 … of the Civil Code." Section 51 creates the following rights:

> All persons within the jurisdiction of this state are free and equal, and no matter what their … disability … are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b).

The California Court of Appeal has held that the rights created by this provision do *not* include a right for examinees taking standardized admissions tests to receive disability-based accommodations. *See Turner v. Ass'n of American Medical Colleges*, 167 Cal. App. 4th 1401, 1413-14 (2008). Section 12948 thus provides no basis for DFEH to assert the claims that it is asserting in its Complaint.

This conclusion is not altered by Section 51(f) of the Civil Code, which states as follows: "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-336) shall also constitute a violation of this section." Section 51(f) simply provides that the violation of a right created under the ADA is also a violation of the Unruh Act. It does not convert *ADA*-created rights into rights that are "created by Section 51."

DOCUMENT PREPARED
ON RECYCLED PAPER

In *Turner,* four individuals with diagnosed learning disabilities and/or attention deficit disorders claimed to be entitled to testing accommodations under California law when they took the Medical College Admission Test ("MCAT").   167 Cal. App. 4th at 1405.   After accommodations were denied, they sued the test administrator, the Association of American Medical Colleges ("AAMC"), alleging violations of the Unruh Act and California's Disabled Persons Act.  The trial court ruled in favor of the plaintiffs, but the appellate court reversed.

The Court of Appeal began its analysis by noting that a policy which is neutral on its face is not actionable under the Unruh Act, even if it has a disparate impact on a protected class. *Turner,* 167 Cal. App. 4th at 1408.  Pointing out that AAMC's standards for the administration of the MCAT, including a time limit for each section of the test, were neutral and applied to all applicants regardless of their membership in a particular group, the court held that the plaintiffs' allegations could not form the basis of an Unruh Act claim.  *Id.* at 1409.  The court noted that the plaintiffs could seek redress under the Unruh Act only if they had alleged and proven that AAMC violated the ADA, *id.* at 1410 (citing Civ. Code § 51(f)), but no ADA violations were alleged in that case.

Here, of course, DFEH has alleged violations of the ADA in each of its five claims. However, in order to pursue those claims, DFEH must show that it has the right to do so under Government Code § 12948 (*i.e.*, that it is seeking to enforce rights that are "created by" the Unruh Act).  No such showing is required of private plaintiffs who want to pursue an Unruh Act claim under Civil Code § 51(f).  Private plaintiffs suing under the Unruh Act can sue for violations of rights created by the Unruh Act, or rights created exclusively by the ADA, without showing the source of the claimed rights.  DFEH, on the other hand, can pursue an Unruh Act claim only if it can show that the right was "created by Section 51," so as to fall within the scope of DFEH's enforcement authority under the applicable FEHA provision (Section 12948).

DOCUMENT PREPARED
ON RECYCLED PAPER

The Ninth Circuit has held that, in drafting Civil Code § 51(f) and incorporating ADA violations as a violation of the Unruh Act, the California legislature intended to incorporate only those provisions of the ADA that are germane to the Unruh Act's original subject matter. *See Bass v. County of Butte,* 458 F.3d 978, 983 (9th Cir. 2006); *see also Anderson v. County of Siskiyou,* 2010 U.S. Dist. LEXIS 99927, **17-18 (N.D. Cal. 2010).   A similar conclusion is warranted with respect to the FEHA's incorporation of Unruh Act violations as violations of the FEHA.  DFEH can pursue claims under Government Code § 12948 for alleged violations of the Unruh Act only to the extent that those claims involve the original subject matter of the FEHA. "[T]he FEHA is the product of a legislative amalgamation of two separate acts, the FEPA, which applied exclusively to employment discrimination, and the Rumford Fair Housing Act, ... which banned discrimination in housing." *Rojo v. Kliger*, 52 Cal. 3d 65, 77 (1990)(citations omitted). Standardized admissions tests do not fall within the original subject matter of the FEHA.

