ROBERT E. DARBY (BAR NO. 70576)
JULIE CAPELL (BAR NO. 226662)
FULBRIGHT & JAWORSKI L.L.P.
555 South Flower Street
Forty-First Floor
Los Angeles, C.A.  90071
Telephone:     (213) 892-9272
Facsimile:     (213) 892-9494
jcapell@fulbright.com
rdarby@fulbright.com

ROBERT A. BURGOYNE (pro hac vice)
CAROLINE M. MEW (pro hac vice)
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone:     (202) 662-0200
Facsimile:     (202) 662-4643
rburgoyne@fulbright.com
cmew@fulbright.com

Attorneys for Defendant
LAW SCHOOL ADMISSION COUNCIL, INC.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>                    Plaintiff,<br><br>        v.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC., ET AL.,<br><br>                    Defendants. | No. CV 12-1830-EMC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED USING FICTITIOUS NAMES** |
| JOHN DOE, JANE DOE, PETER ROE, RAYMOND BANKS, KEVIN COLLINS, RODNEY DECOMO-SCHMITT, ANDREW GROSSMAN, ELIZABETH HENNESSEY-SEVERSON, OTILIA IOAN, ALEX JOHNSON, NICHOLAS JONES, CAROLINE LEE, ANDREW QUAN, STEPHEN SEMOS, GAZELLE TALESHPOUR, KEVIN VIELBAUM, AUSTIN WHITNEY, and all other similarly situated individuals,<br><br>                    Real Parties in Interest. | **Date:**         July 13, 2012<br>**Time:**         1:30 p.m.<br>**Courtroom:**  5 (17th Floor)<br>**Judge:**        Hon. Edward M. Chen |

Defendant Law School Admission Council ("LSAC") respectfully opposes the Plaintiff's Motion to Proceed Using Fictitious Names (May 16, 2012)(Dkt. 12)(the "Motion").

**INTRODUCTION**

This case involves alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, as incorporated by reference in the Unruh Civil Rights Act, Cal. Civ. Code § 51(f), which is in turn incorporated by reference in the California Fair Employment & Housing Act ("FEHA"), Cal. Gov't Code § 12948. *See* Group and Class Action Complaint for Damages and Injunctive Relief ¶ 16 (March 15, 2012)(the "Complaint"). The Complaint was filed by the California Department of Fair Employment and Housing ("DFEH") -- although the case involves neither employment nor housing.

DFEH has sued LSAC on behalf of 17 individuals whose requests for testing accommodations on the Law School Admission Test, or "LSAT," were denied, in whole or in part (the "Complainants"). DFEH also purports to bring this case as a class action on behalf of "all disabled individuals in the State of California who requested accommodations for the [LSAT] from January 19, 2009 to February 6, 2012." Complaint ¶ 8.

Law schools across the country rely upon LSAT scores as one factor among many in evaluating applicants. LSAC is the non-profit organization that develops and administers the LSAT. More than a thousand individuals request disability-based accommodations on the LSAT every year, and LSAC grants accommodations to most, but not all, of those individuals. LSAC conscientiously evaluates each accommodation request to ensure that "individuals with *bona fide* disabilities receive accommodations, and that those without disabilities do not receive accommodations that they are not entitled to, and which could provide them with an unfair advantage when taking the ... examination." *Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 88-89 (2d Cir. 2004).

Each of the Complainants requested accommodations on the LSAT, including additional testing time. LSAC denied some of those requests and granted others. The Complainants subsequently filed administrative complaints with DFEH, alleging that LSAC's denial of their accommodation requests (in whole or in part) was a "violation of Government Code, Section

DOCUMENT PREPARED ON RECYCLED PAPER

1   12948" (the FEHA), which "incorporates Section 51 of the Civil Code" (the Unruh Act).  *See* Complaint, Exs. 1-2, 4-18.  LSAC disputes the Complainants' allegations.

DFEH decided to initiate proceedings against LSAC on behalf of the Complainants, first before the California Fair Employment & Housing Commission and then by filing a complaint in state court.  LSAC removed the case to federal court on April 12, 2012.

