Claudia Center, State Bar No. 158255
Gina Gemello, State Bar No. 282964
The LEGAL AID SOCIETY –
    EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone:   (415) 864-8848
Facsimile:    (415) 593-0096
Emails:        ccenter@las-elc.org
                    ggemello@las-elc.org


Attorneys for Plaintiffs-Intervenors
ANDREW QUAN, NICHOLAS JONES, and
ELIZABETH HENNESSEY-SEVERSON

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>        Plaintiff,<br><br>    v.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC., *ET AL.*,<br><br>        Defendants.<br>_____<br><br>JOHN DOE, JANE DOE, PETER ROE, RAYMOND BANKS, KEVIN COLLINS, RODNEY DECOMO-SCHMITT, ANDREW GROSSMAN, ELIZABETH HENNESSEY-SEVERSON, OTILIA IOAN, ALEX JOHNSON, NICHOLAS JONES, CAROLINE LEE, ANDREW QUAN, STEPHEN SEMOS, GAZELLE TALESHPOUR, KEVIN VIELBAUM, AUSTIN WHITNEY, and all other similarly situated individuals,<br><br>        Real Parties in Interest | **Case No.  CV 12-1830-EMC**<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE**<br><br>Rule 24(a)(2), (b) |

**INTRODUCTION**

On or about February 6, 2012, Plaintiff, California's Department of Fair Employment and Housing (DFEH) issued an "accusation" against Defendant LAW SCHOOL ADMISSION COUNCIL (LSAC) before the Fair Employment and Housing Commission, alleging violations of the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*  Among the real parties in interest are Andrew Quan (QUAN), Nicolas Jones (JONES), and Elizabeth Hennessey-Severson (HENNESSEY-SEVERSON), the moving parties herein.  Thereafter, the Defendant LSAC elected to transfer the proceedings to court instead of having the matter decided by the Commission.  On or about March 15, 2012, the DFEH filed a complaint in the Superior Court for the State of California, County of Alameda.  On or about April 12, 2012, Defendant LSAC removed the case to this Court.

Mr. QUAN, Mr. JONES, and Ms. HENNESSEY-SEVERSON seek to intervene to assert their individual state and federal law claims on the basis of disability-based discrimination.  Their proposed individual state law claims are brought under the California Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*, and the California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200, *et seq.*  Their proposed federal law claims are brought under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*  Mr. QUAN, Mr. JONES, and Ms. HENNESSEY-SEVERSON request that this Court grant their motion and assert jurisdiction over their additional individual state and federal claims.  They have a protectable interest in this action, in that the remedies to which they may be entitled will be determined by these proceedings.  Moreover, their motion is timely, occurring at the outset of litigation, and their proposed claims arise from the same operative facts as the Unruh Act claim already brought by the DFEH.  As such, intervention will not unduly delay the main action, nor will it unfairly prejudice the existing parties.  The motion should be granted.

**ARGUMENT**

Generally, Rule 24 is construed liberally in favor of the applicant for intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); *Donnelly v. Glickman*, 159 F.3d 405,

409 (9th Cir. 1998).  As the moving parties here meet the standards for intervention as of right under Rule 24(a)(2), and for permissive intervention under Rule 24(b), and have filed a timely motion, the request to intervene should be granted.

### A. Real Parties in Interest Quan, Jones, and Hennessey-Severson Are Entitled to Intervene As of Right.

Pursuant to the Federal Rules of Civil Procedure, on timely motion, the Court must permit the intervention of anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  An applicant seeking intervention as of right must show:  (1) a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest. *Donnelly*, 159 F.3d at 409.

Here, as to elements (1) and (2), Mr. QUAN, Mr. JONES, and Ms. HENNESSEY-SEVERSON, real parties in interest, have a significant interest in the subject of this action – they are individual complainants and real parties in interest who have been subject to and injured by the unlawful disability discrimination alleged. *See id.* at 409 ("An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims."); *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) ("It is generally enough that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.").  Further, as a practical matter, the remedies to which they may be entitled will be essentially determined by this action. *See Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1498 (9th Cir. 1995); *United States v. State of Oregon*, 839 F.2d 635, 639 (9th Cir. 1988) (discussing practical impairment of an applicant's interests in the subject of litigation after court-ordered

remedies are in place); *see also Forest Conservation Council*, 66 F.3d at 1498 ("We reject appellees' claim that amicus curiae status is sufficient for appellants to protect their interests by expressing their concerns to the court regarding the propriety and scope of injunctive relief.").

