UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>    Plaintiff,<br><br>    v.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC., *et al.*,<br><br>    Defendants.<br>_____/ | No. C-12-1830 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED USING FICTITIOUS NAMES**<br><br>**(Docket No. 12)** |

Plaintiff California Department of Fair Employment and Housing (DFEH) filed suit against Defendant Law School Admission Council, Inc. (LSAC) seeking damages and injunctive relief over alleged failures of the Defendant to provide reasonable accommodations to test-takers of the Law School Admission Test (LSAT) in violation of the Americans with Disabilities Act of 1990 (ADA) (42 U.S.C. §§ 12101, *et. seq.*). DFEH's Complaint (Docket No. 1, Ex. A) states that it has brought this action both on behalf of seventeen named individuals and as a class action. Compl. ¶¶ 7-8. Through the instant motion, DFEH asks the Court to use its discretion to allow three of the named individuals to participate in this litigation anonymously under the fictitious names of John Doe, Peter Roe, and Jane Doe because "of the highly sensitive and personal nature of their disabilities and the potential injury to their professional reputation should such information be publicly disclosed." Pl.'s Mot. to Proceed Using Fictitious Names (Docket No. 12) at 2. Having considered the parties' submissions and oral argument, the Court **GRANTS** Plaintiff's motion for the reasons set forth below.

## I. FACTUAL & PROCEDURAL BACKGROUND

John Doe, Peter Roe, and Jane Doe each claim to suffer from a disability that adversely affects their ability to take standardized tests. Between January 19, 2009, and February 6, 2012, each individual applied to LSAC seeking reasonable accommodations in taking the LSAT.[1] Compl. ¶ 2. After considering medical documentation submitted in support of their accommodations requests, LSAC refused, in full or in part, to grant each individual's requested testing accommodations. *See* Compl. ¶¶ 62, 73, and 80. John Doe, Peter Roe, and Jane Doe thereafter each filed a verified complaint of discrimination in writing with DFEH alleging that LSAC had unlawfully denied them "full and equal access to the LSAT" in violation of the California Fair Employment and Housing Act (FEHA) (Cal. Gov. Code §§ 12900, *et. seq.*), the Unruh Civil Rights Act (Cal. Civ. Code §§ 51, *et. seq.*), and, by virtue of its incorporation into the Unruh Act, the ADA (42 U.S.C. §§ 12101, *et. seq.*).

After receiving Ms. Doe's complaint and the complaint of one other named individual in this suit,[2] DFEH began an investigation to ascertain whether LSAC's alleged denial of reasonable testing accommodations affected a larger class. Compl. ¶ 21. During its investigation, DFEH identified Jane Doe by her real name in both a press release announcing the settlement of an administrative action before the California Fair Employment and Housing Commission (FEHC), *see* Def.'s Opp. (Docket No. 19), Ex. A, and in a state court petition to compel responses to administrative discovery, *see* Pl.'s Reply (Docket No. 20) at 5.

DFEH filed an administrative accusation before the FEHC on February 6, 2012, which LSAC elected to have transferred to the California Superior Court under Cal. Gov. Code § 12965(c)(1). Compl. ¶¶ 40-42. LSAC thereafter removed the matter from the Alameda County

---

[1] The LSAT is a standardized test administered by the LSAC that evaluates potential law school applicants on their acquired reading and verbal reasoning skills. Compl. ¶ 46. The test consists of a battery of five sections labeled as either reading comprehension, analytical reasoning, and logical reasoning. *Id.* ¶ 49. Each of these five sections consists of multiple-choice type questions, and test-takers are allotted thirty-five minutes to complete each section. *Id.* ¶ 47. The test also includes an unscored thirty-five minute written component, which LSAC forwards to law schools along with a test-taker's scores. *Id.*

[2] Identified as Nicholas Jones.

