**United States District Court**
For the Northern District of California

1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    DEPARTMENT OF FAIR EMPLOYMENT              No. C-12-1830 EMC
     AND HOUSING,
9
                    Plaintiff,                  **ORDER GRANTING MOTION TO
10                                              INTERVENE BY UNITED STATES OF
            v.                                  AMERICA**
11
     LAW SCHOOL ADMISSION COUNCIL               **(Docket No. 47)**
12   INC, *et al.*,

13                  Defendants.
     _____/
14

15

16          Plaintiff California Department of Fair Employment and Housing (DFEH) filed suit against

17   Defendant Law School Admission Council, Inc. (LSAC) seeking damages and injunctive relief over

18   alleged failures of Defendant to provide reasonable accommodations to test-takers of the Law

19   School Admission Test (LSAT), in violation of the Americans with Disabilities Act of 1990 (ADA)

20   (42 U.S.C. §§ 12101, *et. seq.*).  The United States filed a motion to intervene in this matter pursuant

21   to Fed. R. Civ. P. 24(a)(2) and 24(b) on September 5, 2012.  Docket No. 47.  For the reasons stated

22   on the record and in this order, the United States' motion to intervene is hereby **GRANTED**.

23          A movant seeking mandatory intervention under Rule 24(a)(2) "must claim a 'significantly

24   protectable' interest relating to the property or transaction which is the subject of the action," the

25   disposition of which "may as a practical matter impair or impede its ability to protect that interest."

26   *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir.2010) (citations omitted); *see also*

27   *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011).  As stated

28   more fully on the record, the Court finds that the United States has met this burden.  This suit

**United States District Court**

For the Northern District of California

1   directly implicates the United States' interest in enforcing Titles III and V of the ADA, and its

2   ability to craft "clear, strong, consistent, enforceable standards" in implementing the statute and its

3   regulations as directed by Congress.  *See* 42 U.S.C. § 12101(b)(2); *see also Id.* §§ 12101(b)(2)-(3) (a

4   stated purpose of the ADA was "to ensure that the Federal Government plays a central role in

5   enforcing the standards established [in the Act] on behalf of individuals with disabilities . . . .").  A

6   governmental agency has a significant protectable interest in defending its regulations from

7   challenges and in ensuring that the interpretation of the statutes and regulations it is charged with

8   enforcing are accurately presented to the Court in the course of litigation.  *See Smith v. Pangilinan*,

9   651 F.2d 1320 (9th Cir. 1981), *Ceres Gulf v. Cooper*, 957 F.2d 1199 (5th Cir. 1992), and *Nuesse v.*

10   *Camp*, 385 F.2d 694 (D.C. Cir. 1967).  *See also Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*,

11   310 U.S. 434, 460 (1940) (finding that "the Commission has a sufficient interest in the maintenance

12   of its statutory authority and the performance of its public duties" to entitle it to intervention by right

13   under Rule 24).  The Court also finds that the United States' interests are not adequately represented

14   by any existing parties to this suit.  Unlike DFEH, whose jurisdiction is confined to the State of

15   California and which does not have direct enforcement authority over the ADA, the United States

16   has an interest in enforcing the ADA and its implementing regulations on a national scale.  All the

17   other requisites of intervention of right under Rule 24(a) are satisfied.  The United States' motion to

18   intervene as of right under Rule 24(a)(2) is therefore **GRANTED**.

19   　　　　In the alternative, the United States seeks permissive intervention under Rule 24(b).  LSAC

20   did not oppose the United States' motion for permissive intervention, but asks the Court to limit the

21   scope of its participation to issues concerning only those parties residing California.  As stated more

22   fully on the record, the Court finds that the United States has also met the criteria for permissive

23   intervention under Rule 24(b)(2).  In light of the fact that the United States could initiate a separate

24   nationwide class action lawsuit under 42 U.S.C. § 12188(b) on the same facts and legal theories

25   alleged in the instant complaint, the Court declines LSAC's invitation to restrict the United States's

26   intervention  to only those claims concerning California residents.  Thus, the Court also **GRANTS**

27   the United States' motion for permissive intervention under Rule 24(b)(2) without restriction.

28

**United States District Court**
For the Northern District of California

1   However, the Court is concerned about needless duplication and inefficiencies in the

2   litigation resulting from the addition of the DOJ to this suit.  The parties are directed to meet and

3   confer before the next Case Management Conference to develop a litigation plan addressing how

4   they propose to maintain efficiency and avoid duplication as this suit moves forward.  The litigation

5   plan shall be submitted as part of the parties' joint case management conference statement.

6   This order disposes of Docket No. 47.

7

8   IT IS SO ORDERED.

9

10   Dated:  October 18, 2012

11   _____

12   EDWARD M. CHEN
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28