UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>    Plaintiff,<br><br>    v.<br><br>LAW SCHOOL ADMISSION COUNCIL INC, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-12-1830 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTERVENE BY LEGAL AID SOCIETY - EMPLOYMENT LAW CENTER**<br><br>**(Docket No. 42)** |

Plaintiff California Department of Fair Employment and Housing (DFEH) filed suit against Defendant Law School Admission Council, Inc. (LSAC) seeking damages and injunctive relief over alleged failures of the Defendant to provide reasonable accommodations to test-takers of the Law School Admission Test (LSAT), in violation of the Americans with Disabilities Act of 1990 (ADA) (42 U.S.C. §§ 12101, *et. seq.*). DFEH brought this suit both on behalf of seventeen named individuals and as a class action on behalf of California residents. Compl. (Docket No. 1, Ex. A) ¶¶ 7-8. The Legal Aid Society - Employment Law Center ("LAS-ELC"), a "public interest legal organization dedicated to advancing and protecting the civil rights of persons with disabilities," sought leave of Court to participate in this case as *amicus curiae* by a letter dated June 25, 2012, which this Court granted on July 6, 2012. *See* Docket Nos. 34, 34-1. LAS-ELC has since filed a motion to intervene under Fed. R. Civ. P. 24(a)(2) and 24(b) on behalf of three of the individuals named in DFEH's complaint. Mot. to Intervene (Docket No. 42). For the reasons stated on the

1  record and in this order, LAS-ELC's' Motion to Intervene is **GRANTED** in part and **DENIED** in
2  part.

3  Under Rule 24(a)(2), an applicant may intervene as of right if he or she "claims an interest
4  relating to the property or transaction that is the subject of the action, and is so situated that
5  disposing of the action may as a practical matter impair or impede the movant's ability to protect its
6  interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).  "In the
7  absence of a very compelling showing to the contrary, it will be presumed that a state adequately
8  represents its citizens when the applicant shares the same interest." *Arakaki v. Cayetano*, 324 F.3d
9  1078, 1086 (9th Cir.2003) (internal quotation marks omitted).

10  As stated more fully on the record, the Court finds that LAS-ELC has not made the requisite
11  "compelling showing" that the interests of the prospective intervenors, identified as Andrew Quan,
12  Nicholas Jones, and Elizabeth Hennessey-Severson, are inadequately represented by existing parties
13  to the suit.  Both DFEH and the United States, whose contemporaneous motion to intervene was
14  granted by this Court, *see* Docket No.60, already directly represent the interests of these three
15  prospective intervenors in this action.  Having failed to show that DFEH and the United States do
16  not adequately represent the interests of these three prospective intervenors, LAS-ELC's motion to
17  intervene as of right under Rule 24(a)(2) is **DENIED**.

18  In the alternative, LAS-ELC seeks permissive intervention under Rule 24(b).  As it applies to
19  this case, Rule 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene
20  who . . . is given a conditional right to intervene by a federal statute," or "has a claim or defense that
21  shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).  A district
22  court has discretion to grant or deny permissive intervention to applicants meeting these threshold
23  requirements. *Dep't of Fair Employment & Hous. v. Lucent Technologies, Inc.*, 642 F.3d 728, 741
24  (9th Cir. 2011); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir.1998).  However, in exercising
25  that discretion, the court "must consider whether the intervention will unduly delay or prejudice the
26  adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

27  As stated more fully on the record, the Court finds, on balance, that permissive intervention
28  is warranted in this matter.  Not only has LAS-ELC met the basic requisite of Rule 24(b), it has

demonstrated that it formed an attorney-client relationship with these three prospective intervenors through its early engagement with them shortly after the events identified in the complaint transpired. More importantly, LAS-ELC has also shown that both DFEH's and the United States' interests may diverge from those held by the three intervenors over the course of this litigation, particularly as it relates to the determination of appropriate remedies. As such, the Court **GRANTS** LAS-ELC's motion for permissive intervention under Rule 24(b)(1).

Consistent with its duty to take into account undue delay or prejudice under Rule 24(b)(3) when exercising its discretion to grant permissive intervention, the Court will limit plaintiff intervenors' role in this matter solely to the representation of their individual interests (*e.g.*, representing the individual intervenors in their depositions, in settlement negotiations). The Court is cognizant of the risk that adding yet another set of attorneys to this case may result in needlessly duplicative motions and discovery requests. As such, the Court directs plaintiff interventors to meet and confer with DFEH and DOJ and submit a detailed plan at their next Case Management Conference addressing how they propose to maintain efficiency and avoid duplication through their participation this suit.

This order disposes of Docket No. 42.

IT IS SO ORDERED.

Dated: October 18, 2012

_____
EDWARD M. CHEN
United States District Judge