UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LAW SCHOOL ADMISSION COUNCIL, INC., <br><br> Defendant. <br>_____/ | No. C-12-1830 EMC <br><br> **ORDER GRANTING DFEH'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** <br><br> **(Docket No. 87)** |

## I.  INTRODUCTION

The California Department of Fair Employment and Housing ("DFEH") filed suit against the Law School Admission Council, Inc. ("LSAC"), seeking damages and injunctive relief over alleged failures of the Defendant to provide disability-related accommodations to test-takers of the Law School Admission Test ("LSAT"), in violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et. seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et. seq.* DFEH brought its action both on behalf of seventeen named individuals and as a California statewide class action. Complaint ("Compl.") (Docket No. 1, Ex. A) ¶¶ 7-8. DFEH's complaint defines the purported class as "all disabled individuals in the State of California who requested a reasonable accommodation for the Law School Admission Test (LSAT) from January 19, 2009 to February 6, 2012." *Id*. ¶ 8. DFEH now moves to amend its definition of the class by replacing the terminal date of "February 6, 2012" with "to the present," thereby "extend[ing] the group or class cut off period." Pl.'s Mot. for Leave to File First Amended Complaint ("Pl.'s Mot.") (Docket No.

87) at 2. LSAC opposes the amendment. Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** Plaintiff's motion for the reasons set forth below.

## II.     FACTUAL & PROCEDURAL BACKGROUND

LSAC is a non-profit membership organization based in Pennsylvania that, among other things, administers the Law School Admission Test (LSAT) to prospective law students. The LSAT is a standardized test that evaluates potential law school applicants on their acquired reading, verbal, and reasoning skills. Compl. ¶¶ 46, 49. In 2010, DFEH received multiple written "verified complaints of discrimination" from individuals alleging that LSAC had denied them certain testing accommodations for their disabilities when taking the LSAT. *Id.* ¶ 19-20. These written complaints alleged that LSAC had unlawfully denied them "full and equal access to the LSAT" in violation of the California Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code §§ 12900, *et. seq.*) and the Unruh Civil Rights Act (Cal. Civ. Code §§ 51, *et. seq.*). Compl. ¶¶ 19-20. By virtue of its incorporation into the Unruh Act, a violation of the ADA also constitutes a violation of the Unruh Act. Compl. ¶ 16; *see also* Unruh Act, Cal. Civ. Code § 51(f).

Following its investigation into these complaints, DFEH filed an administrative accusation before the California Fair Employment and Housing Commission on February 6, 2012, which LSAC elected to have transferred to the California Superior Court in Alameda County under Cal. Gov. Code § 12965(c)(1). Compl. ¶¶ 40-42. The administrative accusation, brought on behalf of seventeen named individuals, and as a class action on behalf of "all disabled individuals in the State of California who requested a reasonable accommodation for the Law School Admission Test (LSAT) from January 19, 2009 to February 6, 2012," charged LSAC with violations of the Unruh Act. *Id*. ¶¶ 7-8, 40. LSAC removed the matter from the Alameda County Superior Court to this Court on April 12, 2012, pursuant to 28 U.S.C. § 1441, on the basis of federal question jurisdiction and diversity jurisdiction. *See* Notice of Removal of Action Under 28 U.S.C. § 1441 (Docket No. 1) at 2.

DFEH's lawsuit focuses on LSAC's practices regarding the provision of testing accommodations to test-takers who claim to be disabled. According to LSAC, "more than a thousand individuals request disability-based accommodations on the LSAT every year, and LSAC

1  grants accommodations to most, but not all, of those individuals." Def.'s Mot. to Dismiss (Docket
2  No. 66) at 2.  LSAC claims to conscientiously evaluate requests for testing accommodation to ensure
3  that "individuals with *bona fide* disabilities receive accommodations, and that those without
4  disabilities do not receive accommodations," which could provide them with an unfair advantage on
5  the exam.  Def.'s Mot. to Dismiss (Docket No. 13) at 2 (quoting *Powell v. Nat'l Bd. of Med.*
6  *Examiners*, 364 F.3d 79, 88-89 (2d Cir. 2004)).  DFEH claims that LSAC's accommodations
7  evaluation procedures include, among other things, requirements that testing candidates requesting
8  extra time or other accommodations for a "cognitive or psychological impairment" submit to
9  psychoeducational and neuropsychological testing, and provide a "full diagnostic report" that
10 includes records of the candidates' aptitude and achievement testing.  Compl. ¶ 54.  DFEH also
11 claims that LSAC requires applicants to disclose in an accommodations request whether or not they
12 took prescribed medications during medical evaluations of their condition, and if not, to explain
13 their failure to do so. *Id.* ¶ 55.

