JON M. ICHINAGA (#137290)
 Chief Counsel
R. SYBIL VILLANUEVA (#205399)
 Associate Chief Counsel
 Sybil.Villanueva@dfeh.ca.gov
PHOEBE P. LIU (#210829)
 Senior Staff Counsel
 Phoebe.liu@dfeh.ca.gov
MARI MAYEDA (#110947)
 Senior Staff Counsel
 Mari.mayeda@dfeh.ca.gov
DEPARTMENT OF FAIR EMPLOYMENT
 AND HOUSING
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758
Telephone: (213) 439-6799
Fax: (888) 382-5293

Attorneys for the DFEH
[Filing fee exempt, Gov. Code, § 6103]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California, <br><br> Plaintiff, <br><br> vs. <br><br> LAW SCHOOL ADMISSION COUNCIL, INC., a Delaware tax exempt corporation, <br><br> Defendant. | Case No. CV 12-1830-EMC <br><br> **FIRST AMENDED GROUP AND CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> [FEHA, Gov. Code, § 12900 et seq. and Unruh Civil Rights Act, Civ. Code, § 51 et seq.] |

-1-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

1

JOHN DOE, JANE DOE, PETER ROE,
2  RAYMOND BANKS, KEVIN COLLINS,
RODNEY DECOMO-SCHMITT, ANDREW
3  GROSSMAN, ELIZABETH HENNESSEY-
SEVERSON, OTILIA IOAN, ALEX JOHNSON,
4  NICHOLAS JONES, CAROLINE LEE,
ANDREW QUAN, STEPHEN SEMOS,
5  GAZELLE TALESHPOUR, KEVIN
VIELBAUM, AUSTIN WHITNEY, and all other
6  similarly situated individuals,

7                          Real Parties in Interest.

Jury Trial Demanded

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-2-

Plaintiff DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING (Department or DFEH) alleges the following against defendant LAW SCHOOL ADMISSION COUNCIL, INC. (LSAC), a Delaware tax exempt Corporation:

**PARTIES**

1.    DFEH is the state agency charged with enforcing the right of all Californians under the Unruh Civil Rights Act (Unruh Act) (Civ. Code, § 51 et seq.) "to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." (Civ. Code, § 51, subd. (a).) Government Code section 12948 makes a violation of the Unruh Act a violation of the Fair Housing and Employment Act (FEHA) (Gov. Code, § 12900 et seq.). The FEHA empowers the DFEH to investigate and prosecute Unruh Act claims within the state, including those that adversely affect, in a similar manner, a group or class. (Gov. Code, §§ 12961, 12965.)

2.    Each real party in interest, John Doe, Jane Doe, Peter Roe, Raymond Banks, Kevin Collins, Rodney Decomo-Schmitt, Andrew Grossman, Elizabeth Hennessey-Severson, Otilia Ioan, Alex Johnson, Nicholas Jones, Caroline Lee, Andrew Quan, Stephen Semos, Gazelle Taleshpour, Kevin Vielbaum, and Austin Whitney, applied to LSAC for reasonable accommodations on the Law School Admissions Test (LSAT) between January 19, 2009 and the present. Each real party was denied a reasonable accommodation, either in whole or in part, within this same time frame. At the time of applying for reasonable accommodations, each real party resided in California.

3.    Real parties in interest John Doe, Jane Doe, and Peter Roe wish to participate in this litigation anonymously. Each real party seeks to retain their privacy interest in the details of their disability and need for accommodation. Each of these real parties has expressed a legitimate fear of negative professional ramifications should their true names be associated with this litigation. A motion requesting the court's permission to proceed under fictitious names for these two real parties is filed concurrently with this complaint.

//

//

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

4.     At all times relevant to this complaint, LSAC was a business establishment as defined by Civil Code section 51, subdivision (b). LSAC offers and administers its LSAT at multiple locations in the State of California several times a year.

5.     The DFEH is informed and believes and thereon alleges that, at all times mentioned herein, each and every defendant is and was, in doing the things complained of herein, the agent or employee of their co-defendants herein and was acting within the scope of said agency, service, employment, or representation, and that each and every defendant herein is jointly and severally responsible and liable to the real party for the damages hereinafter alleged.

<u>GROUP ACTION ALLEGATIONS</u>

6.     The DFEH brings this case on behalf of a group of 17 named individuals.

<u>CLASS ACTION ALLEGATIONS</u>

7.     **Class Definition:** The DFEH also brings this case as a class action, on behalf of: *all disabled individuals in the State of California who requested a reasonable accommodation for the Law School Admission Test (LSAT) from January 19, 2009 to the present.* The DFEH alleges that everyone within this class was subjected to LSAC's unlawful policies of discouraging requests for accommodation, requiring excessive documentation, and requesting unlawful information about mitigation measures. Within this class is a subclass of people who took the LSAT with the condition of extended time and were thereafter subjected to discriminatory treatment and retaliation because of this accommodation. These two classes are defined as follows:

a.     <u>Unlawful Discouragement and Consideration of Mitigation Measures</u>: All disabled individuals in the State of California who requested a reasonable accommodation for the LSAT from January 19, 2009 to the present.

b.     <u>Differential Treatment and Retaliation Against Examinees Granted Extended Time</u>: All disabled individuals in the State of California who took the LSAT with the accommodation of extra time from January 19, 2009 to the present.

8.     **Class Representative:** The Director of the DFEH, with the assistance of the 17 named real parties in interest, will fairly and adequately represent the class. Government Code section 12961



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-4-

1  authorizes the Director to pursue this litigation as a class representative. Section 12961 authorizes the

2  DFEH to seek class relief without being certified as the class representative. Nonetheless, this lawsuit

3  meets the criteria for class certification.

4      9.   **Manageability**: Class treatment of this dispute would save time and money by

5  bringing all like claims before this court. For LSAC policies that affect a large group of applicants in

6  a similar fashion, such as subjecting applicants to unlawful inquiries and flagging certain scores,

7  treatment as a class is a superior method of adjudication, as compared to multiple individual suits

8  where each plaintiff would allege an identical harm. Class treatment would neatly aggregate these

9  claims, preventing duplicative litigation and potential inconsistencies in the ultimate findings.

10     10.   **Numerosity**: The class is estimated to include hundreds of LSAT applicants. It would

11  be impracticable to join each of these applicants who requested reasonable accommodation during the

12  three-year time frame and to bring them individually before the court for adjudication. The members

13  of this class are fully ascertainable and there exists a probability that the individual members will

14  ultimately be available to come forward to prove their separate damage-related claims to a portion of

15  the total class recovery, if any.

16     11.   **Commonality**: There exists for the class a well-defined community of interest such

17  that common questions of both law and fact predominate over individual interests or claims.

18     12.   **Typicality**: The class claims raised by the real parties in interest are typical of those

19  held by other members of the class. Each applicant for reasonable accommodation was subject to an

20  unlawful inquiry about mitigation measures, and each test-taker, who was granted extra time, had his

21  or her test score segregated and flagged.

22     13.   **Adequacy of Representation**: With the assistance of the real parties in interest, the

23  DEFH will fairly and adequately represent the interests of all members of the class in the adjudication

24  of their similar legal claims.

25                    <u>**JURISDICTION AND VENUE**</u>

26     14.   The DFEH realleges and incorporates by reference each and every allegation

27  contained in paragraphs 1 through 14, inclusive, as if fully set forth herein.

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

15.     This action arises under the FEHA, specifically Government Code section 12948, which incorporates the Unruh Act into the enforcement structure of the FEHA, giving the DFEH jurisdiction over Unruh Act violations occurring within the state. By virtue of its incorporation into the Unruh Act, a violation of the Americans with Disabilities Act of 1990 (ADA) (42 U.S.C. § 12101 et seq.) also constitutes a violation of the Unruh Act. (Civ. Code, § 51, subd. (f).)

16.     At all times relevant to this complaint, LSAC was a business establishment as defined by Civil Code section 51, subdivision (b). LSAC offers and administers its LSAT at multiple locations in the State of California several times a year.

17.     At all times relevant to this complaint, real parties in interest John Doe, Jane Doe, Peter Roe, Raymond Banks, Kevin Collins, Rodney Decomo-Schmitt, Andrew Grossman, Elizabeth Hennessey-Severson, Otilia Ioan, Alex Johnson, Nicholas Jones, Caroline Lee, Andrew Quan, Stephen Semos, Gazelle Taleshpour, Kevin Vielbaum, Austin Whitney, and all other similarly situated individuals, were "persons" within the meaning of Government Code section 12925, subdivision (d), and Civil Code section 51, subdivision (b).

18.     On May 9, 2010, Jane Doe filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied her full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A redacted copy of this complaint is attached hereto as Exhibit 1.

19.     On January 12, 2010, Nicholas Jones filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 2.

20.     After receiving the complaints of Jane Doe and Mr. Jones, and beginning an investigation into their allegations, the Department came to believe that LSAC's policies and practices toward disabled applicants requesting reasonable accommodation were affecting a larger group or class of applicants in a similar manner.



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-6-

1    21.    On July 22, 2010, the Department issued a document entitled "Notice of Class Action

2  Complaint and Director's Complaint" describing the affected group or class as "all disabled

3  individuals in the State of California who have or will request a reasonable accommodation for the

4  Law School Admission Test (LSAT), administered by the LSAC, and who have or will be unlawfully

5  denied such request from January 19, 2009 to the conclusion of the Department's investigation of this

6  complaint." A redacted copy of this complaint is attached hereto as Exhibit 3.

7    22.    During its investigation of the class action and Director's complaint, the DFEH

8  propounded administrative discovery to determine whether other people had been harmed by LSAC's

9  discriminatory practices within the state. The DFEH's efforts to obtain this information from

10  defendant included the filing of a superior court petition to compel LSAC to respond to its discovery

11  requests. Although Government Code section 12960, subdivision (d), provides that the DFEH has

12  one year from the date of the filing of its complaint until the filing of its accusation, this time is

13  extended by the pendency of a court action to enforce administrative discovery. (Gov. Code, §

14  12963.5, subd. (f).) Therefore, this action is timely filed.

15    23.    With the court's assistance, the DFEH was able to discover and notify other persons

16  who were harmed by defendant's discriminatory practices. Some of these people elected to file

17  individual complaints as follows.

18    24.    On August 29, 2011, Alex Johnson filed a verified complaint of discrimination in

19  writing with the Department pursuant to Government Code section 12960, alleging that LSAC

20  unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

21  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

22  4.

23    25.    On August 31, 2011, John Doe filed a verified complaint of discrimination in writing

24  with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully

25  denied him full and equal access to the LSAT within the preceding one year, in violation of the

26  FEHA and Unruh Act. A redacted copy of this complaint is attached hereto as Exhibit 5.

27

26.     On September 26, 2011, Elizabeth Hennessey-Severson filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied her full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act.  A true and correct copy of this complaint is attached hereto as Exhibit 6.

27.     On October 3, 2011, Caroline Lee filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied her full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act.  A true and correct copy of this complaint is attached hereto as Exhibit 7.

28.     On October 6, 2011, Raymond Banks filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 8.

29.     On October 7, 2011, Gazelle Taleshpour filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied her full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act.  A true and correct copy of this complaint is attached hereto as Exhibit 9.

30.     On October 11, 2011, Peter Roe filed a verified complaint of discrimination in writing with the Department pursuant to section Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act.  A redacted copy of this complaint is attached hereto as Exhibit 10.

