1

2

3

4

5

6

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

8

9 THE DEPARTMENT OF FAIR EMPLOYMENT )
AND HOUSING,                        )
10        Plaintiff,                )
          v.                        ) No. CV 12-1830-EMC
11 LAW SCHOOL ADMISSION COUNCIL, INC., )
          Defendant.                )
12 JOHN DOE *et al.*, and all other similarly )
situated individuals,               )
13        Real Parties in Interest. )
14 THE UNITED STATES OF AMERICA,     )   **JOINT PRE-ADR**
          Plaintiff-Intervenor,     )   **DISCOVERY PLAN AND**
15        v.                        )   **PROPOSED ORDER[1]**
   LAW SCHOOL ADMISSION COUNCIL, INC. )
16        Defendant.                )
17 ANDREW QUAN, NICHOLAS JONES, and  )
   ELIZABETH HENNESSEY-SEVERSON,     )
18        Plaintiff-Intervenors,     )
          v.                        )
19 LAW SCHOOL ADMISSION COUNCIL, INC. )
          Defendant.                )

20

21

22

23

24

25

26 ───────────────────
[1] This joint pre-ADR discovery plan is submitted jointly by all the parties to this action.
27 Pursuant to Civ. LR 3-4(a), a complete list of the parties is contained on the signature page of
this document.

28

1

Pursuant to this Court's January 29, 2013 Order (Civil Minutes, January 30, 2013, ECF

2

No. 97), Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9 of the United States

3

District Court for the Northern District of California, and the Court's Standing Order regarding

4

the Contents of Joint Management Statement, Plaintiff California Department of Fair

5

Employment and Housing ("DFEH"), Plaintiff-Intervenor the United States, and individual

6

Plaintiff-Intervenors Andrew Quan, Nicholas Jones, and Elizabeth Hennessey-Severson,

7

(collectively "Plaintiffs" or "plaintiff parties"), and the Law School Admission Council, Inc.

8

("LSAC" or "Defendant") respectfully submit this pre-ADR discovery plan that the parties

9

propose to govern discovery solely for the purposes of alternative dispute resolution (ADR).

10

This pre-ADR discovery plan will not govern post-ADR litigation in this matter.  If ADR

11

does not fully resolve all the plaintiff parties' complaints such that any of the parties continue to

12

litigate any part of this matter after ADR is completed, the parties will jointly submit a

13

subsequent discovery plan to govern post-ADR litigation.  The parties agree that discovery

14

obtained for the purposes of ADR may be used for the post-ADR litigation of this matter.

15

Discovery requests propounded for the purposes of ADR will not be duplicated for purposes of

16

post-ADR litigation.

17

A.    Initial Disclosures: The parties exchanged initial disclosures on November 27,

18

2012.

19

B.    Subjects of ADR Discovery: The parties agree that discovery for the purposes of

20

ADR will be tailored and focused to those topics and those sources necessary for meaningful

21

22

participation in ADR and will pertain to the claims and defenses alleged by any of the parties.

23

The parties reserve all rights conferred by the Federal Rules or this Court to object to any

24

particular discovery request.

25

C.    Electronically Stored Information:  For the purposes of ADR, the parties agree

26

that the disclosure or discovery of electronically stored information (ESI) will be handled as set

27

28

forth in the accompanying discovery stipulation, titled "Parties' Stipulations Regarding Proposed

Order Regarding Discovery" (attached as Exhibit 1), except where specifically noted otherwise in this joint pre-ADR discovery plan.

D.    <u>Privilege Claims:</u> The parties agree that claims of privilege and protection of trial preparation material asserted after production will be handled as set forth in the accompanying discovery stipulation, titled "Parties' Stipulations Regarding Proposed Order Regarding Discovery" (attached as Exhibit 1).

E.    <u>Commencement and Completion of ADR Discovery:</u> Discovery for the purposes of ADR will commence upon the Court's entry of this Joint Pre-ADR Discovery Plan and the Parties' Stipulations Regarding Proposed Order Regarding Discovery (attached as Exhibit 1) or any other order directing the commencement of discovery.  Discovery for the purposes of ADR will be completed by June 14, 2013.

F.    <u>Cooperation:</u>  The plaintiff parties will coordinate ADR discovery efforts with one another to avoid duplication.  The plaintiff parties will designate one contact person per plaintiff party (i.e. one contact for DFEH, DOJ, and the Employment Law Center) for coordination of ADR discovery efforts with LSAC, and all parties will make a good faith effort to communicate in a timely and cooperative manner.

