1

2

3

4

5

6

7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

8

9  THE DEPARTMENT OF FAIR EMPLOYMENT    )
   AND HOUSING,                          )
           Plaintiff,                    )

10                                         ) No. CV 12-1830-EMC
                                          )
11         v.                             )
                                          )
12  LAW SCHOOL ADMISSION COUNCIL, INC.,   )
           Defendant.                     )

13                                         )

14  JOHN DOE *et al.*, and all other similarly  )
    situated individuals,                 )
15         Real Parties in Interest.      )  **PARTIES' STIPULATIONS**
                                          )  **REGARDING**
16  THE UNITED STATES OF AMERICA,         )  **PROPOSED ORDER**
           Plaintiff-Intervenor,          )  **REGARDING DISCOVERY[1]**
17                                         )
                                          )
18         v.                             )
                                          )
19  LAW SCHOOL ADMISSION COUNCIL, INC.,   )
           Defendant.                     )

20                                         )

21  ANDREW QUAN, NICHOLAS JONES, and      )
    ELIZABETH HENNESSEY-SEVERSON,         )
           Plaintiff-Intervenors,         )
22                                         )
                                          )
23         v.                             )
                                          )
24  LAW SCHOOL ADMISSION COUNCIL, INC.,   )
           Defendant.                     )

25

26

27  ───────────────────
    [1] This stipulation and order is submitted jointly by all the parties to this action.  Pursuant to Civ.
    LR 3-4(a), a complete list of the parties is contained on the signature page of this document.

28

1

**PARTIES' STIPULATIONS REGARDING
PROPOSED ORDER REGARDING DISCOVERY**

2

3          Plaintiff California Department of Fair Employment and Housing ("DFEH"), Plaintiff-

4    Intervenor the United States, and individual Plaintiff-Intervenors Andrew Quan, Nicholas Jones,

5    and Elizabeth Hennessey-Severson, (collectively "Plaintiffs"), and the Law School Admission

6    Council, Inc. ("LSAC" or "Defendant") mutually seek to reduce the time, expense, and other

7    burdens of discovery of documents, things, and electronically stored information ("ESI") that are

8    within their possession, custody, or control.  Therefore, the Plaintiffs and Defendant (collectively

9    "Parties") are entering into this Stipulation to govern discovery obligations in this action[2] as a

10   supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of

11   Electronically Stored Information, U.S. District Judge Edward M. Chen's Civil Standing Order

12   on Discovery, and any other applicable orders and rules.  The Parties are aware of the importance

13   the Court places on cooperation and commit to cooperate in good faith throughout this action

14   consistent with this Court's Guidelines for the Discovery of ESI.

15          The Parties stipulate as follows:

16   1)     **Obligations to Preserve**

17          a.      Preservation of Documents, Things, and ESI.   All potentially relevant documents,

18   things, and ESI, other than those exempted from discovery in paragraph 5, created before or after

19   the date of entry of this Stipulation and Order, must be preserved in accordance with the Federal

20   Rules of Civil Procedure ("FRCP"), the Federal Rules of Evidence, this Court's Guidelines for

21   the Discovery of ESI, and the relevant controlling principles of law.

22          b.      "Draft Document(s)."  For the purposes of this litigation, the obligation to

23   preserve potentially relevant documents, things, and ESI extends to draft paper and electronic

24   documents, except as provided in paragraph 5.  A "draft" document (hereinafter "Draft

25   Document") for the purposes of this Stipulation and Order means a preliminary version of a

26   document that has been shared by the author with another person (by email, print, or otherwise).

27   _____

     [2] This stipulation and order is intended to govern the entirety of the action.  However, for
28   purposes of ADR discovery, certain deadlines and timelines contained herein will be adjusted to
     meet the condensed ADR timeframe, as specifically noted in the parties' Joint Pre-ADR
     Discovery Plan and Proposed Order, filed on March 1, 2013.

1  A Party need not preserve a document before and after every change, so long as Draft

2  Documents are preserved.

3        c.        Red-lined and Marked-up Documents.  For the purposes of this litigation, the

4  obligation to preserve potentially relevant documents, things, and ESI extends to red-lined or

5  marked-up electronic documents, except as provided in paragraph 5.  This obligation extends to

6  both Draft Documents and finalized documents for which a red-lined or marked-up version

7  exists.

