1
2
3
4
5
6
7
8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

9

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, | ) ) |
| Plaintiff, | ) Case No. CV 12-1830-EMC |
| v. | ) |
| LAW SCHOOL ADMISSION COUNCIL, INC., | ) |
| Defendant. | ) PARTIES' ~~PROPOSED~~ STIPULATED |
| THE UNITED STATES OF AMERICA, | ) PROTECTIVE ORDER RESPECTING |
| Plaintiff-Intervenor, | ) CONFIDENTIAL INFORMATION[1] |
| v. | ) |
| LAW SCHOOL ADMISSION COUNCIL, INC., | ) |
| Defendant. | ) |
| ANDREW QUAN, NICHOLAS JONES, and ELIZABETH HENNESSEY-SEVERSON, | ) ) |
| Plaintiff-Intervenors, | ) |
| v. | ) |
| LAW SCHOOL ADMISSION COUNCIL, INC., | ) |
| Defendant. | ) |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---

[1] This stipulation and order is submitted jointly by all the parties to this action. Pursuant to Civ. LR 3-4(a), a complete list of the parties is contained on the signature page of this document.

1

2

## **PURPOSES AND LIMITATIONS**

3

4      1.   Disclosure and discovery activity in this Action are likely to involve production of

5   confidential or private information for which special protection from public disclosure and from

6   use for any purpose other than prosecuting this litigation is warranted.  This Action will include

7   production of personal and potentially sensitive health and educational information.

8   Accordingly, in the interest of protecting the Confidential Information in this Action, and in

9   accordance with Federal Rule of Civil Procedure 26(c), the Parties hereby stipulate to certain

10  terms and petition the Court to enter a Protective Order in accordance with their stipulations

11  ("Protective Order").  The Parties acknowledge that this Protective Order does not confer blanket

12  protections on all disclosures or responses to discovery and that the protection it affords from

13  public disclosure and use extends only to the limited information or items that are entitled to

14  confidential treatment under this Protective Order and Rule 26(c).  The Parties further

15  acknowledge, as set forth below, that this Protective Order does not entitle them to file

16  Confidential Information under seal; Civil Local Rule 79-5 and General Order 62 set forth the

17  procedures that must be followed and the standards that will be applied when a Party seeks

18  permission from the Court to file material under seal.  The Parties agree that there is good cause

19  to make certain discovery disclosures under a Protective Order pursuant to Rule 26(c) of the

20  Federal Rules of Civil Procedure.

21

## **SCOPE OF THIS PROTECTIVE ORDER**

22     2.   This Protective Order covers not only Confidential Information (as defined below), but

23  also (1) any information copied or extracted from Confidential Information; (2) all copies,

24  excerpts, summaries, or compilations of Confidential Information; and (3) any testimony,

25  conversations, press releases, or presentations by Parties or their counsel that might reveal

26

27                                                    - 1 -

28

1  Confidential Information.  However, the protections conferred by this Protective Order do not

2  cover any information that is in the public domain at the time of disclosure to a Receiving Party

3  or becomes part of the public domain after its disclosure to a Receiving Party as a result of

4  publication not involving a violation of this Protective Order, including becoming part of the

5  public record through this trial or otherwise.

6     3.   The terms of this Protective Order are subject to, and must be read in accordance with,

7  the Parties' agreements and stipulations as set out in the Joint Case Management Statement and

8  Stipulation and Order Regarding Discovery.

9                                    **DEFINITIONS**

10     4.   <u>As used in this Protective Order:</u>

11     (a)     "Action" means the above-entitled action styled as *The Department of Fair*

12  *Employment and Housing v. Law School Admission Council, Inc., et al.*, United States District

13  Court for the Northern District of California, Case No. CV-12-1830-EMC, and all Complaints-

14  in-Intervention filed in Case No. CV-12-1830-EMC, including any pretrial, trial, post-trial, or

15  appellate proceedings.

16     (b)     "Challenging Party" means a Party that challenges the designation of information

17  or items under this Protective Order.

