ROBERT E. DARBY (BAR NO. 70576)
FULBRIGHT & JAWORSKI L.L.P.
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
rdarby@fulbright.com; jcapell@fulbright.com

ROBERT A. BURGOYNE (pro hac vice)
CAROLINE M. MEW (pro hac vice)
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 662-0200
Facsimile: (202) 662-4643
rburgoyne@fulbright.com; cmew@fulbright.com

Attorneys for Defendant
LAW SCHOOL ADMISSION COUNCIL, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br>    Plaintiff,<br><br>v.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC.,<br>    Defendant.<br>JOHN DOE, *et al.*, and all other similarly situated individuals,<br>    Real Parties in Interest. | No. CV 12-1830-EMC |
| THE UNITED STATES OF AMERICA,<br>    Plaintiff-Intervenor,<br><br>v.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC.,<br>    Defendant. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE** |
| ANDREW QUAN *et al.*,<br>    Plaintiff-Intervenors,<br><br>v.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC.,<br>    Defendant. | |

DOCUMENT PREPARED ON RECYCLED PAPER

Pursuant to the Court's Order Re Supplemental Briefing for Defendant's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (D.E. 151), defendant Law School Admission Council ("LSAC") hereby replies to the information and argument presented in the Declaration of Alexandra Seldin ("Ms. Seldin"), submitted by plaintiff Department of Fair Employment and Housing ("DFEH") in support of its opposition to LSAC's motion.

Ms. Seldin states that she was assigned to "develop, manage, and supervise" DFEH's investigation of LSAC "following the DFEH's preliminary determination of cause in the Director's Complaint filed July 22, 2010." Seldin Decl. ¶ 3. According to Ms. Seldin, DFEH Consultants and other staff prepared documents at her request, under her direction and/or supervision, or at the request, direction, and/or supervision of other DFEH staff attorneys, "for the purpose of completing the investigation of the Director's Complaint." *See id.* ¶ 3. DFEH therefore argues that ***all*** of the hundreds of "internal investigatory documents" withheld from production by DFEH in this case are protected from disclosure by the work product doctrine, without any further inquiry or any evaluation of specific documents as to which privilege has been asserted. *See* Pl. DFEH's Opp. to Def.'s Mot. for Relief from Non-Dispositive Pretrial Order ("DFEH Opp."), at 3.

DFEH's position is fundamentally flawed. Regardless of whether DFEH decides to investigate a given complaint or collection of complaints through its "Special Investigations Unit" or through DFEH's standard processes, the nature of the agency does not change, nor does its relationship with complainants or the parties who are the subject of the complaints. In all instances, DFEH is a "neutral fact-finding agency," and its staff members are conducting "impartial investigations in which records are reviewed and relevant witnesses are interviewed." DFEH Employment FAQ, *available at* http://www.dfeh.ca.gov/Complaints_EmpFAQ.htm. No attorney-client relationship exists between DFEH and any complainant, and respondents such as LSAC have the right to know what facts have been presented to DFEH during the course of its impartial investigation and what statements DFEH has made or provided to complainants.

Indeed, DFEH appears to be withholding documents that contain independent factual

