UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, *et. al.*,

    Plaintiffs,

    v.

LAW SCHOOL ADMISSION COUNCIL, INC.,

    Defendant.

No. C-12-1830 EMC

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

**(Docket No. 151)**

Defendant Law School Admission Council ("LSAC") has filed a motion for relief from a discovery order issued by Judge Westmore. See Docket No. 148 (order). Under federal law, "[a] non-dispositive order entered by a magistrate [judge] must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). For the reasons discussed below, LSAC's motion is **DENIED**.

## I. DISCUSSION

As to the DFEH case files, LSAC argues first that Judge Westmore erred because she found there to be a work product privilege without any actual evidence (such as a declaration) to support that claim of privilege. *See* Mot. at 3 (arguing that Judge Westmore "implicitly accepted the premise that DFEH's investigation has always been a 'non-standard,' attorney-led investigation at all stages and at all times, without any proof"). However, it does not appear that LSAC ever made

the argument before Judge Westmore that such proof was necessary.[1] "'Motions for reconsideration and objections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief.'" *Harbridge v. Yates*, No. 1:10-cv-00473 AWI JLT (PC), 2012 U.S. Dist. LEXIS 23909, at *3 (E.D. Cal. Feb. 24, 2012).

Second, LSAC argues that Judge Westmore erred in finding the documents privileged because the investigation was not conducted in anticipation of litigation. However, similar to above, LSAC never raised this specific argument before Judge Westmore (and, in fact, did not even raise the argument in its opening motion filed with *this* Court) – even though it could have, given DFEH's representation in the joint letter that "DFEH investigators prepared the documents under the direction and supervision of the agency's attorney-managed Special Investigations Unit (SIU) after the DFEH made a preliminary determination of cause in the Director's Complaint, filed July 22, 2010." Docket No. 141 (Letter at 20). Instead, as reflected in the joint letter, LSAC simply relied on the contention that investigatory documents are routinely produced pursuant to DFEH directives. If LSAC had challenged at the outset DFEH's claim of work product privilege on the grounds that an investigation conducted under the direction of counsel does not establish it was done in anticipation of litigation, DFEH might well have provided a specific rebuttal on this point as part of its presentation to Judge Westmore. But LSAC did not timely raise this argument, waiting instead to raise it for the first time in its reply brief filed in this Court.

Finally, to the extent LSAC argues that Judge Westmore erred with respect to the DFEH case files because she made a "blanket" ruling regarding privilege without expressly preserving for LSAC the right to make document-specific challenges, that argument too is without merit. LSAC never presented any document-specific challenges to Judge Westmore or nor did it otherwise indicate to her that it sought the right to preserve the ability to make such challenges. Accordingly, the Court cannot say that Judge Westmore clearly erred or that she acted contrary to law.

---

[1] The Court notes that DFEH cannot be faulted for not providing to Judge Westmore evidence to support its claim of privilege because her standing order prohibited it from doing so. In its opposition brief, DFEH has now provided the Seldin declaration, but the Court need not consider the contents of that declaration to resolve the pending motion.

2

As for the common interest doctrine, here as well the Court does not find either clear error or an act contrary to law.

## II. CONCLUSION

Accordingly, the Court **DENIES** LSAC's motion for relief as well as its alternative request for relief. This ruling, however, does not preclude LSAC from seeking reconsideration from (based on new argument or evidence) Judge Westmore in the first instance.

This order disposes of Docket No. 151.

IT IS SO ORDERED.

Dated: July 23, 2013

_____
EDWARD M. CHEN
United States District Judge

3