It is not appropriate for DFEH to attempt to transform itself into a broad-based enforcer of obligations that arise exclusively from the ADA.  Congress has assigned that task to the U.S. Department of Justice.   To allow a state agency with no substantive expertise to pursue complaints in this area, and to do so on a purported class-wide basis, would place LSAC and other testing organizations in the fundamentally untenable position of responding to different agency perceptions regarding the reach of the federal statute.[3]

## III.   TO THE EXTENT DFEH HAS JURISDICTION, IT IS LIMITED TO PURSUING VIOLATIONS ALLEGED IN THE UNDERLYING COMPLAINTS TO THE AGENCY

DFEH has the authority to "receive, investigate, and conciliate complaints" that allege "unlawful practices" within the scope of DFEH's jurisdiction.  Gov't Code § 12930(f).  If a

---

[3] Here, for example, DFEH is challenging LSAC's policy of flagging test scores that are achieved with extra testing time, *see* Complaint ¶¶ 199-204, even though DOJ has long been aware of that policy and has never challenged it or asserted that it violates the ADA.

DOCUMENT PREPARED
ON RECYCLED PAPER

person claims to be "aggrieved by an alleged unlawful practice," he may file a verified complaint with DFEH "that ***shall set forth the particulars thereof***...." *Id.* at § 12960(b)(emphasis added); *see also Hobson v. Raychem Corp.,* 73 Cal. App. 4th 614, 630 (1999)(noting "the requirement that an administrative charge be filed identifying with specificity the discrimination alleged and the facts supporting it"). A copy of the verified complaint must be provided to the individual or entity who is alleged to have committed the unlawful practice. Gov't Code § 12962(a).

If DFEH concludes that "an ***unlawful practice alleged in a verified complaint*** adversely affects, in a similar manner, a group or class of persons of which the aggrieved person filing the complaint is a member, or [that] ... an unlawful practice raises questions of law or fact which are common to such a group or class," DFEH may investigate the matter and file an accusation on a class or group basis. *Id.* at § 12961 (emphasis added).

If DFEH "determines ... that the complaint is valid, [it] shall immediately endeavor to eliminate ***the unlawful ... practice complained of*** by conference, conciliation, and persuasion." *Id.* at § 12963.7(a)(emphasis added). If those efforts fail, the director of the DFEH "in his or her discretion may cause to be issued ... a written accusation." *Id.* at § 12965(a).

The FEHA thus imposes the following procedural requirements: (1) if an individual wants to pursue a claimed violation of any FEHA provision administratively, he or she must file a verified complaint that sets forth the "particulars" of the allegedly unlawful conduct; (2) DFEH must give the accused party a copy of the verified complaint so that the accused party knows what it has been accused of doing; (3) DFEH then investigates the conduct "alleged in [the] verified complaint;" (4) if DFEH determines that the complaint is valid, it must attempt to resolve "the unlawful ... practice complained of" through conciliation and persuasion; and (5) if DFEH is unsuccessful, it may file an accusation that challenges the allegedly unlawful conduct that it investigated and attempted to remedy through conciliation.

DOCUMENT PREPARED
ON RECYCLED PAPER

Implicit in this statutory scheme is an important limitation. DFEH cannot challenge actions or policies in a post-conciliation accusation that were not identified in a verified complaint to the agency and cannot reasonably be expected to grow out of DFEH's investigation of the allegedly unlawful conduct, and that were not the subject of good faith conciliation efforts by DFEH. A similar limitation applies to private parties. A private individual cannot pursue claims in court that were not part of his or her complaint to DFEH. In that context, as here, "[t]he scope of the administrative charge defines the permissible scope of the subsequent civil action." *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001). This limitation derives from "vital policy interests embodied in FEHA, i.e., the resolution of disputes and elimination of unlawful employment practices by conciliation." *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1123 (1989).

In this case:

- None of the Complainants alleged any ADA violation; and

- None of the Complainants alleged that LSAC's flagging policy or any of its documentation policies are unlawful.