The names of 14 of the 17 Complainants are included in the Complaint.  By way of the instant Motion, DFEH is asking the Court to allow the other three Complainants to proceed using the fictitious names John Doe, Jane Doe, and Peter Roe.  According to DFEH, these three individuals "have expressed concerns about their privacy in information pertaining to their disabilities," and are "afraid of encountering future employment discrimination should facts about their reasonable accommodation requests be made public."  Notice of Motion and Points and Authorities in Support of Motion to Proceed Using Fictitious Names at 2 (May 16, 2012)(Dkt. 12)("DFEH Mem.").

DFEH's Motion should be denied. As discussed further below, one of the three Complainants (Jane Doe) has been the subject of a ***DFEH press release*** in which her name and her disability were publicly disclosed by DFEH in connection with a request for testing accommodations on the LSAT.  Jane Doe's real name was also used in papers filed by DFEH in a state-court proceeding involving an investigative subpoena served on LSAC for examinee records, again with a discussion of her claimed impairment.  Jane Doe thus has no legitimate privacy concerns regarding the public disclosure of her name in this lawsuit.

The same conclusion is warranted with regard to John Doe and Peter Roe.  Although they have not previously been identified by name in any DFEH press releases or court filings,[1] DFEH has not made the strong showing required under Ninth Circuit precedent to proceed anonymously in federal court.

---

[1] This statement is not strictly accurate.  DFEH has submitted the Declaration of Peter Roe in support of its pending Motion.   Peter Roe signed the Declaration using his real name (although the signature is admittedly difficult to read).

90732314.1

DOCUMENT PREPARED ON RECYCLED PAPER

**ISSUE TO BE DECIDED**

Whether three of the seventeen Complainants who are the real parties in interest in this case should be allowed to proceed using fictitious names.

**ARGUMENT**

"The normal presumption in litigation is that parties must use their real names. This presumption is loosely related to the public's right to open courts, and the right of private individuals to confront their accusers." *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010), *reh'g and reh'g en banc denied*, 625 F.3d 1182 (9th Cir. 2010)(affirming lower court's denial of motion to proceed using fictitious names, even though the plaintiffs were minors and had supported their motion with evidence of actual threats to them and their attorney). [2]

In deciding whether to allow a party to proceed anonymously, a court must balance five factors:

> "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, ... (3) the anonymous party's vulnerability to ... retaliation," (4) the prejudice to the opposing party, and (5) the public's interest.

*Kamehameha Schools*, 596 F.3d at 1042 (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). Of these factors, the "two most important" are the "severity of the threatened harm and the reasonableness of the plaintiff's fears." *Id.* at 1043. The threatened harm must be "severe," and the fear of that harm must be reasonable, as determined by "the surrounding context" and the reaction that others would have if they were in the same position as the party asking to proceed anonymously. *Id.* at 1043-44.

Here, DFEH has not overcome the presumption that a party who elects to participate in litigation must use his or her real name.

---

[2] DFEH does not reference the *Kamehameha Schools* decision in its brief.

90732314.1 - 3 -
*DFEH v. LSAC*, NO. CV 12-1830-EMC
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED USING FICTITIOUS NAMES

DOCUMENT PREPARED ON RECYCLED PAPER

### A. DFEH Has Not Shown Any Threat Of Severe Harm

DFEH asserts that the "threatened harm" to the three Complainants is "severe," because their "future employability as attorneys can be threatened if their disabilities were disclosed." DFEH Mem. at 4; *see also id.* at 2 (referencing "the potential injury to their professional reputation"). No evidence supports this purported risk of harm, however. The purported harm is "entirely speculative." *See Doe v. Coder*, 2010 U.S. Dist. LEXIS 131175, *4 (N.D. Cal. Nov. 30, 2010) (denying motion to proceed as a John Doe plaintiff, where plaintiff, an attorney, claimed he would suffer "irreparable harm" to his reputation if his name was disclosed but offered no support for his assertion).