Moreover, as to element (4), the authority of the DFEH to prosecute claims is delineated by California Government Code § 12965. Pursuant to this statutory authority, while the DFEH is prosecuting claims on behalf of Mr. QUAN, Mr. JONES, and Ms. HENNESSEY-SEVERSON brought under California Civil Code § 51, *et seq.*, the DFEH is not and cannot bring claims under California Business and Professions Code § 17200, *et seq.* Nor can or is the DFEH bringing claims directly under Title III of the Americans with Disabilities Act; the DFEH is pursuing such claims only indirectly, by way of subsection (f) of Civil Code § 51. (Of note, Defendant LSAC has argued that subsection (f) incorporates a different, and less strong, version of the current federal ADA.) Because the DFEH cannot bring all of the claims of Mr. QUAN, Mr. JONES, and Ms. HENNESSEY-SEVERSON, it may not adequately represent the interests of the applicants. *Accord Southwest Ctr. for Biological Diversity,* 268 F.3d at 822 (noting that determination considers "whether the present party is capable and willing" to make all of the intervenors' arguments).

Because Mr. QUAN, Mr. JONES, and Ms. HENNESSEY-SEVERSON meet the requirements of Rule 24(a)(2) for intervention as a matter of right, the court should grant this motion.

B.  **Real Parties in Interest Quan, Jones, and Hennessey-Severson Are Entitled to Permissive Intervention.**

An applicant seeking permissive intervention must prove three threshold requirements: (1) the applicant's claim or defense shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly*, 159 F.3d at 412. Here, the proposed complaint challenges violations of state and federal law based on many common questions of law or fact presented by the action brought by the DFEH. Further, the court has independent federal jurisdiction over the proposed ADA claims, and pendant state law jurisdiction over the proposed state law claims.

Additional relevant factors the court may consider in assessing a request for permissive intervention include: the nature and extent of the intervenor's interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case; whether the intervenor's interests are adequately represented by other parties; and whether the party seeking intervention will significantly contribute to the full development of the underlying factual issues in suit and to a just and equitable adjudication of the legal questions presented. *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977). Here, for many of the same reasons stated above in Section A, these additional relevant factors favor intervention. Mr. QUAN, Mr. JONES, and Ms. HENNESSEY-SEVERSON have protectable interests in this action, and have the standing to raise and advance relevant legal issues that will contribute to the full factual development of the case and to a just and equitable adjudication of the questions presented.

Because Mr. QUAN, Mr. JONES, and Ms. HENNESSEY-SEVERSON meet the standards for permissive intervention under Rule 24(b), the court should grant this motion.

**C.     The Motion to Intervene is Timely.**

This motion is timely for purposes of Rule 24(a) and (b)(1). In evaluating timeliness, the court considers: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). Here, Mr. QUAN, Mr. JONES, and Ms. HENNESSEY-SEVERSON seek to intervene at the outset of the litigation. Defendants have not yet answered and there is a motion to dismiss pending. No disclosures or formal discovery have yet occurred. Accordingly, no party will be prejudiced by granting the motion for their intervention.

### CONCLUSION

Mr. QUAN, Mr. JONES, and Ms. HENNESSEY-SEVERSON have filed a timely motion to intervene, and intervention will permit them to protect and vindicate their individual rights under federal and state law. The Court should grant Mr. QUAN's, Mr. JONES's, and

Ms. HENNESSEY-SEVERSON's request to intervene and should instruct the Clerk of the Court to file their Complaint in Intervention, appended as an exhibit to the Declaration of Claudia Center in Support of this Motion, in this action.

Dated: July 27, 2012            Respectfully submitted,

                                Claudia Center
                                The LEGAL AID SOCIETY –
                                    EMPLOYMENT LAW CENTER

                        By:     _____/s/ Claudia Center_____
                                        CLAUDIA CENTER