2

1  Superior Court to Federal District Court on April 12, 2012, pursuant to 28 U.S.C. § 1441 on the
2  basis of federal question jurisdiction and diversity jurisdiction. Notice of Removal of Action Under
3  28 U.S.C. § 1441 (Docket No. 1) at 2.
4        DFEH's state court complaint maintains five causes of action against LSAC for violations of
5  certain provisions of the ADA.[3] DFEH filed the now pending motion to proceed using fictitious
6  names on behalf of three of the seventeen parties involved in the litigation on May 16, 2012. Pl.'s
7  Mot. (Docket No. 12). Generally, all three parties seek to maintain their anonymity out of concerns
8  for their privacy interests regarding their disabilities and fear of future employment discrimination if
9  their disabilities were to be made public. *Id.* at 3. John Doe is a 25-year old law school applicant
10 who has been diagnosed with Attention Deficit Disorder (ADD) and suffers from the residual effects
11 of a rare bacterial infection which caused severe brain edema and continuing neurological
12 impairments. Decl. of John Doe in Supp. of Mot. to Proceed Using Fictitious Names (John Doe
13 Decl.), ¶¶ 1-3. Mr. Doe seeks anonymity in this proceeding due to his fear that public revelation of
14 his formerly critically-ill status will carry a social stigma and create undue prejudice with future
15 employers. *Id.* at ¶¶ 5-6. Peter Roe is a 29-year old law student who has been diagnosed with
16 Attention Deficit Hyperactivity Disorder (ADHD). Decl. of Peter Roe in Supp. of Mot. to Proceed
17 Using Fictitious Names (Peter Roe Decl.), ¶¶ 1-3. Mr. Roe wishes to proceed anonymously as a
18 result of the general social stigmatization of individuals suffering from cognitive impairments and
19 his more particularized fear in regards to loss of standing in the legal community. *Id.* at ¶¶ 5-6. Jane
20 Doe is a 28-year old law student who has been diagnosed with ADD. Decl. of Jane Doe in Supp. of
21 Mot. to Proceed Using Fictitious Names (Jane Doe Decl.), ¶¶ 1-3. Ms. Doe seeks anonymity out of

---

[3] DFEH's complaint alleges (1) that LSAC unlawfully considered mitigation measures by requiring applicants for reasonable accommodations to take their prescribed medications while being evaluated or to provide an explanation for a failure to do so; (2) that LSAC's policy of flagging score reports of individuals receiving additional time failed to ensure that the LSAT measured aptitude, rather than disability; (3) that LSAC's flagging policy unlawfully coerced and discouraged potential applicants from seeking reasonable accommodations; (4) that LSAC breached its duty to make the LSAT accessible to disabled individuals by requiring excessive documentation and by denying reasonable accommodations; and (5) that LSAC's policy of requiring excessive documentation to support accommodation requests coerced and discouraged potential applicants from seeking reasonable accommodations. Compl. ¶¶ 187-216.

fear that public revelation of her diagnosis will disadvantage or potentially disqualify her from obtaining employment in the "competitive" corporate legal sector. *Id.* at ¶¶ 5-6.

## II. DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 10 requires that "the title of [a] complaint must name all the parties." Fed. R. Civ. P. 10(a). This rule embodies the notion that "plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978)). "As a general rule, 'the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.'" *United States v. Stoterau,* 524 F.3d 988, 1012 (9th Cir. 2008) (quoting *United States v. Doe,* 488 F.3d 1154, 1155 Fn. 1 (9th Cir. 2007)).

The Ninth Circuit has identified three situations in which parties have been allowed to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *See Advanced Textile Corp.*, 214 F.3d at 1068. A party requesting to remain anonymous must make an affirmative showing that "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Where anonymity is requested to prevent retaliation, a more nuanced balancing test is required. *See id.* This more nuanced standard was recently re-stated by the Ninth Circuit in *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010), where the court laid out the following five-factors for district courts to balance in determining whether to allow a party to proceed anonymously when the opposing party has objected: (1) severity of the threatened harm, (2) reasonableness of the anonymous parties' fears, (3) the anonymous party's vulnerability to retaliation, (4) prejudice to the opposing party, and (5) whether the public's interest in the case requires that litigants reveal their identities. *See Doe v. Kamehameha Schools/Bernice Pauahi*

*Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citing *Advanced Textile Corp.*, 214 F.3d at 1068).

All three Plaintiffs in this case have voiced a desire to keep their disabilities from becoming a matter of public knowledge which, under the categories set out by the Ninth Circuit in *Advanced Textile Corp.*, would properly be characterized as a request to preserve their privacy in a matter of a sensitive and highly personal nature. As such, to proceed anonymously each plaintiff must show that their "need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."[4] *Advanced Textile Corp.*, 214 F.3d at 1068.