14        DFEH also alleges that LSAC maintains a policy of "flagging" the LSAT exam scores of
15 individuals who receive disability accommodations for extra time.  Compl. ¶ 56.  LSAC allegedly
16 includes a notation on an accommodated individuals' score report that the score was achieved under
17 non-standard time constraints, and excludes extended-time scores when calculating its LSAT
18 percentile rankings. *Id.* ¶¶ 56-57.  As a consequence, the fact that an individual received extended-
19 time on the LSAT is disclosed to all law schools receiving that individual's score report. *See id.* ¶
20 56.  However, LSAC does advise schools that extended-time score reports "should be interpreted
21 with great sensitivity and flexibility." *Id.* ¶ 56.

22        Less than one year after filing its administrative accusation, and nine months after the case
23 was removed to this Court, DFEH filed the instant motion, seeking leave to amend its complaint in
24 two respects: (1) to delete all references to Doe Defendants, and (2) to expand the suit's class
25 definition by replacing the terminal date of "February 6, 2012" with "to the present" at page 2, line
26 17; page 3, line 18; page 3, line 26; and page 4, line 3.  Pl.'s Mot. at 2.  DFEH seeks to delete
27 references to the Doe Defendants in accordance with this Court's Order Granting in Part
28 Defendant's Motion to Dismiss, which granted LSAC's motion to dismiss all Doe Defendants from

the complaint. *See* Docket No. 49. Defendant does not object to this aspect of Plaintiff's motion. *See* Def.'s Opp'n. Br. (Docket No. 93) at 5. DFEH seeks to expand its purported class definition "so that the group or class also covers individuals suffering present day harm from February 7, 2012 to the present" because, "[a]s written, the DFEH's original Complaint leaves individuals harmed by LSAC's discriminatory practices after February 6, 2012 with no recourse in this case." Pl.'s Mot. at 4. LSAC opposes this modification to DFEH's purported class definition on the basis that Plaintiff unduly delayed seeking leave to amend its complaint, and that the proposed expansion of the class definition would result in undue prejudice to the Defendant. *See* Def.'s Opp'n. Br. at 2-4.

### III. DISCUSSION

A. Legal Standard

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15, which states that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (implying leave to amend should be granted in the absence of undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or futility of amendment). A district court has discretion to deny a motion for leave to amend, but it must provide some justification for doing so. *Foman*, 371 U.S. at 182. *See also Campbell v. Board of Trustees of Leland Stanford Jr. Univ.*, 817 F.2d 499, 506 (9th Cir. 1987) (noting that an abuse of discretion standard applies with respect to proposed amendments under Rule 15(a)). "In exercising its discretion, a court must be guided by the underlying purpose of Rule 15," which is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Eminence Capital*, 316 F.3d at 1051–52.[1]

In general, "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

---

[1] On the general liberality of Rule 15, *see Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

4

whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Notably, undue delay by itself "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). There must also be either (1) prejudice to the opposing party, (2) bad faith by the moving party, or (3) a finding of futility as to the amendment. *See id.* (noting that "[w]e have previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment"). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1052. *See also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (Prejudice is the "touchstone of the inquiry under rule 15(a).").

B.   Undue Delay

Defendant argues that Plaintiff's motion should not be granted because "no good explanation has been offered for DFEH's delay in seeking leave to amend" the complaint's class definition. Def.'s Opp'n. Br. at 3. DFEH justifies its request for leave to amend, in part, on the basis of a civil suit LSAC recently filed in state court, which challenges a new provision of the California Education Code addressing the flagging of accommodated LSAT test scores. *See* Decl. of Phoebe Liu (Docket No. 87-1) ¶ 5 and Ex. 2 (providing copy of state court complaint). This new suit, DFEH reasons, "makes obvious LSAC's intent to continue its unlawful flagging and accommodations practices." Pl.'s Mot at 4-5 ("Upon learning of LSAC's lawsuit and realizing that LSAC's intent to persist [in] its discriminatory practices would continue to harm Californians with disabilities well into the future, the DFEH made the determination that it was necessary to amend the Complaint to protect all test-takers harmed after February 6, 2012 and to the present."). LSAC suggests that because its "accommodations and score reporting policies . . . have not changed in any material respect since February of 2012," DFEH cannot rely on the recent filing of this suit in state court as a basis for seeking leave to amend its own complaint almost one year after it was initially filed. Def.'s Opp'n. Br. at 3 ("LSAC has vigorously defended DFEH's claims at both the

administrative level and in this lawsuit.  DFEH therefore had no reasonable basis to believe that LSAC might have changed its challenged policies and practices after February 6, 2012.").