31.     On October 11, 2011, Stephen Semos filed a verified complaint of discrimination in writing with the Department pursuant to section Government Code section12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-8-

1  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

2  11.

3      32.     On October 14, 2011, Rodney DeComo-Schmitt filed a verified complaint of

4  discrimination in writing with the Department pursuant to Government Code section 12960, alleging

5  that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year,

6  in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto

7  as Exhibit 12.

8      33.     On October 17, 2011, Andrew Grossman filed a verified complaint of discrimination

9  in writing with the Department pursuant to Government Code section 12960, alleging that LSAC

10  unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

11  of the FEHA and Unruh Act.  A true and correct copy of this complaint is attached hereto as Exhibit

12  13.

13     34.     On October 19, 2011, Kevin Collins filed a verified complaint of discrimination in

14  writing with the Department pursuant to Government Code section 12960, alleging that LSAC

15  unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

16  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

17  14.

18     35.     On October 24, 2011, Otilia Ioan filed a verified complaint of discrimination in

19  writing with the Department pursuant to Government Code section 12960, alleging that LSAC

20  unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

21  of the FEHA and Unruh Act.  A true and correct copy of this complaint is attached hereto as Exhibit

22  15.

23     36.     On October 28, 2011, Andrew Quan filed a verified complaint of discrimination in

24  writing with the Department pursuant to Government Code section 12960, alleging that LSAC

25  unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

26  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

27  16.

COURT PAPER
State of California
Std. 113 Rev. 2-95
FEAH Automated

37.     On October 28, 2011, Austin Whitney filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 17.

38.     On November 7, 2011, Kevin Vielbaum filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 18.

39.     On February 6, 2012, the DFEH issued a Group and Class Accusation before the California Fair Employment and Housing Commission (Commission), charging LSAC with violations of the Unruh Act. The Group and Class Accusation was properly served on LSAC by certified mail.

40.     On February 17, 2012, the DFEH issued a First Amended Group and Class Accusation before the Commission. This accusation was properly served on the LSAC by certified mail.

41.     Pursuant to Government Code section 12965, subdivision (c)(1), LSAC elected to have this dispute heard in civil court in lieu of a hearing before the Commission, and so notified the Department in writing, on or about February 22, 2012. A true and correct copy of "Respondent's Notice of Transfer of Proceedings to Court" is attached hereto as Exhibit 19.

42.     The Department has withdrawn its accusation and has timely filed this complaint pursuant to Government Code section 12965, subdivision (c)(2).

43.     The harm that is the subject of this complaint occurred throughout the State of California. Three of the real parties in interest lived in the County of Alameda at the time that they were denied full and equal accommodations in the testing process.

44.     The amount of damages sought by this complaint exceeds the minimum jurisdictional limits of this court.

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

# FACTUAL ALLEGATIONS

## The Law School Admissions Test (LSAT)

45.   The LSAT is a half-day, standardized test administered four times each year at designated testing centers throughout the State of California. It purports to provide a standard measure of acquired reading and verbal reasoning skills that law schools use to assess applicants.

46.   The test consists of five 35-minute sections of multiple-choice questions. A 35-minute writing sample is administered at the end of the test. Defendant does not score the writing sample, but sends it on to the law schools with the scores.

47.   The LSAT is designed to measure reading and comprehension skills, the ability to organize and manage information, and analytical skills such as evaluation and criticism.

48.   The three multiple-choice question types in the LSAT are labeled reading comprehension, analytical reasoning, and logical reasoning. All candidates take one additional multiple-choice section, which is experimental.

## LSAC Business within the State

49.   LSAC offers and administers its LSAT at multiple locations in the State of California four times a year, typically at law schools and universities. Applicants pay a test registration fee of $139 after creating an online account and filling out the online application form. Additional fees charged by LSAC include $68 for late registration, $35 to change the test date, and so on.

50.   LSAC pays local proctors to administer the exam on site. LSAC also pays for accommodations at the site, such as readers or scribes.

51.   LSAC offers a Credential Assembly Service to law schools and law school applicants, which streamlines the law school admission process by allowing transcripts, recommendations and evaluations to be sent one time to LSAC. LSAC, in turn, summarizes and combines a law school applicant's LSAT score, writing samples, transcripts, recommendations, and evaluations into a report to an applicant's prospective law schools. The Credential Assembly Service also includes access through an applicant's LSAC account to electronic applications for all ABA-approved law schools.

COURT PAPER
State of California
Std. 113 Rev. 3-95
FEAH Automated

1  Applicants are charged $124 to register for the Credential Assembly Service and $16 for law school

2  reports.

3       52.    LSAC provides a series of LSAT preparatory guides, manuals and compilations of

4  sample LSATs for purchase via its Web site, which materials range in price from $8 to $39.96. LSAC

5  also sells a guide to ABA-approved law schools for $26 and a skill readiness inventory for $29.95.

6  <u>The LSAC Accommodation Request Process</u>

7       53.    LSAC requires candidates requesting a reasonable accommodation to utilize its

8  standard forms and procedures. Applicants making an accommodation request for a so-called

9  cognitive or psychological impairment are required to provide psychoeducational/

10  neuropsychological testing and a full diagnostic report, including comprehensive aptitude and

11  achievement testing.

12       54.    LSAC requires each applicant to disclose whether he or she took prescribed

13  medication during the evaluation process and to provide an explanation for any failure or refusal to

14  take the medication.

15       55.    LSAC has a policy whereby examinees who complete the LSAT under a disability-

16  related accommodation involving additional test time receive a notation on their score report

17  indicating that their exam scores were earned under non-standard time conditions. When reporting

18  these LSAT scores to the law schools, defendant advises the schools that these examinees' scores

19  "should be interpreted with great sensitivity and flexibility."

20       56.    In addition, scores from tests taken under extended time conditions are not averaged

21  with other scores to produce a percentile ranking as are other test scores. Instead, extended time

22  scores are reported individually.

23  <u>**John Doe**</u>

24       57.    John Doe, a resident of Rancho Santa Fe (San Diego County), requested that

25  defendant make accommodations for the December 2010 LSAT at Saddleback College.

26       58.    Mr. Doe was diagnosed with attention deficit disorder (ADD) at age 13. In addition, in

27  2010 he became extremely ill with a bacterial infection and was hospitalized for approximately two

-12-



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
First Amended Group and Class Action Complaint for Damages and Injunctive Relief

1     months, spending several weeks in the Intensive Care Unit in a medically-induced coma. During this

2     illness he suffered a severe brain edema, which left him with residual neurological impairments.

3         59.     Mr. Doe requested time and a half (150 percent) on the multiple choice and writing

4     sections for the December 2010 LSAT.

5         60.     In support of his request, Mr. Doe submitted medical documentation verifying his

6     hospitalization, and a complete psychoeducational assessment, which reported multiple diagnoses:

7     ADD, a learning disability (spelling), and a "[r]ecent bacterial infection with sustained induced coma

8     and residual impairments."

9         61.     LSAC refused to grant Mr. Doe's requested accommodation and instead asked for "a

10     detailed explanation regarding the nature, severity, treatment, and extent of [his] disorder at the

11     present time and it [*sic*] impact on your ability to take the LSAT."

12         62.     Mr. Doe then submitted additional medical documentation indicating that he had

13     "suffered a serious illness and developed marked weaknesses and encephalopathy. He continues to

14     have fatigability and impaired concentration." His doctor recommended that Mr. Doe be granted

15     increased time to complete the LSAT.

16         63.     LSAC then demanded that Mr. Doe's psychologist provide "a current update of [his]

17     cognitive status" before making a decision on his accommodation request.

18         64.     Mr. Doe and his doctor disputed the need for an updated psychoeducational

19     assessment just three months after the first report was completed. His doctor responded, "I would

20     reiterate that Mr. Doe's intelligence is much as it was when he was originally seen (10/26/10) and

21     with IQ scores as noted in that report, all within the average range with the exception of Processing

22     Speed (4th percentile)."

23         65.     LSAC granted Mr. Doe nine additional minutes for the multiple choice and writing

24     sample sections (125 percent), with an additional 15 minutes of break time between sections three

25     and four, for the February and June 2011 LSAT.

26                                    **Jane Doe**

27

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-13-

66.     Jane Doe, a resident of Oakland (Alameda County), requested that defendant provide her with reasonable accommodations on each of two administrations of the LSAT examination, one in February 2010 and a second in June 2010.

67.     Ms. Doe has attention deficit disorder (ADD). Her condition makes it difficult to retain attention and focus, and significantly impairs her ability to conceptually organize and sequence abstract ideas.

68.     Ms. Doe requested that LSAC accommodate her with time and a half (150 percent) on the multiple choice and writing sample sections of the LSAT.

69.     In support of her request, Ms. Doe submitted medical documentation, verification that she had received the accommodation of time and a half (150 percent) as an undergraduate university student, and proof that she had received extended time (150 percent) on the Graduate Record Exam (GRE).

70.     On January 15, 2010, LSAC denied Ms. Doe's accommodation requests, explaining that her documentation did not demonstrate that she had a disability, which affected her ability to take the LSAT.

71.     Ms. Doe reapplied for accommodations on the June 2010 LSAT, requesting the same accommodation of time and a half (150 percent) on the multiple choice and writing sample sections.

72.     LSAC also denied this request. When Ms. Doe asked for an explanation for the denial, defendant replied in writing that it was "not obligated to provide accommodations that are not warranted or supported by the documentation."

### Peter Roe

73.     Peter Roe, a resident of San Jose (Santa Clara County), requested that defendant make accommodations for the September 2009 LSAT at California State University, East Bay.

74.     Mr. Roe has reading and math disorders, characterized by impaired auditory attention span and low visuomotor processing speed. These learning disorders substantially impact his ability to process written material, particularly under timed conditions.

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-14-

75.     Mr. Roe requested 20 extra minutes for the multiple choice sections and 30 extra minutes for the writing sample section of the LSAT. He also requested a reader and permission to use a computer dictation program.

76.     In support of his request, Mr. Roe submitted a neuropsychological evaluation documenting his learning disabilities.

77.     LSAC denied Mr. Roe any accommodation, noting that he had neglected to submit a "timed reading comprehension measure" in conformance with LSAC's guidelines, he had no history of educational accommodation, and his test results demonstrated an "average range of functioning."

78.     Mr. Roe requested reconsideration of LSAC's denial, submitting the results of an additional reading comprehension test that documented Mr. Roe's reading problems and recommended that he receive an accommodation of time and a half (150 percent).

79.     After reconsideration, LSAC stood by its previous decision to deny accommodation.

### Raymond Banks

80.     Raymond Banks, a resident of San Francisco (County of San Francisco), requested that defendant make accommodations for the February 2011 LSAT at San Francisco State University.

81.     Mr. Banks had a longstanding and severe injury to his shoulder muscle. As a result of this injury, Banks suffered from nerve damage, carpal tunnel syndrome, and chronic pain, all of which limited his ability to write.

82.     Mr. Banks requested five additional minutes to complete each multiple-choice test section of the LSAT, 10 additional minutes on the writing sample section, five-minute breaks between each test section, a large table to write on, and permission to wear a splint on his wrist.

83.     Real party Banks submitted medical documentation in support of his request, as well as proof that he had received accommodation as a student at the University of California, Berkeley for time and a half (150 percent) on all exams and quizzes.

84.     LSAC denied all of Mr. Banks' requests, other than permitting him to wear a hand splint "as a courtesy." When Mr. Banks asked LSAC for an explanation of the denial, LSAC



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-15-

1  responded in writing that "[t]he documentation provided did not support your request for the

2  additional accommodations you requested."