G.    <u>Protective Order:</u>  The parties are negotiating a protective order for this matter.

H.    <u>ADR Non-Expert Depositions</u>:  For the purposes of ADR, each side may take five non-expert depositions.  DFEH and the United States may take a combined total of five depositions.  The United States will have the option of taking any time remaining for each deponent deposed by DFEH and DFEH will have the option of taking any time remaining for each deponent deposed by the United States.  Each individual Plaintiff-Intervenor will have the option of taking one extra hour for each deponent deposed by DFEH or the United States.  LSAC may also take five depositions.  The depositions taken by the parties may include depositions

under Rule 30(b)(6).  A deposition noticed pursuant to Fed. R. Civ. P. 30(b)(6) will count as one

deposition taken by the noticing party, regardless of the number of individuals the entity named

in the deposition notice designates to testify on its behalf.  The parties agree that the ADR

depositions will focus on broader issues involving the policies and practices at issue in this

litigation, rather than any specific individual's alleged entitlement to accommodations on the

Law School Admission Test (LSAT).  Depositions taken under Rule 30(b)(6) for purposes of

ADR may be re-opened in post-ADR litigation.  No expert depositions will be taken for the

purposes of ADR.

      I.      <u>ADR Interrogatories</u>: For the purposes of ADR, each side may propound up to

twenty-six interrogatories as follows -

> a.    <u>Plaintiff Parties</u>: The plaintiff parties may submit a total of twenty-six
>
>        interrogatories directed to LSAC.
>
> b.    <u>LSAC</u>:  LSAC may submit a total of twenty-six interrogatories, directed to
>
>        DFEH and/or the United States as LSAC elects (for example, LSAC may
>
>        direct 8 interrogatories to DFEH and 12 interrogatories to the United
>
>        States).

      J.      <u>ADR Requests for Admission:</u> For the purposes of ADR, the parties agree that

plaintiff parties may submit a total of five requests for admission to LSAC and LSAC may

submit a total of five requests for admission to DFEH and/or the United States (e.g. two to

DFEH, three to the United States).

      K.      <u>ADR Requests for Production of Documents:</u> For the purposes of ADR, the

parties agree that requests for production of documents should be governed and conducted in

accordance with the Parties' Stipulations Regarding Proposed Order Regarding Discovery

(attached as Exhibit 1) and Rule 34, except where specifically noted otherwise in this joint pre-

mediation discovery plan.  The plaintiff parties will coordinate their requests for production of documents from LSAC, propounding them together under the same definitions.   The parties agree that there will be up to two rounds of document requests for purposes of ADR.

       L.      <u>Deadlines for Responding to ADR Discovery Requests and Producing ADR Discovery Materials:</u> The timelines and deadlines set out in the accompanying discovery stipulation, titled "Parties' Stipulations Regarding Proposed Order Regarding Discovery" (attached as Exhibit 1), shall not apply to ADR discovery.  In order to meet the condensed ADR timeframe, deadlines for responding to ADR discovery requests will be as follows:

           a.      <u>Search Term Process and Criteria</u> (The following will replace section 3)b in the Parties' Stipulations Regarding Proposed Order Regarding Discovery at section 3)b):

If an ESI search based on search terms is requested by the propounding Party at the time written requests for production of documents are served, within one week from service of a request for production of documents based on ESI search terms, the requesting and responding Parties agree to meet and confer regarding the responding Party's search of ESI, including the proposed search terms by the requesting Party, the responding Party's technological search capability, and the most effective means of defining search criteria (such as date ranges, custodians, key words, etc.).[2]  Within one week of when the Parties meet and confer, the responding Party shall propose a search process and criteria to the requesting Party.  The requesting Party will have one week to respond with any suggested changes to the search process and criteria.  Documents may be reviewed for privilege, confidentiality, redactions, and relevance or responsiveness prior to production.

---

[2] Plaintiffs will designate one representative per Plaintiff's counsel as the primary negotiator to meet and confer regarding LSAC's search process and criteria.

b.    <u>Privilege Logs</u> (For purposes of ADR discovery, the following sentence will replace the last sentence of section 8 in the Parties' Stipulations Regarding Proposed Order Regarding Discovery): Privilege logs shall be produced on the earlier of the following dates - within fourteen days of the document production to which they pertain or the close of ADR discovery.

c.    <u>Miscellaneous</u> (For purposes of ADR discovery, the following will replace section 18)d in the Parties' Stipulations Regarding Proposed Order Regarding Discovery):

Except where an ESI search based on search terms is requested by the propounding party, the parties will respond, and produce responsive documents, to discovery requests within twenty-one calendar days of receipt of the request.  The Parties agree to meet and confer in good faith to discuss the timeline for production if the producing Party cannot produce any requested documents or ESI within the twenty-one day response time.

i.    If an ESI search based on search terms is requested by a Party at the time written requests for production of documents are served, the meet and confer provisions of section L.a.<u>("Search Term Process and Criteria")</u> of this Joint Pre-Mediation Discovery Plan shall apply to the timeline for production of documents in response to the request for ESI based on search terms, and the producing party shall produce responsive documents within twenty-one calendar days of the parties' agreement on the search term process and criteria.

        ii.   Requests to extend the time period for any given production will state with particularity the reasons for the requested extension.

        iii.   The Parties agree to further meet and confer as needed throughout discovery to determine whether modifications should be made to the agreed-on timeline for production.