8  2)        **Provisions for the Production of All Documents and ESI**

9        a.        Form of Production of Documents and ESI Produced Electronically.  Documents

10  and ESI produced electronically that can be accurately represented in black and white shall be

11  scanned or converted to single page Tagged Image File Format ("TIFF" or ".tiff format") files,

12  using CCITT Group IV compression.  All images shall be scanned or converted at 300 d.p.i. and

13  reflect, without visual degradation, the full and complete information contained on the original

14  document.   Photographs, color brochures, or other like documents that cannot be accurately

15  represented in black and white or documents that are primarily in color shall be scanned or

16  converted to JPEG files using a high quality setting.  For documents that exist as JPEG in their

17  native format, the native file with a Bates-numbered TIFF image placeholder sheet will be

18  provided.  The Parties will honor reasonable requests for either the production of the original

19  document for inspection and copying or production of any color image of the document, thing, or

20  ESI.  All images shall be saved in a directory named IMAGES or IMAGES_TEXT.  Native files

21  shall be saved in a directory named NATIVE with the proper Windows associated extension.

22        b.        Bates Numbering.  The Parties agree to produce all imaged documents with a

23  legible, unique page identifier ("Bates Number") electronically "burned" onto the image in the

24  lower right hand corner or at a location that does not obliterate, conceal, or interfere with any

25  information from the source document.  The Bates numbering convention shall be in the format

26  "XX########" where "XX" represents the short character abbreviation for the producing Party

27  and "########" represents the eight-digit sequential number of the page being produced by that

28  Party.  Documents produced by the Parties shall be abbreviated as follows: California

Department of Fair Employment and Housing = DFEH; United States = US; Quan, Jones, and Hennessey-Severson = QJH; Law School Admission Council, Inc. = LSAC.  For example, the first Bates labeled document produced by the United States should be labeled "US00000001." Images shall be named as the Bates Number.tif or Bates Number.jpg.  Native files shall be named as Bates Number.ext.

> c. <u>Production Media</u>.  The Parties agree that documents produced in electronic format will be produced on CD-ROM, DVD, or external hard drive (the "Production Media"), depending on the volume of the production, and agree to send all Production Media by courier, such as Federal Express or UPS. The following are points of contact for document production:

> > i. For DFEH:
> > R. Sybil Villanueva
> > Department of Fair Employment and Housing
> > 2218 Kausen Drive, Suite 100
> > Elk Grove, CA 95758

> > ii. For the United States:
> > Nabina Sinha
> > The U.S. Department of Justice
> > Civil Rights Division
> > Disability Rights Section
> > 1425 New York Avenue, N.W., 4th Floor
> > Washington, DC 20005

> > iii. For Quan, Jones, and Hennessey-Severson:
> > Claudia Center
> > The Legal Aid Society – Employment Law Center
> > 180 Montgomery Street, Suite 600
> > San Francisco, CA 94104

> > iv. For LSAC:
> > Caroline Mew
> > Fulbright & Jaworski L.L.P.
> > 801 Pennsylvania Avenue, N.W., 5th Floor
> > Washington, D.C. 20004

All Production Media must be free of viruses.  Each piece of Production Media shall identify a production number corresponding to the production "wave" and a number of the volume of material in the wave.  For example, if the first production wave by a Party comprises document images on three hard drives, the Party shall label each hard drive in the following manner in numeric sequence: "001.001"; "001.002"; "001.003."  If the second production comprises three

- 3 -

1   DVDs, the Party shall label each DVD in the following manner in numeric sequence:

2   "002.001"; 002.002"; "002.003."  Additional information that shall be identified on the physical

3   Production Media shall include: (1) the case number, (2) the producing Party's name, and (3) the

4   production date.  The type of materials on the media (*e.g.*, "Documents," "OCR Text," etc.) and

5   the Bates Number range(s) of the materials on the Production Media shall also be contained on

6   the Production Media, and where not practicable to do so may be provided in an accompanying

7   letter.

8           d.        Cross Reference File.  The Parties shall produce a "cross reference file" in

9   Concordance Opticon .log format, to accompany the produced images of documents produced

10  electronically.  The cross reference file shall list all images with the corresponding Bates

11  Numbers and path information for links between the images and, where appropriate, native files.

12  The cross reference file shall include information about where each document begins and ends,

13  to facilitate the use of the produced images through Concordance.  The Parties shall meet and

14  confer to the extent reasonably necessary to facilitate the import and use of the produced

15  materials with Concordance.