18     (c)     "Confidential Information" means information produced in this Action (regardless

19  of how it is generated, stored, or maintained) that:

20          (i)     qualifies for protection under Federal Rule of Civil Procedure 5.2(a);

21          (ii)    discloses any Person's individually identifiable grades (including school

22          transcripts), grade point average, test scores (including LSAT scores), or

23          individually identifiable health information, so long as such information otherwise

24          qualifies for protection under Federal Rule of Civil Procedure 26(c).  This may

25          include Psychoeducational/Neuropsychological Assessment Reports,

26

27                                        - 2 -

28

Psychological Reports, or statements or documentation submitted by qualified evaluators or licensed professionals;

(iii)    discloses sensitive or proprietary business or commercial information that qualifies for protection under Federal Rule of Civil Procedure 26(c); or

(iv)    is other information the confidentiality of which the Producing Party is under an independent legal duty to protect.

(d)    "Designating Party" is any Party that designates information or items that it produces as "Confidential Information."

(e)    "Disclose" means to show, give, make available, reveal, describe, transmit, or otherwise communicate, in any fashion, in whole or in part.

(f)    "Disclosure" or "Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, Documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures, depositions, or responses to discovery in this Action.

(g)    "Document" means all original documents or electronically stored information, and all copies thereof, as defined in Rule 1001 of the Federal Rules of Evidence and Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

(h)    "Expert" is a Person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

(i)    "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

(j)    "Party," for purposes of this Protective Order, means the Department of Fair Employment and Housing ("DFEH"); the United States of America ("United States"); Andrew Quan, Nicholas Jones, and Elizabeth Hennessy-Severson; and/or the Law School Admission

Council, Inc. ("LSAC"), including all their officers, directors, employees, consultants, retained experts, and outside counsel of record (and their support staffs).

(k)     "Person" means any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency, and any agent for the foregoing.

(l)     "Producing Party" is a Party that produces Disclosure or Discovery Material in this Action.

(m)     "Receiving Party" is any Party who properly receives Disclosure or Discovery Material from a Producing Party.

## **DESIGNATION OF CONFIDENTIALITY**

5.   Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, any Confidential Information must be clearly marked as "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" before it is disclosed or produced, and only the Persons designated in paragraph 17 shall have access to any information or material so marked.  The designation of information or material as "Confidential Information" shall not be construed as a concession by the Designating Party that such information or material is relevant or material to any issue or is otherwise discoverable, or by the non-Designating Parties that such information or material does, in fact, constitute or contain Confidential Information.

6.   For Documents, the Producing Party must affix the legend "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to each page that contains Confidential Information.  If a multi-page document is deemed to be confidential in its entirety, a Party may so indicate by marking "CONFIDENTIAL – ENTIRE DOCUMENT" in large letters on the first page of the document.  A Party that makes original Documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.

1   During the inspection and before the designation, all of the material made available for

2   inspection shall be deemed "Confidential Information."  After the inspecting Party has identified

3   the Documents it wants copied and produced, the Producing Party must determine which

4   Documents, or portions thereof, qualify for protection under this Protective Order.  Then, before

5   producing the specified Documents, the Producing Party must affix the "CONFIDENTIAL

6   INFORMATION" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend to

7   each page that contains Confidential Information.

8       7.   Deposition testimony shall be treated as Confidential Information for a period of 30

9   calendar days after certification of mailing of the deposition transcript by the court reporter to

10  permit any Party to review the transcript and designate additional information therein as

11  Confidential Information.  Parties may, in good faith, designate that portion of deposition

12  testimony and/or exhibits to such deposition containing Confidential Information: (i) by orally

13  advising the court reporter and counsel of record at the deposition of the beginning and ending of

14  the testimony containing Confidential Information; or (ii) by sending to the attorneys for all other

15  Parties, within 30 calendar days of receipt of the deposition transcript, a written list of the

16  particular pages of the transcript and/or deposition exhibit numbers that contain such

17  Confidential Information and requesting that the list be affixed to the face of the transcript and

18  each copy thereof.  If a Party designates deposition testimony and/or deposition exhibits as

19  Confidential Information during the deposition, the reporter shall mark the face of the transcript

20  to designate the beginning and ending of the Confidential Information portions thereof.  If

21  appropriate, the court reporter shall also clearly mark "CONFIDENTIAL- SUBJECT TO

22  PROTECTIVE ORDER" on each page of a separate original transcript containing the

23  Confidential Information portions thereof.

24      8.   Each Party that designates information or items for protection under this Protective Order

25  must take care to limit any such designation to specific material that qualifies under the

26  appropriate standards.  When reasonably possible, the Designating Party must designate for