91016703.2

- 1 -

DOCUMENT PREPARED ON RECYCLED PAPER

1  information relevant to LSAC's claims, not work product or other privileged material. *See, e.g.*,
2  Second Decl. of Caroline Mew at Ex. B, entries 13-14, 20. DFEH is also withholding
3  communications made before and after July 22, 2010, between non-lawyer DFEH personnel and
4  the named RPIs or individuals speaking on their behalf, on the grounds of attorney-client
5  privilege, the work product doctrine, and/or a purported "common interest" privilege. *See*, *e.g.*,
6  Second Decl. of Caroline Mew at Ex. A, entries 108-109; *id.* at Ex. B, entries 12, 21-24, 34.
7  DFEH has conceded, however, that it does not have an attorney-client relationship with any of the
8  RPIs or other complainants. And at the investigation stage, DFEH is serving as a neutral fact-
9  finder, not acting in anticipation of litigation. Therefore, communications between DFEH staff
10 and the complainants do not properly qualify for protection under the work product doctrine. *See*
11 Fed. R. Civ. P. 26(b)(3); *see also EEOC v. Hotspur Resorts Nevada, Ltd.*, 2012 U.S. Dist. LEXIS
12 88058, at *5 n.1 (D. Nev. 2012) ("'[D]uring initial investigations the EEOC is a neutral third
13 party, thus the investigations are not conducted in anticipation of litigation.'") (citation omitted);
14 *Miller v. Pancucci*, 141 F.R.D. 292, 302 (C.D. Cal. 1992); *Hugley v. The Art Institute of Chicago*,
15 981 F. Supp. 1123, 1128-29 (N.D. Ill. 1997). Indeed, in her declaration, Ms. Seldin indicates that,
16 after July 22, 2010, "DFEH Consultants and other staff prepared documents . . . for the purpose of
17 completing the investigation of the Director's Complaint[,]" Seldin Decl. ¶ 3, not in anticipation
18 of litigation. Ms. Seldin's declaration also says nothing to establish that communications and
19 information *from* the complainants or those acting on their behalf qualify as work product.
20 Finally, because there is no underlying, independent privilege protecting these communications,
21 the common interest doctrine does not apply; the common interest doctrine is an exception to the
22 rule on waiver, not an independent privilege. *See Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D.
23 575, 578 (N.D. Cal. 2007).
24      Furthermore, the position DFEH is now taking in discovery through the declaration of Ms.
25 Seldin is flatly contradicted not only by the DFEH regulations and policies that LSAC has
26 previously referenced, *see* Def.'s Mot. for Relief (DE 151), at 2, but also by DFEH's prior
27 interactions with LSAC. DFEH previously produced to LSAC in response to public records act
28

91016703.2                                    - 2 -

*DFEH v. LSAC,* No. 3:12-cv-1830-EMC
DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF
FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

DOCUMENT PREPARED
ON RECYCLED PAPER

1  requests copies of investigation file documents relating to complaints that were made to DFEH,
2  investigated by the agency, and eventually "closed." *See* Declaration of Joan Van Tol at Exs. F-
3  G.  The DFEH Custodian of Records certified that the documents provided to LSAC did not
4  contain, *inter alia*, "attorney work product and privileged communications." *See id*. at Ex. F at 2.
5  The public record documents disclosed by DFEH included the following materials:  case diaries,
6  records of contact (i.e., notes of telephone conversations with complainants), recommendations,
7  interview questions/notes from interviews with complainants, pre-complaint questionnaires,
8  internet "research," e-mail and letter correspondence between DFEH and the complainants, and
9  handwritten notes by DFEH staff.  *See* Van Tol Decl. Exs. A-E.  These documents were dated
10 and/or prepared *after* July 22, 2010, the date after which DFEH now claims *all* investigative
11 documents were prepared under the direction or supervision of counsel.  And what those records
12 show is that complaints were investigated and documents were prepared by DFEH staff
13 (including staff members from the Special Investigations Unit, law clerks, legal analysts, and
14 attorneys) in their role as "neutral fact-finders," without any suggestion that the type of
15 documents now being withheld by DFEH are subject to any legitimate claim of privilege.

16       It is true that DFEH refused to provide LSAC with documents relating to *non-closed* cases
17 in response to LSAC's public records act request.  *See* Van Tol Decl. Ex. G.  However, it
18 informed LSAC that "*those records will be released to you only pursuant to the relevant rules of*
19 *discovery*."  *Id.*  (emphasis added).  That has not happened.  Instead, DFEH has withheld from
20 production many of the same types of records that it previously produced in response to LSAC's
21 public records act requests.  *See, e.g.,* Second Decl. of Caroline Mew at Ex. A, entries 3-12, 16-
22 17, 21, 25-28, 32, 46, 51-54, 61-68, 73, 76-79, 80-89, 92-112, 115-116; *id.* at Ex. B, entries 2-8,
23 10-12, 15-16, 19-34, 36, 38-44, 46, 48.  It makes no sense for LSAC to have access to more
24 agency records relating to individuals for whom DFEH decided not to pursue relief than it does
25 for individuals who may be part of the "group" on whose behalf DFEH is seeking relief.  This
26 runs counter to the established principle that, as a party litigant, and as a "neutral" and "impartial"
27 investigating agency, DFEH should disclose in discovery the facts and information underlying the
28

91016703.2      - 3 -

*DFEH v. LSAC,* No. 3:12-cv-1830-EMC
DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RELIEF
FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

DOCUMENT PREPARED ON RECYCLED PAPER

claims it is pursuing. LSAC has the right to see the factual evidence gathered by DFEH from the complainants or third parties acting on their behalf, regarding the claims of any individuals on whose behalf DFEH is seeking relief.