It was therefore improper for DFEH to include in the Complaint *any* ADA-based claim. At a minimum, it was improper for DFEH to include claims that challenge the guidance that LSAC provides to professionals who submit evaluations in support of an accommodation request (Count One), LSAC's policy of flagging accommodated test scores (Counts Two and Three), or LSAC's documentation requirements for individuals requesting accommodations (Count Five). Whether viewed as a jurisdictional defect or an additional reason why DFEH has failed to state a claim, these four claims should be dismissed.[4]

---

[4] *See, e.g., Delgado v. United Facilities, Inc.*, 2012 U.S. Dist. LEXIS 21527, **21-24 (E.D. Cal. 2012)(dismissing retaliation claim that was not included in plaintiff's DFEH complaint); *Winter v. Corrections Corp. of America*, 2009 U.S. Dist. LEXIS 53668, **9-12 (S.D. Cal. 2009)(same); *cf. De Los Santos v. Panda Express, Inc.*, 2010 U.S. Dist. LEXIS 127788, **11-16 (N.D. Cal.

90734770.1

## IV.   DFEH'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM

The ADA applies to individuals with a "disability," as defined in the ADA.  The ADA defines disability as having "(A) a physical or mental impairment that substantially limits one or more major life activities ...; (B) a record of such an impairment; or (C) being regarded as having such an impairment...."  42 U.S.C. § 12012(1).

The ADA also provides "rules of construction regarding the definition of disability."  *Id.* at § 12012(4).  One of those rules states that "[t]he determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as ... medication...."  *Id.* at § 12012(4)(E)(i)(I).

DFEH's first cause of action alleges that LSAC has violated this definitional rule of construction by "requiring applicants [for accommodations] to take the medication prescribed for their disabilities while being evaluated for accommodations or explain their failure or refusal to do so...."  Complaint ¶ 189.  According to DFEH, this purported ADA violation is in turn a violation of the Unruh Act by virtue of Civil Code § 51(f), which is in turn a violation of the FEHA by virtue of Government Code § 12948.

Assuming that DFEH has jurisdiction to pursue any claims against LSAC, this claim fails as a matter of law.  The ADA provides no private right of action for alleged "violations" of ADA definitions.  *See generally Cort v. Ash*, 422 U.S. 66, 78-85 (1975); *Northstar Financial Advisors,*

---

2010)(dismissing two claims that relied upon a disparate impact theory of liability, because the administrative charge to the EEOC alleged only disparate treatment).

DOCUMENT PREPARED
ON RECYCLED PAPER

*Inc. v. Schwab Investments*, 615 F.3d 1106, 1115-22 (9th Cir. 2010); *In re Digimarc Corp. Deriv. Litig.*, 549 F.3d 1223, 1229-33 (9th Cir. 2009). The only ADA provision that imposes obligations on LSAC as a testing entity is Section 12189. Section 12189 states in relevant part that "[a]ny person that offers examinations ... related to applications for secondary or post-secondary education ... shall offer such examinations ... in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189. The ADA provides a right of action as to this provision, *see id.* at § 12188, but not for purported violations of ADA definitional provisions. The language relied upon by DFEH is simply a rule of construction that courts are to use in determining whether someone is disabled within the meaning of the ADA. If LSAC denies accommodations to an examinee because it does not believe the examinee meets the statutory definition of disabled, it runs the risk of being sued for violating Section 12189. However, it cannot be separately sued for "violating" the ADA's definition of "disability."

Second, DFEH's claim is based upon an incorrect factual premise. LSAC does not "require" individuals who request LSAT accommodations to "take the medication prescribed for their disabilities while being evaluated for accommodations or explain their failure or refusal to do so." LSAC simply suggests that the professionals who evaluate the applicants do so while the applicant is on his or her standard medication. LSAC makes this suggestion because the individual presumably will be on the same medication when taking the LSAT, and the goal is to get an accurate evaluation of the need for accommodations. If an evaluator chooses not to proceed in this manner, LSAC simply asks the evaluator to provide an explanation.

More specifically, LSAC's Guidelines for Documentation of Cognitive Impairments state as follows: "Please note that if you are currently taking medication, you should consider being evaluated while on your medication. Any deviation from this practice must be explained by your

evaluator." *See* www.lsac.org/JD/pdfs/GuidelinesCognitive-NON.pdf.   In turn, LSAC's

Evaluator Form includes this question:  "Did this candidate take his or her prescribed medication

during the evaluation?   Yes __.   No __.   If no, provide an explanation."   *See*

www.lsac.org/JD/pdfs/EvaluatorForm-NON.pdf.   These questions are entirely proper under the

ADA.[5]   Therefore, even if DFEH could pursue a cause of action for purported violations of an

ADA definition, undisputed facts, properly noticed by the Court, show as a matter of law that no

such violation occurred here.