None of the declarations submitted by DFEH provides *evidence* of "any threat of harm, let alone a threat of 'severe harm.'" *Id.* The three Complainants simply state in their declarations, in a conclusory and speculative manner, that they might suffer harm if their names are disclosed in this litigation. Peter Roe asserts, for example, that he has been diagnosed with attention deficit hyperactivity disorder (ADHD); that the "public disclosure" of these "private facts will influence how [he is] perceived by others;" and that he is "afraid" that the disclosure of his real name will have "a negative impact on [his] standing in the legal community because information about [his] disability diagnosis ... would likely cause members of the legal profession and prospective clients to question [his] skills and abilities as an attorney." Decl. of Peter Roe in Support of Motion to Proceed Using Fictitious Names ¶¶ 5, 6.[3] He offers no evidence to show that his fear is grounded in facts rather than surmise. The same is true of Jane Doe and John Doe, both of whom speculate that they might suffer harm if their names are disclosed, but offer no supporting evidence.[4]

---

[3] DFEH asserts that, "[i]n California, information about a litigant's disability is personal and private." DFEH Mem. at 5 (citing Cal. Const., art. I, § 1, and an intermediate state court opinion). This general statement has no bearing on the issue presently before the Court. Neither authority cited by DFEH supports the proposition that a person who chooses to pursue disability discrimination claims in federal court has the right to do so anonymously. Nor is this case similar to cases in which HIV-positive plaintiffs have been allowed to proceed anonymously, or the case in which a teacher accused of being mentally unfit was allowed to proceed anonymously. *See* DFEH Mem. at 5.

[4] *See* Decl. of Jane Doe at ¶¶ 3, 6 ("I have been diagnosed with attention deficit disorder (ADD).... I am ... afraid that, if my real name is used in the DFEH lawsuit, it will have a

### B. DFEH Has Not Shown That The Stated Fears Are Reasonable

DFEH has also failed to show that the stated fears of the three Complainants are reasonable. Indeed, DFEH does not address the question of reasonableness at all. It simply asserts that the Complainants' fear of discrimination is "real," and then supports this assertion by stating that "[d]isability discrimination ranks as the number one category (39%) among all employment discrimination complaints and across all industries received by the DFEH." *See* DFEH Mem. at 4 (citing DFEH's 2009 Annual Report).

This is not what the Ninth Circuit had in mind when it identified the reasonableness of a party's stated fear as a relevant factor. The reasonableness of the purported fear is judged by considering the applicable context and how others would react if they were in the shoes of the party seeking to proceed anonymously. Here, the context involves a request for accommodations based upon impairments that purportedly rise to the level of a disability. Hundreds of thousands of individuals request such disability-based accommodations every year on standardized tests without suffering any adverse consequences, including more than 1,500 individuals who seek accommodations each year on the LSAT. Hundreds of thousands of students also seek disability-related academic accommodations every year in colleges and universities. And hundreds of thousands of individuals receive disability-related accommodations every year from their employers or prospective employers, from governmental entities from whom they receive services, or from hotels, movie theatres or other public accommodations. Thus, viewed in context, it is not reasonable for the three Complainants to suggest that stigmatization and discrimination are common much less universal reactions to the fact that someone has an impairment for which they have requested or received accommodations.

---

negative impact on my career because I believe that the legal profession is one that is generally not sympathetic to those with disabilities, apparent or not. The firms to which I am applying are extremely competitive and would likely view my disability as a reason to disqualify my candidacy."); Decl. of John Doe at ¶¶ 3, 5, 6 ("I have ADD, as well as encephalopathy .... I am also afraid that, if my real name is used in the DFEH lawsuit, it will have a negative impact on my career. I have already struggled with having to explain the gap in my resume to potential employers who are deterred from considering me when I describe the critical condition I was in and the extensive recovery period it took to heal.").