All three have also alleged a general fear of discrimination in the legal marketplace. DFEH alleges, and LSAC seems to agree, that this fear of economic discrimination amounts to a fear of future retaliation. *See* Pl.'s Reply (Docket No. 20) at 3; Def.'s Opp. (Docket No. 19) at 3. Thus, the more nuanced five-part test set out in *Kamehameha Schools* applies to this element of the parties' anonymity request.

B.  Preservation of Privacy

In this case, the three Doe Plaintiffs ask to remain anonymous because of the "social stigma that cognitive impairments carry," Peter Roe Decl., ¶ 5, and a fear that knowledge of their disability may lead to them being "ostracized by society," John Doe Decl., ¶ 5. DFEH correctly notes that courts within this District have held that where there is a substantial privacy interest, a plaintiff may be allowed to proceed anonymously. *See e.g. Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981). In *Rostker*, Doe plaintiffs requested leave to remain anonymous in a case challenging the allegedly

---

[4] LSAC asserts that this Court ought to evaluate requests for anonymity of both fear of future retaliation and preservation of privacy under the five-part test set out in *Kamehameha Schools*. Def.'s Opp. (Docket No. 19) at 3. In their Reply, DFEH argues that LSAC misconstrues the test as applying broadly to all analyses evaluating whether fictitious names can be used, and argues instead that the five-factor test set forth by the Ninth Circuit in *Advanced Textile* and repeated in *Kamehameha Schools* is only applicable where parties seek use of fictitious names out of fear of retaliation. Pl.'s Reply (Docket No. 20) at 3. The *Kamehameha* court did not explicitly reaffirm the distinction made by the *Advanced Textile* court that the five-factor test pertained specifically to cases involving retaliation. However, the facts in *Kamehameha* dealt exclusively with the issue of anonymity due to fear of retaliation. *See Kamehameha*, 596 F.3d at 1040 ("the Doe children argued that they reasonably fear physical injury if their identities are revealed."). Thus, this Court finds that the distinction in *Advanced Textile* carried over to *Kamehameha*, and thereby preserved the different standard applied to retaliation and non-retaliation cases.

unlawful administration of the Selective Service registration system. Judge Williams, in denying their request, characterized their fear that "retaliatory conduct or other reprisals which may jeopardize their attempts to obtain conscientious objector status in the future" resulting from their suit was "both speculative and prospective." *Doe v. Rostker*, 89 F.R.D. at 162. After comprehensively surveying prior decisions, Judge Williams found that plaintiffs were allowed to proceed anonymously most often in cases involving, among other things, mental illness.[5] *Rostker*, 89 F.R.D. at 161. He noted the "common thread running through these cases" was "the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." *Id.*

The threat of social stigmatization that the Doe complainants here face from public disclosure of their medical conditions is not insubstantial. However, the social stigma involved in such disclosure does not reach the same level of severity that prior courts have deemed sufficient in allowing plaintiffs to proceed under fictitious names. *See e.g. Roe v. City of Milwaukee*, 37 F. Supp. 2d 1127, 1129 (E.D. Wis. 1999) (holding that revealing a plaintiff's HIV-positive status, unlike most medical conditions, is not a "common disorder" and is still socially stigmatizing); *Jane Doe 8015 v. Sup. Ct.*, 148 Cal. App. 4th 489 (2007) (patient allowed to proceed anonymously when suing a laboratory after acquiring HIV from a reused needle). DFEH's citation to *Doe v. Lincoln Unified Sch. Dist.*, 188 Cal. App. 4th 758 (2010), a case involving a teacher's challenge to a finding that she was mentally unfit, is unhelpful here since the court's decision did not reach the merits of whether anonymity should or should not have been granted. *See Lincoln Unified Sch. Dist.*, 188 Cal. App. 4th at 767 ("Because defendants fail to present any argument as to why plaintiff should not have been permitted to use a fictitious name under the circumstances of this case, we need not consider the issue further.").