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir.1990) (citations omitted).  In drafting its initial complaint, it is clear that DFEH should have anticipated that LSAC would continue engaging in the complained of accommodations and flagging practices beyond the terminal date of February 6, 2012.  Plaintiff has failed to cite any source indicating that Defendant would voluntarily change its practices regarding testing accommodations and the flagging of score reports after February 2012.  Consequently, DFEH cannot credibly claim that it lacked a basis for amending the scope of its class allegations until LSAC filed its state court action.

However, this is not the end of the inquiry.  The Ninth Circuit has held that "[t]he purpose of the litigation process is to vindicate meritorious claims." *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973).  Consequently,

> [r]efusing, solely because of delay, to permit an amendment to a pleading in order to state a potentially valid claim would hinder this purpose while not promoting any other sound judicial policy.  Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading.

*Id*.  In the absence of another basis for denying leave to amend, such as undue prejudice or bad faith, courts have generally granted leave to litigants even though they should have anticipated "the facts and theories raised by the amendment" at an earlier stage in the litigation, and cannot otherwise justify their delay in seeking leave to amend.  *Jackson v. Bank of Hawaii*, 902 F.2d at 1388.  *See e.g. Howey v. United States*, 481 F.2d 1190-91 (reversing a district court's decision to deny leave to amend based solely on an unjustified delay of five years, noting "we know of no case where delay alone was deemed sufficient grounds to deny a Rule 15(a) motion to amend."); *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party."); *see also Morongo Band of Mission*

*Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) ("The delay of nearly two years, while not alone enough to support denial, is nevertheless relevant.").

These cases stand in contrast to other Ninth Circuit opinions where undue delay, coupled with some showing of prejudice, warranted denial of leave to amend. *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991) (Denial of leave to amend proper where litigant did not move to amend until "eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint." Plaintiff "waited until after discovery was over, just four and a half months before the trial date, before moving to amend its complaint." Defendant would be "unreasonably prejudiced by the addition of numerous new claims so close to trial."); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (fifteen month delay in moving to amend "would have unfairly imposed potentially high, additional litigation costs on [defendant] that could have easily been avoided had [plaintiff] pursued its 'tainted product' theory in its original complaint or reply"); *Jackson v. Bank of Hawaii*, 902 F.2d at 1387-88 (eight month delay in seeking leave to amend, coupled with finding of undue prejudice, warranted denial of leave to amend).

Here, in order to defeat DFEH's motion for leave to amend, LSAC must show that allowing Plaintiff to amend the complaint would be unduly prejudicial. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (In opposing a motion for leave to amend, "[t]he party opposing amendment bears the burden of showing prejudice."). As discussed below, LSAC fails to meet this burden.

C.     Undue Prejudice

Ninth Circuit case law indicates that prejudice may effectively be established by demonstrating that a motion to amend was made after the cutoff date for such motions, or when discovery had closed or was about to close. *See, e.g., Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of plaintiff's motion for leave to amend where proposed amendment would have added additional causes of action which would have required further discovery and discovery was set to close five days after motion to amend was filed); *Lockheed Martin Corp. v. Network Solutions, Inc*., 194 F.3d 980, 986 (9th Cir. 1999) (stating that

"[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the denial of leave to amend where the motion was made "on the eve of the discovery deadline" and "[a]llowing the motion would have required re-opening discovery, thus delaying the proceedings"). The burden of having to defend a new claim alone is not undue prejudice under Rule 15. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d at 186 ("[L]iberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. It is, however, subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice"); *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (Mere addition of new claims in motion for leave to amend insufficient to support denial under Rule 15); *Bertrand v. Sava*, 535 F. Supp. 1020, 1022 (S.D.N.Y. 1982), *rev'd on other grounds*, 684 F.2d 204 (2d Cir. 1982) (transforming individual action into class action does not, in and of itself, create prejudice).