### Kevin Collins

3

4  85.    Kevin Collins, a resident of Woodland Hills (Los Angeles County), requested that

5  defendant make accommodations for the February 2011 LSAT at California State University,

6  Northridge.

7  86.    Mr. Collins suffers from two learning disorders: disorder of written expression and a

8  reading disorder. He has perceptual-organizational impairments, making it significantly more

9  difficult for him to process simple or routine visual material without making errors, as compared to

10  his peers.

11  87.    Collins requested the accommodations of double time on multiple choice and writing

12  sample sections of the LSAT, permission to use a computer and printer for the writing sample, and an

13  alternative, non-Scantron answer sheet.

14  88.    In support of his request, Collins submitted proof that he had received time and a half

15  (150 percent) on the GRE and for exams at Claremont Graduate University. He also submitted a full

16  psychoeducational assessment report as requested by LSAC's guidelines.

17  89.    Defendant's first response was to ask for additional information and inform Collins

18  that the deadline had passed for the February 2011 LSAT. Later, after Collins had submitted the

19  requested information and requested consideration for the June exam, defendant granted him the

20  accommodations of time and a half (150 percent) for the multiple choice and writing sample sections,

21  rather than the double time that he had requested. The rest of his requested accommodations was

22  granted.

23  90.    Collins asked LSAC to reconsider its decision to deny him double time. LSAC stood

24  by its previous decision that time and a half was appropriate.

### Rodney DeComo-Schmitt

25

26  91.    Rodney DeComo-Schmitt, a resident of Marin County, requested that defendant make

27  accommodations for the October 2010 LSAT offered at Sonoma State University.

COURT PAPER
State of California
Std. 113 Rev. 3-95
FESH Automated

92.  Mr. DeComo-Schmitt suffers from a reading disorder, causing a significant discrepancy between his verbal abilities and his visual-spatial abilities, especially under timed conditions.

93.  Mr. DeComo-Schmitt requested time and a half (150 percent) on the multiple-choice sections of the exam, extra rest and break time, and permission to use a computer for the writing sample.

94.  In support of his request, Mr. DeComo-Schmitt submitted a thorough psychoeducational assessment and proof that he had received time and a half (150 percent) on his SAT exam.

95.  LSAC at first refused to consider Mr. DeComo-Schmitt's request for reconsideration, asserting that it had been submitted past the deadline for the October 2010 exam. Later, LSAC denied any accommodation to Mr. DeComo-Schmitt for the December 2010 exam, asserting that the documentation he had submitted did not demonstrate a limitation of a major life activity which affected his ability to take the LSAT.

96.  Mr. DeComo-Schmitt requested reconsideration of LSAC's decision, submitting a letter from his psychologist contending that LSAC had misinterpreted the psychological testing.

97.  LSAC stood by its denial of accommodation, informing Mr. DeComo-Schmitt that he was registered for the December 2010 LSAT as a standard test taker.

**Andrew Grossman**

98.  Andrew Grossman, a Saratoga resident (Santa Clara County), requested that defendant make accommodations for the December 2010 LSAT offered at Santa Clara University.

99.  As a child, Andrew Grossman was in a car accident and suffered a traumatic brain injury, which significantly impacted his cognitive abilities, memory, and attention. At the time that he applied for the LSAT, Andrew Grossman had been diagnosed with a reading disorder and a learning disorder (weak short-term auditory memory).

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

100.     Andrew Grossman requested that defendant accommodate him by granting double time on the multiple choice and writing sample sections of the LSAT, and additional break and rest time.

101.     In support of his request, Andrew Grossman submitted a complete psychoeducational assessment documenting his disability and need for accommodation, copies of an Individualized Educational Plan (IEP) from his high school showing that he had received extended time on tests, and proof that he had received accommodation for the SAT.

102.     On October 18, 2012, LSAC notified Andrew Grossman that it would provide him with time and a half (150 percent) for the multiple choice and writing sample sections of the LSAT, instead of the double time that he had requested. LSAC did approve the extra rest and break time, explaining that it had fully considered the materials that Andrew Grossman had submitted, but "it is our judgment that the alternative accommodations you have been granted are appropriate and reasonable for your documented disability."

103.     With the assistance of his psychologist, Andrew Grossman asked LSAC to reconsider its decision to deny him double time. LSAC replied that it was too late to reconsider any decision related to the December 2010 test.

**Elizabeth Hennessey-Severson**

104.     Elizabeth Hennessey-Severson, a resident of San Francisco (San Francisco County), requested that defendant make accommodations for the June 2011 LSAT at University of California, Hastings College of the Law.

105.     Ms. Hennessey-Severson has reading, written expression and mathematics disorders, and ADHD. These conditions impair her working memory and her ability to plan, organize, and devote sustained attention to language-based tasks, particularly reading.

106.     Ms. Hennessey-Severson requested that LSAC accommodate her on the LSAT with a minimum of time and a half (150 percent) extra testing time, and by allowing her short breaks of 10 to 15 minutes between sections of the exam.

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

107.    In support of her request, Ms. Hennessey-Severson submitted psychoeducational assessment reports from 2002 and 2009. She also submitted proof that she had been accommodated with time and a half (150 percent) on the SAT, and while she was a student at Dartmouth College.

108.    Defendant denied all of Ms. Hennessey-Severson's requests for accommodation, contending that she scored in the "very superior" and "high average" range in her psychoeducational testing, and that her 2002 evaluation noted that she demonstrated a remarkable ability to compensate for her learning disabilities, such that she was able to take honors courses and play high school sports.

109.    Ms. Hennessey-Severson and her psychologist requested that LSAC reconsider its decision to deny accommodation. Her psychologist wrote: "It is my professional opinion based on all available evidence including comprehensive history, diagnostic interview, well established history of early diagnosis, remediation, and later accommodations throughout high school and college, that Ms. Hennessey has a standard learning disability that has a substantial impact on a major life function, namely, her ability to read, write, and calculate efficiently, and that extended time for formal testing is a reasonable accommodation for her disability."

110.    After reconsideration, LSAC stood by its prior decision to deny Ms. Hennessey-Severson any accommodation.

### Otilia Ioan

111.    Otilia Ioan, a resident of San Jose (Santa Clara County), requested accommodation for the December 2010 LSAT offered at Santa Clara University.

112.    Ms. Ioan is quadriplegic. She is paralyzed in all four limbs and is unable to physically write without using a brace.

113.    Ms. Ioan requested that LSAC provide her with double time on all sections of the test, an alternate answer sheet, the use of a scribe, and an additional break of 30 minutes between sections 3 and 4 of the test.

114.    In support of her request, Ms. Ioan submitted verification that she had received the accommodation of double time on tests while a student at De Anza College, and double time when taking the GRE.



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

115.    LSAC asked Ms. Ioan to submit additional information from her doctor before it could consider her request for accommodation. LSAC wrote: "Your evaluator needs to provide detailed information regarding the nature, extent, severity, and treatment of your disorder and its functional limitation on your ability to take the LSAT," defendant wrote.

116.    Ms. Ioan's doctor supplied the additional information that LSAC requested.

117.    Ms. Ioan wrote to LSAC requesting reconsideration of its decision to deny her double testing time. LSAC stood by its previous decision.

<u>Alex Johnson</u>

118.    Alex Johnson, a resident of Lake San Marcos (San Diego County), requested accommodations for the October 2010 LSAT offered at the University of Southern California.

119.    Mr. Johnson is quadriplegic. He is unable to write or turn pages because his fingers are paralyzed. He is unable to draw diagrams, underline text, or use a standard Scantron answer sheet.

120.    Mr. Johnson requested 15 minutes of extra break time between each section of the LSAT, and 120 additional minutes (more than triple time) on the multiple choice and writing sample sections.

121.    In support of his request, Mr. Johnson submitted medical documentation of his condition and need for accommodation, as well as verification from the University of Southern California that he had received double time on his exams while a student there.

122.    At first, LSAC refused to consider Mr. Johnson's accommodation request, because he was not registered to take the LSAT. Later, it granted Mr. Johnson time and a half (150 percent) on the multiple choice and writing sample sections, and 10 minutes of break time between each section. It agreed to provide Mr. Johnson with a scribe, and permitted him to use a computer for the writing sample.

123.    Mr. Johnson requested that LSAC reconsider his request for double time. His doctor wrote, "Double time is the least amount of time I should be allocated. It is also very hard to use a scribe because of time limitations."



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

1    124.    LSAC responded that it did not offer an untimed test, and that the documentation

2  submitted did not support Johnson's request.

3                        Nicholas Jones

4    125.    Nicholas Jones, a resident of Palm Desert (Riverside County), requested that

5  defendant provide him with an accommodation for the December 2009 LSAT offered at the

6  University of Laverne (Ontario).

7    126.    Mr. Jones suffers from two distinct eye conditions. First, he has amblyopia or "lazy

8  eye" in his left eye, which impairs his visual processing. Second, he has posterior vitreous

9  detachments in his right eye, meaning that he has persistent floaters or spots, which obstruct his field

10  of vision. These conditions together impair Mr. Jones' reading speed and ability.

11    127.    Mr. Jones requested time and a half (150 percent) on the multiple choice and writing

12  sample sections of the exam and five-minute breaks between each section.

13    128.    In support of his request, Mr. Jones submitted medical forms filled out by his doctor,

14  an eye specialist.

15    129.    LSAC refused to provide any accommodation to Mr. Jones, informing him that "[t]he

16  documentation provided did not reflect an impairment related to taking the Law School Admission

17  Test."

18    130.    Mr. Jones requested that LSAC reconsider its decision denying him accommodations,

19  and asked it to provide further explanation. Mr. Jones' doctor wrote a letter supporting his request for

20  reconsideration, asserting that Jones' eye condition "substantially limits him in at least one major life

21  activity, reading."

22    131.    After reconsideration, defendant stood by its prior decision to deny accommodation.

23

24

25

26

27



*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
First Amended Group and Class Action Complaint for Damages and Injunctive Relief

1

<u>Caroline Lee</u>

2     132.   Caroline Lee, a resident of Oakland (Alameda County), requested that defendant make

3   accommodations for the December 2010 LSAT offered in the City of Oakland.

4     133.   Ms. Lee suffers from ADHD and a reading disorder, causing her reading to be labored

5   and excessively slow, and impairing her short-term memory.

6     134.   Ms. Lee requested time and a half (150 percent) on the LSAT multiple choice and

7   writing sample, as well as extended breaks during the exam, a quiet testing environment, and the use

8   of a laptop to compose all written work.

9     135.   In support of her request, Ms. Lee submitted proof that she had received extended

10   testing time of 150 percent while a student at City College of San Francisco (CCSF) and that she had

11   taken the SAT and ACT with accommodations. She also submitted a psychoeducational assessment

12   that had been performed while she was a student at CCSF.

13     136.   LSAC replied in writing to Ms. Lee that she needed to submit additional

14   documentation in order for her request to be considered, asking for: "[t]esting results and a full

15   diagnostic report from a comprehensive up-to-date psychoeducational/neuropsychological assessment

16   that comply with the Law School Admissions Council, Inc. Guidelines for Documentation of

17   Cognitive Impairments."

18     137.   Ms. Lee then obtained and submitted a full psychoeducational evaluation in February

19   2011, which documented her ADHD and reading disorder. Her psychologist recommended that she

20   receive 150 percent extended time, as well as the other previously requested accommodations.