M.    <u>Supplementation:</u> The parties agree to supplement their disclosures and discovery responses in a timely manner pursuant to Rule 26(e).  The parties' obligations to supplement their ADR discovery responses will continue for any post-ADR litigation.

N.    <u>Service:</u>  The parties stipulate that all discovery requests and written discovery responses shall be served by electronic mail, to which means of service each party hereby consents.  For purposes of computing time, service of discovery requests by email shall be treated as if service was made by U.S. mail pursuant to Fed. R. Civ. P. 5(b)(2)(C).  Discovery requests shall be provided in MS Word format to facilitate responses.  For these purposes, email service on DFEH shall be directed to Sybil Villanueva (sybil.villanueva@dfeh.ca.gov), with a courtesy copy to Phoebe Liu (phoebe.liu@dfeh.ca.gov).  Email service on the United States shall be directed to Nabina Sinha (nabina.sinha@usdoj.gov), with a courtesy copy to Melanie Proctor (melanie.proctor@usdoj.gov).  Email service on the individual Plaintiff-Intervenors shall be directed to Claudia Center (CCenter@las-elc.org).  Email service on LSAC shall be directed to Bob Burgoyne (rburgoyne@fulbright.com), with a courtesy copy to Caroline Mew (cmew@fulbright.com).

DATED:  March 1, 2013                Respectfully submitted,

MELINDA HAAG                THOMAS E. PEREZ
United States Attorney             Assistant Attorney General
Northern District of California       Civil Rights Division

ALEX G. TSE                  EVE L. HILL
Assistant United States Attorney    Senior Counselor to the Assistant Attorney General
Chief, Civil Division              Civil Rights Division

                                GREGORY B. FRIEL

- 6 -

| | |
|---|---|
| 1 | Acting Chief |
| | ROBERTA KIRKENDALL |
| 2 | Special Legal Counsel |
| | KATHLEEN P. WOLFE |
| 3 | Special Litigation Counsel |
| | Disability Rights Section |
| 4 | Civil Rights Division |
| 5 | |
| 6 | /s/ Melanie L. Proctor                    /s/ Nabina Sinha |
| | MELANIE  L. PROCTOR                 NABINA SINHA |
| 7 | Assistant United States Attorney      Trial Attorney |
| | 450 Golden Gate Avenue, Box 36055   MEGAN E. SCHULLER, CSBN 281468 |
| 8 | San Francisco, California 94102       Trial Attorney |
| | Telephone: (415) 436-6730             Disability Rights Section |
| 9 | Facsimile: (415) 436-6478             Civil Rights Division |
| | Melanie.Proctor@usdoj.gov            U.S. Department of Justice |
| 10 | 950 Pennsylvania Avenue, N.W. - NYA |
| 11 | Washington, D.C. 20530 |
| | Telephone: (202) 307-0663 |
| 12 | Facsimile: (202) 305-9775 |
| | Nabina.Sinha@usdoj.gov |
| 13 | |
| 14 | Attorneys for the United States |
| 15 | |
| 16 | DEPARTMENT OF FAIR EMPLOYMENT |
| | AND HOUSING |
| 17 | /s/ R. Sybil Villanueva |
| | R. SYBIL VILLANUEVA[3] |
| 18 | Attorney for Plaintiff Department of Fair |
| | Employment and Housing |
| 19 | |
| 20 | The LEGAL AID SOCIETY - EMPLOYMENT |
| | LAW CENTER |
| 21 | /s/ Claudia Center |
| | CLAUDIA CENTER |
| 22 | Attorney for Plaintiff-Intervenors ANDREW |
| | QUAN, NICHOLAS JONES, |
| 23 | |
| 24 | FULBRIGHT & JAWORSKI L.L.P. |
| | /s/ Robert Burgoyne |
| 25 | ROBERT A. BURGOYNE |
| | Attorneys for Defendant Law School Admission |
| 26 | Council, Inc. |
| 27 | |
| 28 | |

---

[3] I, R. Sybil Villanueva, hereby attest that I gained the concurrence of all signatories whose signatures are represented by /s/ in the filing of this document.

1  **ORDER REGARDING JOINT PRE-MEDIATION DISCOVERY PLAN**

2

3       The Joint Pre-Mediation Discovery Plan and Proposed Order are hereby adopted by the

4  Court with respect to alternative dispute resolution for the case, and the parties are ordered to

5  comply with this Order.

6

7  Dated:_____3/5/13_____

8

9                                                                                dge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28