16          e.        Load File.  The Parties shall produce a "load file," containing the delimiters

17  specified in Attachment A for documents produced electronically.  The load file shall provide the

18  image cross reference file with Bates Numbers, relative path to images, and document break

19  indicators.  The load files shall be provided in a directory named DATA, in a Concordance

20  Opticon .log file format.  Do not include OCR/extracted text in the DAT file.

21          f.        OCR/Extracted Text.  The Parties will produce corresponding Optical Character

22  Recognition ("OCR") text files for all hard-copy documents produced electronically, and any

23  electronic documents that require redaction prior to production.  For documents that exist

24  natively in electronic format that have not been redacted and that are produced as images, the

25  Parties shall produce extracted text files reflecting the full text that has been electronically

26  extracted from the original, native electronic files.  The OCR and extracted text files shall be

27  produced in ASCII text format and shall be labeled and produced on Production Media in

28  accordance with the provisions of paragraph 2(c).  These text files will be named with the unique

- 4 -

1
2
3
4

Bates Number of the first page of the corresponding document followed by the extension ".txt." The OCR and extracted text files shall be produced in a manner suitable for importing the information into Concordance.  OCR and extracted text files shall be saved in a directory named TEXT.  All documents should have an accompanying text file even if zero size.

5
6

       g.      The meta data fields specified in Attachment A shall be provided in Concordance .dat format with standard delimiters.

7
8
9

       h.      <u>Protection of Discovery Materials</u>.  Any confidential, individually identifiable information contained in electronic and paper court filings will be redacted in accordance with FRCP 5.2, Local Rule 79-5, and any protective order entered in this matter.

10
11
12
13
14
15

       i.      The Parties will produce documents, things, and ESI on a rolling basis, when it is reasonable to do so, so as to provide each other with documents, things, and ESI as expediently as possible.  When a Party propounds discovery requests pursuant to FRCP 34, the Parties agree to phase the production of ESI, when reasonable to do so.  Following the initial production, the Parties will continue to prioritize the order of subsequent productions, as needed and to the extent practicable.

16

3)      **Electronically Stored Information**

17

       a.      <u>Format for Production of Electronic Documents:</u>

18
19
20
21

          i.      Email will be produced as image files and in their original native file with related searchable text and metadata (to the extent it exists) as described in Attachment A.  Emails shall be saved or converted to Outlook .MSG or processed HTML format as the native file format.

22
23
24
25
26

          ii.      All spreadsheets, *e.g.*, Excel or Quattropro, and PowerPoint presentations should be produced only in native format with related searchable text and metadata (to the extent it exists) as described in Attachment A.  Spreadsheets should not be imaged, but a placeholder image must be included to represent the spreadsheet.

27
28

          iii.      All other electronic documents not specifically discussed elsewhere will be produced as image files and in their original native files with related

searchable text and metadata (to the extent it exists) as described in
Attachment A.  If said documents in their original form cannot be
converted to TIFF (which will be the default image format unless the
document cannot be rendered as a TIFF image) as described above (*e.g.*,
video, audio, or other proprietary files), the Parties promptly will meet and
confer concerning the form of such production.

iv. Documents with children (*e.g.*, emails with attachments, archive files such
as zip, and files with embedded documents) shall be treated as separate
documents.  Each document (parent and child) shall have the same
attachment range as a way of identifying the group as specified in the
Attachment Range field of Attachment A.

v. In the event that a Party needs to redact a portion of a document for which
only a native file is otherwise produced, *e.g.*, Excel and PowerPoint, the
Parties will provide redacted TIFF images with a corresponding text file
instead of the native file.  The Parties agree to meet and confer if
production in this format limits the utility of the produced information.

vi. Any encryption or password protection of any file is to be removed or, if
that is not possible, the password(s) provided.  If software is required to
open encrypted files, the Party producing the encrypted files must provide
the software.  The Parties agree to meet and confer prior to production of
any information for which the password protection or encryption cannot
be removed or the password(s) provided.

vii. The Parties shall meet and confer regarding production of ESI contained
within a proprietary or specialized database.

viii. If particular documents warrant a different format than specified herein,
the Parties will cooperate to arrange for the mutually acceptable
production of such documents.  The Parties agree not to degrade the

- 6 -

1    searchability or utility of documents as part of the document production

2    process.