27

28

CASE NO. CV 12-1830-EMC
PARTIES' PROPOSED STIPULATED PROTECTIVE ORDER RESPECTING CONFIDENTIAL INFORMATION

1  protection only those parts of Documents, transcripts, or other materials that qualify—so that

2  other portions of the Documents, transcripts, or other materials for which protection is not

3  warranted are not swept unjustifiably within the ambit of this Protective Order.  Mass,

4  indiscriminate, or routinized designations are prohibited.  Designations that are shown to be

5  clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

6  encumber or retard the case development process or to impose unnecessary expenses and

7  burdens on other Parties) expose the Designating Party to sanctions.  If a Designating Party

8  subsequently determines that information or items that it designated for protection do not qualify

9  for protection, that Designating Party must promptly notify all other Parties that it is withdrawing

10  the mistaken designation.

11      9.   Any Party may challenge a designation of confidentiality at any time subject to the

12  objection procedures described in paragraphs 10, 11, and 29.  Unless a prompt challenge to a

13  confidentiality designation is necessary to avoid foreseeable and substantial unfairness,

14  unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does

15  not waive its right to challenge a confidentiality designation by electing not to mount a challenge

16  promptly after the original production of Disclosure or Discovery Material or designation of

17  confidentiality.

18      10. Whenever a Party objects to the designation of Disclosure or Discovery Material as

19  Confidential Information prior to entry of a sealing order, such Party shall serve its written

20  objections, including notice of each designation it is challenging and the basis for each challenge,

21  to the Designating Party.  To avoid ambiguity, the Challenging Party must state that the

22  challenge to confidentiality is being made in accordance with this specific paragraph of the

23  Protective Order.  The Designating Party shall respond within five business days of the date of

24  service of notice.  The Parties shall attempt to resolve each challenge in good faith and must

25  begin the process by conferring directly (in voice to voice dialogue) within 14 days of the date of

26  service of notice.  In conferring, the Challenging Party must explain the basis for its belief that

27

28

- 6 -

the confidentiality designation was not proper and must give the Designating Party the opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

11. If the Parties cannot resolve a challenge, the Challenging Party may apply to the Court for a ruling under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the other Parties), may expose the Challenging Party to sanctions. Unless and until this Court enters an order changing the designation of the information, it shall be afforded confidential treatment as provided herein.

## AGREEMENT TO DESIGNATE CERTAIN CATEGORIES OF INFORMATION AS CONFIDENTIAL INFORMATION

12. Each Party agrees that it will designate the following categories of information as Confidential Information for purposes of this Protective Order if such information is (a) contained in Documents that are produced by that Party in discovery, or (b) discussed in an individually identifiable manner in any filings made by that Party with the Court:

(a) Individually identifiable health and medical information, including but not limited to Psycho-educational/ Neuropsychological Assessment Reports, Psychological Reports, Vision

1  Evaluation Reports, Physical Evaluation Reports, Individualized Education Plans, and/or

2  statements made or documentation submitted by health or medical professionals; and

3        (b)  Individually identifiable academic information, including but not limited to grades,

4  school transcripts, grade point averages, and test scores (including LSAT scores).

5  In agreeing to designate these categories of information as Confidential Information hereunder,

6  all Parties preserve all objections that they might have to the production of any documents in

7  their custody or control that contain such Confidential Information, including any relevance

8  objection and any objection that such records should be produced only pursuant to a release or

9  other written authorization from the Person(s) whose individually identifiable information would

10  be disclosed.

11     13. Any Party may challenge another Party's decision not to designate as "Confidential

12  Information" information that the Challenging Party believes falls within the categories

13  described in paragraphs 12(a) and/or 12(b).  Any such challenge will be subject to the objection

14  procedures described in paragraphs 14 and 15.  A Party does not waive its right to challenge the

15  absence of a confidentiality designation by electing not to mount a challenge promptly after the

16  original production of Disclosure or Discovery Material.