Finally, DFEH has provided no support for the proposition that documents received or prepared as part of DFEH's investigation of individual claims *prior* to July 22, 2010, are privileged on work product grounds. Yet DFEH has withheld many such documents from production. *See*, *e.g.*, Second Decl. of Caroline Mew at Ex. A, entries 12, 26-28, 52-54, 61-68; *id.* at Ex. B, entries 20-34.

At a minimum, DFEH should be ordered to produce all documents from its files relating to the real parties in interest and the other individuals who were the subject of DFEH's investigation that are the same type of records previously provided by the agency in response to LSAC's public record act request. DFEH also should be ordered to produce non-privileged documents from its investigation files that were received or prepared prior to July 22, 2010, and its communications with the real parties in interest, other complainants, and/or representatives of such individuals regardless of the date prepared. DFEH also should be ordered to produce any additional documents and information provided to the agency as part of its investigation by or on behalf of the complainants or third parties acting in their behalf (*i.e.*, schools, medical professionals).

If the Court would like to conduct a document-by-document examination of DFEH's privilege claims regarding documents in its investigation files, LSAC would be prepared to provide the relevant pages and entries from DFEH's 600+ page privilege log to the Court with document-specific challenges to withheld documents.[1] DFEH incorrectly argues that LSAC had the opportunity to challenge DFEH's privilege claims on a document-by-document basis in the parties' original discovery letter to the Magistrate Judge. *See* DFEH Br. at 3. DFEH did not

---

[1] There are undoubtedly additional discovery issues that LSAC will need to raise with DFEH through the meet-and-confer process regarding its privilege log if this case proceeds, some of which will likely need to be resolved by the Magistrate and possibly by the Court. LSAC should be afforded the opportunity to raise all such issues, and to probe DFEH's claims of privilege through depositions, before any broad claims of privilege are sustained.

DOCUMENT PREPARED ON RECYCLED PAPER

1  produce a privilege log for its second and third document productions until June 19, 2013, five
2  days after the Magistrate Judge issued her order on the parties' discovery objections. DFEH also
3  produced a "revised" privilege log for its first document production on June 19.

4  This case is at the front end of the discovery process. Discovery conducted to date has
5  been limited to discovery needed for ADR purposes. It would be improper and fundamentally
6  unfair to allow the Magistrate Judge's Order to prevent LSAC's access to discoverable documents
7  based upon the Magistrate Judge's apparent blanket acceptance of DFEH's argument that its
8  investigating files are categorically privileged.

9  For the reasons stated above and in LSAC's original motion papers, LSAC respectfully
10 requests that the Court set aside the Order of the Magistrate Judge with respect to DFEH's
11 responses to LSAC document requests 24, 25, 27, 31, and 39. There was no basis for the
12 Magistrate Judge to reach what appears to be the broad conclusion that all of the documents
13 withheld from production by DFEH (on any grounds, including "common interest") were
14 privileged and properly withheld from production. At a minimum, the Court should modify the
15 Magistrate Judge's Order to clarify that it is without prejudice to LSAC's right to raise all
16 applicable objections to DFEH's privilege claims, on a document-specific basis, if this case
17 continues following ADR proceedings.

Dated: July 17, 2013                              Respectfully submitted,

                                                  FULBRIGHT & JAWORSKI L.L.P.


                                                  By   /s/  Robert A. Burgoyne

                                                  Attorneys for Defendant Law School
                                                  Admission Council, Inc.

91016703.2                                        - 5 -

DOCUMENT PREPARED ON RECYCLED PAPER