## V.   DFEH'S SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM

DFEH's second cause of action challenges LSAC's policy of annotating or "flagging" test

scores that are achieved with extended testing time.   According to DFEH, by annotating test

scores, LSAC is "communicating to law schools that it does not know whether or not the

applicant's exam results accurately reflect aptitude or achievement.   Therefore, LSAC is

breaching its duty under the FEHA, Unruh Act, and ADA to ensure that the examination results

accurately reflect the individual's aptitude or achievement level."  Complaint ¶ 195.  DFEH bases

this claim on Section 12189 of the ADA, which requires that exams be administered in an

"accessible" place and manner, and on a DOJ implementing regulation (28 C.F.R. § 36.309) that

likewise addresses only the manner in which tests are "selected and administered."  *Id*. at ¶ 194.

Simply stated, Section 12189 of the ADA and DOJ's implementing regulation do not

prohibit the psychometrically sound practice of annotating scores that are achieved with extra

testing time.  Neither the statute nor the regulation addresses the manner in which accommodated

---

[5] *See, e.g.,* U.S. Equal Employment Opportunity Commission, "Questions and Answers on the Final Rule Implementing the ADA Amendments Act of 2008," Q&A 16 ("May the positive or negative effects of mitigating measures be considered when assessing whether someone is entitled to reasonable accommodation or poses a direct threat?  Yes....  [I]f an individual with a disability uses a mitigating measure that results in no negative effects and eliminates the need for a reasonable accommodation, a covered entity will have no obligation to provide one.").

90734770.1

DOCUMENT PREPARED
ON RECYCLED PAPER

scores are reported.  *See generally Doe v. Nat'l Bd. of Medical Examiners*, 199 F.3d 146, 155-57 (3d Cir. 1999)(noting that the DOJ's ADA regulations do not "bar the practice of flagging the test scores of examinees who have received testing accommodations," and that "[t]he annotation simply indicates that Doe's scores are not psychometrically comparable to the scores of examinees who took the test without accommodations.").   And because the ADA does not prohibit flagging, there can be no derivative violation of the Unruh Act or the FEHA, as alleged by DFEH.   DFEH's second cause of action thus fails to state a claim.

## VI.   DFEH'S THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM

DFEH's third cause of action challenges LSAC's flagging policy on a different, but equally insubstantial, ground.  According to DFEH, LSAC's flagging policy constitutes a form of "coercion," "intimidation" or other "interference with ADA rights," in violation of 42 U.S.C. § 12203.  *See* Complaint ¶ 201.

This claim fails for the same reasons noted above.  There is nothing in the ADA or its implementing regulations that prohibits the psychometrically sound practice of annotating test scores that are not comparable to scores achieved under standard time conditions.  DOJ has never stated that the practice of flagging constitutes a form of unlawful intimidation or coercion, nor has any court reached that conclusion.  And, as noted above, none of the Complainants alleged in their complaints to DFEH that they had been intimidated or threatened, or had their rights under the ADA interfered with, by virtue of LSAC's flagging policy.

The ADA language relied upon by DFEH in this claim provides as follows:  "It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of ... any right granted or protected by this chapter." 42 U.S.C. § 12203(b).[6]  The

---

[6] The ADA also has a provision that prohibits retaliation.  *See* 42 U.S.C. § 12203(a).  DFEH has not asserted a violation of this provision.

DOCUMENT PREPARED
ON RECYCLED PAPER

practice of annotating test scores achieved with extra testing time cannot reasonably be characterized as a violation of this provision.  LSAC has long annotated accommodated scores, as have other testing organizations.  *See, e.g., Turner,* 167 Cal. App. 4th at 1405 ("AAMC puts a notation or 'flag' on any [MCAT] test taken under nonstandard conditions").  The annotation in no way coerces, intimidates, or threatens examinees who request and receive extra testing time on the LSAT, nor does it interfere with their exercising or enjoyment of ADA-protected rights.  To the contrary, examinees receive an annotated score only if they have successfully exercised their right to request extra testing time as an accommodation on the LSAT.