90732314.1                                      - 5 -
*DFEH v. LSAC*, NO. CV 12-1830-EMC
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED USING FICTITIOUS NAMES

DOCUMENT PREPARED
ON RECYCLED PAPER

The Court can look to the Complaint itself to gauge how others would react if they were in the shoes of the three Complainants. Of the 17 Complainants, 14 have chosen to proceed with their names appearing in the Complaint. Those Complainants are no differently situated than the three who are seeking to proceed anonymously. This further shows that the claimed fear of Jane Doe, John Doe and Peter Roe is not reasonable.

The harm that the three Complainants purport to fear is that employers will not hire them if they know about their diagnosed impairments. They fear, in other words, that prospective employers will violate state and federal anti-discrimination laws by refusing to hire them because they have a disability, even if they are otherwise qualified and can perform the essential functions of the job (either with or without accommodations). That is not a reasonable fear.

DFEH's suggestion that the fears of the Complainants are "real" (DFEH Mem. at 4) is particularly remarkable in the case of Jane Doe. Ms. Doe has taken the LSAT multiple times. She filed a prior administrative complaint with DFEH involving one of those test administrations, which was resolved in an amicable manner. DFEH then issued a press release in which it discussed Jane Doe's ADHD diagnosis and repeatedly used Jane Doe's real name. A copy of the press release is attached as Exhibit A. LSAC has redacted Jane Doe's name from Exhibit A in light of DFEH's pending Motion, but the press release remains available without redactions on the DFEH website, where it has presumably resided since being issued by DFEH in 2009.

Jane Doe's real name was also used in papers that DFEH filed in state court in connection with a discovery dispute between DFEH and LSAC during the agency investigation that preceded this lawsuit. DFEH filed a declaration in that case to which it attached the same DFEH complaint from Jane Doe that it filed as an exhibit in this case, but without redacting Jane Doe's real name. *See* Decl. in Support of Petition for Order Compelling Compliance with Investigative Discovery, at Ex. 1, *Dep't of Fair Employment & Housing v. Law School Admission Council, Inc.*, Case No. RG11567996 (Cal. Super. Ct., County of Alameda, March 23, 2011). DFEH also referred to Jane Doe by her real name in the Petition it filed in that case. *See* Petition for Order Compelling Compliance with Investigative Discovery at ¶¶ 2, 3 and 11, *DFEH v. LSAC*, No. RB11567996.

DOCUMENT PREPARED ON RECYCLED PAPER

1    Given these facts, the three Complainants, and Jane Doe in particular, cannot credibly
2    claim to have a reasonable fear that disclosing their real names in this lawsuit will cause them to
3    suffer severe harm.

4    **C.    The Three Complainants Are Not Vulnerable**

5    The third relevant factor is the "vulnerability to retaliation" of the party seeking to
6    proceed anonymously.  DFEH does not suggest that there is a risk that any of these three
7    Complainants would suffer "retaliation" if their participation in this lawsuit is publicly known,
8    but it does assert that the "real parties are vulnerable." DFEH Mem. at 4.  No facts support this
9    assertion, nor is it clear in what respect DFEH is claiming the three Complainants are vulnerable.

10   DFEH says that the Complainants are "vulnerable" because they are "forced to reveal
11   detailed information about their disabilities in order to take the LSAT." *Id.* That is of course not
12   true.  Prospective examinees do not have to reveal any information about any disabilities in order
13   to take the LSAT.  They have to reveal such information only if they want to take the LSAT with
14   extra testing time or other accommodations that are not available to examinees who test under
15   standard testing conditions. And having to provide documentation in support of an
16   accommodation request does not make the three Complainants "vulnerable" in any event.  It
17   simply puts them in the same position as every other individual who asks for testing
18   accommodations on the LSAT.   Documentation requirements are common in the testing context,
19   just as they are common when accommodations are requested in college or from an employer.

20   DFEH next says that the Complainants are vulnerable because they "claim that they have
21   been discriminated against by LSAC's practice of flagging their test scores to law schools,
22   thereby identifying them as having disabilities requiring extended time and diminishing their
23   chances of admission." DFEH Mem. at 4.  But none of the Complainants made any mention of
24   LSAC's practice of flagging accommodated test scores in the complaints they filed with DFEH,
25   nor do any of them mention flagging in the declarations they have submitted in support of
26   DFEH's pending Motion.  In fact, two of the three Complainants state in their declarations that
27   they are already in law school (Jane Doe and Peter Roe), so it is unclear what DFEH is talking
28   about when it suggests that the Complainants are "vulnerable" because their "chances of

1    admission" to law school will be "diminished" if their names are disclosed in this lawsuit.