Jane Doe and Peter Roe suffer from Attention Deficit Disorder (ADD) and Attention Deficit Hyperactivity Disorder (ADHD), respectively. Jane Doe Decl. ¶ 3; Peter Roe Decl. ¶ 3. DFEH has

---

[5] "The most common instances [permitting Doe plaintiffs to proceed anonymously] are cases involving abortion, mental illness, personal safety, homosexuality, transsexuality and illegitimate or abandoned children in welfare cases." *Rostker*, 89 F.R.D. at 161.

not shown that these particular conditions are especially uncommon disorders or that they carry a particular risk of social stigmatization. *Cf. Roe v. City of Milwaukee*, 37 F. Supp. 2d at 1129 (holding that revealing a plaintiff's HIV-positive status, unlike most medical conditions, is not a "common disorder" and is still socially stigmatizing). Rather, ADD and ADHD seem a closer analog to some of the more common disorders that courts have deemed to be insufficiently stigmatizing to warrant a plaintiff's proceeding anonymously. *See e.g. Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (holding that disclosure of plaintiff's obsessive-compulsive disorder did not warrant use of a fictitious name).

The case of John Doe is slightly more complicated. In addition to ADD, John Doe suffers residual neurological impairments resulting from encephalopathy. John Doe Decl. ¶ 5. John Doe's Declaration states that he is "concerned about becoming permanently labeled as 'disabled'" and fears the "possibility of being mistaken as a 'vegetable' by the world." *Id*. at ¶ 5. John Doe's medical condition is certainly uncommon. However, without more of a substantiated showing that disclosure of his condition through this litigation would result in serious social stigmatization, it is difficult to conclude that revelation of John Doe's medical history alone meets the high bar of previous cases where anonymity was granted. Thus, the Court finds that the three anonymous Plaintiffs have shown some need, though not particularly a strong need, for maintaining their anonymity in this case.

Having considered the level of social stigmatization faced by the three Complainants in the present case, the Court must next balance their need for anonymity against the public's interest in open judicial proceedings and prejudice to the opposing party. *See Advanced Textile Corp.*, 214 F.3d at 1068. It is axiomatic that the public's interest in knowing the identity of parties to a suit is substantial. The United States Supreme Court recognized the importance of the public's interest in *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975), where it stated:

> A trial is a public event. What transpires in the courtroom is public property... There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire in proceedings before it.

7

1  *Id.* at 492-93. In the present case, fourteen out of the seventeen Complainants have chosen to
2  proceed under their real names. Having done so, the fourteen identified parties have substantially
3  satisfied the public's interest in open judicial proceedings. It is, of course, difficult to ascertain the
4  public's precise interest in knowing the particular names of these three remaining individuals, but
5  the Court is not convinced that the public's interest would be substantially furthered by forcing John
6  Doe, Jane Doe, and Peter Roe to reveal their names to public scrutiny. Consequently, the Court
7  finds that allowing John Doe, Jane Doe, and Peter Roe to remain anonymous would not substantially
8  harm the public's interest in open judicial proceedings.

9  In addition, LSAC has not made any significant showing that it would be prejudiced by the
10 Doe and Roe Plaintiffs' proceeding anonymously in this case. LSAC argues that it will have to
11 expend time and money to redact documents pertaining to the three individuals, and may experience
12 some hardship in "pursuing third-party discovery" or defending itself "in the media" were the three
13 complainants permitted to remain anonymous. Def.'s Opp. (Docket No. 19) at 8. However, DFEH
14 has communicated its willingness to mitigate any potential discovery hardship through an
15 appropriately framed protective order. Pl.'s Reply (Docket No. 20) at 6. Moreover, given that
16 fourteen out of the seventeen complainants are not proceeding anonymously, LSAC should be more
17 than able to defend itself in the press. On balance, LSAC does not seem to risk any serious
18 prejudice as a result of anonymity being granted to the three Doe Plaintiffs.

19 Thus, even though the anonymous Plaintiffs here face a level of social stigmatization below
20 that which courts have previously found sufficient to allow Plaintiffs to proceed anonymously, the
21 Court finds that their interest in remaining anonymous nonetheless outweighs both the public's
22 interest in having their true identities revealed and any prejudice LSAC may encounter due to their
23 proceeding under fictitious names.

24 ///
25 ///
26 ///
27 ///
28 ///

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to proceed using fictitious names.

This Order disposes of Docket No. 12.

IT IS SO ORDERED.

Dated: August 20, 2012

_____
EDWARD M. CHEN
United States District Judge

9