The procedural posture of this case makes it unlikely that DFEH would suffer any substantial prejudice were the Court to grant Plaintiff's motion for leave to amend, even though DFEH could have brought its motion at a point closer to its filing of the initial complaint. The parties' own stipulated proposed deadline for seeking leave to file amended pleadings is still ten months away. *See* Joint Case Management Statement (Docket No. 77) and updated CMC Statement (Docket No. 92) § 5 ("The parties propose a deadline of December 13, 2013 for seeking leave to file amended pleadings, but do not preclude themselves from also seeking leave to amend later pursuant to Rule 15 of the Federal Rules of Civil Procedure."). *See Hofstetter v. Chase Home Finance, LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal. 2010) (no undue delay or undue prejudice where the motion to amend was filed well before the established deadline for pleading amendments.).

Additionally, the parties seek to keep fact discovery open until February 14, 2014, and expert discovery open until August 29, 2014. *See* Joint Case Management Statement and updated CMC Statement § 17. Given the fact that DFEH's motion comes at such an early point in this action, there is no basis for concluding that granting the motion would result in "[e]xpense, delay, and wear and tear on individuals and companies," and result in undue prejudice. *Kaplan v. Rose*, 49 F.3d 1363,

8

1370 (9th Cir. 1994). *Cf. M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (finding undue delay and prejudice in part because "a motion for summary judgment was pending and possible disposition of the case would be unduly delayed by granting the motion for leave to amend"). The posture of this case stands in stark contrast to those cases in which the amendment was sought either after or on the eve of the close of discovery.

Furthermore, the proposed First Amended Complaint would merely temporally extend "the group or class" covered by this action "to include present day test-takers [allegedly] harmed by LSAC." Pl.'s Mot. at 5. It would not "change the nature of the lawsuit, the claims asserted or the factual bases for the claims," nor would it "add any new causes of action or any new theories to the case." *Id*. Any expansion of DFEH's purported class may entail some additional discovery as to class members encompassed by the enlargement of the class, but on these facts it cannot be said that LSAC would encounter *undue* prejudice were the Court to grant Plaintiff's motion.

Nor should the proposed temporal enlargement of the class definition come as a complete surprise to the LSAC. At least fifteen of the verified complaints received by DFEH and served on LSAC included a statement that the complainant was making his or her complaint "on behalf of myself and all other disabled individuals who have been, are now, *or will in the future* be similarly aggrieved." Compl., Ex. A at 52-81 (emphasis added). On the basis of these complaints and DFEH's subsequent investigation into their merits, Plaintiff issued a "Notice of Class Action Complaint and Director's Complaint" to LSAC that defined the potentially affected class of complainants as "all disabled individuals in the State of California who have or will request an accommodation for the Law School Admission Test (LSAT), administered by the LSAC, and who have *or will be* unlawfully denied such request from January 19, 2009 *to the conclusion of the Department's investigation of this complaint*." Compl., Ex. A at 50 (emphasis added). The Notice stated that "[t]he Department will continue the investigation to determine the merits of these allegations." *Id*. Neither party has indicated that the Department's investigation has come to a conclusion. Thus, there has always been a forward looking component to DFEH's administrative complaint. Any claim of surprise and hence prejudice by LSAC is unpersuasive.

9

#### D. Futility

"Leave to amend need not be given" under Rule 15 if it would be futile to do so, such as "if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Here, Plaintiff's proposed amendment seeks to correct a deficiency in its initial complaint that, in its view, "leaves individuals harmed by LSAC's discriminatory practices after February 6, 2012 with no recourse in this case." Pl.'s Mot. at 4. LSAC does not explicitly argue that expanding the temporal scope of the class would be futile. It does argue, however, that Plaintiff's amendment would be improper "if DFEH were allowed to change its class allegations" by "expand[ing] the number of individuals in the putative class in a manner that is inconsistent with DFEH's statutory authority."[2] Def.'s Opp'n. Br. at 3. LSAC argues "[t]here is no indication in DFEH's motion papers that DFEH has investigated any administrative complaints against LSAC since February 6, 2012," or that it has complied with its "statutory obligation of conciliation" with respect to any new complaints as required by Cal. Gov't. Code § 12963.7. *Id*. at 5. Without having received additional administrative complaints, LSAC questions whether DFEH has an adequate "factual basis for the claims that it now wants to assert on behalf of individuals in the expanded class definition." *Id*. at 5. LSAC's argument is without merit.