21     138.   LSAC then requested that Ms. Lee submit several additional documents and reports.

22   Ms. Lee did so.

23     139.   In April 2011, defendant denied all of Ms. Lee's requested accommodations,

24   informing her that: her performance on academic measures was commensurate with her ability,

25   negating a finding of impairment; her documentation failed to support the diagnosis of an attention

26   disorder; and her request for additional time on the writing sample was not considered because her

27   psychologist had not administered the right tests.

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-22-

140.    Ms. Lee requested that LSAC reconsider its denial of accommodation. This request was accompanied by a letter from her psychologist, who contended that LSAC had misinterpreted the psychoeducational assessment.

141.    After reconsideration, LSAC stood by its initial decision to deny accommodations.

### Andrew Quan

142.    Andrew Quan, a resident of Hayward (Alameda County), requested accommodation for the October 2011 LSAT offered at the University of California, Santa Cruz.

143.    Mr. Quan has ADHD, a visual-motor integration deficit with slow processing speed, hypotonia, and dysgraphia.

144.    Mr. Quan requested that LSAC provide him with the accommodations of double time on the multiple choice and writing sample portions of the exam, 10-minute breaks between each section of the test, and the use of a computer for the writing sample.

145.    In support of his request, Mr. Quan submitted to LSAC proof that he had been accommodated with the use of a computer on his ACT exams. He also submitted a 2008 psychoeducational assessment from high school, showing that Mr. Quan suffered from "significant deficits in visual-motor integration and fine motor skills." Included within that assessment was a 2008 IEP documenting dysgraphia, attention deficit, visual processing, and sensory motor skills disorders which qualified him for special educational services, the use of a laptop computer, a scribe, and extra examination time.

146.    LSAC requested that Mr. Quan provide further documentation to support his request, including "testing results and a full diagnostic report from a comprehensive up-to-date psychoeducational/neuropsychological assessment that comply with [LSAC Guidelines]."

147.    Mr. Quan contested LSAC's need for additional documentation, asserting that it was unnecessary, unaffordable, and burdensome.

148.    LSAC responded that if Mr. Quan wanted any accommodation in the future, he would need to submit "substantive documentation to support your request for your hypotonia/dysgraphia disorders."



*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
First Amended Group and Class Action Complaint for Damages and Injunctive Relief

### Stephen Semos

149.    Stephen Semos, a resident of Rancho Palos Verdes (Los Angeles County), requested that defendant make accommodations for the December 2010 LSAT at Whittier Law School (Costa Mesa).

150.    Mr. Semos has ADHD and dsygraphia, which significantly impair his reading, writing, organization, and general academic performance.

151.    Mr. Semos requested time and a half (150 percent) on both the multiple-choice and writing sample portions of the exam, additional break time of five to eight minutes.

152.    In support of his request, Mr. Semos submitted proof that he had received: accommodations on the SAT; an IEP from the Palos Verdes Peninsula Unified School District identifying Mr. Semos as learning disabled; a letter verifying that he had received accommodations while a student at the University of California, Irvine, of time and a half (150 percent) on tests; and a complete psychoeducational assessment by his doctor, a neuropsychologist.

153.    LSAC's first response was to ask Mr. Semos to provide additional documentation in order to consider his accommodation request, including a full report of two particular tests for cognitive disabilities, the Nelson-Denny Reading Test (NDRT) and the Conner's Continuous Performance Test-II. LSAC also informed Mr. Semos that the deadline for the December 2010 LSAT had passed, but that he could request accommodation for future exams.

154.    Mr. Semos then submitted his documentation for the February 2011 LSAT.

155.    In response, LSAC denied all of Mr. Semos' requests for accommodation on the basis that his test scores were generally commensurate with his abilities and thus did not demonstrate a learning disability.

156.    Mr. Semos' neuropsychologist requested that LSAC reconsider its denial. Mr. Semos' doctor wrote: "Your denial letter written to Mr. Semos selectively highlighted the above average scores and thereby masked the patterns of deficits in processing speed and fine motor speed noted in my neuropsychological report."

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&it Automated

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
First Amended Group and Class Action Complaint for Damages and Injunctive Relief

157.    LSAC responded that the letter from Mr. Semos' neuropsychologist had arrived too late to be considered for the February 2011 LSAT. LSAC wrote: "You remain registered to test as a standard test taker. No accommodations have been granted."

### Gazelle Taleshpour

158.    Gazelle Taleshpour, a resident of San Diego (San Diego County), requested that defendant make accommodations for the October 2010 LSAT offered at the University of San Diego.

159.    Ms. Taleshpour has ADHD. She also suffers from osteopenia (bone loss) and chronic pain in her neck and back as a result of treatment she had received for leukemia, a bone marrow transplant, radiation, and chemotherapy.

160.    Ms. Taleshpour requested that LSAC accommodate her with 30 extra minutes on the multiple choice and writing sample portions of the exam, breaks of two to five minutes every half hour so that she could stretch and alleviate pain, a high table, and a comfortable chair.

161.    In support of her request, Ms. Taleshpour submitted documentation from her treating medical doctor, her chiropractor, and her psychologist. She also provided LSAC with verification that she had received time and a half (150 percent) on all tests and exams while a student at the University of San Diego.

162.    LSAC requested that Ms. Taleshpour provide additional documentation in support of her accommodation request, including "[t]esting results and a full diagnostic report from a psychoeducational/neuropsychological assessment that comply with Guidelines for Documentation of Cognitive Impairments."

163.    Ms. Taleshpour obtained and submitted the additional documentation that LSAC requested. Her psychiatrist performed a full psychoeducational assessment, which diagnosed her with ADHD, a reading disorder, and a learning disability (dyslexia). Her psychiatrist supported Ms. Taleshpour's request for double time and other accommodations.

164.    LSAC only partially granted Ms. Taleshpour's request for accommodation, allowing her to sit or stand at a podium while taking the exam, and to bring a seat cushion or an adjustable chair.



COURT PAPER
State of California
Std. 113 Rev. 3/95
FE&H Automated

-25-

165.   Ms. Taleshpour then resubmitted a request for accommodation for the December 2010 LSAT: double time on multiple choice and writing sample; an alternate, non-Scantron answer sheet; use of a reader; an additional 15 minutes of rest time; and 15-minute breaks between sections.

166.   LSAC denied the request for additional accommodations beyond the two it had already granted, explaining to Ms. Taleshpour that her intelligence test scores were average and commensurate with her ability, meaning that no cognitive disability was apparent.

167.   Ms. Taleshpour requested that LSAC reconsider its denial of accommodation for extra time. Her psychologist supported the reconsideration request, contending that LSAC failed to recognize significant discrepancies in her reading speed and comprehension. "These significant difficulties provide psychometric evidence of the presence of a Learning Disability as described by the ADA," he wrote.

168.   LSAC stood by its prior decision to limit the accommodations made for Ms. Taleshpour: permission to sit or stand with a podium and to bring a seat cushion or an adjustable chair.

### Kevin Vielbaum

169.   Kevin Vielbaum, a resident of San Mateo (San Mateo County), requested that defendant make accommodations for him in taking the June 2011 LSAT at the University of California, Hastings College of the Law.

170.   Mr. Vielbaum has a reading disorder (dyslexia), characterized by a significant difficulties with perceptual reasoning, working memory, and cognitive processing speed.

171.   Mr. Vielbaum requested that defendant accommodate him with time and a half (150 percent) on the multiple choice section of the LSAT, double time on the writing sample, and permission to use a computer for the writing sample.

172.   In support of his request, Mr. Vielbaum submitted extensive records from his primary education at a special school for students with dyslexia, where he was granted accommodations of extended time and the use of a laptop and calculator.



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-26-

173.     LSAC granted Mr. Vielbaum only the accommodation of using a computer, printer and spell check for the writing sample. LSAC denied the accommodation of extra time, noting that Mr. Vielbaum had not requested accommodation on the SAT, and that he had scored well on the tests involved in his psychoeducational assessment. Defendant went on to explain that: "[y]our evaluator notes you have difficulties with logical reasoning. Inasmuch as the Law School Admission Test is designed to measure these skills, the accommodations requested (extended time on all examinations that involve the solving of logic problems), would not be appropriate."

### Austin Whitney

174.     Austin Whitney, a resident of Contra Costa County, first requested accommodations for the September 2009 LSAT offered at San Diego State University.

175.     Mr. Whitney is paraplegic due to a spinal cord injury in 2007.

176.     Mr. Whitney requested that defendant accommodate his disability with time and a half (150 percent) on the multiple choice and writing sample sections of the LSAT, and a wheelchair accessible testing location.

177.     In support of his request, Mr. Whitney submitted medical records pertaining to his 2007 injury, verification from the University of California at Berkeley that he had received time and a half (150 percent) for all exams and quizzes during his undergraduate studies, and a form filled out by his doctor indicating that, because of his injury and surgeries, he suffered from "severe chronic pain and radiating radicular nerve pain" for which Whitney took prescription medication that caused drowsiness.

178.     LSAC responded that Mr. Whitney's request for accommodation had been submitted too late for the September 2009 test, and therefore he was registered as a standard test taker.

179.     Mr. Whitney next requested accommodations for the June 2010 LSAT offered in Berkeley at the California Ballroom. This time he requested that LSAC accommodate him with five-minute breaks between sections, in addition to providing time and a half (150 percent) on the multiple choice and writing sample sections and a wheelchair accessible testing site.



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-27-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
First Amended Group and Class Action Complaint for Damages and Injunctive Relief

180.   In support of this request, Mr. Whitney submitted medical forms from four different doctors, each of whom supported his need for extra testing time. Dr. Larry Snyder explained: "Patient has significant fatigue due to medications taken for previous spinal injury - this will affect his performance in TIMED conditions." Dr. Carol Jessop wrote that, due to Mr. Whitney's spinal cord injury with chronic, nueropathic pain, he needed extra time to compensate for the effects of the pain medication which cause fatigue. Dr. Jessop explained: "This is a significant problem for Austin Whitney as he is taking medications . . . that cause him to be sleepy and fatigued. This drowsiness makes him slower in his response to test questions. If an exam has a time limit, he will definitely need extra time to complete it."

181.   LSAC then granted Mr. Whitney the extra break time that he requested, and agreed to provide a wheelchair accessible testing site, but denied his request for extra testing time. "If you choose to have your cognitive disorder (alluded to by Carol Jessop, MD) considered," defendant wrote, "you must provide a current psychoeducational/neuropsychological assessment or neuropsychological evaluation as per our Guidelines for Documentation of Cognitive Impairments."

182.   Mr. Whitney asked defendant to reconsider its decision to deny additional testing time, and three of his doctors wrote to LSAC in support of his request.

a.   Dr. Snyder wrote, "His pain and spacticity are a constant distraction and put him at a significant disadvantage as a test taker. In addition, the medication he is taking causes significant fatigue and makes it difficult to concentrate. The medication side effects do not impair cognition but can slow processing speed. For these reasons, he should be afforded extra time when taking this standardized test."

b.   Dr. Jessop wrote, "I would like to emphasize that the nature of Mr. Whitney's condition is physiological (pain issues) and NOT cognitive or due to a learning disorder. Our request for extra time on the exam is based solely on physiological effects of chronic, severe neuropathic pain, and the fatiguing side effects of pharmaceutical pain killers. Thus, because he doesn't have a learning disability, I feel strongly that neuropsychological or psychoeducational testing would be irrelevant in his case."



c.      Dr. Hedelman wrote, "Patient's significant impacts on concentration, reading, writing, ability to attend class is secondary to his unpredictable, severe neuropathic pain and the associated pain management medications. Patient does not have an underlying cognitive impairment requiring neuropsych[ological] testing."