3    b.    <u>Search Term Process and Criteria</u>.  If an ESI search based on search terms is

4  requested by the propounding Party at the time written requests for production of documents are

5  served, within two weeks from service of a request for production of documents based on ESI

6  search terms, the requesting and responding Parties agree to meet and confer regarding the

7  responding Party's search of ESI, including the proposed search terms by the requesting Party,

8  the responding Party's technological search capability, and the most effective means of defining

9  search criteria (such as date ranges, custodians, key words, etc.).[3]  Within one week of when the

10  Parties meet and confer, the responding Party shall propose a search process and criteria to the

11  requesting Party.  The requesting Party will have one week to respond with any suggested

12  changes to the search process and criteria.  Thereafter, the Parties shall confer weekly until the

13  Parties agree to a search process and criteria.  Within forty-five days of when the Parties agree on

14  the search process and criteria, the producing Party shall produce to the requesting Party non-

15  privileged ESI located using the agreed-on search process and criteria.  Following the initial

16  production, the Parties will continue to prioritize the order of subsequent productions.  Requests

17  to extend the time period for any given production will state with particularity the reasons for the

18  requested extension.  The Parties agree to further meet and confer as needed throughout

19  discovery to determine whether modifications should be made to the agreed-on search process or

20  criteria.

21    i.    During the meet and confer for each phase of discovery, each requesting

22    and responding Party shall be provided with an opportunity to propose

23    additions or amendments to the proposed process and criteria and search

24    terms;

25

26  [3] The Plaintiffs will propound their first document requests jointly and, with respect to such
requests, Plaintiffs will designate one representative per Plaintiff's counsel as the primary
negotiator to meet and confer regarding LSAC's search process and criteria. With respect to any
27  subsequent document requests, Plaintiffs will again propound their requests under the same
definitions.  In the event that post-ADR discovery is necessary, the parties will meet and confer
28  regarding the procedure for subsequent requests for production of documents.

- 7 -

ii.     The Parties acknowledge that the agreement to the use of any search terms shall not be construed as a waiver of any Party's right to request subsequent searches and productions; particularly where there is a showing that the agreed-to search process and criteria or search terms have resulted in inadequate productions or failed to identify relevant materials. The Parties reserve their right to object to additional requests or subsequent searches as provided in FRCP 26; and

iii.    Documents may be reviewed for privilege, confidentiality, redactions, and relevance or responsiveness prior to production.

c.      Use of Deduplication Software:  Parties agree to use MD-5 hash values to deduplicate exact duplicate documents across custodians.  As noted in Attachment A, MD-5 hash values will be calculated at the time of collection or processing for all categories of ESI.

4)  **Production of Paper Documents**:

a.      Format for Production of Certain Paper Documents.  The Parties agree to produce hard-copy documents relating to the individuals specifically named in Plaintiffs' complaints as TIFF files with related OCR text.

b.      Document Unitization.  To the extent possible and on a going-forward basis, the Parties will endeavor to apply unitization practices consistent with the following description: Each page of a hard copy document produced electronically shall be scanned into an image and if a document is more than one page, the unitization of the document and any attachments shall be maintained as it existed in the original when creating the image file.  For documents that contain fixed notes, (*e.g.*, post-it notes), the pages will be scanned both with and without the notes and those pages will be treated as part of the same document.  The relationship of documents in a document collection (*e.g.*, cover letter and enclosures, email and attachments, binder containing multiple documents, or other documents where a parent-child relationship exists between the documents) shall be maintained through the scanning or conversion process. If more than one level of parent-child relationship exists, documents will be kept in order, but all will be treated as children of the initial parent document.  Such information shall be produced in

- 8 -

1   conformity with the Attachment Range field in Attachment A in a manner which enables the

2   parent-child relationship among documents in a document collection to be reconstituted by the

3   receiving Party in Concordance.

4   5)      **Preservation Not Required for Certain Documents, Things, and ESI**

5           a.      ESI:

6                   i.      The Parties have discussed their preservation obligations and needs and

7                           agree that preservation of potentially relevant ESI will be reasonable and

8                           proportionate.  To reduce the costs and burdens of preservation and to

9                           ensure proper ESI is preserved, the Parties agree that data from these

10                          sources could contain relevant information but, under the proportionality

11                          factors, the Parties need not preserve, continue to preserve, or provide a

12                          privilege log for the following categories of ESI:

13                          a.  Voicemail messages;

14                          b.  SMS messages or other text messages sent to or from a phone or other

15                              mobile communication system;

16                          c.  Electronic mail or "pin to pin" messages sent to or from a Personal

17                              Digital Assistant (*e.g.*, Blackberry Handheld), provided that a copy of

18                              electronic messages is saved in another reasonably accessible location;

19                          d.  Other electronic data stored on a Personal Digital Assistant, such as

20                              calendar or contact data or notes;

21                          e.  Logs of calls made to or from cellular phones;

22                          f.  Temporary or cache files, including internet history, web browser

23                              cache and cookie files, wherever located;

24                          g.  Server, system, or network logs;

25                          h.  Data from photocopiers or fax machines;

26                          i.  Autosaved copies of electronic documents; and

27                          j.  Delivery or read receipts of electronic mail.