17     14. Whenever a Party objects to the failure to designate Disclosure or Discovery Material as

18  Confidential Information under paragraph 13 of this Protective Order, such Party shall serve its

19  written objections, including notice of the information it contends should be designated as

20  Confidential Information and the basis for each challenge, to the Party that produced the

21  information.  To avoid ambiguity, the Challenging Party must state that the challenge is being

22  made in accordance with this specific paragraph of the Protective Order.  The challenged Party

23  shall respond within five business days of the date of service of notice.  The Parties shall attempt

24  to resolve each challenge in good faith and must begin the process by conferring directly (in

25  voice to voice dialogue) within 14 days of the date of service of notice.  In conferring, the

26  Challenging Party must explain the basis for its belief that the challenged information should be

27

- 8 -

28

1  designated as Confidential Information under this Protective Order and must give the responding

2  Party the opportunity to review the challenged information, to reconsider the circumstances, and,

3  if no change in designation is offered, to explain the basis for not designating the information as

4  Confidential Information.  A Challenging Party may proceed to the next stage of the challenge

5  process only if it has engaged in this meet and confer process first or establishes that the

6  challenged Party is unwilling to participate in the meet and confer process in a timely manner.

7  While a challenge to a failure to designate is pending, the Parties must protect the confidentiality

8  of the document or testimony under the terms of this Protective Order.

9       15. If the Parties cannot resolve a challenge, the Challenging Party may apply to the Court

10  for a ruling under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General

11  Order 62, if applicable) within 21 days of the initial notice of challenge or within 14 days of the

12  Parties agreeing that the meet and confer process will not resolve their dispute, whichever is

13  earlier.  Any motion brought pursuant to this provision must be accompanied by a competent

14  declaration affirming that the movant complied with the meet and confer requirements imposed

15  in the preceding paragraph.  The burden of persuasion in any such challenge proceeding shall be

16  on the Challenging Party.  Frivolous challenges, and those made for an improper purpose (e.g., to

17  harass or impose unnecessary expenses and burdens on the other Parties), may expose the

18  Challenging Party to sanctions.  Unless and until this Court enters an order changing the

19  designation of the information, it shall be afforded confidential treatment as provided herein.

20  **RESTRICTIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION**

21       16. All Confidential Information that is disclosed or produced in connection with this Action

22  may be used only for the purposes of this litigation and shall not be disclosed by any Party, or

23  any agents thereof, to anyone other than the Persons permitted access and under the conditions

24  set forth in paragraphs 17-20, absent advance, written, stipulated agreement by the other Parties,

25  and subject to further provisions in this Protective Order.  Confidential Information must be

26  stored and maintained by a Receiving Party at a location and in a reasonably secure manner that

27                  - 9 -

28

1   ensures that access is limited to the Persons authorized under this Protective Order.  Nothing in

2   this Protective Order shall prohibit the transmission of Confidential Information between or

3   among authorized recipients of such information.

4       17. Except by prior order of the Court or permitted in writing by the Designating Party, no

5   Party shall disclose Confidential Information to any Person other than the following Persons:

6           (a)     the Party's attorneys of record in this Action, as well as employees of said

7   attorneys to whom it is reasonably necessary to disclose the information for this Action, and

8   Persons or entities that provide litigation support services (e.g., photocopying, videotaping,

9   translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in

10  any form or medium);

11          (b)     the Receiving Party's officers, directors, and employees, to whom disclosure is

12  reasonably necessary for the litigation of this Action, subject to the requirements of paragraph 18

13  below;

14          (c)     the Party's bona-fide consultants, interpreters, advisors, or Experts as defined in

15  this Protective Order (and their clerical support) consulted by the Parties or their attorneys of

16  record in connection with this Action, whether or not retained to testify at trial, to the extent

17  deemed reasonably necessary for the litigation of this Action, and subject to the requirements of

18  paragraph 18 below;

19          (d)     the Court and any appellate courts having jurisdiction of any appeal (including

20  court personnel, jurors, and other court officers, including court reporters and video operators at

21  any depositions), subject to further provisions in this Protective Order;

22          (e)     professional jury or trial consultants, mock jurors, and their employees and

23  subcontractors to whom disclosure is reasonably necessary for this litigation, subject to the

24  requirements of paragraph 18 below;

25          (f)     the author or recipient of a document containing the information or a custodian or

26  other Person who otherwise possessed or knew the information;

27

28

(g)     any other Person whom the Parties mutually agree in writing may have access to the Confidential Information, subject to the requirements of paragraph 18 below;

(h)     any Person whom the Court, upon notice and an opportunity to be heard, directs; and

(i)     any other Person whose assistance may be reasonably sought or required for preparation and/or trial of this Action and to whom disclosure is reasonably necessary, including, but not limited to, potential witnesses and deponents in preparation for and at their depositions, subject to the requirements of paragraph 18 below.  Non-Party deponents shall not be permitted to retain Documents containing Confidential Information.