Finally, even if this claim might otherwise be viable, DFEH has not satisfied the pleading requirements set forth by the Supreme Court in *Iqbal* and *Twombly*.  DFEH's Complaint includes only the conclusory assertion that "LSAC's policy of annotating test scores administered with extended time ... discourages applicants from seeking such an accommodation, and punishes those who receive it, in violation of the FEHA, Unruh Act, and ADA."  Complaint ¶ 201.  That assertion is not enough to suggest that there is a plausible factual basis for DFEH's claim.

## VII.   DFEH'S FOURTH CAUSE OF ACTION FAILS TO STATE A CLAIM TO THE EXTENT IT CHALLENGES LSAC'S DOCUMENTATION POLICES

DFEH alleges in its fourth cause of action that LSAC violated the rights of the Complainants (but not the rights of other class members) by "requiring excessive amounts of documentation," and by "denying a reasonable accommodation to each real party in interest."  Complaint ¶ 207.

To the extent that DFEH has jurisdiction over complaints involving standardized admissions tests, DFEH has stated a potentially viable cause of action in alleging that the denial of accommodations to the 17 Complainants was unlawful.  Indeed, this is the only potentially viable claim in DFEH's Complaint.  DFEH's fourth cause of action fails to state a claim, however, insofar as it is based on LSAC's documentation requirements.  There is nothing in ADA

DOCUMENT PREPARED
ON RECYCLED PAPER

§ 12189 that imposes any limitations regarding the documentation that may be requested in order to determine whether an individual has a covered disability and, if so, what testing accommodations might be needed.

Given this statutory void, DFEH attempts to rely upon a DOJ regulation which states that documentation requests by testing organizations must be "'reasonable and limited to the need for the ... accommodation ... requested.'"  Complaint ¶ 206 (quoting 28 C.F.R. § 36.309(b)(1)(iv)). This reliance is misplaced.

The regulation that DFEH relies upon did not become effective until March 15, 2011.  *See* 75 Fed. Reg. 56236, 56237, 56255 (Sept. 15, 2010).  It was not in effect when LSAC processed twelve of the Complainants' requests for accommodations, and thus it cannot be the source of a claimed violation of their rights.  Moreover, there is no private right of action to enforce that regulation in any event, because it imposes obligations that are not found in the statutory provision that it purports to implement (42 U.S.C. § 12189).  "Only those regulations effectuating the statute's clear prohibitions or requirements are enforceable through the statute's private of action...."  *Lonberg v. City of Riverside,* 571 F.3d 846, 851-52 (9th Cir. 2009)(ADA Title II regulation not enforceable through a private right of action); *see also Abrahams v. MTA Long Island Bus*, 644 F.3d 110, 116-20 (2d Cir. 2011)(affirming dismissal of claims that relied on an ADA regulation that imposed obligations not found in the corresponding statutory provision). DFEH therefore cannot state an ADA claim that relies upon the referenced DOJ regulation.

## VIII.    DFEH'S FIFTH CAUSE OF ACTION FAILS TO STATE A CLAIM

DFEH's fifth cause of action alleges that LSAC violated the rights of the Complainants (but not the rights of other class members) by "requiring unreasonable types and excessive amounts of documentation to support each accommodation request...."  Complaint ¶ 213. According to DFEH, LSAC's documentation requirements violate the ADA "by unlawfully

DOCUMENT PREPARED
ON RECYCLED PAPER

coercing, intimidating, threatening, or interfering with real parties' exercise of their right to reasonable accommodation on the LSAT." *Id.* Like DFEH's third cause of action, this claim is based on 42 U.S.C. § 12203(b).