2    Finally, while DFEH does not link this consideration to the "vulnerability" factor, DFEH argues that the Complainants' "age" supports allowing them to proceed anonymously. DFEH Mem. at 6. This argument likewise carries no weight. Age may be relevant when minors are involved,[5] but it has no relevance here. According to the declarations, Peter Roe is 29 years old, Jane Doe is 28, and John Doe is 25. They are adults, not minors. They have chosen to participate in this lawsuit. There is nothing about their situations that makes them vulnerable to being harmed if they are identified by name in this litigation.

### D.  LSAC Would Suffer At Least Some Prejudice

The fourth factor is prejudice to the opposing party. DFEH says that LSAC will not suffer any prejudice if the three Complainants are allowed to proceed anonymously because it already knows their identities and has their personal information. DFEH Mem. at 6. However, LSAC would be prejudiced at least to the extent of having to spend time and money redacting the anonymous Complainants' names every time they appear in any documents filed with the Court. LSAC would also be prejudiced in pursuing third-party discovery, if it could not identify the three Complainants by their real names. Finally, LSAC might be hindered in defending this case "in the media" if the case attracts media attention and DFEH or the Complainants were to provide comments to the press. *See Kamehameha*, 596 F.3d at 1045 n.7.

### E.  The Public Has A Strong Interest In Open Judicial Proceedings

The fifth and final factor is the public interest. "In this circuit, the common law rights of access to the courts and judicial records are not taken lightly." *Id*. at 1042. Indeed, it is precisely because of "the paramount importance of open courts" that the "default presumption" is that "plaintiffs will use their true names." *Id.* at 1046; *see also* Fed. R. Civ. P. 10(a)("The title of the complaint must name all the parties...."). Here, DFEH "has failed to show the public lacks an interest in knowing the identities of all parties to the litigation." *Doe v. Coder*, 2010 U.S. Dist.

---

[5] *See, e.g.,* Fed. R. Civ. P. 5.2(a)(requiring that "minors" be identified by their initials when identified in court filings unless otherwise ordered by the court); *Doe v. Lepley,* 185 F.R.D. 605, 606 (D. Nev. 1999)(noting, as one relevant factor, "whether the interests of children are at stake," but denying a motion by a high school student and his parents to proceed anonymously).

DOCUMENT PREPARED ON RECYCLED PAPER

1  LEXIS 131175 at * 6.  The public's "need to know" is not met here simply because the public
2  knows the names of "most" of the real parties in interest.  *See* DFEH Mem. at 6.

3        Permitting parties to proceed anonymously for the reasons articulated here would have
4  broad implications.  If these three Complainants were allowed to use fictitious names for the
5  reasons stated in their declarations, every other individual who files a case in federal court
6  alleging disability discrimination presumably would also be entitled to proceed anonymously.
7  Many personal injury plaintiffs would likewise be entitled to proceed anonymously, as they too
8  could assert that they want to keep their names private because they are worried they will not be
9  hired (or retained) if employers know about their medical condition.  The presumption in favor of
10 requiring litigants to use their real names would thus fall by the wayside for a broad category of
11 litigants whose cases make up a meaningful percentage of the cases pending in federal courts.
12 That result would significantly undermine the public's strong interest in open judicial
13 proceedings.

## CONCLUSION

      DFEH's Motion should be denied.  DFEH should be required to use the real names of Jane Doe, John Doe and Peter Roe in all future court filings in which it refers to those individuals.

Dated: May 30, 2012                         Respectfully submitted,

                                         FULBRIGHT & JAWORSKI L.L.P.


                                         By   /s/  Robert A. Burgoyne

                                         Attorneys for Defendant Law School
                                         Admission Council, Inc.