California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't. Code § 12900, *et. seq.*, establishes the bounds of DFEH's statutory authority, including all requirements to exhaust administrative remedies prior to filing a civil suit. *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1121 (Cal. Ct. App. 1989). Pursuant to that authority, the Director of DFEH is authorized to file a class action complaint when "an unlawful practice alleged in a verified complaint adversely affects,

---

[2] LSAC states in its opposition that "[c]ertain provisions of the California Government Code relevant to DFEH were amended effective January 1, 2013, but none of the changes impact the current issue before the Court." Def.'s Opp'n. Br. at 3 n.1. The Court construes this statement as a waiver of any argument that could otherwise be raised against Plaintiff's motion based on these amendments to the Government Code.

10

in a similar manner, a group or class of persons of which the aggrieved person filing the complaint is a member, or where such an unlawful practice raises questions of law or fact which are common to such a group or class." Cal. Gov't. Code § 12961. As noted above, the record before this Court indicates that at least some of the initial verified complaints were made on behalf of an individual complainant "and all other disabled individuals who have been, are now, *or will in the future* be similarly aggrieved." *See e.g.* Verified Complaint of Nicholas E. Jones (Docket 87, Ex. 1) (emphasis added). DFEH's administrative accusation against LSAC, the "Notice of Class Action Complaint and Director's Complaint," defined the potentially affected class as temporally extending "*to the conclusion of the Department's investigation of this complaint*." Compl., Ex. A at 50 (emphasis added). LSAC has not cited any record evidence indicating that DFEH concluded its investigation on or before February 6, 2012, and DFEH's statement that "post-February 2012 investigations of LSAC's flagging and accommodations practices are ongoing" suggests quite the opposite. Pl.'s Reply Br. (Docket No. 98) at 2 n.2. Under FEHA, "[t]he scope of the written administrative charge defines the permissible scope of the subsequent civil action." *Rodriguez v. Airborne Express*, 265 F.3d 890, 897 (9th Cir. 2001) (citing *Yurick,* 209 Cal. App. 3d at 1121–23). Thus, LSAC has not shown that DFEH is without statutory authority to bring this action on behalf of the proposed enlarged class.

E.  Bad Faith

This Court has previously found that a motion to amend was taken in bad faith where, after the Court granted a defendant's motion for summary judgment, plaintiff moved to amend "as a last-ditch attempt to avoid the case being dismissed in its entirety." *Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011) *aff'd sub nom. Trans Video Electronics, Ltd. v. Sony Electronics Inc.*, 475 F. App'x 334 (Fed. Cir. 2012) *cert. denied,* 12-575, 2013 WL 57192 (U.S. Jan. 7, 2013). *Cf. Schlacter–Jones v. General Tel.*, 936 F.2d 435, 443 (9th Cir. 1991) (stating that "[a] motion for leave to amend is not a vehicle to circumvent summary judgment"), *overruled in part on other grounds by Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692 (9th Cir. 2001). There is no indication that DFEH's motion to amend has been brought in bad faith. Rather, Plaintiff's stated purpose is "expand[ing] the group or class to protect

present and future victims of discrimination," particularly in view of LSAC's recent lawsuit challenging a new provision of the California Education Code.  While the Court has found delay was not justified, there is no evidence DFEH delayed to gain a strategic advantage or otherwise acted in bad faith.

F.   Prior Amendments

Finally, the Court notes that its "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  *See also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) (refusing to allow plaintiff to file a fourth amended complaint where "[t]he factual bases of the claims were known to [plaintiff] long before" and the defendant would have been prejudiced).  This factor is plainly inapplicable to the instant motion since DFEH has made no previous effort to amend.

### IV.   CONCLUSION

"Absent prejudice, or a strong showing of any of the remaining [four] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d at 1052 (citing *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 245 (5th Cir. 1997)) (emphasis in original).  The Court finds, on balance, that the five factors weigh in favor of granting DFEH's motion for leave amend.  Thus, for the reasons stated above, "and in light of the strong public policy permitting amendment," *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993), the Court **GRANTS** DFEH's Motion for Leave to File a First Amended Complaint, and orders the proposed First Amended Group and Class Action Complaint (Docket No. 87, Ex. 1) to be deemed filed.

This Order disposes of Docket No. 87.

IT IS SO ORDERED.

Dated: February 6, 2013

_____
EDWARD M. CHEN
United States District Judge