183.    LSAC refused to reconsider its decision, responding: "We have no objective evidence to support Dr. Carol Jessop, MD's conclusion that your thought processes are not as fast as they could be without medication."

184.    In 2011, at LSAC's behest, Mr. Whitney was evaluated by a psychologist, who determined that he required double time on examinations due to the effect that his pain medication was having on his cognitive abilities.

185.    In response to a second accommodation request by Mr. Whitney with the psychologist's report as supporting documentation, LSAC awarded him 10 additional minutes on each section of the exam. LSAC provided no rationale for denying his request for double time.

### FIRST CLASS CAUSE OF ACTION

#### Unlawful Consideration of Mitigation Measures

#### (42 U.S.C. § 12102(4)(E)(1)(i)(I))

186.    The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 186, inclusive, as if fully set forth herein.

187.    The ADA, 42 U.S.C. § 12102(4)(E)(1)(i)(I), requires that "any determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as medication." The ADA is incorporated into the Unruh Act by Civil Code section 51, subdivision (f).

188.    By requiring applicants to take the medication prescribed for their disabilities while being evaluated for accommodations or explain their failure or refusal to do so, LSAC violates the rights of class members under the FEHA, Unruh Act, and ADA.



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

189.    As a direct result of the unlawful practices of defendants as alleged herein, class members have incurred out of pocket losses, including test registration fees and medical bills, in an amount to be proven at trial.

190.    As a further and direct result of the unlawful practices of defendants as alleged herein, class members have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial.

191.    Defendants have engaged in, and by their refusal to comply with the law, have demonstrated that they will continue to engage in, the pattern and practice of unlawful discrimination described herein unless and until they are enjoined, pursuant to the police power granted by Government Code sections 12920 and 12920.5, and pursuant to section 12974, from failing or refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until defendants are enjoined from failing or refusing to comply with the mandates of these laws, class members' right to full and equal access to places of public accommodation will continue to be violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and loss, which will continue until the court enjoins the complained of unlawful conduct and grants other affirmative relief as prayed for herein.

## SECOND CLASS CAUSE OF ACTION

### Failure to Ensure that Exam Measures Ability Rather than Disability

### (42 U.S.C. § 12189 and 28 C.F.R. § 36.309)

192.    The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 186, inclusive, as if fully set forth herein.

193.    The ADA requires that any person offering examinations related to post-secondary education or profession "shall offer such examinations or courses in a place and manner accessible to persons with disabilities." (42 U.S.C. § 12189.) Regulations interpreting this section impose an obligation on the entity offering such an examination that " [t]he examination is selected and administered so as to best ensure that, when the examination is administered to an individual with a disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-30-

the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual, or speaking skills." (28 C.F.R. § 36.309.)

194.   By adhering to a blanket policy of annotating scores taken under extended time conditions, defendant is communicating to law schools that it does not know whether or not the applicants' exam results accurately reflect aptitude or achievement. Therefore, LSAC is breaching its duty under the FEHA, Unruh Act, and ADA to ensure that the examination results accurately reflect the individual's aptitude or achievement level. (28 C.F.R. § 36.309(b)(1)(i).)

195.   As a direct result of the unlawful practices of defendants as alleged herein, class members have incurred out of pocket losses, including test registration fees and medical bills, in an amount to be proven at trial.

196.   As a further and direct result of the unlawful practices of defendants as alleged herein, class members have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial.

197.   Defendants have engaged in, and by their refusal to comply with the law, have demonstrated that they will continue to engage in, the pattern and practice of unlawful discrimination described herein unless and until they are enjoined, pursuant to the police power granted by Government Code sections 12920 and 12920.5, and pursuant to section 12974, from failing or refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until defendants are enjoined from failing or refusing to comply with the mandates of these laws, class members' right to full and equal access to places of public accommodation will continue to be violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and loss, which will continue until the court enjoins the complained of unlawful conduct and grants other affirmative relief as prayed for herein.



## THIRD CLASS CAUSE OF ACTION

### Coercion, Intimidation, Threats, or Interference with ADA Rights - Flagging

### (42 U.S.C. § 12203)

198.    The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 186, inclusive, as if fully set forth herein.

199.    The ADA makes it unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, any right granted or protected by this Act." (42 U.S.C. § 12203.)

200.    LSAC's policy of annotating tests scores administered under extended time conditions discourages applicants from seeking such an accommodation, and punishes those who receive it, in violation of the FEHA, Unruh Act, and ADA.

201.    As a direct result of the unlawful practices of defendants as alleged herein, class members have incurred out of pocket losses, including test registration fees and medical bills, in an amount to be proven at trial.

202.    As a further and direct result of the unlawful practices of defendants as alleged herein, class members have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial.

203.    Defendants have engaged in, and by their refusal to comply with the law, have demonstrated that they will continue to engage in, the pattern and practice of unlawful discrimination described herein unless and until they are enjoined, pursuant to the police power granted by Government Code sections 12920 and 12920.5, and pursuant to section 12974, from failing or refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until defendants are enjoined from failing or refusing to comply with the mandates of these laws, class members' right to full and equal access to places of public accommodation will continue to be violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and loss, which will continue until the court enjoins the complained of unlawful conduct and grants other affirmative relief as prayed for herein.

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&N Automated

-32-

## FOURTH CAUSE OF ACTION – REAL PARTIES IN INTEREST ONLY

### Denial of Reasonable Accommodation

### (42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(iv))

204.    The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 186, inclusive, as if fully set forth herein.

205.    The ADA requires that any person offering examinations related to post-secondary education or profession "shall offer such examinations or courses in a place and manner accessible to persons with disabilities." (42 U.S.C. § 12189.) As part of this duty to make an examination accessible, the regulations require that any documentation requested be "reasonable and limited to the need for the modification, accommodation, or auxiliary aid or service requested." (28 C.F.R. § 36.309(b)(1)(iv).)

206.    LSAC breached its duty to make the LSAT accessible to people with disabilities by requiring excessive amounts of documentation and denying a reasonable accommodation to each real party in interest, in violation of the FEHA, Unruh Act, and ADA.

207.    As a direct result of the unlawful practices of defendants as alleged herein, real parties have incurred out of pocket losses, including test registration fees and medical bills, in an amount to be proven at trial.

208.    As a further and direct result of the unlawful practices of defendants as alleged herein, real parties have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial.

209.    Defendants have engaged in, and by their refusal to comply with the law, have demonstrated that they will continue to engage in, the pattern and practice of unlawful discrimination described herein unless and until they are enjoined, pursuant to the police power granted by sections 12920 and 12920.5, and pursuant to section 12974, from failing or refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until defendants are enjoined from failing or refusing to comply with the mandates of these laws, class members' right to full and equal access to places of public accommodation will continue to be violated. Plaintiff lacks any plain,

-33-

1   speedy, adequate remedy at law to prevent such harm, injury and loss, which will continue until the

2   court enjoins the complained of unlawful conduct and grants other affirmative relief as prayed for

3   herein.

4   ## FIFTH CAUSE OF ACTION – REAL PARTIES IN INTEREST ONLY

5   ### Coercion, Intimidation, Threats, or Interference with ADA Rights

6   ### (42 U.S.C. § 12203)

7   210.    The DFEH realleges and incorporates by reference each and every allegation

8   contained in paragraphs 1 through 186, inclusive, as if fully set forth herein.

9   211.    The ADA makes it unlawful to "coerce, intimidate, threaten, or interfere with any

10  individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed,

11  any right granted or protected by this Act." (42 U.S.C. § 12203.)

12  212.    LSAC's policies and patterns of requiring unreasonable types and excessive amounts

13  of documentation to support each accommodation request violate the FEHA, Unruh Act, and the

14  ADA, by unlawfully coercing, intimidating, threatening, or interfering with real parties' exercise or

15  enjoyment of their right to reasonable accommodation on the LSAT.

16  213.    As a direct result of the unlawful practices of defendants as alleged herein, real parties

17  have incurred out of pocket losses, including test registration fees and medical bills, in an amount to

18  be proven at trial.

19  214.    As a further and direct result of the unlawful practices of defendants as alleged herein,

20  real parties have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and

21  loss of dignity and self-esteem, in an amount to be proven at trial.

22  215.    Defendants have engaged in, and by their refusal to comply with the law, have

23  demonstrated that they will continue to engage in, the pattern and practice of unlawful discrimination

24  described herein unless and until they are enjoined, pursuant to the police power granted by

25  Government Code sections 12920 and 12920.5, and pursuant to section 12974, from failing or

26  refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until

27  defendants are enjoined from failing or refusing to comply with the mandates of these laws, class



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

1    members' right to full and equal access to places of public accommodation will continue to be

2    violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and

3    loss, which will continue until the court enjoins the complained of unlawful conduct and grants other

4    affirmative relief as prayed for herein.

5                                    **PRAYER FOR RELIEF**

6         WHEREFORE, the DFEH prays that the court issue a judgment in favor of the DFEH, real

7    parties in interest, and members of the class, and order defendants to provide the following relief:

8                            **AS TO REAL PARTIES IN INTEREST**

9         216.   Provide free and accommodated testing at the next available testing date in each real

10   party's area, with accommodations as initially requested by that real party;

11        217.   Provide a letter to each real party explaining that their LSAT scores used for their law

12   school applications during the relevant period may not have provided accurate measures of their

13   acquired reading and verbal reasoning skills, because LSAC did not reasonably accommodate their

14   disabilities.

15                       **AS TO ALL MEMBERS OF THE CLASS,**
                   **INCLUDING THE REAL PARTIES IN INTEREST**
16

17        218.   Cease and desist from consideration of mitigation measures such as medication when

18   making a determination as to whether an applicant needs an accommodation.

19        219.   Cease and desist from specially annotating LSAT scores tests scores administered

20   under extended time conditions.

21        220.   Include all test scores in the percentile ranking process and provide a ranked percentile

22   to each test taker.

23        221.   Immediately undertake a validation study to determine if LSAC scores under

24   accommodation of extra time for cognitive disabilities are an equal measure of aptitude or

25   achievement as compared to non-accommodated scores.

26        222.   Reduce to a discrete and reasonable amount the documentation required to verify an

27   applicant's need for an accommodation, especially for so-called cognitive disabilities, consistent with

COURT PAPER
State of California
Stnd. 113 Rev. 3-95
FE&H Automated

1   the ADA's requirement that such documentation be "reasonable" and Congress' mandate that "the

2   question of whether an individual's impairment is a disability under the ADA should not demand

3   extensive analysis." (28 C.F.R. § 36.309(b)(1)(iv); 42 U.S.C. § 1201 [Pub. L. No. 110-325, § 2(b)(5)

4   (Sept. 25, 2008) 122 Stat. 3553].)

5       223.   Create a more streamlined and user-friendly process for considering reasonable

6   accommodation requests, that includes notice to applicants, within a reasonable period of time,

7   whether or not requested accommodations have been granted, and provides a fair process for timely

8   reconsideration of any denial of requested accommodations.

9       224.   Pay actual damages according to proof for each Unruh Act violation up to a maximum

10  of three times the actual damages but in no case less than $4,000 per violation.

11      225.   Provide written proof to the Department of the nature and extent of LSAC's

12  compliance with all requirements of the court's order within 100 days of its effective date; and,

13      226.   Provide such other relief as the Court deems to be just and proper.