28

CASE NO. CV 12-1830-EMC
PARTIES' STIPULATIONS REGARDING PROPOSED ORDER REGARDING DISCOVERY

1

2

3

        ii.     <u>Electronic Back-up Systems</u>.  Potentially relevant ESI, as that term is defined in Rule 26 of the FRCP, need not be preserved or described on a privilege log if:

4

5

6

7

        a.   It is stored in any electronic backup system for the purpose of system recovery or information restoration, including, but not limited to, system recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows; and

8

9

10

        b.   It is routinely purged, overwritten, or otherwise made not reasonably accessible in accordance with an established, documented, and routine system maintenance policy; and

11

        c.   It has been preserved on other, accessible electronic media.

12

    b.     <u>Documents Excluded from Preservation, Production, and Privilege Log</u>

13

14

15

16

<u>Requirements</u>.  The Parties agree that, for purposes of this litigation, the Parties need not preserve, produce, or create a privilege log for any documents, including Draft Documents as defined in paragraph 1(b) and Red-lined and Marked-up Documents as defined in paragraph 1(c), that were:

17

        i.     created by, and if exchanged, exchanged solely among –

18

        a.   attorneys or legal staff within DFEH, regarding this litigation;

19

20

        b.   attorneys or legal staff within the United States Department of Justice, regarding this litigation;

21

22

        c.   attorneys or legal staff within the Legal Aid Society of San Francisco – Employment Law Center ("LAS");

23

24

25

26

        d.   attorneys or legal staff of LAS and its clients in this case (the individual Plaintiff-Intervenors Andrew Quan, Nicholas Jones, and Elizabeth Hennessey-Severson) or other individuals seeking legal advice regarding this case;

27

28

        e.   attorneys or legal staff of Fulbright & Jaworski LLP;

1

2

    f. attorneys or legal staff of Fulbright & Jaworski LLP and LSAC

3

     personnel other than LSAC attorneys or legal staff, regarding travel

4

     logistics, litigation scheduling, and other similar administrative matters

5

     as the Parties may agree upon in writing;

6

    g. attorneys or legal staff of Fulbright & Jaworski L.L.P. and attorneys or

7

     legal staff of LSAC, regarding this litigation; or

8

    h. attorneys or legal staff of LSAC and other LSAC personnel, regarding

9

     travel logistics, litigation scheduling, and other similar administrative

10

     matters as the Parties may agree upon in writing;

11

  ii. created on or after June 14, 2012, by attorneys or legal staff of DFEH, the United

12

   States Department of Justice, or LAS, and exchanged solely among DFEH, the

13

   United States Department of Justice, and/or LAS.

Nothing in this section imposes upon any Party an obligation to preserve documents that the

Party is not otherwise obligated to preserve.

  c. <u>Trial-Preparation Protection for Communication Between a Party's Attorney and Expert Witness</u>.  Communications, including, but not limited to, draft, red-lined, and marked-up reports, between a Party's attorney and any witness required to provide a report under Rule 26(a)(2)(B) of the FRCP shall be protected from disclosure and shall not be produced in discovery regardless of the form of the communication, nor shall a privilege log be produced for such communications, except to the extent that the communications:

    i. Relate to compensation for the expert's study or testimony;

    ii. Identify facts or data that the Party's attorney provided and that the expert

     considered in forming the opinions to be expressed; or

    iii. Identify assumptions that the Party's attorney provided and that the expert

     relied on in forming opinions to be expressed.