18. Before any information designated as Confidential Information is disclosed to any individual or entity identified in paragraphs 17(b), (c), (e), (g), or (i), counsel for the Party proposing to make such disclosure shall instruct the Non-Party to maintain the confidentiality of the Confidential Information.

## **EXEMPTIONS**

19. Unless the Designating Party waives the protections of this Protective Order, no Party will disclose any Confidential Information produced in discovery by any other Party or Non-Party, except as required by law or pursuant to the order of a court of competent jurisdiction directing the disclosure of such Confidential Information, and subject to further provisions in this Protective Order, including this paragraph and paragraph 20.  In the event a Receiving Party is required by law (e.g., by subpoena or other process or order) to disclose Confidential Information that has been produced by another Party, such Receiving Party will:

(a)     to the extent applicable, adhere to those procedures established pursuant to 5 U.S.C. § 301 and 28 C.F.R. §§ 16.21-.29 (Touhy regulations applicable to the U.S. Department of Justice);

(b)   advise the court or other legal authority requiring disclosure that a protective order is in effect in the Northern District of California that protects the Confidential Information from public use or disclosure;

(c)   provide prompt written notice to the Producing Party so that the Producing Party may seek an appropriate protective order in the action for which disclosure is required to protect the Confidential Information from public use or disclosure; and

(d)   when necessary to protect the Confidential Information, move to file the Confidential Information under seal with the relevant court of competent jurisdiction. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

20. To the extent any Party is subject to Freedom of Information Act ("FOIA") requests, Public Records Act requests, or requests pursuant to similar laws requiring disclosure of records by governmental bodies (a "Public Records Request"), this paragraph and paragraph 19 are not intended to impede a Party's compliance with the law pertaining to such Public Records Requests.  Any such Party receiving a FOIA or Public Records Request seeking Confidential Information shall employ good faith efforts to ensure that Confidential Information covered by this Protective Order is protected from disclosure to the fullest extent of the law.

21. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any Person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) deliver a copy of this Protective Order and explain its terms to the Person or Persons to whom unauthorized disclosures were made, and (d) request such Person or Persons to comply with the terms of this Protective Order.

22. The disclosure of Confidential Information by a Party to Persons other than those defined in paragraph 17 above shall not, in and of itself, waive confidentiality in this Action.  In addition,

the inadvertent or unintentional disclosure by a Party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not waive in whole or in part a Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  In the event that a Party inadvertently fails to designate any Document, Disclosure, or Discovery Material under paragraphs 5–8, it may later designate such Document, Disclosure, or Discovery Material by notifying the other Parties in writing, identifying the particular Document, Disclosure, or Discovery Material it wishes to designate as Confidential Information.  All Parties shall thereafter treat the particular Document, Disclosure, or Discovery Material, and all copies thereof, in accordance with the Confidential Information designation and the associated protections under this Protective Order for such Confidential Information.  No Person or Party shall incur liability or sanctions with respect to any disclosure that occurred prior to receipt of written notice of a belated designation.

23. If additional Persons become Parties to this Action, they shall not have access to Confidential Information produced by or obtained from other Parties until the newly joined Party or its Counsel confirms in writing to all other Parties that they have read this Protective Order and agree to be bound by its terms.

**FILING AND USE IN COURT OF CONFIDENTIAL MATERIAL**

24. Any Person examined as a witness at deposition or trial may testify concerning all Confidential Information, consistent with the terms of this Protective Order and with any other Court orders relevant thereto.

25. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Information.  A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5 and General Order 62.  Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific

Confidential Information at issue.  Pursuant to Civil Local Rule 79-5 and General Order 62, a

sealing order will issue only upon a request establishing that the Confidential Information at

issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

26. If a Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5

and General Order 62 is denied by the court, then the Party may file the information in the public

record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

27. The parties agree that prior to the filing of any motion to file Confidential Information

under seal, the moving party shall give five days written notice to all other parties.  Absent a

written objection under paragraphs 10 and 11 to the confidentiality designation, the Parties agree

not to oppose the filing of Confidential Material by any Party under seal pursuant to this

Protective Order and the filing Party may represent to the Court that it is moving to file under

seal without objection by the other Parties.

28. The absence of a written objection under paragraphs 10 and 11 to the confidentiality

designation does not relieve the parties from filing an Administrative Motion to File Under Seal

pursuant to Civil Local Rule 79-5(b) and General Order 62.