The fact that LSAC requires examinees to submit documentation in support of an accommodation request, including documentation from qualified professionals, cannot reasonably be characterized as coercive, intimidating, or interfering with the exercise or enjoyment of ADA-protected rights. As DOJ made clear in a recent Settlement Agreement, testing organizations have the right to request reasonable documentation "that establishes (a) the existence of a physical or mental impairment; (b) whether the applicant's impairment substantially limits one or more major life activities within the meaning of the ADA; and (c) whether and how the impairment limits the applicant's ability to take the [test] under standard conditions." Settlement Agreement Between United States of America and National Board of Medical Examiners at ¶ 13 (Feb. 2011)(available at www.ada.gov/nbme.htm). A testing organization also has "a right to make a timely request for supplemental information if the information submitted by an applicant does not establish the nature of the disability or the need for reasonable testing accommodations," as well as the right to have "the information submitted by or on behalf of an applicant reviewed by one or more qualified professionals of [the testing organization's] choosing...." *Id.* at ¶ 17. The testing organization must of course give "careful consideration to the information provided by an examinee's qualified professional," id. at ¶ 14, but it is "not required to defer to the conclusions or recommendations of an applicant's supporting professional" so long as it provides an explanation, *id.* at ¶ 17.

DFEH might disagree with LSAC regarding whether any given Complainant's documentation established a substantial limitation in a major life activity, thereby warranting accommodations under ADA § 12189. But such disagreement cannot be converted into a cause

DOCUMENT PREPARED
ON RECYCLED PAPER

of action for coercion, intimidation, or interference with ADA-based rights.  If an ADA violation occurs in this context, it is for denying accommodations to which the individual was entitled – and that claim is already asserted in DFEH's fourth cause of action.

## IX.   DFEH'S PROPOSED CLASS MUST BE NARROWED EVEN IF A CLASS ACTION IS OTHERWISE VIABLE

As noted above, DFEH has the authority to seek relief on a class basis if "an unlawful practice *alleged in a verified complaint* adversely affects, in a similar manner, a group or class of persons *of which the aggrieved person filing the complaint is a member,* or where such an unlawful practice raises questions of law or fact which are common to such a group or class...." Gov't Code § 12961 (emphasis added).  Thus, if DFEH pursues a class action complaint, the complaint can challenge only those practices that were put in issue by the individual complainant(s), and the class may include only individuals who are similarly situated to "the aggrieved person" who filed a complaint with DFEH.  This makes sense, as DFEH is supposed to be a neutral agency whose mission is to "receive, investigate, and conciliate complaints."  Gov't Code § 12930(f).  A class may be warranted if actions challenged by a complainant also affect other individuals, but DFEH must notify the accused entity of any class-based allegations and give the entity an opportunity to address the actions that are purportedly unlawful and an opportunity to participate in conciliation discussions with the agency regarding those actions.

Here, DFEH notified LSAC that it had received complaints from three individuals, all of whom challenged a single action by LSAC – the denial of their accommodation requests.  DFEH also notified LSAC that DFEH had elected to investigate the matter on a "group or class" basis, consisting of "all disabled individuals in the State of California who have or will request a reasonable accommodation for the [LSAT], ... *and who have or will be unlawfully denied such request* from January 19, 2009, to the conclusion of the Department's investigation...." Complaint, Ex. 3 at ¶ 3 (emphasis added).  Its Complaint, however, attempts to expand the class

DOCUMENT PREPARED
ON RECYCLED PAPER

considerably.  DFEH now purports to be proceeding on behalf of "all disabled individuals in the State of California who requested accommodations for the [LSAT] from January 19, 2009 to February 6, 2012" – regardless of whether those requests were granted or denied.  *See* Complaint ¶ 8.  This is improper.[7]

Even if DFEH could otherwise show that this case is appropriate for class action treatment under Fed. R. Civ. P. 23, the class could be no broader than the class that DFEH identified in its Notice of Class Complaint.  Assuming that any of DFEH's class-based claims are allowed to proceed (Counts One, Two and Three), the Court should hold that DFEH can seek relief only on behalf of individuals who fall within the class stated in DFEH's Notice of Class Complaint (subject, of course, to DFEH's showing that class action treatment is warranted as to that narrower class).  DFEH's request for relief on behalf of individuals whose accommodation requests were granted should be dismissed.