14

15  Dated: March 15, 2012

16  Deem filed Feb. 6, 2013
17  per Court order
    (Doc. 103)

18
19
20
21
22
23
24
25
26
27

DEPARTMENT OF FAIR EMPLOYMENT
AND HOUSING

Jon M. Ichinaga
Chief Counsel

R. Sybil Villanueva
Associate Chief Counsel

Phoebe P. Liu
Senior Staff Counsel

Mari Mayeda
Senior Staff Counsel

By: /s/ _____
    R. Sybil Villanueva
    Attorneys for the Department



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-36-

# EXHIBIT 1

**\* \* \* PUBLIC ACCOMMO~~ \TION/RALPH/CIVIL CODE S~~ TIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # 0200910-Q-0003-00

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| CITY/STATE/ZIP | COUNTY  Alameda | COUNTY CODE  001 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
LAW SCHOOL ADMISSIONS COUNCIL

| ADDRESS  P.O. Box 8512 | | TELEPHONE NUMBER (INCLUDE AREA CODE)  (215) 968-1001 |
|---|---|---|
| CITY/STATE/ZIP  Newtown, PA 18940 | COUNTY  Accommodation only | COUNTY CODE  000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER  (SPECIFY)

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)   April 21, 2010

TYPE OF COMPLAINT
B

THE PARTICULARS ARE:

I.    On or about April 21, 2010, I was denied my reasonable accommodation request for 50% extra testing
time when taking my LSAT exam for the Law School Admissions Council which is located at P.O. Box
8512, Newtown, PA 18940.

II.   I believe I was denied my reasonable accommodation request for 50% extra testing time when taking
my LSAT exam which is necessary due to my disability (Attention Deficit Disorder) which is a violation
Government Code, Section 12948.  The Government Code incorporates Section 51 of the Civil Code.
My belief is based on the following:

A.    Corporate Council, Joan Van Tol, was aware of my disability and the granting of my
accommodation request for 50% additional testing time for a prior test date.  However, after I
requested an accommodation for 50% additional testing time for the June 6, 2010 exam, my
request was denied.

Typed and mailed for signature on May 4, 2010.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own
knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   X May 3, 2010

At   X Oakland
                City

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

SIGNATURE

RECEIVED
MAY 0 9 2010
DEPT OF FAIR EMPLOYMENT &
HOUSING-OAKLAND HOUSING UNIT

DATE FILED:

DFEH-300-02 (12/99)          Q:DS:bps
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFO

# EXHIBIT 2

**\* \* \* PUBLIC ACCOMMATION/RALPH/CIVIL CODE CTIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # E-200910-G-0012-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
Jones, Nicholas E. (Mr)

ADDRESS
73213 Catalina Way

TELEPHONE NUMBER (INCLUDE AREA CODE)
(760) 409-9103

CITY/STATE/ZIP
Palm Desert, ca 92260

COUNTY
Riverside

COUNTY CODE
065

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

ADDRESS
Post Office Box 8512

TELEPHONE NUMBER (INCLUDE AREA CODE)
215-968-1001

CITY/STATE/ZIP
Newton, PA 18940-8512

COUNTY
Out-of-State

COUNTY CODE
000

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)   December 5, 2009

TYPE OF COMPLAINT
B

THE PARTICULARS ARE:

I. On or about December 5, 2009 I was denied reasonable accommodation to take the LSAT test for the Law School Admissions Council.

II. On or about October 27, 2009 and November 9, 2009 I received notification my request for reasonable accommodation had been denied.

III. I believe I was denied reasonable accommodation because of my disabilities (Amblyopia/Posterior Vitreous Detachment) and because of my membership in a class of people who are disabled. This is a violation of Section 12948 of the Government Code. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about October 20, 2009 I requested a reasonable accommodation to take the LSAT test scheduled for December 5, 2009.

B. On or about October 27, 2009 I received notification the documentation I provided did not reflect an impairment related to taking the LSAT and I remained registered to test as a standard test taker.

C. On or about November 3, 2009 I requested reconsideration regarding my accommodation request by providing additional information requested by LSAC to justify my need for reasonable accommodation.

Pg. 1 of 2

# * * * PUBLIC ACCOMM    DATION/RALPH/CIVIL CODE    CTION 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U-200910-G-0012-00-p

COMPLAINANT
Jones, Nicholas E. (Mr.)

RESPONDENT
Law School Admissions Council, Inc. (LSAC)

THE PARTICULARS ARE:

D. On or about November 9, 2009 I received notification the additional documentation was reviewed and there was no change in their decision and my request for reasonable accommodation was denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals, who have been, are now, or will in the future be similarly aggrieved.

Pg. 2 of 2

RECEIVED

Typed and mailed for signature on January 11, 2010 JAN 2 1 2010

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true. DEPT. FAIR EMPLOYMENT &
HOUSING SAN JOSE

Dated  1/14/2010

At  PALM DESERT, CA
City

NICHOLAS E. JONES
COMPLAINANT'S SIGNATURE

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)         SJ-AL:eo
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: JAN 2 1 2010

STATE OF CALIFORNIA

# EXHIBIT 3

SUSAN SAYLOR (#154592)
  Acting Chief Counsel
ALEXANDRA SELDIN (#239708)
  Staff Counsel
DEPARTMENT OF FAIR EMPLOYMENT
  AND HOUSING
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758
Telephone No.: (619) 645-2575
Facsimile: (619) 645-3170

Attorneys for the Department

## BEFORE THE FAIR EMPLOYMENT AND HOUSING COMMISSION

## OF THE STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Complaint of<br>THE DEPARTMENT OF FAIR<br>EMPLOYMENT AND HOUSING,<br><br>vs.<br><br>LAW SCHOOL ADMISSION COUNCIL,<br>INC.,<br><br>                               Respondent,<br><br>HAMID MICHAEL HEJAZI; NICHOLAS E.<br>JONES; and ▉▉▉▉▉▉▉▉▉▉▉<br><br>                               Complainants. | Case Nos.   U-200910-G-0012-00-p<br>                     U-200910-G-0011-00-p<br>                     U-200910-Q0003-00<br><br>NOTICE OF CLASS ACTION<br>COMPLAINT AND DIRECTOR'S<br>COMPLAINT<br><br>(Gov. Code §§ 12960, 12961 and 12965,<br>subd. (a).) |

TO LAW SCHOOL ADMISSION COUNCIL, INC., 662 Penn Street, Box 40, Newton, Pennsylvania, 18940:

PLEASE TAKE NOTICE that pursuant to Government Code sections 12960 and 12961, the Director of the DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING (hereinafter "the Department") has determined that the cases listed below will be treated and proceed as a group or class complaint for all purposes, and the Director has issued the following Complaint of Discrimination on behalf of the group or class described below:

COURT PAPER
State of California
Std. 113 Rev. 3-95
E&H Automated

1      Case number U-200910-G-0011-00-p, filed by Complainant HAMID MICHAEL HEJAZI

2  against Respondent LAW SCHOOL ADMISSION COUNCIL, INC. on January 19, 2010.

3      Case number U-200910-G-0012-00-p, filed by Complainant NICHOLAS E. JONES against

4  Respondent LAW SCHOOL ADMISSION COUNCIL, INC. on January 21, 2010.

5      Case number U-200910-Q0003-00, filed by Complainant ████████████ against

6  Respondent LAW SCHOOL ADMISSION COUNCIL, INC. on May 9, 2010.

7      The Director's determination and issuance is based on the following:

8      1.    Complainants HAMID MICHAEL HEJAZI, NICHOLAS E. JONES and ████

9  ████ (hereinafter "Complainants") filed individual verified complaints in writing with the

10 Department on the dates herein indicated alleging that Respondent LAW SCHOOL ADMISSION

11 COUNCIL, INC. (hereinafter "LSAC") engaged in unlawful practices against them which were

12 discriminatory on the basis of disability, in violation of the Fair Employment and Housing Act

13 ("FEHA"), Government Code section 12900, *et. seq.* and the Unruh Civil Rights Act, Civil Code

14 section 51.

15     2.    The Department's investigation revealed that LSAC is a proper respondent for all

16 purposes in this matter.

17     3.    The group or class of which the Complainants are members is comprised of all

18 disabled individuals in the State of California who have or will request a reasonable

19 accommodation for the Law School Admission Test ("LSAT"), administered by the LSAC, and

20 who have or will be unlawfully denied such request from January 19, 2009 to the conclusion of the

21 Department's investigation of this complaint.

22     4.    There are common questions of law and fact involved which affect the parties to be

23 represented and those persons similarly situated in that during the course of the Department's

24 investigation the Complainants provided and the Department obtained information, which, if

25 proven, indicates that LSAC unlawfully denied or denies disabled individuals reasonable

26 accommodations for the LSAT. Respondent disputes some of these allegations. The Department

27 will continue the investigation to determine the merits of these allegations.

COURT PAPER
State of California
Std. 113 Rev. 3-95
E&H Autorized

1   5.   The nature of the group or class is such that proof of a single set of facts will

2   establish the right of each member of the group to recover.

3   6.   The Director will fairly and accurately represent the interests of the group or class.

4   7.   You may, but need not, respond to this notification in writing by submitting your

5   response to:

6   Alexandra Seldin
    Special Investigations Unit Administrator
7   Department of Fair Employment and Housing
    2218 Kausen Drive, Suite 100
8   Elk Grove, CA 95758

9

    DATED: July 22 , 2010
10

11                          DEPARTMENT OF FAIR EMPLOYMENT
                            AND HOUSING
12
                            PHYLLIS W. CHENG
13                          Director

14                          By:_____

15                          Phyllis W. Cheng

16

17

18

19

20

21

22

23

24

25

26

27

# EXHIBIT 4

## * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0007-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
JOHNSON, ALEX (MR.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 1447 La Linda Drive | 760-736-0119 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Marcos, CA  92078 | San Diego | 073 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LASC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOXES))
☐ RACE  ☐ SEX  ☒ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER: (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | •TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)   September 17, 2010 | Unruh |

THE PARTICULARS ARE:

I.   On or about 9/17/10 I was denied the reasonable accommodation needed to take the LSAT (Law School Admissions Test).

II.  No reason was given for partial denial of my reasonable accommodation and the granting of inadequate/ineffective accommodations.

III. I believe I was denied reasonable accommodation, which is necessary due to my disability (Quadriplegia), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

   A.  On or about 8/5/10 I advised the Accommodated Testing section of my medical need for accommodation in the form of using a computer for all sections of the test, 120 extra minutes on each section of the test, alternate to scantron answer sheet, use of amanuensis (to turn pages), additional rest period and breaks, .  I also provided supporting medical documentation to confirm the accommodations were medically necessary.

   B.  On or about 9/17/10 I was notified that part of my requested accommodation was being denied. The accommodations that were granted were inadequate and ineffective.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on August 23, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   8-26-11

_____
COMPLAINANT'S SIGNATURE

At   Lake San Marcos
          City

COMPLAINANT'S SIGNATURE (GUARDIAN AD LITEM)

DFEH-300-02 (12/99)          B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

RECEIVED
AUG 29 2011  STATE OF CALIFORNIA

DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 5

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0008-00-p

| COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual) | |
|---|---|
| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|  | XXX-XXX-XXXX |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
|  | San Diego | 073 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

| NAME(S) | |
|---|---|
| Law School Admissions Council, Inc. (LASC) | |
| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA   18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))

☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☒ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | | TYPE OF COMPLAINT |
|---|---|---|
| TOOK PLACE (month, day, and year)   October 31, 2010 | | Unruh |

THE PARTICULARS ARE:

I. On or about 10/31/2010 I was denied the reasonable accommodation of adequate additional time to take the LSAT (Law School Admissions Test) and adequate break periods.