Communications between a Party's attorney(s) and any non-testifying, litigation expert(s) shall be protected from disclosure and need not be preserved, and shall not be produced in discovery regardless of the form of the communication, nor shall a privilege log be produced for such

1    communications.  The Parties agree that this provision does not apply to LSAC consultants who

2    reviewed files of candidates in order to evaluate whether a candidate should receive testing

3    accommodations or consultants to Plaintiffs who reviewed complaint files prior to filing

4    Plaintiffs' complaints.

5            d.       No Discovery of Material Not Required To Be Preserved.  The Parties agree not

6    to seek discovery of documents, things, and ESI that need not be preserved pursuant to paragraph

7    5.  If any discovery request is susceptible to a construction that calls for the production of ESI

8    that need not be preserved pursuant to paragraph 5, such items need not be provided or identified

9    on a privilege log pursuant to Rule 26(b)(5) of the FRCP.

10   6)      **Other Preservation Obligations Not Affected**.  This Stipulation and Order in no way

11   modifies, amends, limits, or obviates any of the Parties' obligations to maintain and preserve

12   documents, things, and ESI where required by law or as a result of litigation or anticipated

13   litigation in this case or in any other matter except for the exemptions delineated in paragraph 5.

14   Also, nothing in this Stipulation and Order shall affect any other obligations of the Parties to

15   preserve documents, things, and ESI for other purposes, such as pursuant to court order,

16   administrative order, statute, or in response to other anticipated litigation.

17   7)      **Preservation Does Not Affect Discoverability or Claims of Privilege**.  The Parties

18   agree that by preserving documents, things, and ESI for the purpose of this litigation, they are

19   not conceding that such material is discoverable, nor are they waiving any claim of privilege.

20   Except as otherwise provided in paragraph 5, nothing in this Stipulation and Order shall alter the

21   responsibilities or obligations of the Parties to provide a privilege log for material withheld under

22   a claim of privilege.

23   8)      **Privilege Logs**. The Parties agree that for each document, thing, or ESI withheld based

24   on an asserted claim of privilege, the Party asserting the privilege must produce a privilege log

25   pursuant to Rule 26(b)(5)(A) of the FRCP, except as provided in paragraph 5.  The privilege log

26   must contain sequential numbering for each document, thing, or ESI identified, the Bates

27   Number (if applicable), the type of document or ESI, whether the document or ESI contains any

28   attachments, the date, authors, recipients, copyees, privilege(s) claimed, the title of the document

1 | or ESI, the subject of the document or ESI, and the basis for the claimed privileges or protections

2 | with information sufficient to establish the elements of each asserted privilege.  Attachments to

3 | email (including emails that are attached to another email) should be identified as attachments

4 | and separately logged.  Privilege logs shall be produced within twenty-one days of the document

5 | production to which they pertain.

6 | 9)    **Existing Retention Policy**.  Notwithstanding subparagraph 5(a), if on the date of this

7 | Stipulation and Order, any Party that has a policy established by that Party's official decision-

8 | making authority responsible for the retention of documents, things, and ESI that results in the

9 | routine preservation of any of the categories of information identified in paragraph 5(a), such

10 | Party may continue to preserve such information in accordance with its policy.  However, the

11 | Parties shall have no obligation, in response to discovery requests, to identify, collect, produce,

12 | or create privilege logs for documents, things, or ESI covered by paragraph 5(a).

13 | 10)    **Sanctions**.  No Party shall seek sanctions pursuant to the FRCP, the contempt powers of

14 | the Court, or any other authority, against another Party for the failure to preserve documents,

15 | things, or ESI that is not required to be maintained pursuant to paragraph 5.

16 | 11)    **Inadvertent Production of Documents**:

17 | a.    Pursuant to Fed. R. Evid. 502(d), the Parties agree that a disclosure of

18 | communications, documents, things, and ESI covered by the attorney-client privilege, work

19 | product protection, or governmental privileges, whether inadvertent or otherwise, does not

20 | operate as a waiver of privilege or protection from discovery in this proceeding or in any other

21 | federal or state proceeding, if the holder of the privilege or protection took reasonably prompt

22 | measures, once the holder knew or should have known of the disclosure, to rectify the error.

23 | b.    If information produced in discovery is subject to a claim of privilege or

24 | protection, the Party making the claim may notify any Party that received the information of the

25 | claim and the basis for it.  After being notified, a Party must make prompt and reasonable efforts

26 | to return, sequester, or destroy the specified information and any accessible copies it has; must

27 | not use or disclose the information until the claim is resolved; and must take prompt and

28 | reasonable steps to retrieve the information if the Party disclosed it before being notified.  The

receiving Party may challenge any claim of privilege and/or inadvertence made by the producing

Party, and the Parties agree that any disputes with respect to this provision should be governed

and conducted in accordance with Judge Chen's Standing Order on Discovery.