29. If any Party objects to identified portions of the submitted materials remaining under seal

or to the redactions in the filing submitted for the public record, it shall, within fourteen days of

submission of the materials, state its objections in a letter emailed to the other Parties' counsel of

record.  The Parties shall promptly meet and confer to attempt to resolve the objections and, if

they cannot be resolved, shall promptly bring the objections to the Court for resolution.  Any

revised public electronic filing of that submission shall be made by the submitting Party within

fourteen days after the Court's decision resolving that dispute.

30. If any Confidential Information is disclosed or otherwise used in any court proceeding in

this Action prior to trial, it shall not lose its confidential status through such disclosure or use.

Counsel for any Party may at the time of or after such disclosure or use request that any portion

of any transcript wherein such Confidential Information is disclosed or used, and any exhibits

1  wherein Confidential Information is disclosed or used, be filed under seal with this Court and be

2  accorded the protections of this Protective Order.  In the event that any transcript or portion of a

3  transcript is filed under seal pursuant to this paragraph, all parties and their counsel may obtain

4  copies of the sealed transcript without the need for a separate order from the Court under Civil

5  Local Rule 79-5(f).

6  **CONFIDENTIAL MATERIAL AT END OF ACTION**

7  31. The confidentiality obligations imposed by this Protective Order shall survive the final

8  determination of this Action and shall remain in full force and effect and provide the Court with

9  ancillary jurisdiction to enforce its terms until a Designating Party agrees otherwise in writing or

10  a court order otherwise directs.  Final determination shall be deemed to be the later of (1) the

11  dismissal of all claims and defenses in this action, with or without prejudice, and (2) final

12  judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials,

13  or reviews of this Action, including the time limits for filing any motions or applications for

14  extension of time pursuant to applicable law.  The Parties agree that, pursuant to this provision,

15  any document filed under seal in this Action will continue to be placed under seal by the Court

16  until the expiration of the 10 years provided by General Order 62.  Nothing in this provision is

17  intended to affect the normal records destruction policy of the United States Courts.

18  32. After the expiration of the applicable time period during which any Party may appeal the

19  final order entered in this Action, or any Party must, by law, maintain complete files, a Party

20  may request that Confidential Information (including all copies, abstracts, compilations,

21  summaries, and any other format reproducing any of the Confidential Information) produced by

22  it be returned or destroyed at the option of the Receiving Party, which request shall be honored.

23  If the Receiving Party elects to destroy the information rather than return it, a certificate attesting

24  to such destruction must be delivered to each Producing Party within 60 days following such

25  destruction.  Nothing in this provision shall limit the rights, if any, of any Party to object to and

26  seek a ruling of the Court concerning a Party's retention of any Confidential Information.  This

27  - 15 -

28

paragraph does not require the destruction of materials protected by the attorney-client privilege or work product doctrine.  In addition, counsel for each Party may retain one complete copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

## NON-PARTY'S CONFIDENTIAL INFORMATION

33. The terms of this Protective Order are applicable to Confidential Information produced by a Non-Party in this Action and designated by the Non-Party or any Party as "Confidential Information" in accordance with the restraints set forth in paragraphs 6-8.  Only information that meets the definition of Confidential Information contained in paragraph 4(c) may be designated as "Confidential Information" subject to this Protective Order.  The designation of information or material as "Confidential Information" shall not be construed as a concession by any Party that such information or material is relevant or material to any issue or is otherwise discoverable, or by the non-designating Parties that such information or material does, in fact, constitute or contain Confidential Information.  Such information produced by Non-Parties and designated as Confidential Information in connection with this litigation is protected by the remedies and relief provided by this Protective Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## MISCELLANEOUS

34. Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.  This Protective Order, or any portion thereof, may be modified, amended, or vacated by further order of the Court upon the motion of any Party.

35. Nothing herein shall be deemed, construed, or asserted to affect in any way a Party's right to object to disclosing or producing any information or item on any ground not addressed in

- 16 -

1   this Protective Order.  Similarly, no Party waives any right to object on any ground to the use in

2   evidence of any of the material covered by this Protective Order.  This Protective Order is

3   without prejudice to all rights of the Parties as set forth in the Federal Rules of Civil Procedure

4   and, except where expressly stated herein, is not intended to supersede the Federal Rules of Civil

5   Procedure, this Court's Civil Local Rules and General Orders, U.S. District Judge Edward M.

6   Chen's and Magistrate Judge Kandis A. Westmore's Standing Orders, and any other applicable

7   orders or rules.