## X.    DFEH CANNOT RECOVER DAMAGES UNDER UNRUH ACT § 52

DFEH alleges that the Complainants and other class members have suffered a wide range of injuries,[8] for which DFEH seeks to recover "actual damages ... for each Unruh Act violation up to a maximum of three times the actual damages but in no case less than $4,000 per violation." Complaint ¶ 225.  The damages recoverable by DFEH for a claimed violation of the Unruh Act,

---

[7] It is also unnecessary for DFEH to proceed on a class basis.  The parties have already gone through what amounts to a class notification process with respect to this expanded class definition (*i.e.*, all individuals in California who requested LSAT accommodations during the applicable time period).  As discussed above, a Notice of Investigation was sent to 311 individuals, 89 of whom consented to having their names disclosed to DFEH.  DFEH eventually winnowed the list down to 17 individuals on whose behalf it would proceed in the Accusation and its court Complaint.  Individuals who might want to participate in this matter have thus been contacted already, and DFEH has already reviewed the applicable records and identified the individuals who it believes have viable claims.

[8] DFEH alleges that class members "have incurred out of pocket losses, including test registration fees and medical bills … [and] have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial." *See, e.g.*, Complaint ¶¶ 190, 191.

DOCUMENT PREPARED
ON RECYCLED PAPER

however, do not include treble damages, nor can DFEH recover a minimum of $4,000 per claimed violation.  "Government Code section 12970, not Civil Code section 52, governs the award of damages by the Commission under Government Code section 12948, incorporating the Unruh Act."  *Dep't of Fair Empl. & Housing v. Marion's Place*, FEHC Precedential Dec. No 06-01, 2006 WL 1130912, *12 (Cal. FEHC 2006).  Therefore, DFEH's request for an award of up to "three times the actual damages but in no case less than $4,000 per violation" fails as a matter of law and must be dismissed.

## XI.  THE DOE DEFENDANTS SHOULD BE DISMISSED FROM THE CASE

DFEH asserts its claims against LSAC and ten "Doe" defendants.  *See* Complaint ¶ 5.[9] Because DFEH has not adequately pled any claims against any Doe defendant, and cannot, as a matter of law, pursue any claim against any individual defendant, the Doe defendants should be dismissed with prejudice from this action.

### A.  DFEH Has Not Sufficiently Alleged Claims Against Any Individual Defendant

The only specific allegations regarding the Doe defendants are found in paragraphs 5 and 6 of the Complaint.  DFEH alleges that it is ignorant of the true names or capacities of the Doe defendants, and that all Doe defendants are agents or employees of their co-defendants.  *See* Complaint ¶¶ 5-6.  It does not plead a single fact regarding the alleged actions or inactions of any individual defendant.  DFEH's claims against the Doe defendants therefore fail to satisfy the basic pleading requirements of Fed. R. Civ. P. 8 and should be dismissed.  *See Dydzak v. George*, 2010 U.S. Dist. LEXIS 144336, at *24 n.4 (C.D. Cal. 2010) (dismissing claims against Doe defendants where "Plaintiff has not identified any factual matter as to these Defendants that

---

[9] LSAC is not aware of any other case in which a private party or an administrative agency has attempted to impose liability on individual defendants in connection with requests for disability-based accommodations on a standardized admission test.  The fact that DFEH is attempting to do so here makes DFEH's already heavy-handed Complaint even more remarkable.

DOCUMENT PREPARED
ON RECYCLED PAPER

allows this Court to draw the reasonable inference that these Defendants are liable for any alleged misconduct.").

Individual liability under the relevant ADA provisions does not exist in any event. DFEH's claims under Section 12189 of the ADA (Counts Two and Four) fail because DFEH does not – and cannot – allege that any of the Doe defendants "offers" the LSAT.  Section 12189, by its plain terms, applies only to a "person" that ***offers*** a standardized examination.  *See* 42 U.S.C. § 12189.  In analogous cases arising under the primary liability provision of Title III, which extends liability to any person "who owns, leases (or leases to) or operates a place of public accommodation," 42 U.S.C. § 12182(a), courts have dismissed claims against individual defendants who are not alleged to own, lease or operate the public accommodation at issue.  *See, e.g., Emerson v. Thiel College*, 296 F.3d 184, 189 (3d Cir. 2002); *White v. Creighton Univ.*, 2006 U.S. Dist. LEXIS 85801, at *8-9 (D. Neb. 2006); *Doe v. Division of Youth & Fam. Serv.*, 148 F. Supp. 2d 462, 500 (D.N.J. 2001); *cf. Lonberg v. Sanborn Theatres, Inc.*, 2001 U.S. App. LEXIS 21065, **8-20  (9th Cir. 2001).   As reflected in DFEH's allegations, no individual "offers" the LSAT; the test is offered by LSAC.  *See* Complaint ¶¶ 4, 17, 50.