II. No reason was given for partial denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation in the form of additional test taking time and break periods, which is necessary due to my disabilities (ADD [Attention Deficit Disorder], Lemierre's Syndrome with Brain edema resulting in brain processing speed impairment), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about early 10/2010 I advised the Accommodated Testing section of my medical need for additional test taking time and break periods. I also provided supporting medical documentation.

B. On or about 10/31/10 I was notified that my requested accommodation was being denied. I was granted in sufficient additional time to take test sections. I was not granted sufficient break period to administer vital medication.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on August 22, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief and as to those matters I believe it to be true.

Dated   8/26/2011

At   Rancho Santa Fe CA
City

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

RECEIVED
AUG 31 2011
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

DATE FILED:

DFEH-300-02 (12/99)        B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

EXHIBIT 6

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0013-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
HENNESSEY-SEVERSON, ELIZABETH (MS.)                    1-603-667-5459

ADDRESS                                               TELEPHONE NUMBER (INCLUDE AREA CODE)
1067 Oak Street                                       XXX-XXX-XXXX

CITY/STATE/ZIP                          COUNTY                    COUNTY CODE
San Francisco, CA 92101                 San Francisco            075

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

ADDRESS                                               TELEPHONE NUMBER (INCLUDE AREA CODE)
662 Penn Street                                       215-968-1001

CITY/STATE/ZIP                          COUNTY                    COUNTY CODE
Newtown, PA  18940                      Out of State             000

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])
☐ RACE    ☐ SEX    ☒ DISABILITY    ☐ RELIGION    ☐ NATIONAL ORIGIN/ANCESTRY    ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE    ☒ MARITAL STATUS ☐ OTHER (SPECIFY)

DATE MOST RECENT OR CONTINUING DISCRIMINATION                          TYPE OF COMPLAINT
TOOK PLACE (month, day, and year)  May 10, 2011                        Unruh

THE PARTICULARS ARE:

I.   From on or about 4/29/11 I was denied the reasonable accommodation of adequate additional time to
     take the LSAT (Law School Admissions Test).

II.  No reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation in the form of additional test taking time, which is
     necessary due to my disabilities (Anxiety, Processing Disorder, Learning Disorder, Attention Deficit-
     Hyperactivity Disorder [ADHD]), which is a violation of Government Code, Section 12948.  The
     Government Code incorporates Section 51 of the Civil Code.  My belief is based on the following:

     A.  On or about 4/27/11 I advised the Accommodated Testing section of my medical need for
         additional test taking time as well additional breaks in between test sections.  I also provided
         supporting medical documentation.

     B.  On or about 4/29/11 and again 5/10/11 I was notified that my requested accommodation was
         being denied.

IV.  I am making this complaint on behalf of myself and all other disabled individuals who have been, are
     now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 14, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own
knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   9/22/2011                        _____
                                              COMPLAINANT'S SIGNATURE

At    San Francisco                      _____
            City                         COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)     B:PND                                         RECEIVED
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING     DATE FILED:  SEP 26 2011
                                                                     STATE OF CALIFORNIA

# EXHIBIT 7

\* \* \* PUBLIC ACCOMM DATION/RALPH/CIVIL CODE ECTIONS 51.5 & 54 \* \* \*

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0018-00-p

COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual)
LEE, CAROLINE FAVROT (MS.)

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 676 Alcatraz Avenue | | 510-655-1758 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Oakland, CA  94609 | Alameda | 001 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 662 Penn Street | | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER. (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)  April 28, 2011 | Unruh |

THE PARTICULARS ARE:

I. From on or about 10/2010 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No adequate reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation, which is necessary due to my disabilities (Learning Disabilities & Processing Disabilities), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about 10/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

B. Most recently on or about 4/28/11 I was notified that my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 28, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  Sept 29 2011                          _____
                                              COMPLAINANT'S SIGNATURE

At  Oakland                                   _____
       City                                   COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

RECEIVED
OCT 03 2011

DFEH-300-02 (12/99)        B:PND              DATE FILED:
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                    STATE OF CALIFORNIA
                                              DEPT OF FAIR EMPLOYMENT & HOUSING
                                              BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 8

10/06/2011  05:19   5106429878          SLAS EDP                        PAGE  02/04

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0021-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
BANKS, RAYMOND (MR.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| P. O. Box 156661 | XXX-XXX-XXXX |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Francisco, CA  94115 | San Francisco | 075 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE  ☐ SEX  ☒ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER  (SPECIFY)

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)  January 31, 2011

TYPE OF COMPLAINT
Unruh

THE PARTICULARS ARE:

I. On or about January 2011 I was denied the reasonable accommodation of adequate additional time to
   take the LSAT (Law School Admissions Test).

II. No reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation in the form of additional test taking time, which is
   necessary due to my disabilities (Nerve and Muscle damage in left shoulder/arm),
   which is a violation of Government Code, Section 12948.  The Government Code incorporates Section
   51 of the Civil Code.  My belief is based on the following:

   A. On or about January 2011 I advised the Accommodated Testing section of my medical need for
      additional test taking time.  I also provided supporting medical documentation.

   B. On or about January 2011 I was notified that my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are
   now, or will in the future be similarly aggrieved.

Typed and mailed for signature on August 28, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own
knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  10/6/11                    _Raymond Banks_
                                  COMPLAINANT'S SIGNATURE

At  SAN FRANCISCO
       City                       COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)      B:PND        DATE FILED:
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

RECEIVED
OCT 0 6 2011
STATE OF CALIFORNIA
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 9

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH #   U 201112 H-0023-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
TALESHPOUR, GAZELLE (MS.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 6756 Bestwood Court | XXX-XXX-XXXX |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Diego, CA  92119 | San Diego | 073 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOXES)]
☐ RACE    ☐ SEX    ☒ DISABILITY    ☐ RELIGION    ☐ NATIONAL ORIGIN/ANCESTRY    ☐ SEXUAL ORIENTATION
☐ COLOR    ☐ AGE    ☐ MARITAL STATUS    ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)   December 6, 2010 | Unruh |

THE PARTICULARS ARE:

I.   Most recently on or about 12/6/10 I was denied the reasonable accommodation to take the LSAT (Law School Admissions Test).

II.   No adequate reason was given for denial of my reasonable accommodation.

III.   I believe I was denied reasonable accommodation in the form of additional test taking time, which is necessary due to my disabilities (Dyslexia, ADHD, Complications due to bone marrow transplant), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code.  My belief is based on the following:

A.   On or about 2008 and again starting in 7/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodations.  I also provided supporting medical documentation.

B.   Most recently on or about 12/6/10 I was notified that at least part of my requested accommodation was being denied.

IV.   I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 30, 2011. Corrected and re-mailed October 7, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   Oct 7th, 2011

_[signature]_
COMPLAINANT'S SIGNATURE

At _____
City

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DATE FILED:

RECEIVED
OCT 07 2011
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

DFEH-300-02 (12/99)    B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# EXHIBIT 10

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE      DFEH # _____
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

| ADDRESS ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | TELEPHONE NUMBER (INCLUDE AREA CODE) XXX-XXX-XXXX | |
|---|---|---|
| CITY/STATE/ZIP ▓▓▓▓▓▓ | COUNTY Out of State | COUNTY CODE 000 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS 662 Penn Street | TELEPHONE NUMBER (INCLUDE AREA CODE) 215-968-1001 | |
|---|---|---|
| CITY/STATE/ZIP Newtown, PA  18940 | COUNTY Out of State | COUNTY CODE 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])
☐ RACE    ☐ SEX    ☒ DISABILITY    ☐ RELIGION    ☐ NATIONAL ORIGIN/ANCESTRY    ☐ SEXUAL ORIENTATION
☐ COLOR    ☐ AGE    ☐ MARITAL STATUS    ☐ OTHER  (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)  October 21, 2010 | TYPE OF COMPLAINT Unruh |
|---|---|

THE PARTICULARS ARE:

I.   On or about 10/21/10 I was denied the reasonable accommodation to take the LSAT (Law School Admissions Test).

II.   The reason citd for denying my request for reasonable accommodation was that documentation did not support that my condition limited a major life activity.

III.   I believe I was denied reasonable accommodation, which is necessary due to my disabilities (Attention Deficit—Hyperactivity Disorder [ADHD] and Learning Disabilities), which is a violation of Government Code, Section 12948.  The Government Code incorporates Section 51 of the Civil Code.  My belief is based on the following:

     A.   On or about 8/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodations.  I also provided supporting medical documentation.

     B.   Most recently on or about 10/21/10 I was notified that my requested accommodations were being denied.

IV.   I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 27, 2011.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated _____02/ 27 /2011_____

At _____Scottsdale, AZ_____
       City

DFEH-300-02 (12/99)          B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM
DATE FILED: 9/29/11

RECEIVED
STATE OF CALIFORNIA
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

EXHIBIT 11

PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH #    U 201112 H-0025-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
SEMOS, STEPHEN (MR.)

ADDRESS
6512 Monero Drive

TELEPHONE NUMBER (INCLUDE AREA CODE)
310-544-2993

CITY/STATE/ZIP
Rancho Palos Verdes, CA  90275

COUNTY
Los Angeles

COUNTY CODE
037

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

ADDRESS
662 Penn Street

TELEPHONE NUMBER (INCLUDE AREA CODE)
215-968-1001

CITY/STATE/ZIP
Newtown, PA  18940

COUNTY
Out of State

COUNTY CODE
000

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)   February 28, 2011

TYPE OF COMPLAINT
Unruh

THE PARTICULARS ARE:

I. Most recently on or about February 2011 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No adequate reasons were given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation which is necessary due to my disabilities ((Epilepsy, ADD [Attention Deficit Disorder] and Gertsmann Syndrome), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about 2008, 11/2010 and 12/21/10 I advised the Accommodated Testing section of my medical need for accommodation. I also provided supporting medical documentation.

B. Most recently on or about February 2011 I was notified that my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 30, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   9-5-2011   10-5-2011     _Stephen Semos_
                         COMPLAINANT'S SIGNATURE

At                                      [RECEIVED stamp]
         City                   COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)     B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:             DEPT OF FAIR EMPLOYMENT & HOUSING STATE OF CALIFORNIA
                             BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 12

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0027-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
DECOMO-SCHMITT, RODNEY ALEXANDER

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 4579 Paradise Drive | | xxx-xxx-xxxx |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Tiburon, CA  94920 | Marin | 041 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:
NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 662 Penn Street | | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE  ☐ SEX  ☑ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)  October 25, 2010 | TYPE OF COMPLAINT Unruh |
|---|---|

THE PARTICULARS ARE:

I.   Most recently on or about 10/25/10 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II.  LSAC stated that the documentation submitted did not support that my condition limited a major life activity.

III. I believe I was denied reasonable accommodation in the form of additional test taking time, which is necessary due to my disabilities (Learning Disability—Reading Processing Problem), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A.  On or about 9/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

B.  Most recently on or about 10/25/10 I was notified that my requested accommodation was being denied.

IV.  I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 13, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  10·13·11                         _____
                                          COMPLAINANT'S SIGNATURE

At  Tiburon California                   _____
        City                              COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)       B:PND          DATE FILED:
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                    STATE OF CALIFORNIA

RECEIVED
SEP 14 2011
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 13

# \* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \*

U 201112 R-0028-00-p

COMPLAINT OF DISCRIMINATION UNDER THE          DFEH # _____
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

COMPLAINANT'S NAME(S) (indicate Mr. or Mrs., if individual)
GROSSMAN, ANDREW "ANDY" (MR.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 14780 Farwell Avenue | 408-741-5859 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Sratoga, CA  95070 | Santa Clara | 085 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY STATE ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE    ☐ SEX    ☒ DISABILITY    ☐ RELIGION    ☐ NATIONAL ORIGIN/ANCESTRY    ☐ SEXUAL ORIENTATION
☐ COLOR    ☐ AGE    ☐ MARITAL STATUS    ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)  November 30, 2010 | Unruh |

THE PARTICULARS ARE:

I. Most recently on or about 11/2010 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No reason was given for the partial denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation which is necessary due to my disabilities (Traumatic Brain Injury and Depression/Anxiety Disorder), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

    A. On or about 7/2010 or 8/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

    B. Most recently on or about 11/2010 I was notified that part of my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 10, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated ___10/13/11___          _Andy Grossman_
                               COMPLAINANT'S SIGNATURE

At ___Saratoga___               _Andy Grossman_
      City                      COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)          B;PND          DATE FILED
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                    STATE OF CALIFORNIA

RECEIVED
OCT 17 2011
DEPT OF FAIR EMPLOYMENT & HOUSING

# EXHIBIT 14

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # _____

`D 201112 H-0029-00-p`

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
COLLINS, KEVIN M. (MR.)

ADDRESS
23140 Victory Blvd.

TELEPHONE NUMBER (INCLUDE AREA CODE)
818-346-4200

CITY/STATE/ZIP
Woodland Hills, CA  91367

COUNTY
Los Angeles

COUNTY CODE
037

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

ADDRESS
662 Penn Street

TELEPHONE NUMBER (INCLUDE AREA CODE)
215-968-1001

CITY/STATE/ZIP
Newtown, PA  18940

COUNTY
Out of State

COUNTY CODE
000

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)   March 14, 2011

TYPE OF COMPLAINT
Unruh

THE PARTICULARS ARE:

I. On or about 1/18/11 and most recently on 3/14/11 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. The denial on 1/18/11 was allegedly due to insufficient documentation. No reason was given for the partial denial of my requested reasonable accommodation on 3/14/11.

III. I believe I was denied reasonable accommodation which is necessary due to my disabilities (Gifted Learning disability: Reading Disorder and Written Expression Disorder), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. Beginning on or about 12/10/10 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

B. On or about 1/18/11 I was notified that my requested accommodation was not being granted even thought I believe that all necessary supporting documentation had been submitted.

C. Most recently on 3/14/11 I was notified that part of my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 19, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  10/23/11

At  Los Angeles
      City

COMPLAINANT'S SIGNATURE

RECEIVED
OCT 27 2011

DATE FILED:

DEPT OF FAIR EMPLOYMENT & HOUSING OF CALIFORNIA
BAKERSFIELD DISTRICT OFFICE

DFEH-300-02 (12/99)        B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

# EXHIBIT 15

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # _____

U 201112 B-0031-00-p

**COMPLAINANT'S NAME(S)** (Indicate Mr. or Ms., if individual)
IOAN, OTILIA (MS.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 5305 Harwood Road | xxx-xxx-xxxx |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Jose, CA  95124 | Santa Clara | 085 |

**NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:**

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

**CAUSE OF DISCRIMINATION BASED ON** (CHECK APPROPRIATE BOX(ES))
☐ RACE    ☐ SEX    ☑ DISABILITY    ☐ RELIGION    ☐ NATIONAL ORIGIN/ANCESTRY    ☑ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE    ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   November 17, 2010 | TYPE OF COMPLAINT  Unruh |
|---|---|

THE PARTICULARS ARE:

I.   On or about 11/17/10 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II.   No reason was given for denial of my reasonable accommodation.

III.   I believe I was denied reasonable accommodation which is necessary due to my disability (Spinal Chord Injury--Quadriplegia), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

   A.   On or about 8/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

   B.   On or about 11/17/10 I was notified that part of my requested accommodation was being denied.

IV.   I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 27, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   10/26/11 _____     _Otilia_____ (signature)
                                      COMPLAINANT'S SIGNATURE

At   _San Jose_____         _Otilia_____ (signature)
        City                           COMPLAINANT'S SIGNATURE/GUARDIAN LITEM

RECEIVED

DATE FILED: _____

DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

STATE OF CALIFORNIA

DFEH-300-02 (12/99)      B:FND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

# EXHIBIT 16

* * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0032-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
QUAN, ANDREW (MR.)

ADDRESS
4023 Oak Manor Court

TELEPHONE NUMBER (INCLUDE AREA CODE)
XXX-XXX-XXXX

CITY/STATE/ZIP
Hayward, CA  94542

COUNTY
Alameda

COUNTY CODE
0001

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

ADDRESS
662 Penn Street

TELEPHONE NUMBER (INCLUDE AREA CODE)
215-968-1001

CITY/STATE/ZIP
Newtown, PA  18940

COUNTY
Out of State

COUNTY CODE
000

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE    ☐ SEX    ☒ DISABILITY    ☐ RELIGION    ☐ NATIONAL ORIGIN/ANCESTRY    ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE    ☐ MARITAL STATUS  ☐ OTHER (SPECIFY)

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)   September 13, 2011

TYPE OF COMPLAINT
Unruh

THE PARTICULARS ARE:

I.  Most recently on or about 9/13/11 I was denied reasonable accommodation to take the LSAT (Law
School Admissions Test).

II.  No reason was given for denial of my requested reasonable accommodations.

III.  I believe I was denied reasonable accommodation in the form of additional test taking time, which is
necessary due to my disabilities (Hypotonia, Dysgraphia, ADHD, Visual Processing Disorder, and back
injury), which is a violation of Government Code, Section 12948. The Government Code incorporates
Section 51 of the Civil Code.  My belief is based on the following:

A.  On or about 9/2011 I advised the Accommodated Testing section of my medical need for
reasonable accommodations.  I also provided supporting medical documentation.

B.  Most recently on or about 9/13/11 I was notified that my requested accommodations were being
denied.

IV.  I am making this complaint on behalf of myself and all other disabled individuals who have been, are
now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 7, 2011.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own
knowledge except as to matters stated on my information and belief, and as in those matters I believe it to be true.

Dated   10-26-2011

COMPLAINANT'S SIGNATURE

At _____
              City

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)        B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

RECEIVED
STATE OF CALIFORNIA
OCT 28 2011
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 17

\* \* \* PUBLIC ACCOMMO  TION/RALPH/CIVIL CODE S   TIONS 51.5 & 54 \* \* \*

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0035-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
WHITNEY, AUSTIN (MR.)

ADDRESS
1050 Miller Avenue

TELEPHONE NUMBER (INCLUDE AREA CODE)
XXX-XXX-XXXX

CITY/STATE/ZIP
Berkeley, CA  94708

COUNTY
Alameda

COUNTY CODE
001

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

ADDRESS
662 Penn Street

TELEPHONE NUMBER (INCLUDE AREA CODE)
215-968-1001

CITY/STATE/ZIP
Newtown, PA  18940

COUNTY
Out of State

COUNTY CODE
000

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)   September 21, 2011

TYPE OF COMPLAINT
Unruh

THE PARTICULARS ARE:

I.   On or about 9/21/11 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II.   No reason was given for denial of my reasonable accommodation.

III.   I believe I was denied reasonable accommodation in which is necessary due to my disabilities (Spinal Chord Injury—paraplegia, chronic/neuropathic pain), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

   A.   On or about 8/28/11 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

   B.   On or about 9/21/11 I was notified that part of my requested accommodation was being denied.

IV.   I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 28, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   11/5/11

At   Berkeley, CA
       City

COMPLAINANT'S SIGNATURE

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

RECEIVED
NOV - 7 2011
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

DFEH-300-02 (12/99)   B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

STATE OF CALIFORNIA

# EXHIBIT 18

**\* \* \* PUBLIC ACCOMMO....TION/RALPH/CIVIL CODE SF   TIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE                     DFEH #   U 201112 H-0033-00-p
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
VIELBAUM, KEVIN (MR.)

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 812 Foothill Drive | | XXX-XXX-XXXX |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| San Mateo, CA  94402 | San Mateo | 081 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 662 Penn Street | | 215-968-1001 |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☑ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY         ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)  May 12, 2011 | Unruh |

THE PARTICULARS ARE:

I.   Most recently on or about 5/12/11 I was denied reasonable accommodation to take the LSAT (Law
     School Admissions Test).

II.  No adequate reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation which is necessary due to my disabilities (Dyslexia—
     Learning Disabilities), which is a violation of Government Code, Section 12948.  The Government Code
     incorporates Section 51 of the Civil Code.  My belief is based on the following:

     A.  On or about March 2011 I advised the Accommodated Testing section of my medical need for
         reasonable accommodation.  I also provided supporting medical documentation.

     B.  On or about 4/28/11 my initial request for accommodation was denied in total.  Most recently on or
         about 5/12/11 I was notified that part of my requested accommodation was being denied.

IV.  I am making this complaint on behalf of myself and all other disabled individuals who have been, are
     now, or will in the future be similarly aggrieved.

Typed and mailed for signature on November 4, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own
knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  11/08/11                                                  _____
                                                                 COMPLAINANT'S SIGNATURE

At   San Mateo, CA                                              _____
         City                                                    COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)        B:PND                    DATE FILED:
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

# EXHIBIT 19

1  CASE NAME:    DFEH v. Law School Admission Council, Inc.
                 (Austin Whitney, et al., Complainants)
2

3  CASE NOS.:    U-201112-H-0021-00-p, U-201112-H-0008-00-p, U-201112-H-0029-00-p,
                 U-201112-H-0027-00-p, U-200910-Q-0003-00-p, U-201112-H-0018-00-p,
4                U-201112-H-0028-00-p, U-201112-H-0014-00-p,
                 U-201112-H-0013-00-p, U-201112-H-0031-00-p, U-201112-H-0007-00-p,
5                U-200910-G-0012-00-p, U-201112-H-0032-00-p, U-201112-H-0025-00-p,
                 U-201112-H-0023-00-p, U-201112-H-0033-00-p, and U-201112-H-0035-00-p
6

7        <u>RESPONDENT'S NOTICE OF TRANSFER OF PROCEEDINGS TO COURT</u>

8        I am a Respondent in this matter. I elect to transfer this proceeding to court in lieu of a

9  hearing before the Fair Employment and Housing Commission, pursuant to Government Code

10 section 12965, subdivision (c)(1).

11 Dated: 2-22-12

12                          _____
13                          Respondent's/Representative's Signature

14

15                          _____
                            Respondent(s) [Please print]
16
                            Julie Capell, Attorney for Law School
17                          _____   Admission Council, Inc.
                            Representative [Please print]
18
                            Address of Respondent, or if
19                          represented, address of Representative
                            Fulbright & Jaworski L.L.P.
20                          555 S. Flower Street, 41st floor
                            _____
21                          Street
                            Los Angeles, CA 90071
22                          _____
                            City        State      Zip
                            (213) 892-9200
23                          _____
                            Telephone number of Respondent, or if
24                          represented, telephone number of Representative

25

26

27

                                    -6-



COURT PAPER
State of California
Std. 113 Rev. 3-95
95 84% (Recycled)