12)    **Sample Production**.  On or before fourteen days following the Effective Date of this

Stipulation and Order (as defined in paragraph 18, below), the Parties shall exchange a sample

production of documents formatted to be consistent with this Stipulation and Order.  The sample

production shall contain a combination of scanned paper files and ESI, and shall include at least

one spreadsheet and one email.  The production need not be relevant to this case, as it is intended

only to test the adequacy of the specifications in this Stipulation and Order and the compatibility

of the Parties' systems.  If any Party reports problems with the sample productions, the Parties

shall confer regarding the terms of this Stipulation and Order.

13)    **Duty to Supplement Discovery Responses**.  Parties must supplement their disclosures in

a timely manner, if the Party learns that the disclosure was materially incorrect or incomplete.

Supplementation must be made at appropriate intervals during discovery and with special

promptness as the trial date approaches.

14)    **Costs of Document Production**.  Each Party shall bear the costs of producing its own

documents, things, and ESI; provided, however, that the parties do not waive their right to seek

limitations on the extent of discovery by motion to the Court per FRCP 26.

15)    **Third-Party Discovery With Respect to Individuals Named in the Plaintiffs'
Complaints**.

Plaintiffs and LSAC will coordinate to obtain appropriate releases in a timely manner

from the individuals named in Plaintiffs' respective complaints to facilitate third-party discovery.

16)    **Requirement to Confer**.   Before filing any motion regarding the terms of this

Stipulation and Order, compliance with this Stipulation and Order, or other discovery dispute,

the Parties will confer in a good faith attempt to resolve such disputes.

17)    **Liaisons**.  The Parties will identify liaisons to each other who are and will be

knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery

liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-

discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter.  The Parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

18)     **Miscellaneous**:

a.      The Stipulation may be executed in counterparts.

b.      The Effective Date of this Stipulation shall be the date on which the Court enters the Stipulation.

c.      This Stipulation may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

d.      Except where expressly noted, none of the meet and confer provisions of this Stipulation shall be construed to extend the time within which a Party must respond to a discovery request; rather, such time frames shall be governed by the FRCP.  The Parties agree to meet and confer in good faith to discuss the timeline for production if the producing Party cannot produce any requested documents or ESI within the thirty day response time provided under FRCP 34.

i.    If an ESI search based on search terms is requested by a Party at the time written requests for production of documents are served, the meet and confer provisions of section 3)b ("Search Term Process and Criteria") of this Stipulation and Order shall apply to the timeline for production of documents in response to the request for ESI based on search terms.

ii.   Requests to extend the time period for any given production will state with particularity the reasons for the requested extension.

iii.  The Parties agree to further meet and confer as needed throughout discovery to determine whether modifications should be made to the agreed-on timeline for production.

e.      The terms of this Stipulation and Order are not exhaustive.  Each Party reserves the right to subsequently request a meet and confer to address any matters concerning discovery in this litigation which have not been addressed herein.

1

2

**IT IS SO STIPULATED**, through Counsel of Record.

3

MELINDA HAAG                                    THOMAS E. PEREZ
4   United States Attorney                          Assistant Attorney General
Northern District of California                 Civil Rights Division

5

ALEX G. TSE                                     EVE L. HILL
6   Assistant United States Attorney               Senior Counselor to the Assistant Attorney General
Chief, Civil Division                           Civil Rights Division
7

8                                                   GREGORY B. FRIEL
Acting Chief
9                                                   ROBERTA KIRKENDALL
Special Legal Counsel
10                                                  KATHLEEN P. WOLFE
Special Litigation Counsel
11                                                  Disability Rights Section
Civil Rights Division
12

13

/s/ Melanie L. Proctor                          /s/ Nabina Sinha
14   MELANIE  L. PROCTOR                             NABINA SINHA
Assistant United States Attorney                Trial Attorney
15   450 Golden Gate Avenue, Box 36055              MEGAN E. SCHULLER, CSBN 281468
San Francisco, California 94102                 Trial Attorney
16   Telephone: (415) 436-6730                      Disability Rights Section
Facsimile: (415) 436-6478                       Civil Rights Division
17   Melanie.Proctor@usdoj.gov                      U.S. Department of Justice
950 Pennsylvania Avenue, N.W. - NYA
18                                                  Washington, D.C. 20530
Telephone: (202) 307-0663
19                                                  Facsimile: (202) 305-9775
Nabina.Sinha@usdoj.gov
20

21

22                                                  Attorneys for the United States

23

24                                                  DEPARTMENT OF FAIR EMPLOYMENT
AND HOUSING
25                                                  /s/ R. Sybil Villanueva
R. SYBIL VILLANUEVA[4]
26                                                  Attorney for Plaintiff Department of Fair
Employment and Housing
27

28

---

[4] I, R. Sybil Villanueva, hereby attest that I gained the concurrence of all signatories whose signatures are represented by /s/ in the filing of this document.

- 16 -

1
2          The LEGAL AID SOCIETY - EMPLOYMENT
           LAW CENTER
3          /s/ Claudia Center
           CLAUDIA CENTER
4          Attorney for Plaintiff-Intervenors ANDREW
           QUAN, NICHOLAS JONES,
5
           FULBRIGHT & JAWORSKI L.L.P.
6          /s/ Robert Burgoyne
           ROBERT A. BURGOYNE
7          Attorneys for Defendant Law School Admission
           Council, Inc.
8

9

10      **IT IS ORDERED** that the forgoing Agreement is approved.

11

12      Signed this __5th__ day of _____March_____, 2013.

13

14      _____

15      EDWARD M. CHEN
        UNITED STATES ... E

16

17

18

19

20

21

22

23

24

25

26

27

28

- 17 -

# Attachment "A" to Rule 26(f) Stipulation and Order: Metadata Fields

| Name of Field | Type of field | Contents | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing or PDFs | Spreadsheets | Digital Photos | Paper |
| Begin_Bates | Text | Bates number for the TIFF image of the first page | Bates number for the TIFF image of the first page | Bates number of the placeholder page | Bates number branded onto a TIFF file that has the same resolution as the native image file. | Bates number for the TIFF image of the first page |
| End_Bates | Text | Bates number for the TIFF image of the last page | Bates number for the TIFF image of the last page | Bates number of the placeholder page | Bates number branded onto the native image file | Bates number for the TIFF image of the last page |
| Attachment Range | Text | Bates range starting with the first page of the parent document through the last page of the last attachment. Blank if there are no child documents | Bates range starting with the first page of the parent document through the last page of the last attachment or embedded file. Included only if part of a group of documents like an email or zip file. | Bates range starting with the first page of the parent document through the last page of the last attachment or embedded file. Included only if part of a group of documents like an email or zip file. | Bates range starting with the first page of the parent document through the last page of the last attachment or embedded file. Included only if part of a group of documents like an email or zip file. | Bates range of all documents that were grouped together/ physically attached by clips, staples, or binding or folder. Blank if a single non grouped document |
| Author | Paragraph | "From" field | <blank> | <blank> | <blank> | <blank> |
| To | Paragraph | "To" field | <blank> | <blank> | <blank> | <blank> |
| CC | Paragraph | "CC" field | <blank> | <blank> | <blank> | <blank> |
| BCC | Paragraph | "BCC" field | <blank> | <blank> | <blank> | <blank> |
| Subject | Paragraph | "Subject" field | <blank> | <blank> | <blank> | <blank> |

| Name of Field | Type of field | Contents | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing or PDFs | Spreadsheets | Digital Photos | Paper |
| DateSent | Date | The date the message was sent (format: 9/28/2012) | <blank> | <blank> | <blank> | <blank> |
| TimeSent | Time | The time the message was sent (format: 11:16:46 AM) | <blank> | <blank> | <blank> | <blank> |
| MD5Hash | Paragraph | The MD5 hash value calculated when the file was collected or processed. | The MD5 hash value calculated when the file was collected or processed. | The MD5 hash value calculated when the file was collected or processed. | The MD5 hash value calculated when the file was collected or processed. | <blank> |
| Prod_FilePath | Paragraph | <blank> | The path to the native file on the production media | The path to the native file on the production media | <blank> | <blank> |
| Orig_File Name | Paragraph | <blank> | Original name of the native file when the file was collected or processed | Original name of the native file when the file was collected or processed | <blank> | <blank> |
| FileExtension | Text | <blank> | The extension of the file when the file was collected. | The extension of the file when the file was collected. | The extension of the file when the file was collected. | <blank> |
| DocumentType | Text | "Electronic Mail Message" | "Application File" or "Mail Message Attachment" | "Application File" or "Mail Message Attachment" | "Application File" or "Mail Message Attachment" | "Hard Copy" |

2