8   36. Nothing herein shall be construed to limit in any way a Person's right to waive the

9   protections of this Protective Order and permit the use of his or her own Confidential

10  Information by a Party or any agent or joint investigator of that Party.

11  37. Nothing herein shall be construed to alter or limit in any way a Party's right to use or

12  disclose its own records or proprietary information, including, but not limited to, records or

13  information received from third parties outside the context of this litigation, for any purpose

14  outside of and wholly unrelated to this Action.

15  38. This Protective Order is without prejudice to any Person's rights as set forth in any

16  contract, confidentiality agreement, or privacy law and is not intended to supersede any such

17  contracts, agreements, or laws.

18  39. Prior to trial of this Action, counsel for the Parties shall confer as to whether this

19  Protective Order should be amended for trial and attempt to reach agreement on the handling of

20  Confidential Material at trial.  If the Parties agree to amend this Protective Order for trial, such

21  agreement, or proposals if no agreement can be reached, shall be submitted to the Court for

22  consideration.  If, for any reason, an amended protective order is not agreed upon and entered by

23  the Court, this Protective Order shall govern the protection of any Confidential Information

24  during trial in this Action, pending any further ruling by the Court.

25  40. In the event anyone shall violate or threaten to violate any terms of this Protective Order,

26  the aggrieved party may immediately apply to the Court to obtain injunctive relief against such

27                                                      - 17 -

1  ~~Person.  The Court shall retain jurisdiction over such Person for the purpose of enforcing this~~

2  ~~Protective Order.~~

3      41. This Stipulation may be signed in counterparts.

4

5

6      **IT IS SO STIPULATED**, THROUGH COUNSEL OF RECORD.

7
   MELINDA HAAG                          THOMAS E. PEREZ
8  United States Attorney                Assistant Attorney General
   Northern District of California       Civil Rights Division
9
   ALEX G. TSE                           EVE L. HILL
10 Assistant United States Attorney      Senior Counselor to the Assistant Attorney General
   Chief, Civil Division                 Civil Rights Division
11
                                         REBECCA B. BOND
12                                        Chief
                                         ROBERTA KIRKENDALL
13                                        Special Legal Counsel
                                         KATHLEEN P. WOLFE
14                                        Special Litigation Counsel
                                         Disability Rights Section
15                                        Civil Rights Division
16
   /s/ Melanie L. Proctor                /s/ Nabina Sinha
17 MELANIE  L. PROCTOR                   NABINA SINHA
   Assistant United States Attorney      Trial Attorney
18 450 Golden Gate Avenue, Box 36055     MEGAN E. SCHULLER, CSBN 281468
   San Francisco, California 94102       Trial Attorney
19 Telephone: (415) 436-6730             Disability Rights Section
   Facsimile: (415) 436-6478             Civil Rights Division
20 Melanie.Proctor@usdoj.gov             U.S. Department of Justice
                                         950 Pennsylvania Avenue, N.W. - NYA
21                                        Washington, D.C. 20530
                                         Telephone: (202) 307-0663
22                                        Facsimile: (202) 305-9775
                                         Nabina.Sinha@usdoj.gov
23
                                         Attorneys for the United States
24

25

26

27                                       - 18 -

28
─────────────────────────────────────────────
CASE NO. CV 12-1830-EMC
PARTIES' PROPOSED STIPULATED PROTECTIVE ORDER RESPECTING CONFIDENTIAL INFORMATION

DEPARTMENT OF FAIR EMPLOYMENT
AND HOUSING
/s/ Sybil Villanueva
SYBIL VILLANUEVA[2]
Attorney for Plaintiff Department of Fair
Employment and Housing

The LEGAL AID SOCIETY - EMPLOYMENT
LAW CENTER
/s/ Claudia Center
CLAUDIA CENTER
Attorney for Plaintiff-Intervenors ANDREW
QUAN, NICHOLAS JONES,

FULBRIGHT & JAWORSKI L.L.P.
/s/ Robert Burgoyne
ROBERT A. BURGOYNE
Attorneys for Defendant Law School Admission
Council, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.


Signed this 26th day of March, 2013.



KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

---

[2] I, R. Sybil Villanueva, hereby attest that I gained the concurrence of all signatories whose signatures are represented by /s/ in the filing of this document.