DFEH likewise cannot state a claim against the Doe defendants under Counts Three and Five of its Complaint, which are based upon the ADA's coercion/intimidation provision, 42 U.S.C. § 12203(b).  The remedies available for a violation of this provision relative to rights provided by Title III of the ADA are found in 42 U.S.C. § 12188.  *See* 42 U.S.C. § 12203(c). Section 12188 in turn adopts the remedies set forth in Title II of the Civil Rights Act, 42 U.S.C. § 2000a-3(a).  This provision authorizes only injunctive relief and, as a result, there is very little case law addressing the question of individual liability under this provision (presumably because injunctive relief is meaningful only if directed at the entity involved in a given case).   However, at least one court of appeals has held that 42 U.S.C. § 12203 does not provide for individual

DOCUMENT PREPARED
ON RECYCLED PAPER

liability on a retaliation claim asserted under 42 U.S.C. § 12203(a), relative to rights provided under Title I of the ADA, involving employment.  *See Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010); *see also Van Hulle v. Pacific Telesis Corp.*, 124 F. Supp. 2d 642, 645 (N.D. Cal. 2000)(same).  To the best of LSAC's knowledge, no court has ever imposed individual liability under the ADA's coercion/intimidation provision.

Finally, because *no defendant* can be held liable for violating an ADA definitional provision (as discussed *supra*), DFEH cannot assert a viable claim against any of the Doe defendants under Count One of its Complaint.

**B.    DFEH Cannot Sue Any Individual Defendants Because No Individual Was Identified In The Complaints To The Agency.**

DFEH also cannot pursue claims against any individual defendant because no individual was named as a charged party in the administrative complaints filed by the Complainants.  Parties who were not named in an administrative complaint cannot later be sued under the FEHA.  *See Noel v. City of Oroville*, 2007 US. Dist. LEXIS 80704, *15 (E.D. Cal. 2007) ("[U]nder California law, failure to list the individual defendants in the administrative complaint precludes a civil action against those individual defendants.")(citation omitted); *Medix Ambulance Serv., Inc. v. Superior Ct.*, 97 Cal. App. 4th 109, 116 (2002).  "This rule stems from the policy that  '[f]or a claimant to withhold naming of known or reasonably obtainable defendants at the administrative complaint level is neither fair under [FEHA] in its purpose of advancing speedy resolutions of claims nor fair to known, but unnamed individuals, who at a later date are called upon to 'personally' account in a civil lawsuit without having been afforded a right to participate at the administrative level.'"  *Wilson-Combs v. Cal. Dep't of Consumer Affairs,* 555 F. Supp. 2d 1110, 1117 (E.D. Cal. 2008) (dismissing claims against individual defendants for lack of subject matter jurisdiction)(citation omitted).

DOCUMENT PREPARED
ON RECYCLED PAPER

1    The FEHA requires complainants to include in their verified complaint the name of all

2   persons or entities "alleged to have committed the unlawful practice complained of...."  Gov't

3   Code § 12960(b).   Consistent with this statutory requirement, the administrative complaints

4   signed by the Complainants required them to name "the person, business establishment, public

5   accommodation or other entity that discriminated against [them]."  *See* Complaint, Exs. 1-2, 4-18.

6   In all of the complaints, the only person or entity identified as the allegedly discriminating party

7   is LSAC.  *See id.*  Thus, DFEH cannot pursue claims against any individual Doe defendant on

8   behalf of any Complainant or other purported class member.

9

10                                    **CONCLUSION**

11   All of DFEH's claims should be dismissed based upon a finding that DFEH lacks

12   jurisdiction over accommodations on standardized admissions tests.  In the alternative, LSAC's

13   motion to dismiss should be partially granted on the grounds set forth.

14

15

16   Dated: May 17, 2012                         Respectfully submitted,

17                                                FULBRIGHT & JAWORSKI L.L.P.

18

19                                                By   /s/  Robert A. Burgoyne

20                                                Attorneys for Defendant Law School
                                                 Admission Council, Inc.

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER