JON M. ICHINAGA, Chief Counsel (#137290)
  Jon.Ichinaga@dfeh.ca.gov
R. SYBIL VILLANUEVA, Associate Chief Counsel (#205399)
  Sybil.Villanueva@dfeh.ca.gov
PHOEBE P. LIU, Senior Staff Counsel (#210829)
  Phoebe.Liu@dfeh.ca.gov
MARI MAYEDA, Associate Chief Counsel (#110947)
  Mari.Mayeda@dfeh.ca.gov
SAMI HASAN, Staff Counsel (#272333)
  Sami.Hasan@dfeh.ca.gov
DEPARTMENT OF FAIR EMPLOYMENT
  AND HOUSING
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758
Telephone:      (213) 439-6799
Facsimile:      (888) 382-5293

Attorneys for Plaintiff DFEH

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California, <br><br> Plaintiff, <br><br> vs. <br><br> LAW SCHOOL ADMISSION COUNCIL, INC., a Delaware tax exempt corporation <br><br> Defendant. <br><br>———————————————————<br> JOHN DOE, JANE DOE, PETER ROE, RAYMOND BANKS, KEVIN COLLINS, RODNEY DECOMO-SCHMITT, ANDREW GROSSMAN, ELIZABETH HENNESSEY-SEVERSON, OTILIA IOAN, ALEX JOHNSON, NICHOLAS JONES, CAROLINE LEE, ANDREW QUAN, STEPHEN SEMOS, GAZELLE TALESHPOUR, KEVIN VIELBAUM, AUSTIN WHITNEY, and all other similarly situated individuals, <br><br> Real Parties in Interest. | Case No.  C 12-01830 <br><br> **PLAINTIFF DFEH'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **Date:   October 31, 2013** <br> **Time:   1:30 p.m.** <br> **Dept.: 5** <br><br> **(Hon. Edward M. Chen)** |

COURT PAPER
State of California

-1-

1

## NOTICE OF MOTION AND MOTION

2

## FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

3    PLEASE TAKE NOTICE that on October 31, 2013, at 1:30 p.m., or as soon thereafter as the

4  matter may be heard, Plaintiff Department of Fair Employment and Housing ("DFEH") will, and

5  hereby does, move for an order granting DFEH leave to file its Third Amended Complaint for

6  Damages and Injunctive Relief.

7

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AMEND

8

## INTRODUCTION

9    Pursuant to Rule 15 of the Federal Rules of Civil Procedure and the Court's Case

10  Management and Pre-Trial Order for Jury Trial ("Case Management Order"), DFEH seeks leave to

11  file a Third Amended Complaint which (1) adds a timely cause of action for violation of California

12  Education Code section 99161.5, and (2) revises language in the Complaint consistent with the

13  Court's April 22, 2013 Order Granting Plaintiff DFEH's Motion to Proceed for Group or Class

14  Relief, Dkt. 136.  A true and correct copy of the proposed Third Amended Complaint is attached as

15  Exhibit 1 to the Declaration of Mari Mayeda in Support of DFEH's Motion for Leave to File Third

16  Amended Complaint.  DFEH's Third Amended Complaint is timely, made in good faith, and does

17  not prejudice Defendant Law School Admission Council, Inc. ("LSAC").  Moreover, the Court

18  should grant DFEH's Motion because:

19        (1) LSAC does not oppose this Motion;

20        (2) The Court largely disposed of all arguments against amendment when it granted Legal

21            Aid Society–Employment Law Center's ("LAS-ELC") request to add a cause of action

22            under section 99161.5 of the California Education Code, Order re LAS-ELC's Mot. Am.

23            4:26-9:28, April 19, 2013, Dkt. 135; and

24        (3) The additional language regarding the interests of DFEH in this case and its authority to

25            proceed for group or class relief is fully discussed in this Court's April 22, 2013 Order and

26            the amendment simply seeks to add language consistent with that ruling.  Order Granting

27            DFEH Mot. Group/Class Relief 13:3-15:12, Dkt. 136.  DFEH has additionally changed



COURT PAPER
State of California

-2-

the phrase "reasonable accommodation" or "accommodation" to the more accurate phrase "testing accommodation" throughout.

## STATEMENT OF FACTS

DFEH filed its Complaint against LSAC on March 15, 2012 in Alameda County Superior Court, alleging that LSAC engages in a pattern or practice of discrimination against disabled test takers of the Law School Admissions Test.  LSAC removed the case to federal court under both federal question and diversity grounds.  Notice of Removal, Dkt. 1.  The Complaint, brought on behalf of 16—originally 17—real parties in interest and other similarly situated test takers, alleges that LSAC discriminated against these test takers by imposing upon them onerous application and documentation requirements, denying them reasonable accommodation, "flagging" or annotating the test scores of disabled test takers who received an accommodation of extra time, providing those test takers with different and less desirable score reports, and failing to explain the reasons for denial in writing.

On February 6, 2013, the Court granted DFEH leave to file its First Amended Complaint to extend the time period defining covered victims of discrimination, replacing "February 6, 2012" with the phrase "to the present" to reflect the continuing nature of the defendant's illegal conduct.  Order Granting DFEH's Mot. to File First Am. Compl., Dkt. 103.  On March 27, 2013, the Court granted DFEH's Unopposed Motion for Leave to File a Second Amended Complaint, which deleted Plaintiff's Doe allegations and added to the prayer for relief a request for attorneys' fees and costs.  Order Granting DFEH's Mot. to File Second Am. Compl., Dkt. 125.

**A.    Section 99161.5 of the California Education Code Became Effective and this Court Previously Allowed Plaintiff-Intervenors to Add It to Their Complaint**

On January 1, 2013, section 99161.5 of the California Education Code became effective.  It outlaws, *inter alia*, the practices of "flagging" test scores, failing to grant reasonable accommodations, and failing to report percentile rankings or score bands for disabled accommodated test takers.  On January 7, 2013, LSAC filed an action in state court against the State of California, seeking to declare section 99161.5 unconstitutional.  Complaint, *Law School Admissions Council,*

-3-

COURT PAPER
State of California

1  *Inc. ("LSAC") v. California*, No. 34-2013-00135574 (Cal. Super. Ct. Jan. 10, 2013). Although the

2  Sacramento County Superior Court preliminarily enjoined enforcement of section 99161.5, Order

3  Granting Mot. Prelim. Inj., *LSAC v. California*, No. 34-2013-00135574 (Feb. 13, 2013), the court of

4  appeals stayed the injunction and ordered LSAC to comply with the Education Code, directing that

5  "[LSAC] shall not take any action inconsistent with Education Code section 99161.5, subdivision (c)

6  . . . ." Order Staying Prelim. Inj. Order, No. C073187 (Cal. Ct. App. March 5, 2013).

7       On April 19, 2013, this Court granted in part LAS-ELC's Motion to Amend their complaint to

8  allege a cause of action against LSAC under section 99161.5 California Education Code. Order

9  Granting in Part Motion to Am. Compl. 3:17-4:2, Dkt. 135. The Court examined the factors of undue

10  delay, prejudice to defendant, futility, bad faith and prior amendments and granted LAS-ELC Motion

11  to Amend to add a claim for violation of the Education Code via California Business and Professions

12  Code and Unruh, but denying any claim seeking to give retroactive binding effect to section 99161.5.

13  *Id.* at 12:25-27.

14       Discovery in this case has been limited. This Court set an expedited schedule for settlement

15  related discovery and referred the case for settlement purposes to Magistrate Judge Joseph C. Spero.

16  Order Referring Case to J. Spero, Dkt. 113; Case Mgmt. Order, Dkt. 129. Thus, discovery has been

17  limited to that which is "tailored and focused to those topics and those sources necessary for

18  meaningful participation in ADR . . ." Jt. Pre-ADR Discovery Plan and Order ¶ B, Dkt. 114. The

19  parties met with Judge Spero on July 9 and August 12, 2013 and are scheduled for a further

20  settlement conference on October 10, 2013. The Court's April 5, 2013 Case Management Order also

21  set October 31, 2013 as the deadline for filing a motion to amend the pleadings. Case Mgmt. Order ¶

22  10, Dkt. 129.

23  **B.    The Court Recognized DFEH's Authority to Bring Enforcement Actions Without**

24  **Complying with Rule 23 of the Federal Rules of Civil Procedure**

25       On April 22, 2013 the Court held that the Department could proceed in this government

26  enforcement action without filing a motion under Rule 23 of the Federal Rules of Civil Procedure.

27  Order re DFEH Mot. Group/Class Relief, Dkt. 136. The Court recognized that, like Title VII, the

-4-

COURT PAPER
State of California

1   *Inc. ("LSAC") v. California*, No. 34-2013-00135574 (Cal. Super. Ct. Jan. 10, 2013). Although the

2   Sacramento County Superior Court preliminarily enjoined enforcement of section 99161.5, Order

3   Granting Mot. Prelim. Inj., *LSAC v. California*, No. 34-2013-00135574 (Feb. 13, 2013), the court of

4   appeals stayed the injunction and ordered LSAC to comply with the Education Code, directing that

5   "[LSAC] shall not take any action inconsistent with Education Code section 99161.5, subdivision (c)

6   . . . ." Order Staying Prelim. Inj. Order, No. C073187 (Cal. Ct. App. March 5, 2013).

7         On April 19, 2013, this Court granted in part LAS-ELC's Motion to Amend their complaint to

8   allege a cause of action against LSAC under section 99161.5 California Education Code. Order

9   Granting in Part Motion to Am. Compl. 3:17-4:2, Dkt. 135. The Court examined the factors of undue

10   delay, prejudice to defendant, futility, bad faith and prior amendments and granted LAS-ELC Motion

11   to Amend to add a claim for violation of the Education Code via California Business and Professions

12   Code and Unruh, but denying any claim seeking to give retroactive binding effect to section 99161.5.

13   *Id.* at 12:25-27.

14         Discovery in this case has been limited. This Court set an expedited schedule for settlement

15   related discovery and referred the case for settlement purposes to Magistrate Judge Joseph C. Spero.

16   Order Referring Case to J. Spero, Dkt. 113; Case Mgmt. Order, Dkt. 129. Thus, discovery has been

17   limited to that which is "tailored and focused to those topics and those sources necessary for

18   meaningful participation in ADR . . ." Jt. Pre-ADR Discovery Plan and Order ¶ B, Dkt. 114. The

19   parties met with Judge Spero on July 9 and August 12, 2013 and are scheduled for a further

20   settlement conference on October 10, 2013. The Court's April 5, 2013 Case Management Order also

21   set October 31, 2013 as the deadline for filing a motion to amend the pleadings. Case Mgmt. Order ¶

22   10, Dkt. 129.

23   **B.**     **The Court Recognized DFEH's Authority to Bring Enforcement Actions Without**

24           **Complying with Rule 23 of the Federal Rules of Civil Procedure**

25         On April 22, 2013 the Court held that the Department could proceed in this government

26   enforcement action without filing a motion under Rule 23 of the Federal Rules of Civil Procedure.

27   Order re DFEH Mot. Group/Class Relief, Dkt. 136. The Court recognized that, like Title VII, the

COURT PAPER
State of California

-4-

PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT, Case No. C 12-01830 EMC
*Dept. of Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)

1  Fair Employment and Housing Act ("FEHA") authorizes DFEH to bring "enforcement actions . . .

2  act[ing] 'not merely [as] a proxy for the victims of discrimination,' but also 'to vindicate the public

3  interest in preventing [certain forms of] discrimination. [Citation.]" *Id.* at 13:9-14. Given its

4  authority to obtain broad relief for discriminatory conduct, this Court concluded that DFEH's

5  enforcement suit is not a representative action subject to Rule 23. *Id.* at 13:21-24. Moreover, the

6  Court held that DFEH's use of the phrase "class action" in its Complaint is of no moment, *id.* at

7  16:17, and that "it is clear from [DFEH's] pleadings that . . . [Rule 23] pleadings were made in the

8  alternative," *id.* at 16:14-17:3. Thus, the proposed Third Amended Complaint simply seeks to

9  incorporate the Court's own holdings and language, from its April 22, 2013 Order, regarding the

10 interests of the State of California and the group or class relief nature of the case.

11        Pursuant to Federal Rule of Civil Procedure 15, DFEH counsel contacted LSAC's counsel to

12 obtain LSAC's written consent to the amendments. Mayeda Decl. ¶ 4. On September 25, 2013,

13 LSAC gave its consent to the amendments, while reserving its rights to raise any defenses to DFEH's

14 claims, as amended, and authorized DFEH to represent to the Court that it will not be opposing this

15 Motion. *Id.* Accordingly, DFEH requests this Court to grant its Motion..

16                                    **ARGUMENT**

17        Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave

18 [to amend] when justice so requires." *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th

19 Cir. 1987) (providing that leave to amend should be granted with "extreme liberality"). Indeed, a

20 court should only consider denying such a motion when the defendant firmly establishes undue delay,

21 bad faith, dilatory motive, repeated failure to cure deficiencies with previously allowed amendments,

22 undue prejudice, and futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs*, 833

23 F.2d at 186*); Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Cooper

24 Development Co. v. Employers Insurance of Wausau*, 765 F.Supp. 1429, 1432 (N.D. Cal. 1991)

25 ("Courts have been quite liberal in granting leave to amend . . . .").

26        Absent prejudice, or a strong showing of any of the other *Foman* factors, a presumption exists

27 under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052; *see*


COURT PAPER
State of California

-5-

1   *also Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to

2   amend pleadings should be granted regardless of the length of time or delay by the moving party

3   absent a showing of bad faith by the moving party or prejudice to the opposing party."). The interests

4   of justice and judicial economy warrant leave to amend in this case, and none of the factors weighing

5   against it is present.

6   **A.     There Is No Undue Delay**

7            This Motion is timely filed and made without delay.  In the proposed Joint Case Management

8   Statement, the parties agreed to a deadline of December 13, 2013 for parties to seek leave to file

9   amended pleadings.  Second Jt. Case Mgmt. Stmt. 2:21–23, Dkt. 127.  The Court amended this

10  deadline on its own motion to October 31, 2013.  Case Mgmt. Order ¶ 10, Dkt. 129.  DFEH files this

11  motion in advance of the Court's deadline, therefore, there is no undue delay.  *See Hofstetter v. Chase*

12  *Home Finance, LLC*, 751 F.Supp.2d 1116, 1122 (N.D. Cal. 2010) (no undue delay where the motion

13  to amend was filed "before the [established] deadline for pleading amendments").

14           DFEH cannot be faulted for not adding its Education Code claim earlier.  Section 99161.5 of

15  the Education Code was not effective until January of this year.  On January 7, 2013 LSAC filed its

16  state court challenge of the Education Code, and the State of California was enjoined from enforcing

17  the provision by the Superior Court's preliminary injunction.  Order Staying Prelim. Inj. Order, No.

18  C073187 (Cal. Ct. App. March 5, 2013).  Although not a party to that litigation, and arguably not

19  bound by that ruling, DFEH could not risk running afoul of the superior court's preliminary

20  injunction barring enforcement of the Education Code by the State of California.  In the months since

21  the state court injunction was stayed, DFEH participated in good faith in the ADR discovery and

22  settlement conferences ordered by this Court.  DFEH did not want to jeopardize, or risk running afoul

23  of the Court's directions to focus on, ADR discovery and settlement by also litigating a motion to

24  amend the complaint early in the settlement process.  Mayeda Decl. ¶ 3.

25           As to the amended language regarding the interest of the state and the clarification of the

26  allegations regarding the class nature of the relief sought:  DFEH makes these changes consistent

27  with the Court's April 22, 2013 Order Granting DFEH's Motion to Proceed for Group or Class



COURT PAPER
State of California

-6-

1   Relief.  As this is DFEH's first amendment to the complaint since that motion was granted, there is

2   no undue delay.

3   **B.      LSAC Will Not Be Prejudiced by the Amendments**

4          LSAC suffers no prejudice should the Court allow DFEH's amendments.  Prejudice to the

5   opposing party is the factor "that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052.

6   Prejudice can be established when a motion to amend is made after the cut of date, or when discovery

7   has closed or is about to close.  *See, e.g., Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087

8   (9th Cir. 2002).  DFEH's Motion is within the deadline set by the court for filing a motion to amend,

9   and the parties are just emerging from limited ADR discovery.  Full discovery has not commenced.

10  The non-expert discovery cut off is April 25, 2014, several months away, and the dispositive motion

11  deadline is approximately one year away, on October 30, 2014.  Case Mgmt. Order ¶ 5, Dkt. 129.

12  LSAC will have ample time to propound discovery and investigate the Education Code claim, which

13  overlap with the existing claims in any event.

14         In this case, this Court has already ruled on a similar motion to amend made by Plaintiff-

15  Intervenors LAS-ELC et al.  In granting permission for Plaintiff-Intervenors to amend their complaint

16  to add causes of action for violations of section 99161.5 of the Education Code, the Court relied on

17  the fact that the Unruh/ADA claims in the existing complaint and the added section 99161.5 claims

18  cover the same facts and essentially the same allegations.  Order re LAS-ELC's Mot. Am. Compl.

19  7:4-11, Dkt. 135.  The same is true as to DFEH's proposed Third Amended Complaint.

20         As LSAC is already being sued in this litigation for violating the Education Code, the issue is

21  already raised in this case.  *Id.*  Pursuant to the Court's order, Plaintiff Intervenors filed their First

22  Amended Complaint, adding causes of action for violations of section 99161.5 via section 17200 of

23  the California Business and Professions Code and Unruh Act.  LAS-ELC First Am. Compl., Dkt.

24  137.  The same reasoning that supported granting Plaintiff-Intervenors permission to add the

25  Education Code claim applies with equal force to Plaintiff DFEH's Motion to add the Education

26  Code claim, therefore, the Motion to Amend should be granted.

27

COURT PAPER
State of California

1    LSAC has been on notice from the beginning as to the scope of the litigation, and that DFEH

2    was challenging the systemic nature of LSAC's discriminatory conduct.  Section 99161.5 of the

3    Education Code addresses the same issues already challenged in the existing Complaint: "flagging"

4    of test scores, failure to grant reasonable accommodations to disabled students, failure to provide

5    accommodated test takers with score reports which contain score bands and percentile rankings, and

6    failure of LSAC to sufficiently explain the reasons for its denials of accommodation in writing.  As a

7    further demonstration of the lack of prejudice to LSAC, the California legislature itself stated that

8    section 99161.5 "does not constitute a change in, but is declaratory of existing law" and that the

9    statute does "not provide greater protections to persons with disabilities than those provided by

10    Section 51 of the Civil Code." Cal. Educ. Code § 99161.5.  As this Court correctly observed when

11    permitting Plaintiff-Intervenors to add claims under the Education Code, section "99161.5 supplies

12    the legislature's interpretation and clarification of rights under the provision of the Fair Employment

13    and Housing Act which are incorporated into the Unruh Act . . . ." Order re LAS-ELC's Mot. Am.

14    Compl. 9:14-16, Dkt. 135.

15    Given that this litigation is in its relatively early stages and LSAC has consented to the

16    amendments, allowing DFHE to file its Third Amended Complaint does not cause any prejudice to

17    LSAC.  Therefore, DFEH requests the Court grant its Motion.

18    **C.**    **The Motion Is Made in Good Faith and Amendment Would Not Be Futile**

19    DFEH's Motion to Amend is made in good faith.  DFEH seeks to amend the Complaint to

20    add a cause of action for violation of the section 99161.5 of the California Education Code, which

21    was not in effect until January 2013.  Shortly after section 99161.5 became effective, LSAC

22    challenged the law in state court and the superior court issued a preliminary injunction.  Order

23    Granting Mot. Prelim. Inj., *LSAC v. California*, No. 34-2013-00135574 (Cal. Super. Ct. Feb. 13,

24    2013).  Once that injunction was dissolved by the court of appeals, Order Staying Prelim. Inj. Order,

25    No. C073187 (Cal. Ct. App. March 5, 2013), the parties had been ordered into expedited ADR

26    discovery and settlement with Magistrate Judge Spero.  DFEH now seeks to add the Education Code

27

COURT PAPER
State of California

-8-

PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT, Case No. C 12-01830 EMC
*Dept. of Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)

1    claim after the court of appeal sanctioned the enforcement of the provision and the parties have

2    engaged in good faith settlement discussions and ADR discovery.  Mayeda Decl. ¶ 3.

3           This Court previously dispatched previous arguments regarding each of the *Foman* factors in

4    granting Plaintiff-Intevenors motion to amend their complaint.  In opposing that motion to add the

5    Education Code cause of action, LSAC argued that there is no private right of action under section

6    99161.5.  LSAC's Opp. to LAS-ELC's Mot. Am. 3:22-5:21, Dkt 96.  Here, however, DFEH brings

7    this claim, as "an exercise of the police power of the state," Cal. Gov't Code § 12920, in its capacity

8    as "a public prosecutor testing a public right."  Order re DFEH Mot. Group/Class Relief, Dkt. 136.

9    We invoke the power given to the "head of a department" of the State of California under section

10   11180 of the California Government Code to "prosecute actions . . . [a]s to all matters relating to . . .

11   subjects under the jurisdiction of the department." *See also id.* at 11:9-11 (noting that Government

12   Code section 11180 authorizes DFEH's director to bring suit); *People ex. rel. Dep't of Conservation*

13   *v. El Dorado Cnty.*, 36 Cal.4th 971, 988 (2005).

14          Thus, DFEH has the authority to enforce section 99161.5 of the Education Code through

15   Government Code section 11180.  As acknowledged by the Court in this case, DFEH was elevated to

16   the status of a Department in 1980 so that the "consolidated DFEH 'would have the organizational

17   structure necessary to conduct its activities effectively.'"  Order re DFEH Mot. Group/Class Relief

18   11:26-12:4, Dkt. 136 (quoting with approval from the legislative history to the 1980 amendments to

19   FEHA).  In 1980, FEHA was amended to specify that DFEH had the powers of a department, such as

20   the power to prosecute actions under Government Code section 11180.  *Id.*  Government Code

21   section 12902 (which is part of FEHA) specifically states, "[t]he provisions of Chapter 2

22   (commencing with Section 11150) of Part 2 apply to the director and the director is the head of a

23   department within the meaning of such chapter."

24          Education Code section 99161.5 is enforceable by DFEH under Government Code section

25   11180 because that section of the Education Code concerns a subject within or "relating to" a subject

26   matter over which the Department has jurisdiction.  We seek to enforce the Education Code's

27   provisions that outlaw:  discrimination in "flagging" test scores, discrimination in denial of

COURT PAPER
State of California

1   reasonable accommodations without explanation, and discriminatory score reporting.  Further, the

2   legislature specified that the Education Code "does not constitute a change in, but is declaratory of

3   existing law" and that the statute does "not provide greater protections to persons with disabilities

4   than those provided by Section 51 of the Civil Code."  Cal. Educ. Code § 99161.5.  As this Court

5   correctly observed, section "99161.5 supplies the legislature's interpretation and clarification of

6   rights under the provision of the Fair Employment and Housing Act which are incorporated into the

7   Unruh Act . . . ."  Order re LAS-ELC's Mot. Am. Compl. 9:14-16, Dkt. 135, April 19, 2013.  And, of

8   course, both Unruh and FEHA are subjects clearly under the jurisdiction of the Department,

9   confirming the DFEH's authority to bring a claim under section 99161.5.  Cal. Gov't Code

10  § 12930(f), (g), (h).

11                                          **CONCLUSION**

12          For the reasons discussed above, and because LSAC does not oppose this Motion, DFEH

13  respectfully seeks leave of this Court to file the proposed Third Amended Complaint.

14

15  DATED: September 26, 2013                 Respectfully submitted,

16                                           DEPARTMENT OF FAIR EMPLOYMENT
                                             AND HOUSING
17
                                             JON M. ICHINAGA
18                                             Chief Counsel
                                             SYBIL VILLANUEVA
19                                             Associate Chief Counsel
                                             PHOEBE LIU
20                                             Senior Staff Counsel
                                             MARI MAYEDA
21                                             Associate Chief Counsel
                                             SAMI HASAN
22                                             Staff Counsel
23                                   By: _____ /s/ Mari Mayeda _____
                                             Mari Mayeda
24                                           Attorneys for the Department

25

26

27


**COURT PAPER**
State of California

-10-

PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND COMPLAINT, Case No. C 12-01830 EMC
*Dept. of Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)

JON M. ICHINAGA, Chief Counsel (#137290)
 Jon.Ichinaga@dfeh.ca.gov
R. SYBIL VILLANUEVA, Associate Chief Counsel (#205399)
 Sybil.Villanueva@dfeh.ca.gov
PHOEBE P. LIU, Senior Staff Counsel (#210829)
 Phoebe.Liu@dfeh.ca.gov
MARI MAYEDA, Associate Chief Counsel (#110947)
 Mari.Mayeda@dfeh.ca.gov
SAMI HASAN, Staff Counsel (#272333)
 Sami.Hasan@dfeh.ca.gov
DEPARTMENT OF FAIR EMPLOYMENT
 AND HOUSING
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758
Telephone:    (213) 439-6799
Facsimile:    (888) 382-5293

Attorneys for Plaintiff DFEH

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC., a Delaware tax exempt corporation<br><br>Defendant.<br>_____<br>JOHN DOE, JANE DOE, PETER ROE, RAYMOND BANKS, KEVIN COLLINS, RODNEY DECOMO-SCHMITT, ANDREW GROSSMAN, ELIZABETH HENNESSEY-SEVERSON, OTILIA IOAN, ALEX JOHNSON, NICHOLAS JONES, CAROLINE LEE, ANDREW QUAN, STEPHEN SEMOS, GAZELLE TALESHPOUR, KEVIN VIELBAUM, AUSTIN WHITNEY, and all other similarly situated individuals,<br><br>Real Parties in Interest.<br>_____ | Case No.  C 12-01830<br><br>**DECLARATION OF MARI MAYEDA IN SUPPORT OF DFEH'S UNOPPOSED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>**Date:  October 31, 2013**<br>**Time:  1:30 p.m.**<br>**Dept.: 5**<br><br>**(Hon. Edward M. Chen)** |

**COURT PAPER**
State of California

-1-

I, MARI MAYEDA, declare:

1.      I am an attorney at law duly licensed to practice before all the courts of the State of California, and employed as an Associate Chief Counsel by Plaintiff Department of Fair Employment and Housing ("DFEH"). In my official capacity, I am assigned to the case captioned above. I have personal knowledge of the above-captioned case, and if called upon to testify, I could do so competently.

2.      A true and correct copy of the proposed Third Amended Group and Class Action Complaint for Damages and Injunctive Relief ("Third Amended Complaint") is attached to this Declaration as Exhibit 1.

3.      DFEH did not delay in adding its Education Code claims to this lawsuit. After the section 99161.5's effective date, LSAC was granted a preliminary injunction enjoining enforcement of the provision, which was subsequently stayed by the court of appeal. Following the reviewing court's order, the parties were directed by this Court to focus on ADR discovery and settlement negotiations, and DFEH did not want to contravene this directive or jeopardize early settlement discussions by also litigating a motion to amend simultaneously.

4.      Pursuant to Federal Rules of Civil Procedure 15, DFEH counsel contacted LSAC's counsel to obtain LSAC's written consent to DFEH's amendments to its Complaint. On September 25, 2013, LSAC consented to the filing of the Third Amended Complaint, reserving its right to raise any and all claims and defenses to the pleading, as amended, and authorized DFEH to represent to this Court that it will not be opposing this Motion. A stipulation consenting to the filing of the Third Amended Complaint, signed by all parties, is filed concurrently herewith.


I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was signed in Berkeley, California, on September 26, 2013.


By:  _____/s/ Mari Mayeda_____
        Mari Mayeda
        Attorneys for the Department

-2-

COURT PAPER
State of California

# EXHIBIT 1

1   JON M. ICHINAGA (#137290)
     Chief Counsel
2   R. SYBIL VILLANUEVA (#205399)
     Associate Chief Counsel
3     Sybil.Villanueva@dfeh.ca.gov
   PHOEBE P. LIU (#210829)
4     Senior Staff Counsel
     Phoebe.liu@dfeh.ca.gov
5   MARI MAYEDA (#110947)
     Associate Chief Counsel
6     Mari.mayeda@dfeh.ca.gov
   DEPARTMENT OF FAIR EMPLOYMENT
7     AND HOUSING
   2218 Kausen Drive, Suite 100
8   Elk Grove, CA 95758
   Telephone:  (213) 439-6799
9   Fax:  (888) 382-5293

10   Attorneys for the DFEH

11

12             **IN THE UNITED STATES DISTRICT COURT**

13          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14

15   THE DEPARTMENT OF FAIR EMPLOYMENT )   **Case No.** CV 12-1830-EMC
   AND HOUSING, an agency of the State of )
16   California, )
                        )   **THIRD AMENDED COMPLAINT**
17                  Plaintiff,)   **SEEKING GROUP OR CLASS RELIEF,**
                        )   **IN THE ALTERNATIVE GROUP AND**
18       vs.                    )   **CLASS ACTION COMPLAINT FOR**
                        )   **DAMAGES AND INJUNCTIVE RELIEF**
19   LAW SCHOOL ADMISSION COUNCIL, INC., )   [FEHA, Cal. Gov. Code § 12900 et seq. and
   a Delaware tax exempt corporation, )   Unruh Civil Rights Act, Cal. Civ. Code § 51
20                        )   et seq.]
                      Defendant.)
21

22

23

24

25

26

27



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

| | |
|---|---|
| JOHN DOE, JANE DOE, PETER ROE, RAYMOND BANKS, KEVIN COLLINS, RODNEY DECOMO-SCHMITT, ELIZABETH HENNESSEY-SEVERSON, OTILIA IOAN, ALEX JOHNSON, NICHOLAS JONES, CAROLINE LEE, ANDREW QUAN, STEPHEN SEMOS, GAZELLE TALESHPOUR, KEVIN VIELBAUM, AUSTIN WHITNEY, and all other similarly situated individuals, | Jury Trial Demanded |

Real Parties in Interest.



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for Damages and Injunctive Relief

Plaintiff DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING (Department or DFEH) alleges the following against defendant LAW SCHOOL ADMISSION COUNCIL, INC. (LSAC), a Delaware tax exempt corporation:

**PARTIES**

1.      DFEH is the state agency charged with enforcing the right of all Californians under the Unruh Civil Rights Act (Unruh Act) (Cal. Civ. Code §§ 51 et seq.) "to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51 (a) (West 2013).  Government Code section 12948 makes a violation of the Unruh Act a violation of the Fair Housing and Employment Act (FEHA) Cal. Gov't Code §§ 12900 et seq. (West 2013). The FEHA empowers the DFEH to investigate and prosecute Unruh Act claims within the state, including those that adversely affect, in a similar manner, a group or class. Cal. Gov't Code §§ 12961, 12965. The Government Code authorizes DFEH to prosecute actions in state and federal court. Cal. Gov't Code §§ 12930(h), 11180.

      A.      California's public policy against discrimination on the basis of disability is "substantial and fundamental." City of Moorpark v. Super. Ct. of Ventura Cnty., 18 Cal. 4th 1143, 1161 (1998); see also Cal. Civ. Code § 51 ("All persons within the jurisdiction of this state are free and equal, and no matter their . . . disability, medical condition . . . are entitled to the full and equal accommodations . . . or services in all business establishments of every kind whatsoever"); Cal. Gov't Code § 12920 ("It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgement on account of . . . physical disability [or] mental disability[.]"); Cal. Gov't Code §12921 9 ("The opportunity to seek, obtain and hold employment without discrimination because of . . . physical disability [or] mental disability . . . is hereby recognized as and declared to be a civil right.").

-3-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

1    Similarly, the ADA provides a mandate for "the elimination of bias against

2    individuals with disabilities.") 42 U.S.C. § 12101.

B.    DFEH commenced this suit as an exercise of the police power, based on its

determination that defendant, Law School Admission Council (LSAC)

engaged in discrimination on the basis of disability.

C.    DFEH acts as a public prosecutor testing a public right. The interest of DFEH

in the law school admissions process was articulately summarized by the

United States Supreme Court:

> In order to cultivate a set of leaders with legitimacy in the eyes of
> the citizenry, it is necessary that the path to leadership be visibly
> open to talented and qualified individuals . . . . All members of
> our heterogeneous society must have confidence in the openness
> and integrity of the educational institutions that provide this
> training. As we have recognized, law schools "cannot be
> effective in isolation from the individuals and institutions with
> which the law interacts." Access to legal education (and thus the
> legal profession) must be inclusive of [all] talented and qualified
> individuals . . . so that all members of our heterogeneous society
> may participate in the educational institutions that provide the
> training and education necessary to succeed in America. Grutter
> v. Bollinger, 539 U.S. 306, 333 (citations omitted).

D.    The LSAT is required for admission to any ABA accredited law school. The

State of California, through the DFEH, has an interest in ensuring that

gateways to education and employment are open to individuals with

disabilities. The State of California also has an interest in eliminating bias and

enhancing diversity in the legal profession, and in furtherance of this interest,

the testing process for entry into law school should not be an obstacle to the

-4-



*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

full and equal participation of individuals with disabilities in the legal profession. Ensuring that law school admissions reflect the diversity of our society not only affects students with disabilities, but also their would-be classmates who benefit from the presence of those perspectives in the classroom. The legal profession as a whole, and the society which it serves, stands to be negatively affected by practices that result in the unfair exclusion of individuals with disabilities.

2.     Each real party in interest, John Doe, Jane Doe, Peter Roe, Raymond Banks, Kevin Collins, Rodney Decomo-Schmitt, Elizabeth Hennessey-Severson, Otilia Ioan, Alex Johnson, Nicholas Jones, Caroline Lee, Andrew Quan, Stephen Semos, Gazelle Taleshpour, Kevin Vielbaum, and Austin Whitney, applied to LSAC for testing accommodations[1] on the Law School Admissions Test (LSAT) between January 19, 2009 and the present. Each real party was denied a testing accommodation, either in whole or in part, within this same time frame. At the time of applying for testing accommodations, each real party resided in California.

3.     Real parties in interest John Doe, Jane Doe, and Peter Roe wish to participate in this litigation anonymously. Each real party seeks to retain their privacy interest in the details of their disability and need for testing accommodation. Each of these real parties has expressed a legitimate fear of negative professional ramifications should their true names be associated with this litigation. A motion requesting the court's permission to proceed under fictitious names for these two real parties is filed concurrently with this complaint.

---

[1] The Third Amended Complaint substitutes the common term 'testing accommodation' for the technical phrase 'modification, accommodation, or auxiliary aid or service.' Both terms denote those modifications, accommodations, or auxiliary aids or services that a testing entity must provide in order to make an examination accessible to people with disabilities under the ADA. 42 U.S.C. § 12189; 28 U.S.C. § 36.309.

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

4.      At all times relevant to this complaint, LSAC was a business establishment as defined by Civil Code section 51, subdivision (b). LSAC offers and administers its LSAT at multiple locations in the State of California several times a year.

## GROUP RELIEF ALLEGATIONS

5.      The DFEH brings this case on behalf of a group of 16 named individuals.

## CLASS RELIEF AND IN THE ALTERNATIVE CLASS ACTION ALLEGATIONS

6.      **Class Definition**: The DFEH may bring a government enforcement action for group or class relief without meeting the requirements for class certification. The DFEH brings this case for class wide relief and in the alternative as a class action, on behalf of: *all disabled individuals in the State of California who requested a testing accommodation for the Law School Admission Test (LSAT) from January 19, 2009 to the present*. The DFEH alleges that everyone within this class was subjected to LSAC's unlawful policies, patterns, or practices of discouraging requests for testing accommodation, requiring excessive documentation, and requesting unlawful information about mitigation measures. Within this class is a subclass of people who took the LSAT with the condition of extended time and were thereafter subjected to unlawful policies or practices of discriminatory treatment and retaliation because of this testing accommodation. These two classes are defined as follows:

a.      Unlawful Discouragement and Consideration of Mitigation Measures: All disabled individuals in the State of California who requested a testing accommodation for the LSAT from January 19, 2009 to the present.

b.      Differential Treatment and Retaliation Against Examinees Granted Extended Time: All disabled individuals in the State of California who took the LSAT with the testing accommodation of extra time from January 19, 2009 to the present.

7.      **Class Representative**: The DFEH may bring a government enforcement action seeking relief for a group or class of persons without being certified as the class representative.  In the alternative, this lawsuit meets the criteria for class certification. The Director of the DFEH, with the assistance of the 16 named real parties in interest, will fairly and adequately represent the class.

-6-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

8.      **Manageability**: The DFEH may bring a government enforcement action seeking relief for a group or class of persons without meeting the requirements for class certification. In the alternative, class treatment of this dispute would save time and money by bringing all like claims before this court. For LSAC policies that affect a large group of applicants in a similar fashion, such as subjecting applicants to unlawful inquiries and flagging certain scores, treatment as a class is a superior method of adjudication, as compared to multiple individual suits where each plaintiff would allege an identical harm. Class treatment would neatly aggregate these claims, preventing duplicative litigation and potential inconsistencies in the ultimate findings.

9.      **Numerosity**: The DFEH may bring a government enforcement action without meeting the requirements for class certification. In the alternative, the class is estimated to include hundreds of LSAT applicants. It would be impracticable to join each of these applicants who requested testing accommodation during the three-year time frame and to bring them individually before the court for adjudication. The members of this class are fully ascertainable and there exists a probability that the individual members will ultimately be available to come forward to prove their separate damage-related claims to a portion of the total class recovery, if any.

10.      **Commonality**: The DFEH may bring a government enforcement action without meeting the requirements for class certification. In the alternative, there exists for the class a well-defined community of interest such that common questions of both law and fact predominate over individual interests or claims.

11.      **Typicality**: The DFEH may bring a government enforcement action without meeting the requirements for class certification. In the alternative, class claims raised by the real parties in interest are typical of those held by other members of the class. Each applicant for testing accommodation was subject to an unlawful inquiry about mitigation measures, and each test-taker, who was granted extra time, had his or her test score segregated and flagged.

12.      **Adequacy of Representation**: The DFEH may bring a government enforcement action without meeting the requirements for class certification. In the alternative, with the assistance

-7-

1   of the real parties in interest, the DEFH will fairly and adequately represent the interests of all

2   members of the class in the adjudication of their similar legal claims.

3                              **JURISDICTION AND VENUE**

4         13.    The DFEH realleges and incorporates by reference each and every allegation

5   contained in paragraphs 1 through 12, inclusive, as if fully set forth herein.

6         14.    This action arises under the FEHA, specifically Government Code section 12948,

7   which incorporates the Unruh Act into the enforcement structure of the FEHA, giving the DFEH

8   jurisdiction over Unruh Act violations occurring within the state. By virtue of its incorporation into

9   the Unruh Act, a violation of the Americans with Disabilities Act of 1990 (ADA) (42 U.S.C. §§

10  12101 et seq.) also constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

11        15.    At all times relevant to this complaint, LSAC was a business establishment as defined

12  by Civil Code section 51, subdivision (b). LSAC offers and administers its LSAT at multiple

13  locations in the State of California several times a year.

14        16.    At all times relevant to this complaint, real parties in interest John Doe, Jane Doe,

15  Peter Roe, Raymond Banks, Kevin Collins, Rodney Decomo-Schmitt, Elizabeth Hennessey-

16  Severson, Otilia Ioan, Alex Johnson, Nicholas Jones, Caroline Lee,  Andrew Quan, Stephen Semos,

17  Gazelle Taleshpour, Kevin Vielbaum, Austin Whitney, and all other similarly situated individuals,

18  were "persons" within the meaning of Government Code section 12925, subdivision (d), and Civil

19  Code section 51, subdivision (b).

20        17.    On May 9, 2010, Jane Doe filed a verified complaint of discrimination in writing with

21  the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied

22  her full and equal access to the LSAT within the preceding one year, in violation of the FEHA and

23  Unruh Act.  A redacted copy of this complaint is attached hereto as Exhibit 1.

24        18.    On January 12, 2010, Nicholas Jones filed a verified complaint of discrimination in

25  writing with the Department pursuant to Government Code section 12960, alleging that LSAC

26  unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

27

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-8-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

1  of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

2  2.

3       19.    After receiving the complaints of Jane Doe and Mr. Jones, and beginning an

4  investigation into their allegations, the Department came to believe that LSAC's policies and

5  practices toward disabled applicants requesting testing accommodation were affecting a larger group

6  or class of applicants in a similar manner.

7       20.    On July 22, 2010, the Department issued a document entitled "Notice of Class Action

8  Complaint and Director's Complaint" describing the affected group or class as "all disabled

9  individuals in the State of California who have or will request a testing accommodation for the Law

10  School Admission Test (LSAT), administered by the LSAC, and who have or will be unlawfully

11  denied such request from January 19, 2009 to the conclusion of the Department's investigation of this

12  complaint." A redacted copy of this complaint is attached hereto as Exhibit 3.

13       21.    During its investigation of the class action and Director's complaint, the DFEH

14  propounded administrative discovery to determine whether other people had been harmed by LSAC's

15  discriminatory practices within the state. The DFEH's efforts to obtain this information from

16  defendant included the filing of a superior court petition to compel LSAC to respond to its discovery

17  requests. Although Government Code section 12960, subdivision (d), provides that the DFEH has

18  one year from the date of the filing of its complaint until the filing of its accusation, this time is

19  extended by the pendency of a court action to enforce administrative discovery. Cal. Gov't Code §

20  12963.5(f). Therefore, this action is timely filed.

21       22.    With the court's assistance, the DFEH was able to discover and notify other persons

22  who were harmed by defendant's discriminatory practices, to wit:

23       A.  While applicants with disabilities may seek testing accommodations on the LSAT,

24       LSAT's policies, practices or procedures impose restrictions that are inconsistent

25       with the ADA, FEHA and Unruh;

26

27

-9-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

B. Under LSAC's policies, practices or procedures, applicants with disabilities must complete and submit an extensive portfolio of current and historical materials including medical and/or psychological documentation by a stated deadline;

C. Depending on the applicant's disability, individuals are also required to complete additional forms and medical reports. Then, even after so doing, LSAC requires even further additional documentation or medical reports.

D. LSAC's burdensome documentation requests "may cost [a test taker] over $3,000, a cost that bars low-income individuals from access." Assembly Third Reading, AB 2122 (2011-2012);

E. LSAC's policies or practices are so burdensome that some applicants have had to secure legal counsel in pursuit of their testing accommodation request;

F. When LSAC grants applicants the testing accommodation of extended time, it specially marks or "flags" the test scores as having been taken under non-standard conditions and advises law schools to "[c]arefully evaluate LSAT scores earned under accommodated or nonstandard conditions." See LSAC's Cautionary Policies Concerning LSAT Scores and Related Services (Rev. 2005). LSAC segregates all such test scores so that when it submits scores to law schools, it does not report a percentile ranking for those applicants.

Some of the people harmed by LSAC's policies or practices elected to file individual complaints as follows.

23. On August 29, 2011, Alex Johnson filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 4.

24. On August 31, 2011, John Doe filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully

-10-



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

1    denied him full and equal access to the LSAT within the preceding one year, in violation of the

2    FEHA and Unruh Act. A redacted copy of this complaint is attached hereto as Exhibit 5.

3         25.    On September 26, 2011, Elizabeth Hennessey-Severson filed a verified complaint of

4    discrimination in writing with the Department pursuant to Government Code section 12960, alleging

5    that LSAC unlawfully denied her full and equal access to the LSAT within the preceding one year, in

6    violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as

7    Exhibit 6.

8         26.    On October 3, 2011, Caroline Lee filed a verified complaint of discrimination in

9    writing with the Department pursuant to Government Code section 12960, alleging that LSAC

10   unlawfully denied her full and equal access to the LSAT within the preceding one year, in violation

11   of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

12   7.

13        27.    On October 6, 2011, Raymond Banks filed a verified complaint of discrimination in

14   writing with the Department pursuant to Government Code section 12960, alleging that LSAC

15   unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation

16   of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

17   8.

18        28.    On October 7, 2011, Gazelle Taleshpour filed a verified complaint of discrimination in

19   writing with the Department pursuant to Government Code section 12960, alleging that LSAC

20   unlawfully denied her full and equal access to the LSAT within the preceding one year, in violation

21   of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit

22   9.

23        29.    On October 11, 2011, Peter Roe filed a verified complaint of discrimination in writing

24   with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully

25   denied him full and equal access to the LSAT within the preceding one year, in violation of the

26   FEHA and Unruh Act. A redacted copy of this complaint is attached hereto as Exhibit 10.

27



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-11-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

30.     On October 11, 2011, Stephen Semos filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 11.

31.     On October 14, 2011, Rodney DeComo-Schmitt filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 12.

32.     On October 17, 2011, Andrew Grossman filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act.  A true and correct copy of this complaint is attached hereto as Exhibit 13.  Andrew Grossman directly entered into a settlement agreement with LSAC.  The DFEH is not a party to the settlement agreement between Andrew Grossman and LSAC.

33.     On October 19, 2011, Kevin Collins filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 14.

34.     On October 24, 2011, Otilia Ioan filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied her full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act.  A true and correct copy of this complaint is attached hereto as Exhibit 15.

-12-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

35. On October 28, 2011, Andrew Quan filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 16.

36. On October 28, 2011, Austin Whitney filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 17.

37. On November 7, 2011, Kevin Vielbaum filed a verified complaint of discrimination in writing with the Department pursuant to Government Code section 12960, alleging that LSAC unlawfully denied him full and equal access to the LSAT within the preceding one year, in violation of the FEHA and Unruh Act. A true and correct copy of this complaint is attached hereto as Exhibit 18.

38. On February 6, 2012, the DFEH issued a Group and Class Accusation before the California Fair Employment and Housing Commission (Commission), charging LSAC with violations of the Unruh Act. The Group and Class Accusation was properly served on LSAC by certified mail.

39. On February 17, 2012, the DFEH issued a First Amended Group and Class Accusation before the Commission. This accusation was properly served on the LSAC by certified mail.

40. Pursuant to Government Code section 12965, subdivision (c)(1), LSAC elected to have this dispute heard in civil court in lieu of a hearing before the Commission, and so notified the Department in writing, on or about February 22, 2012. A true and correct copy of "Respondent's Notice of Transfer of Proceedings to Court" is attached hereto as Exhibit 19.

41. The Department has withdrawn its accusation and timely filed a civil complaint in Alameda County Superior Court pursuant to Government Code section 12965, subdivision (c)(2).

-13-



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

A.   LSAC removed this case to the United States District Court, Northern District of California on April 12, 2012 on both federal question and diversity grounds. Docket No. 1.

B.   DFEH sought and received leave to amend and file a First Amended Complaint, deemed filed February 6, 2013. DFEH sought and received leave to amend to file a Second Amended Complaint, filed March 27, 2013.

42.     The harm that is the subject of this complaint occurred throughout the State of California. Three of the real parties in interest lived in the County of Alameda at the time that they were denied full and equal accommodations in the testing process.

43.     The amount of damages sought by this complaint exceeds the minimum jurisdictional limits of this court, and is estimated to exceed $5 million.

## FACTUAL ALLEGATIONS

### The Law School Admissions Test (LSAT)

44.     The LSAT is a half-day, standardized test administered four times each year at designated testing centers throughout the State of California. It purports to provide a standard measure of acquired reading and verbal reasoning skills that law schools use to assess applicants. Applicants to all ABA accredited law schools are required to take the LSAT in order to be eligible for admission to law school.

45.     The test consists of five 35-minute sections of multiple-choice questions. A 35-minute writing sample is administered at the end of the test. Defendant does not score the writing sample, but sends it on to the law schools with the scores.

46.     The LSAT is designed to measure reading and comprehension skills, the ability to organize and manage information, and analytical skills such as evaluation and criticism.

47.     The three multiple-choice question types in the LSAT are labeled reading comprehension, analytical reasoning, and logical reasoning. All candidates take one additional multiple-choice section, which is experimental.

### LSAC Business within the State

-14-



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

48.     LSAC offers and administers its LSAT at multiple locations in the State of California four times a year, typically at law schools and universities. Applicants pay a test registration fee of $139 after creating an online account and filling out the online application form. Additional fees charged by LSAC include $68 for late registration and $35 to change the test date.

49.     LSAC pays local proctors to administer the exam on site. LSAC also pays for accommodations at the site, such as readers or scribes.

50.     LSAC offers a Credential Assembly Service to law schools and law school applicants, which streamlines the law school admission process by allowing transcripts, recommendations and evaluations to be sent one time to LSAC. LSAC, in turn, summarizes and combines a law school applicant's LSAT score, writing samples, transcripts, recommendations, and evaluations into a report to an applicant's prospective law schools. The Credential Assembly Service also includes access through an applicant's LSAC account to electronic applications for all ABA-approved law schools. Applicants are charged $124 to register for the Credential Assembly Service and $16 for law school reports.

51.     LSAC provides a series of LSAT preparatory guides, manuals and compilations of sample LSATs for purchase via its Web site, which materials range in price from $8 to $39.96. LSAC also sells a guide to ABA-approved law schools for $26 and a skill readiness inventory for $29.95.

### The LSAC Accommodation Request Process

52.     LSAC requires candidates requesting a testing accommodation to utilize its standard forms and procedures. Applicants making a testing accommodation request for a so-called cognitive or psychological impairment are required to provide psychoeducational/ neuropsychological testing and a full diagnostic report, including comprehensive aptitude and achievement testing.

53.     LSAC requires each applicant to disclose whether he or she took prescribed medication during the evaluation process and to provide an explanation for any failure or refusal to take the medication.

54.     LSAC has a policy whereby examinees who complete the LSAT under a disability-related testing accommodation involving additional test time receive a notation on their score report

-15-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

1 indicating that their exam scores were earned under non-standard time conditions. When reporting

2 these LSAT scores to the law schools, defendant advises the schools that these examinees' scores

3 "should be interpreted with great sensitivity and flexibility."

4     55.    In addition, scores from tests taken under extended time conditions are not averaged

5 with other scores to produce a percentile ranking as are other test scores. Instead, extended time

6 scores are reported individually.

7 **John Doe**

8     56.    John Doe, a resident of Rancho Santa Fe (San Diego County), requested that

9 defendant make testing accommodations for the December 2010 LSAT at Saddleback College.

10     57.    Mr. Doe was diagnosed with attention deficit disorder (ADD) at age 13. In addition,

11 in 2010 he became extremely ill with a bacterial infection and was hospitalized for approximately two

12 months, spending several weeks in the Intensive Care Unit in a medically-induced coma. During this

13 illness he suffered a severe brain edema, which left him with residual neurological impairments.

14     58.    Mr. Doe requested time and a half (150 percent) on the multiple choice and writing

15 sections for the December 2010 LSAT.

16     59.    In support of his request, Mr. Doe submitted medical documentation verifying his

17 hospitalization, and a complete psychoeducational assessment, which reported multiple diagnoses:

18 ADD, a learning disability (spelling), and a "[r]ecent bacterial infection with sustained induced coma

19 and residual impairments."

20     60.    LSAC refused to grant Mr. Doe's requested accommodation and instead asked for "a

21 detailed explanation regarding the nature, severity, treatment, and extent of [his] disorder at the

22 present time and it [*sic*] impact on your ability to take the LSAT."

23     61.    Mr. Doe then submitted additional medical documentation indicating that he had

24 "suffered a serious illness and developed marked weaknesses and encephalopathy. He continues to

25 have fatigability and impaired concentration." His doctor recommended that Mr. Doe be granted

26 increased time to complete the LSAT.

27



COURT PAPER
State of California
Std. 113 Rev. 3–95
FE&H Automated

-16-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

1  62.  LSAC then demanded that Mr. Doe's psychologist provide "a current update of [his]

2 cognitive status" before making a decision on his testing accommodation request.

3  63.  Mr. Doe and his doctor disputed the need for an updated psychoeducational

4 assessment just three months after the first report was completed. His doctor responded, "I would

5 reiterate that Mr. Doe's intelligence is much as it was when he was originally seen (10/26/10) and

6 with IQ scores as noted in that report, all within the average range with the exception of Processing

7 Speed (4th percentile)."

8  64.  LSAC granted Mr. Doe nine additional minutes for the multiple choice and writing

9 sample sections (125 percent), with an additional 15 minutes of break time between sections three

10 and four, for the February and June 2011 LSAT.

11           **Jane Doe**

12  65.  Jane Doe, a resident of Oakland (Alameda County), requested that defendant provide

13 her with testing accommodations on each of two administrations of the LSAT examination, one in

14 February 2010 and a second in June 2010.

15  66.  Ms. Doe has attention deficit disorder (ADD). Her condition makes it difficult to

16 retain attention and focus, and significantly impairs her ability to conceptually organize and sequence

17 abstract ideas.

18  67.  Ms. Doe requested that LSAC accommodate her with time and a half (150 percent) on

19 the multiple choice and writing sample sections of the LSAT.

20  68.  In support of her request, Ms. Doe submitted medical documentation, verification that

21 she had received the testing accommodation of time and a half (150 percent) as an undergraduate

22 university student, and proof that she had received extended time (150 percent) on the Graduate

23 Record Exam (GRE).

24  69.  On January 15, 2010, LSAC denied Ms. Doe's testing accommodation requests,

25 explaining that her documentation did not demonstrate that she had a disability, which affected her

26 ability to take the LSAT.

27



-17-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

70.     Ms. Doe reapplied for testing accommodations on the June 2010 LSAT, requesting the same testing accommodation of time and a half (150 percent) on the multiple choice and writing sample sections.

71.     LSAC also denied this request. When Ms. Doe asked for an explanation for the denial, defendant replied in writing that it was "not obligated to provide accommodations that are not warranted or supported by the documentation."

### Peter Roe

72.     Peter Roe, a resident of San Jose (Santa Clara County), requested that defendant make testing accommodations for the September 2009 LSAT at California State University, East Bay.

73.     Mr. Roe has reading and math disorders, characterized by impaired auditory attention span and low visuomotor processing speed. These learning disorders substantially impact his ability to process written material, particularly under timed conditions.

74.     Mr. Roe requested 20 extra minutes for the multiple choice sections and 30 extra minutes for the writing sample section of the LSAT. He also requested a reader and permission to use a computer dictation program.

75.     In support of his request, Mr. Roe submitted a neuropsychological evaluation documenting his learning disabilities.

76.     LSAC denied Mr. Roe any testing accommodation, noting that he had neglected to submit a "timed reading comprehension measure" in conformance with LSAC's guidelines, he had no history of educational accommodation, and his test results demonstrated an "average range of functioning."

77.     Mr. Roe requested reconsideration of LSAC's denial, submitting the results of an additional reading comprehension test that documented Mr. Roe's reading problems and recommended that he receive a testing accommodation of time and a half (150 percent).

78.     After reconsideration, LSAC stood by its previous decision to deny testing accommodation.

### Raymond Banks

-18-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

79.     Raymond Banks, a resident of San Francisco (County of San Francisco), requested that defendant make testing accommodations for the February 2011 LSAT at San Francisco State University.

80.     Mr. Banks had a longstanding and severe injury to his shoulder muscle. As a result of this injury, Banks suffered from nerve damage, carpal tunnel syndrome, and chronic pain, all of which limited his ability to write.

81.     Mr. Banks requested five additional minutes to complete each multiple-choice test section of the LSAT, 10 additional minutes on the writing sample section, five-minute breaks between each test section, a large table to write on, and permission to wear a splint on his wrist.

82.     Real party Banks submitted medical documentation in support of his request, as well as proof that he had received accommodation as a student at the University of California, Berkeley for time and a half (150 percent) on all exams and quizzes.

83.     LSAC denied all of Mr. Banks' requests, other than permitting him to wear a hand splint "as a courtesy." When Mr. Banks asked LSAC for an explanation of the denial, LSAC responded in writing that "[t]he documentation provided did not support your request for the additional accommodations you requested."

### Kevin Collins

84.     Kevin Collins, a resident of Woodland Hills (Los Angeles County), requested that defendant make testing accommodations for the February 2011 LSAT at California State University, Northridge.

85.     Mr. Collins suffers from two learning disorders: disorder of written expression and a reading disorder. He has perceptual-organizational impairments, making it significantly more difficult for him to process simple or routine visual material without making errors, as compared to his peers.

86.     Collins requested the accommodations of double time on multiple choice and writing sample sections of the LSAT, permission to use a computer and printer for the writing sample, and an alternative, non-Scantron answer sheet.

-19-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

87.     In support of his request, Collins submitted proof that he had received time and a half (150 percent) on the GRE and for exams at Claremont Graduate University. He also submitted a full psychoeducational assessment report as requested by LSAC's guidelines.

88.     Defendant's first response was to ask for additional information and inform Collins that the deadline had passed for the February 2011 LSAT. Later, after Collins had submitted the requested information and requested consideration for the June exam, defendant granted him the accommodations of time and a half (150 percent) for the multiple choice and writing sample sections, rather than the double time that he had requested. The rest of his requested testing accommodations were granted.

89.     Collins asked LSAC to reconsider its decision to deny him double time. LSAC stood by its previous decision that time and a half was appropriate.

**Rodney DeComo-Schmitt**

90.     Rodney DeComo-Schmitt, a resident of Marin County, requested that defendant make testing accommodations for the October 2010 LSAT offered at Sonoma State University.

91.     Mr. DeComo-Schmitt suffers from a reading disorder, causing a significant discrepancy between his verbal abilities and his visual-spatial abilities, especially under timed conditions.

92.     Mr. DeComo-Schmitt requested time and a half (150 percent) on the multiple-choice sections of the exam, extra rest and break time, and permission to use a computer for the writing sample.

93.     In support of his request, Mr. DeComo-Schmitt submitted a thorough psychoeducational assessment and proof that he had received time and a half (150 percent) on his SAT exam.

94.     LSAC at first refused to consider Mr. DeComo-Schmitt's request for reconsideration, asserting that it had been submitted past the deadline for the October 2010 exam. Later, LSAC denied any testing accommodation to Mr. DeComo-Schmitt for the December 2010 exam, asserting that the

-20-



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

1　documentation he had submitted did not demonstrate a limitation of a major life activity which

2　affected his ability to take the LSAT.

3　　　　95.　　Mr. DeComo-Schmitt requested reconsideration of LSAC's decision, submitting a

4　letter from his psychologist contending that LSAC had misinterpreted the psychological testing.

5　　　　96.　　LSAC stood by its denial of testing accommodation, informing Mr. DeComo-Schmitt

6　that he was registered for the December 2010 LSAT as a standard test taker.

7　　　　　　　　　　　　　　　**Elizabeth Hennessey-Severson**

8　　　　97.　　Elizabeth Hennessey-Severson, a resident of San Francisco (San Francisco County),

9　requested that defendant make testing accommodations for the June 2011 LSAT at University of

10　California, Hastings College of the Law.

11　　　　98.　　Ms. Hennessey-Severson has reading, written expression and mathematics disorders,

12　and ADHD. These conditions impair her working memory and her ability to plan, organize, and

13　devote sustained attention to language-based tasks, particularly reading.

14　　　　99.　　Ms. Hennessey-Severson requested that LSAC accommodate her on the LSAT with a

15　minimum of time and a half (150 percent) extra testing time, and by allowing her short breaks of 10

16　to 15 minutes between sections of the exam.

17　　　　100.　　In support of her request, Ms. Hennessey-Severson submitted psychoeducational

18　assessment reports from 2002 and 2009. She also submitted proof that she had been accommodated

19　with time and a half (150 percent) on the SAT, and while she was a student at Dartmouth College.

20　　　　101.　　Defendant denied all of Ms. Hennessey-Severson's requests for accommodation,

21　contending that she scored in the "very superior" and "high average" range in her psychoeducational

22　testing, and that her 2002 evaluation noted that she demonstrated a remarkable ability to compensate

23　for her learning disabilities, such that she was able to take honors courses and play high school sports.

24　　　　102.　　Ms. Hennessey-Severson and her psychologist requested that LSAC reconsider its

25　decision to deny testing accommodation. Her psychologist wrote: "It is my professional opinion

26　based on all available evidence including comprehensive history, diagnostic interview, well

27　established history of early diagnosis, remediation, and later accommodations throughout high school



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

1    and college, that Ms. Hennessey has a standard learning disability that has a substantial impact on a

2    major life function, namely, her ability to read, write, and calculate efficiently, and that extended time

3    for formal testing is a reasonable accommodation for her disability."

4          103.    After reconsideration, LSAC stood by its prior decision to deny Ms. Hennessey-

5    Severson any testing accommodation.

6                             **Otilia Ioan**

7          104.    Otilia Ioan, a resident of San Jose (Santa Clara County), requested testing

8    accommodation for the December 2010 LSAT offered at Santa Clara University.

9          105.    Ms. Ioan is quadriplegic. She is paralyzed in all four limbs and is unable to physically

10    write without using a brace.

11          106.    Ms. Ioan requested that LSAC provide her with double time on all sections of the test,

12    an alternate answer sheet, the use of a scribe, and an additional break of 30 minutes between sections

13    3 and 4 of the test.

14          107.    In support of her request, Ms. Ioan submitted verification that she had received the

15    testing accommodation of double time on tests while a student at De Anza College, and double time

16    when taking the GRE.

17          108.    LSAC asked Ms. Ioan to submit additional information from her doctor before it could

18    consider her request for testing accommodation. LSAC wrote: "Your evaluator needs to provide

19    detailed information regarding the nature, extent, severity, and treatment of your disorder and its

20    functional limitation on your ability to take the LSAT."

21          109.    Ms. Ioan's doctor supplied the additional information that LSAC requested.

22          110.    Ms. Ioan wrote to LSAC requesting reconsideration of its decision to deny her double

23    testing time. LSAC stood by its previous decision.

24                             **Alex Johnson**

25          111.    Alex Johnson, a resident of Lake San Marcos (San Diego County), requested testing

26    accommodations for the October 2010 LSAT offered at the University of Southern California.

27

-22-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

112. Mr. Johnson is quadriplegic. He is unable to write or turn pages because his fingers are paralyzed. He is unable to draw diagrams, underline text, or use a standard Scantron answer sheet.

113. Mr. Johnson requested 15 minutes of extra break time between each section of the LSAT, and 120 additional minutes (more than triple time) on the multiple choice and writing sample sections.

114. In support of his request, Mr. Johnson submitted medical documentation of his condition and need for testing accommodation, as well as verification from the University of Southern California that he had received double time on his exams while a student there.

115. At first, LSAC refused to consider Mr. Johnson's accommodation request, because he was not registered to take the LSAT. Later, it granted Mr. Johnson time and a half (150 percent) on the multiple choice and writing sample sections, and 10 minutes of break time between each section. It agreed to provide Mr. Johnson with a scribe, and permitted him to use a computer for the writing sample.

116. Mr. Johnson requested that LSAC reconsider his request for double time. His doctor wrote, "Double time is the least amount of time I should be allocated. It is also very hard to use a scribe because of time limitations."

117. LSAC responded that it did not offer an untimed test, and that the documentation submitted did not support Johnson's request.

### Nicholas Jones

118. Nicholas Jones, a resident of Palm Desert (Riverside County), requested that defendant provide him with a testing accommodation for the December 2009 LSAT offered at the University of Laverne (Ontario).

119. Mr. Jones suffers from two distinct eye conditions. First, he has amblyopia or "lazy eye" in his left eye, which impairs his visual processing. Second, he has posterior vitreous detachments in his right eye, meaning that he has persistent floaters or spots, which obstruct his field of vision. These conditions together impair Mr. Jones' reading speed and ability.



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-23-

120.    Mr. Jones requested time and a half (150 percent) on the multiple choice and writing sample sections of the exam and five-minute breaks between each section.

121.    In support of his request, Mr. Jones submitted medical forms filled out by his doctor, an eye specialist.

122.    LSAC refused to provide any accommodation to Mr. Jones, informing him that "[t]he documentation provided did not reflect an impairment related to taking the Law School Admission Test."

123.    Mr. Jones requested that LSAC reconsider its decision denying him testing accommodations, and asked it to provide further explanation. Mr. Jones' doctor wrote a letter supporting his request for reconsideration, asserting that Jones' eye condition "substantially limits him in at least one major life activity, reading."

124.    After reconsideration, defendant stood by its prior decision to deny testing accommodation.

### Caroline Lee

125.    Caroline Lee, a resident of Oakland (Alameda County), requested that defendant make testing accommodations for the December 2010 LSAT offered in the City of Oakland.

126.    Ms. Lee suffers from ADHD and a reading disorder, causing her reading to be labored and excessively slow, and impairing her short-term memory.

127.    Ms. Lee requested time and a half (150 percent) on the LSAT multiple choice and writing sample, as well as extended breaks during the exam, a quiet testing environment, and the use of a laptop to compose all written work.

128.    In support of her request, Ms. Lee submitted proof that she had received extended testing time of 150 percent while a student at City College of San Francisco (CCSF) and that she had taken the SAT and ACT with testing accommodations. She also submitted a psychoeducational assessment that had been performed while she was a student at CCSF.

129.    LSAC replied in writing to Ms. Lee that she needed to submit additional documentation in order for her request to be considered, asking for: "[t]esting results and a full

-24-


COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

1 diagnostic report from a comprehensive up-to-date psychoeducational/neuropsychological assessment

2 that comply with the Law School Admissions Council, Inc. Guidelines for Documentation of

3 Cognitive Impairments."

4      130.    Ms. Lee then obtained and submitted a full psychoeducational evaluation in February

5 2011, which documented her ADHD and reading disorder. Her psychologist recommended that she

6 receive 150 percent extended time, as well as the other previously requested accommodations.

7      131.    LSAC then requested that Ms. Lee submit several additional documents and reports.

8 Ms. Lee did so.

9      132.    In April 2011, defendant denied all of Ms. Lee's requested testing accommodations,

10 informing her that: her performance on academic measures was commensurate with her ability,

11 negating a finding of impairment; her documentation failed to support the diagnosis of an attention

12 disorder; and her request for additional time on the writing sample was not considered because her

13 psychologist had not administered the right tests.

14      133.    Ms. Lee requested that LSAC reconsider its denial of accommodation. This request

15 was accompanied by a letter from her psychologist, who contended that LSAC had misinterpreted the

16 psychoeducational assessment.

17      134.    After reconsideration, LSAC stood by its initial decision to deny testing

18 accommodations.

19

20                               **Andrew Quan**

21      135.    Andrew Quan, a resident of Hayward (Alameda County), requested testing

22 accommodation for the October 2011 LSAT offered at the University of California, Santa Cruz.

23      136.    Mr. Quan has ADHD, a visual-motor integration deficit with slow processing speed,

24 hypotonia, and dysgraphia.

25      137.    Mr. Quan requested that LSAC provide him with the accommodations of double time

26 on the multiple choice and writing sample portions of the exam, 10-minute breaks between each

27 section of the test, and the use of a computer for the writing sample.



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

138.    In support of his request, Mr. Quan submitted to LSAC proof that he had been accommodated with the use of a computer on his ACT exams. He also submitted a 2008 psychoeducational assessment from high school, showing that Mr. Quan suffered from "significant deficits in visual-motor integration and fine motor skills." Included within that assessment was a 2008 IEP documenting dysgraphia, attention deficit, visual processing, and sensory motor skills disorders which qualified him for special educational services, the use of a laptop computer, a scribe, and extra examination time.

139.    LSAC requested that Mr. Quan provide further documentation to support his request, including "testing results and a full diagnostic report from a comprehensive up-to-date psychoeducational/neuropsychological assessment that comply with [LSAC Guidelines]."

140.    Mr. Quan contested LSAC's need for additional documentation, asserting that it was unnecessary, unaffordable, and burdensome.

141.    LSAC responded that if Mr. Quan wanted any testing accommodation in the future, he would need to submit "substantive documentation to support your request for your hypotonia/dysgraphia disorders."

### Stephen Semos

142.    Stephen Semos, a resident of Rancho Palos Verdes (Los Angeles County), requested that defendant make testing accommodations for the December 2010 LSAT at Whittier Law School (Costa Mesa).

143.    Mr. Semos has ADHD and dysgraphia, which significantly impair his reading, writing, organization, and general academic performance.

144.    Mr. Semos requested time and a half (150 percent) on both the multiple-choice and writing sample portions of the exam, additional break time of five to eight minutes.

145.    In support of his request, Mr. Semos submitted proof that he had received: testing accommodations on the SAT; an IEP from the Palos Verdes Peninsula Unified School District identifying Mr. Semos as learning disabled; a letter verifying that he had received accommodations

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

1 while a student at the University of California, Irvine, of time and a half (150 percent) on tests; and a

2 complete psychoeducational assessment by his doctor, a neuropsychologist.

3     146.    LSAC's first response was to ask Mr. Semos to provide additional documentation in

4 order to consider his testing accommodation request, including a full report of two particular tests for

5 cognitive disabilities, the Nelson-Denny Reading Test (NDRT) and the Conner's Continuous

6 Performance Test-II. LSAC also informed Mr. Semos that the deadline for the December 2010 LSAT

7 had passed, but that he could request accommodation for future exams.

8     147.    Mr. Semos then submitted his documentation for the February 2011 LSAT.

9     148.    In response, LSAC denied all of Mr. Semos' requests for testing accommodation on

10 the basis that his test scores were generally commensurate with his abilities and thus did not

11 demonstrate a learning disability.

12     149.    Mr. Semos' neuropsychologist requested that LSAC reconsider its denial. Mr. Semos'

13 doctor wrote: "Your denial letter written to Mr. Semos selectively highlighted the above average

14 scores and thereby masked the patterns of deficits in processing speed and fine motor speed noted in

15 my neuropsychological report."

16     150.    LSAC responded that the letter from Mr. Semos' neuropsychologist had arrived too

17 late to be considered for the February 2011 LSAT. LSAC wrote: "You remain registered to test as a

18 standard test taker. No accommodations have been granted."

19 **Gazelle Taleshpour**

20     151.    Gazelle Taleshpour, a resident of San Diego (San Diego County), requested that

21 defendant make testing accommodations for the October 2010 LSAT offered at the University of San

22 Diego.

23     152.    Ms. Taleshpour has ADHD. She also suffers from osteopenia (bone loss) and chronic

24 pain in her neck and back as a result of treatment she had received for leukemia, a bone marrow

25 transplant, radiation, and chemotherapy.

26

27

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-27-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

153.    Ms. Taleshpour requested that LSAC accommodate her with 30 extra minutes on the multiple choice and writing sample portions of the exam, breaks of two to five minutes every half hour so that she could stretch and alleviate pain, a high table, and a comfortable chair.

154.    In support of her request, Ms. Taleshpour submitted documentation from her treating medical doctor, her chiropractor, and her psychologist. She also provided LSAC with verification that she had received time and a half (150 percent) on all tests and exams while a student at the University of San Diego.

155.    LSAC requested that Ms. Taleshpour provide additional documentation in support of her testing accommodation request, including "[t]esting results and a full diagnostic report from a psychoeducational/neuropsychological assessment that comply with Guidelines for Documentation of Cognitive Impairments."

156.    Ms. Taleshpour obtained and submitted the additional documentation that LSAC requested. Her psychiatrist performed a full psychoeducational assessment, which diagnosed her with ADHD, a reading disorder, and a learning disability (dyslexia). Her psychiatrist supported Ms. Taleshpour's request for double time and other testing accommodations.

157.    LSAC only partially granted Ms. Taleshpour's request for testing accommodation, allowing her to sit or stand at a podium while taking the exam, and to bring a seat cushion or an adjustable chair.

158.    Ms. Taleshpour then resubmitted a request for accommodation for the December 2010 LSAT: double time on multiple choice and writing sample; an alternate, non-Scantron answer sheet; use of a reader; an additional 15 minutes of rest time; and 15-minute breaks between sections.

159.    LSAC denied the request for additional accommodations beyond the two it had already granted, explaining to Ms. Taleshpour that her intelligence test scores were average and commensurate with her ability, meaning that no cognitive disability was apparent.

160.    Ms. Taleshpour requested that LSAC reconsider its denial of testing accommodation for extra time. Her psychologist supported the reconsideration request, contending that LSAC failed to recognize significant discrepancies in her reading speed and comprehension. "These significant

-28-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

1   difficulties provide psychometric evidence of the presence of a Learning Disability as described by
2   the ADA," he wrote.

3       161.    LSAC stood by its prior decision to limit the testing accommodations made for Ms.
4   Taleshpour: permission to sit or stand with a podium and to bring a seat cushion or an adjustable
5   chair.

6                 **Kevin Vielbaum**

7       162.    Kevin Vielbaum, a resident of San Mateo (San Mateo County), requested that
8   defendant make testing accommodations for him in taking the June 2011 LSAT at the University of
9   California, Hastings College of the Law.

10       163.    Mr. Vielbaum has a reading disorder (dyslexia), characterized by a significant
11   difficulties with perceptual reasoning, working memory, and cognitive processing speed.

12       164.    Mr. Vielbaum requested that defendant accommodate him with time and a half (150
13   percent) on the multiple choice section of the LSAT, double time on the writing sample, and
14   permission to use a computer for the writing sample.

15       165.    In support of his request, Mr. Vielbaum submitted extensive records from his primary
16   education at a special school for students with dyslexia, where he was granted accommodations of
17   extended time and the use of a laptop and calculator.

18       166.    LSAC granted Mr. Vielbaum only the accommodation of using a computer, printer
19   and spell check for the writing sample. LSAC denied the accommodation of extra time, noting that
20   Mr. Vielbaum had not requested accommodation on the SAT, and that he had scored well on the tests
21   involved in his psychoeducational assessment. Defendant went on to explain that: "[y]our evaluator
22   notes you have difficulties with logical reasoning. Inasmuch as the Law School Admission Test is
23   designed to measure these skills, the testing accommodations requested (extended time on all
24   examinations that involve the solving of logic problems), would not be appropriate."

25                 **Austin Whitney**

26       167.    Austin Whitney, a resident of Contra Costa County, first requested testing
27   accommodations for the September 2009 LSAT offered at San Diego State University.

-29-



*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

168. Mr. Whitney is paraplegic due to a spinal cord injury in 2007.

169. Mr. Whitney requested that defendant accommodate his disability with time and a half (150 percent) on the multiple choice and writing sample sections of the LSAT, and a wheelchair accessible testing location.

170. In support of his request, Mr. Whitney submitted medical records pertaining to his 2007 injury, verification from the University of California at Berkeley that he had received time and a half (150 percent) for all exams and quizzes during his undergraduate studies, and a form filled out by his doctor indicating that, because of his injury and surgeries, he suffered from "severe chronic pain and radiating radicular nerve pain" for which Whitney took prescription medication that caused drowsiness.

171. LSAC responded that Mr. Whitney's request for testing accommodation had been submitted too late for the September 2009 test, and therefore he was registered as a standard test taker.

172. Mr. Whitney next requested testing accommodations for the June 2010 LSAT offered in Berkeley at the California Ballroom. This time he requested that LSAC accommodate him with five-minute breaks between sections, in addition to providing time and a half (150 percent) on the multiple choice and writing sample sections and a wheelchair accessible testing site.

173. In support of this request, Mr. Whitney submitted medical forms from four different doctors, each of whom supported his need for extra testing time. Dr. Larry Snyder explained: "Patient has significant fatigue due to medications taken for previous spinal injury - this will affect his performance in TIMED conditions." Dr. Carol Jessop wrote that, due to Mr. Whitney's spinal cord injury with chronic, nueropathic pain, he needed extra time to compensate for the effects of the pain medication which cause fatigue. Dr. Jessop explained: "This is a significant problem for Austin Whitney as he is taking medications . . . that cause him to be sleepy and fatigued. This drowsiness makes him slower in his response to test questions. If an exam has a time limit, he will definitely need extra time to complete it."

-30-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

174. LSAC then granted Mr. Whitney the extra break time that he requested, and agreed to provide a wheelchair accessible testing site, but denied his request for extra testing time. "If you choose to have your cognitive disorder (alluded to by Carol Jessop, MD) considered," defendant wrote, "you must provide a current psychoeducational/neuropsychological assessment or neuropsychological evaluation as per our Guidelines for Documentation of Cognitive Impairments."

175. Mr. Whitney asked defendant to reconsider its decision to deny additional testing time, and three of his doctors wrote to LSAC in support of his request.

a. Dr. Snyder wrote, "His pain and spasticity are a constant distraction and put him at a significant disadvantage as a test taker. In addition, the medication he is taking causes significant fatigue and makes it difficult to concentrate. The medication side effects do not impair cognition but can slow processing speed. For these reasons, he should be afforded extra time when taking this standardized test."

b. Dr. Jessop wrote, "I would like to emphasize that the nature of Mr. Whitney's condition is physiological (pain issues) and NOT cognitive or due to a learning disorder. Our request for extra time on the exam is based solely on physiological effects of chronic, severe neuropathic pain, and the fatiguing side effects of pharmaceutical pain killers. Thus, because he doesn't have a learning disability, I feel strongly that neuropsychological or psychoeducational testing would be irrelevant in his case."

c. Dr. Hedelman wrote, "Patient's significant impacts on concentration, reading, writing, ability to attend class is secondary to his unpredictable, severe neuropathic pain and the associated pain management medications. Patient does not have an underlying cognitive impairment requiring neuropsych[ological] testing."

176. LSAC refused to reconsider its decision, responding: "We have no objective evidence to support Dr. Carol Jessop, MD's conclusion that your thought processes are not as fast as they could be without medication."

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

177. In 2011, at LSAC's behest, Mr. Whitney was evaluated by a psychologist, who determined that he required double time on examinations due to the effect that his pain medication was having on his cognitive abilities.

178. In response to a second accommodation request by Mr. Whitney with the psychologist's report as supporting documentation, LSAC awarded him 10 additional minutes on each section of the exam. LSAC provided no rationale for denying his request for double time.

## FIRST CLASS CAUSE OF ACTION

### Unlawful Consideration of Mitigation Measures

### (42 U.S.C. § 12102(4)(E)(1)(i)(I))

179. The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 178, inclusive, as if fully set forth herein.

180. The ADA, 42 U.S.C. § 12102(4)(E)(1)(i)(I), requires that "any determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as medication." The ADA is incorporated into the Unruh Act by Civil Code section 51, subdivision (f).

181. By requiring applicants to take the medication prescribed for their disabilities while being evaluated for testing accommodations or explain their failure or refusal to do so, LSAC violates the rights of class members under the FEHA, Unruh Act, and ADA,

182. As a direct result of the unlawful practices of defendants as alleged herein, class members have incurred out of pocket losses, including test registration fees and medical bills, in an amount to be proven at trial.

183. As a further and direct result of the unlawful practices of defendants as alleged herein, class members have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial.

184. Defendants have engaged in, and by their refusal to comply with the law, have demonstrated that they will continue to engage in, the pattern or practice of unlawful discrimination described herein unless and until they are enjoined, pursuant to the police power granted by

-32-



*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for Damages and Injunctive Relief

1  Government Code sections 12920 and 12920.5, and pursuant to section 12974, from failing or

2  refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until

3  defendants are enjoined from failing or refusing to comply with the mandates of these laws, class

4  members' right to full and equal access to places of public accommodation will continue to be

5  violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and

6  loss, which will continue until the court enjoins the complained of unlawful conduct and grants other

7  affirmative relief as prayed for herein.

## SECOND CLASS CAUSE OF ACTION

### Failure to Ensure that Exam Measures Ability Rather than Disability

### (42 U.S.C. § 12189 and 28 C.F.R. § 36.309)

11  185.  The DFEH realleges and incorporates by reference each and every allegation

12  contained in paragraphs 1 through 178, inclusive, as if fully set forth herein.

13  186.  The ADA requires that any person offering examinations related to post-secondary

14  education or profession "shall offer such examinations or courses in a place and manner accessible to

15  persons with disabilities." 42 U.S.C. § 12189. Regulations interpreting this section impose an

16  obligation on the entity offering such an examination that " [t]he examination is selected and

17  administered so as to best ensure that, when the examination is administered to an individual with a

18  disability that impairs sensory, manual, or speaking skills, the examination results accurately reflect

19  the individual's aptitude or achievement level or whatever other factor the examination purports to

20  measure, rather than reflecting the individual's impaired sensory, manual, or speaking skills." 28

21  C.F.R. § 36.309.

22  187.  By adhering to a blanket policy of annotating scores taken under extended time

23  conditions, defendant is communicating to law schools that it does not know whether or not the

24  applicants' exam results accurately reflect aptitude or achievement. Therefore, LSAC is breaching its

25  duty under the FEHA, Unruh Act, and ADA to ensure that the examination results accurately reflect

26  the individual's aptitude or achievement level. 28 C.F.R. § 36.309(b)(1)(i).

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-33-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

188.    As a direct result of the unlawful practices of defendants as alleged herein, class members have incurred out of pocket losses, including test registration fees and medical bills, in an amount to be proven at trial.

189.    As a further and direct result of the unlawful practices of defendants as alleged herein, class members have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial.

190.    Defendants have engaged in, and by their refusal to comply with the law, have demonstrated that they will continue to engage in, the pattern or practice of unlawful discrimination described herein unless and until they are enjoined, pursuant to the police power granted by Government Code sections 12920 and 12920.5, and pursuant to section 12974, from failing or refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until defendants are enjoined from failing or refusing to comply with the mandates of these laws, class members' right to full and equal access to places of public accommodation will continue to be violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and loss, which will continue until the court enjoins the complained of unlawful conduct and grants other affirmative relief as prayed for herein.

## THIRD CLASS CAUSE OF ACTION

**Coercion, Intimidation, Threats, or Interference with ADA Rights - Flagging**

**(42 U.S.C. § 12203)**

191.    The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 178, inclusive, as if fully set forth herein.

192.    The ADA makes it unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, any right granted or protected by this Act." 42 U.S.C. § 12203.

193.    LSAC's policy of annotating tests scores administered under extended time conditions discourages applicants from seeking such a testing accommodation, and punishes those who receive it, in violation of the FEHA, Unruh Act, and ADA.

-34-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for Damages and Injunctive Relief

194.     As a direct result of the unlawful practices of defendants as alleged herein, class members have incurred out of pocket losses, including test registration fees and medical bills, in an amount to be proven at trial.

195.     As a further and direct result of the unlawful practices of defendants as alleged herein, class members have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial.

196.     Defendants have engaged in, and by their refusal to comply with the law, have demonstrated that they will continue to engage in, the pattern or practice of unlawful discrimination described herein unless and until they are enjoined, pursuant to the police power granted by Government Code sections 12920 and 12920.5, and pursuant to section 12974, from failing or refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until defendants are enjoined from failing or refusing to comply with the mandates of these laws, class members' right to full and equal access to places of public accommodation will continue to be violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and loss, which will continue until the court enjoins the complained of unlawful conduct and grants other affirmative relief as prayed for herein.

## FOURTH CAUSE OF ACTION – REAL PARTIES IN INTEREST ONLY

### Denial of Reasonable Accommodation

### (42 U.S.C. § 12189 and 28 C.F.R. § 36.309(b)(1)(iv))

197.     The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 178, inclusive, as if fully set forth herein.

198.     The ADA requires that any person offering examinations related to post-secondary education or profession "shall offer such examinations or courses in a place and manner accessible to persons with disabilities." 42 U.S.C. § 12189. As part of this duty to make an examination accessible, the regulations require that any documentation requested be "reasonable and limited to the need for the modification, accommodation, or auxiliary aid or service requested." 28 C.F.R. § 36.309(b)(1)(iv).

-35-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

199.   LSAC breached its duty to make the LSAT accessible to people with disabilities by requiring excessive amounts of documentation and denying a testing accommodation to each real party in interest, in violation of the FEHA, Unruh Act, and ADA.

200.   As a direct result of the unlawful practices of defendants as alleged herein, real parties have incurred out of pocket losses, including test registration fees and medical bills, in an amount to be proven at trial.

201.   As a further and direct result of the unlawful practices of defendants as alleged herein, real parties have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial.

202.   Defendants have engaged in, and by their refusal to comply with the law, have demonstrated that they will continue to engage in, the pattern or practice of unlawful discrimination described herein unless and until they are enjoined, pursuant to the police power granted by sections 12920 and 12920.5, and pursuant to section 12974, from failing or refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until defendants are enjoined from failing or refusing to comply with the mandates of these laws, class members' right to full and equal access to places of public accommodation will continue to be violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and loss, which will continue until the court enjoins the complained of unlawful conduct and grants other affirmative relief as prayed for herein.

**FIFTH CAUSE OF ACTION – REAL PARTIES IN INTEREST ONLY**

**Coercion, Intimidation, Threats, or Interference with ADA Rights**

**(42 U.S.C. § 12203)**

203.   The DFEH realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 178, inclusive, as if fully set forth herein.

204.   The ADA makes it unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, any right granted or protected by this Act." 42 U.S.C. § 12203.

-36-



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

205.    LSAC's policies and patterns of requiring unreasonable types and excessive amounts of documentation to support each testing accommodation request violate the FEHA, Unruh Act, and the ADA, by unlawfully coercing, intimidating, threatening, or interfering with real parties' exercise or enjoyment of their right to reasonable accommodation on the LSAT.

206.    As a direct result of the unlawful practices of defendants as alleged herein, real parties have incurred out of pocket losses, including test registration fees and medical bills, in an amount to be proven at trial.

207.    As a further and direct result of the unlawful practices of defendants as alleged herein, real parties have suffered emotional distress, anxiety, lost opportunity, frustration, humiliation, and loss of dignity and self-esteem, in an amount to be proven at trial.

208.    Defendants have engaged in, and by their refusal to comply with the law, have demonstrated that they will continue to engage in, the pattern or practice of unlawful discrimination described herein unless and until they are enjoined, pursuant to the police power granted by Government Code sections 12920 and 12920.5, and pursuant to section 12974, from failing or refusing to comply with the mandates of the FEHA, Unruh Act, and the ADA. Unless and until defendants are enjoined from failing or refusing to comply with the mandates of these laws, class members' right to full and equal access to places of public accommodation will continue to be violated. Plaintiff lacks any plain, speedy, adequate remedy at law to prevent such harm, injury and loss, which will continue until the court enjoins the complained of unlawful conduct and grants other affirmative relief as prayed for herein.

## SIXTH CAUSE OF ACTION – GROUP AND CLASS RELIEF

Discrimination on the Basis of Disability in Violation of California Education Code

(Cal. Educ. Code § 99161.5)

209.    Plaintiff incorporates by reference paragraphs 1 through 178_as though fully set forth herein.



COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

-37-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

210.    Government Code, section 12902 expressly makes Government Code, 11150 et seq. applicable to the DFEH. Under Government Code, section 11180, the DFEH is authorized to investigate and prosecute actions "relating to … subjects under the jurisdiction of the department." The activities prohibited by the Education Code, section 99161.5 relate to subjects under the jurisdiction of the DFEH.

211.    California's Education Code, section 99161.5(a)(1), states: "The test sponsor of the Law School Admission Test shall provide testing accommodations to a test subject with a disability who makes a timely request to ensure that the Law School Admission Test accurately reflects the aptitude, achievement levels, or other factors that the test purports to measure and does not reflect the test subject's disability. This paragraph does not constitute a change in, but is declaratory of, existing law."

212.    California's Education Code, section 99161.5, further states that, when determining whether to grant a testing accommodation to the test subject, "the test sponsor of the Law School Admission Test shall, consistent with existing law, give considerable weight to the documentation of past modifications, accommodations, or auxiliary aids or services received by the test subject in similar testing situations[.]" Cal. Educ. Code § 99161.5(b).

213.    California's Education Code, section 99161.5, further states that the decision of whether or not to approve a request for a testing accommodation on the LSAT shall be conveyed to the requester within a reasonable amount of time. When a testing  accommodation is denied, the test sponsor shall state the reasons for the denial in writing, and shall provide a timely appeals process. Cal. Educ. Code § 99161.5(a)(2), (3).

214.    California's Education Code, section 99161.5, further prohibits the practice of "flagging" LSAT scores by prohibiting the test sponsor from "notify[ing] a test score recipient that the score of any test subject was obtained by a subject who received an accommodation pursuant to this section," or from "withhold[ing] any information that would lead a test score recipient to deduce that a score was earned by a subject who received an accommodation[.]" Cal. Educ. Code § 99161.5(c).

-38-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

215.     In violation of their rights under the California Education Code, Defendant LSAC imposed upon Real Parties in Interest, and continues to impose on California test takers, onerous and unnecessary documentation requirements to support requests for testing accommodations, and subjected them to arbitrary, ineffective, and unpredictable evaluation and appeals procedure. In violation of their rights under the California Education Code, Defendant LSAC refused to provide Real Parties in Interest with the testing modifications they needed to take the LSAT on an equal basis with other nondisabled test takers. In violation of the rights of Real Parties in Interest and other California test takers under the California Education Code, Defendant LSAC failed to give considerable weight to their documentation of past modifications, accommodations, or auxiliary aids or services received in similar testing situations. In violation of their rights under the California Education Code, Defendant LSAC refused to provide Real Parties in Interest and other California test takers with a test score in an equivalent format as their nondisabled peers.

216.     In taking the above-described actions and inactions, Defendant LSAC failed to make any good faith effort or attempt to comply with state and federal laws. Defendant LSAC's unlawful actions were intentional, willful, malicious and/or done with reckless disregard to Real Parties in Interests' rights under the California Education Code. As a direct and proximate result of the unlawful acts described herein, Real Parties in Interest have suffered and continue to suffer injuries including emotional injuries.

217.     Plaintiff DFEH and Real Parties in Interest are entitled to appropriate relief as determined by this Court which may include declaratory relief and/or a civil penalty not to exceed seven hundred fifty dollars ($750) for each violation and/or other appropriate relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the DFEH prays that the court issue a judgment in favor of the DFEH, real parties in interest, classwide relief, and order defendants to provide the following relief:

-39-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

1

**AS TO REAL PARTIES IN INTEREST**

2      218.    Provide free and accommodated testing at the next available testing date in each real

3   party's area, with accommodations as initially requested by that real party;

4      219.    Provide a letter to each real party explaining that their LSAT scores used for their law

5   school applications during the relevant period may not have provided accurate measures of their

6   acquired reading and verbal reasoning skills, because LSAC did not provide testing accommodations.

7

**CLASSWIDE RELIEF,**
**INCLUDING THE REAL PARTIES IN INTEREST**

8

9      220.    Cease and desist from consideration of mitigation measures such as medication when

10  making a determination as to whether an applicant needs a testing accommodation.

11     221.    Cease and desist from specially annotating LSAT scores tests scores administered

12  under extended time conditions.

13     222.    Include all test scores in the percentile ranking process and provide a ranked percentile

14  to each test taker.

15     223.    Immediately undertake a validation study to determine if LSAC scores under

16  accommodation of extra time for cognitive disabilities are an equal measure of aptitude or

17  achievement as compared to non-accommodated scores.

18     224.    Reduce to a discrete and reasonable amount the documentation required to verify an

19  applicant's need for a testing accommodation, especially for so-called cognitive disabilities,

20  consistent with the ADA's requirement that such documentation be "reasonable" and Congress'

21  mandate that "the question of whether an individual's impairment is a disability under the ADA

22  should not demand extensive analysis." (28 C.F.R. § 36.309(b)(1)(iv); 42 U.S.C. § 1201 [Pub. L. No.

23  110-325 § 2(b)(5) (Sept. 25, 2008) 122 Stat. 3553].)

24     225.    Create a more streamlined and user-friendly process for considering testing

25  accommodation requests, that includes notice to applicants, within a reasonable period of time,

26  whether or not requested testing accommodations have been granted, and provides a fair process for

27  timely reconsideration of any denial of requested testing accommodations.

-40-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

226.    Pay actual damages according to proof for each Unruh Act violation up to a maximum of three times the actual damages but in no case less than $4,000 per violation.

227.    Pay the DFEH's attorneys' fees and costs, pursuant to California Government Code § 12965(b) and California Civil Code § 52(a), in an amount according to proof, plus annual interest, as required by law.

228.    Provide written proof to the Department of the nature and extent of LSAC's compliance with all requirements of the court's order within 100 days of its effective date.

229.    Award penalties pursuant to California Education code, section 99161; and,

230.    Provide such other relief as the Court deems to be just and proper.

Dated:  September 27, 2013                    DEPARTMENT OF FAIR EMPLOYMENT
                                              AND HOUSING

                                              Jon M. Ichinaga
                                              Chief Counsel

                                              R. Sybil Villanueva
                                              Associate Chief Counsel

                                              Phoebe P. Liu
                                              Senior Staff Counsel

                                              Mari Mayeda
                                              Associate Chief Counsel


                                      By:/s/ R. Sybil Villanueva
                                              R. Sybil Villanueva
                                              Attorneys for the Department

-41-

*Dept. Fair Empl. & Hous. v. Law School Admission Council, Inc.* (Whitney et al.)
Third Amended Complaint Seeking Group or Class Relief, In the Alternative Group and Class Action Complaint for
Damages and Injunctive Relief

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

# EXHIBIT 1

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U200910-Q-0003-00

| COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual) | |
|---|---|
| ▆▆▆▆▆▆▆▆▆ | |
| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| ▆▆▆▆▆▆▆▆▆ | ▆▆▆▆▆▆ |
| CITY/STATE/ZIP | COUNTY Alameda | COUNTY CODE 001 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

| NAME(S) LAW SCHOOL ADMISSIONS COUNCIL | |
|---|---|
| ADDRESS P.O. Box 8512 | TELEPHONE NUMBER (INCLUDE AREA CODE) (215) 968-1001 |
| CITY/STATE/ZIP Newtown, PA 18940 | COUNTY _ALLUM DRAG_ | COUNTY CODE 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE  ☐ SEX  ☒ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) April 21, 2010 | TYPE OF COMPLAINT B |
|---|---|

THE PARTICULARS ARE:

I.   On or about April 21, 2010, I was denied my reasonable accommodation request for 50% extra testing time when taking my LSAT exam for the Law School Admissions Council which is located at P.O. Box 8512, Newtown, PA 18940.

II.  I believe I was denied my reasonable accommodation request for 50% extra testing time when taking my LSAT exam which is necessary due to my disability (Attention Deficit Disorder) which is a violation Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A.   Corporate Council, Joan Van Tol, was aware of my disability and the granting of my accommodation request for 50% additional testing time for a prior test date. However, after I requested an accommodation for 50% additional testing time for the June 6, 2010 exam, my request was denied.

Typed and mailed for signature on May 4, 2010.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated X May 3, 2010

At X Oakland
        City

SIGNATURE
RECEIVED
MAY 09 2010
DEPT OF FAIR EMPLOYMENT &
HOUSING-OAKLAND HOUSING UNIT

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DATE FILED:

DFEH-300-02 (12/99)     Q:DS:bps
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFO

# EXHIBIT 2

**\* \* \* PUBLIC ACCOMM    ATION/RALPH/CIVIL CODE    CTIONS 51.5 & 54 \* \* \***

| | |
|---|---|
| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54 | DFEH # E-200910-G-0012-00-p |

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
Jones, Nicholas E. (Mr)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 73213 Catalina Way | (760) 409-9103 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Palm Desert, ca 92260 | Riverside | 065 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| Post Office Box 8512 | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newton, PA 18940-8512 | Out-of-State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)  December 5, 2009 | B |

THE PARTICULARS ARE:

I. On or about December 5, 2009 I was denied reasonable accommodation to take the LSAT test for the Law School Admissions Council.

II. On or about October 27, 2009 and November 9, 2009 I received notification my request for reasonable accommodation had been denied.

III. I believe I was denied reasonable accommodation because of my disabilities (Amblyopia/Posterior Vitreous Detachment) and because of my membership in a class of people who are disabled. This is a violation of Section 12948 of the Government Code. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about October 20, 2009 I requested a reasonable accommodation to take the LSAT test scheduled for December 5, 2009.

B. On or about October 27, 2009 I received notification the documentation I provided did not reflect an impairment related to taking the LSAT and I remained registered to test as a standard test taker.

C. On or about November 3, 2009 I requested reconsideration regarding my accommodation request by providing additional information requested by LSAC to justify my need for reasonable accommodation.

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTION 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U-200910-G-0012-00-p

COMPLAINANT'
Jones, Nicholas E. (Mr.)

RESPONDENT
Law School Admissions Council, Inc. (LSAC)

THE PARTICULARS ARE:

D. On or about November 9, 2009 I received notification the additional documentation was reviewed and there was no change in their decision and my request for reasonable accommodation was denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals, who have been, are now, or will in the future be similarly aggrieved.

Pg. 2 of 2

RECEIVED

Typed and mailed for signature on January 11, 2010. JAN 2 1 2010

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

DEPT OF FAIR EMPLOYMENT &
HOUSING SAN JOSE

Dated 1/14/2010

NICHOLAS E. JONES
COMPLAINANT'S SIGNATURE

At PALM DESERT, CA
City

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)    SJ:AL:eo
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: JAN 2 1 2010

STATE OF CALIFORNIA

# EXHIBIT 3

1  SUSAN SAYLOR (#154592)
     Acting Chief Counsel
2  ALEXANDRA SELDIN (#239708)
     Staff Counsel
3  DEPARTMENT OF FAIR EMPLOYMENT
     AND HOUSING
4  2218 Kausen Drive, Suite 100
   Elk Grove, CA 95758
5  Telephone No.: (619) 645-2575
   Facsimile: (619) 645-3170
6
   Attorneys for the Department
7

8             BEFORE THE FAIR EMPLOYMENT AND HOUSING COMMISSION

9                          OF THE STATE OF CALIFORNIA

10

11 | In the Matter of the Complaint of          )   Case Nos.    U-200910-G-0012-00-p
12 | THE DEPARTMENT OF FAIR                      )                U-200910-G-0011-00-p
   | EMPLOYMENT AND HOUSING,                     )                U-200910-Q0003-00
13 |                                             )
   | vs.                                         )
14 |                                             )   NOTICE OF CLASS ACTION
   | LAW SCHOOL ADMISSION COUNCIL,               )   COMPLAINT AND DIRECTOR'S
15 | INC.,                                       )   COMPLAINT
   |                                             )
16 |                            Respondent,      )   (Gov. Code §§ 12960, 12961 and 12965,
   |                                             )   subd. (a).)
17 |                                             )
   | HAMID MICHAEL HEJAZI; NICHOLAS E.           )
18 | JONES; and ▮▮▮▮▮▮▮▮▮▮▮▮                     )
   |                                             )
19 |                            Complainants.    )

20

21       TO LAW SCHOOL ADMISSION COUNCIL, INC., 662 Penn Street, Box 40, Newton,

22 Pennsylvania, 18940:

23       PLEASE TAKE NOTICE that pursuant to Government Code sections 12960 and 12961, the

24 Director of the DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING (hereinafter "the

25 Department") has determined that the cases listed below will be treated and proceed as a group or

26 class complaint for all purposes, and the Director has issued the following Complaint of

27 Discrimination on behalf of the group or class described below:

COURT PAPER
State of California
Std. 113 Rev. 3-95
FEH-Automated

*DFEH v. Law School Admission Council, Inc. (Hejazi, et. al.):*
Notice of Class Action Complaint

1        Case number U-200910-G-0011-00-p, filed by Complainant HAMID MICHAEL HEJAZI

2  against Respondent LAW SCHOOL ADMISSION COUNCIL, INC. on January 19, 2010.

3        Case number U-200910-G-0012-00-p, filed by Complainant NICHOLAS E. JONES against

4  Respondent LAW SCHOOL ADMISSION COUNCIL, INC. on January 21, 2010.

5        Case number U-200910-Q0003-00, filed by Complainant ███████ against

6  Respondent LAW SCHOOL ADMISSION COUNCIL, INC. on May 9, 2010.

7        The Director's determination and issuance is based on the following:

8        1.     Complainants HAMID MICHAEL HEJAZI, NICHOLAS E. JONES and ███

9  ███████ (hereinafter "Complainants") filed individual verified complaints in writing with the

10  Department on the dates herein indicated alleging that Respondent LAW SCHOOL ADMISSION

11  COUNCIL, INC. (hereinafter "LSAC") engaged in unlawful practices against them which were

12  discriminatory on the basis of disability, in violation of the Fair Employment and Housing Act

13  ("FEHA"), Government Code section 12900, *et. seq.* and the Unruh Civil Rights Act, Civil Code

14  section 51.

15        2.     The Department's investigation revealed that LSAC is a proper respondent for all

16  purposes in this matter.

17        3.     The group or class of which the Complainants are members is comprised of all

18  disabled individuals in the State of California who have or will request a reasonable

19  accommodation for the Law School Admission Test ("LSAT"), administered by the LSAC, and

20  who have or will be unlawfully denied such request from January 19, 2009 to the conclusion of the

21  Department's investigation of this complaint.

22        4.     There are common questions of law and fact involved which affect the parties to be

23  represented and those persons similarly situated in that during the course of the Department's

24  investigation the Complainants provided and the Department obtained information, which, if

25  proven, indicates that LSAC unlawfully denied or denies disabled individuals reasonable

26  accommodations for the LSAT. Respondent disputes some of these allegations. The Department

27  will continue the investigation to determine the merits of these allegations.

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated

1    5.    The nature of the group or class is such that proof of a single set of facts will

2  establish the right of each member of the group to recover.

3    6.    The Director will fairly and accurately represent the interests of the group or class.

4    7.    You may, but need not, respond to this notification in writing by submitting your

5  response to:

6  Alexandra Seldin
   Special Investigations Unit Administrator

7  Department of Fair Employment and Housing
   2218 Kausen Drive, Suite 100

8  Elk Grove, CA 95758

9

DATED: July 22, 2010

10

11                                    DEPARTMENT OF FAIR EMPLOYMENT
                                      AND HOUSING
12

13                                    PHYLLIS W. CHENG
                                      Director
14

15  By:_____
                                      Phyllis W. Cheng
16

17

18

19

20

21

22

23

24

25

26

27

COURT PAPER
State of California
Std. 113 Rev. 3-95
FESH Automated

*DFEH v. Law School Admission Council, Inc. (Hejazi, et. al.):*
Notice of Class Action Complaint

# EXHIBIT 4

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54**

DFEH # U 201112 H-0007-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
JOHNSON, ALEX (MR.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 1447 La Linda Drive | 760-736-0119 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Marcos, CA 92078 | San Diego | 073 |

**NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:**

NAME(S)
Law School Admissions Council, Inc. (LASC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA 18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE ☐ SEX ☒ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ SEXUAL ORIENTATION
☐ COLOR ☐ AGE ☐ MARITAL STATUS ☐ OTHER: (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) September 17, 2010 | TYPE OF COMPLAINT Unruh |
|---|---|

THE PARTICULARS ARE:

I.   On or about 9/17/10 I was denied the reasonable accommodation needed to take the LSAT (Law School Admissions Test).

II.  No reason was given for partial denial of my reasonable accommodation and the granting of inadequate/ineffective accommodations.

III. I believe I was denied reasonable accommodation, which is necessary due to my disability (Quadriplegia), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

   A. On or about 8/5/10 I advised the Accommodated Testing section of my medical need for accommodation in the form of: accommodation for all sections of the test, 120 extra minutes on each section of the test, alternate to scantron answer sheet, use of amanuensis (to turn pages), additional rest period and breaks, . I also provided supporting medical documentation to confirm the accommodations were medically necessary.

   B. On or about 9/17/10 I was notified that part of my requested accommodation was being denied. The accommodations that were granted were inadequate and ineffective.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.
Typed and mailed for signature on August 23, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 8-26-11    _____
                 COMPLAINANT'S SIGNATURE

At   Lake San Marcos    _____
          City          COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)    B:PND          DATE FILED:
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

RECEIVED
AUG 29 2011 STATE OF CALIFORNIA
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 5

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0008-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| | | XXX-XXX-XXXX |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| | San Diego | 073 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

| NAME(S) | |
|---|---|
| Law School Admissions Council, Inc. (LASC) | |

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA   18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)   October 31, 2010 | Unruh |

THE PARTICULARS ARE:

I.   On or about 10/31/2010 I was denied the reasonable accommodation of adequate additional time to take the LSAT (Law School Admissions Test) and adequate break periods.

II.   No reason was given for partial denial of my reasonable accommodation.

III.   I believe I was denied reasonable accommodation in the form of additional test taking time and break periods, which is necessary due to my disabilities (ADD [Attention Deficit Disorder], Lemierre's Syndrome with Brain edema resulting in brain processing speed impairment), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A.   On or about early 10/2010 I advised the Accommodated Testing section of my medical need for additional test taking time and break periods. I also provided supporting medical documentation.

B.   On or about 10/31/10 I was notified that my requested accommodation was being denied. I was granted in sufficient additional time to take test sections. I was not granted sufficient break period to administer vital medication.

IV.   I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on August 22, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   8/26/2011

At   Rancho Santa Fe CA
City

COMPLAINANT'S SIGNATURE

RECEIVED
AUG 31 2011

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DATE FILED:

DFEH-300-02 (12/99)   B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DEPT OF FAIR EMPLOYMENT & HOUSING OF CALIFORNIA
BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 6

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0013-00-p

| COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual) | |
|---|---|
| HENNESSEY-SEVERSON, ELIZABETH (MS.) | 1-603-667-5459 |
| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| 1067 Oak Street | XXX-XXX-XXXX |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| San Francisco, CA 92101 | San Francisco | 075 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

| NAME(S) | |
|---|---|
| Law School Admissions Council, Inc. (LSAC) | |
| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| 662 Penn Street | 215-968-1001 |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)  May 10, 2011

TYPE OF COMPLAINT
Unruh

THE PARTICULARS ARE:

I. From on or about 4/29/11 I was denied the reasonable accommodation of adequate additional time to take the LSAT (Law School Admissions Test).

II. No reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation in the form of additional test taking time, which is necessary due to my disabilities (Anxiety, Processing Disorder, Learning Disorder, Attention Deficit-Hyperactivity Disorder [ADHD]), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about 4/27/11 I advised the Accommodated Testing section of my medical need for additional test taking time as well additional breaks in between test sections. I also provided supporting medical documentation.

B. On or about 4/29/11 and again 5/10/11 I was notified that my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 14, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

| Dated | 9/22/2011 | | COMPLAINANT'S SIGNATURE |
|---|---|---|---|
| At | San Francisco | | |
| | City | | COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM |

DFEH-300-02 (12/98)          B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: RECEIVED SEP 26 2011
STATE OF CALIFORNIA

# EXHIBIT 7

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54 | DFEH # | U 201112 H-0018-00-p |
|---|---|---|

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
LEE, CAROLINE FAVROT (MS.)

| ADDRESS 676 Alcatraz Avenue | | TELEPHONE NUMBER (INCLUDE AREA CODE) 510-655-1758 |
|---|---|---|
| CITY/STATE/ZIP Oakland, CA 94609 | COUNTY Alameda | COUNTY CODE 001 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS 662 Penn Street | | TELEPHONE NUMBER (INCLUDE AREA CODE) 215-968-1001 |
|---|---|---|
| CITY/STATE/ZIP Newtown, PA 18940 | COUNTY Out of State | COUNTY CODE 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))

☐ RACE  ☐ SEX  ☒ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) April 28, 2011 | TYPE OF COMPLAINT Unruh |
|---|---|

THE PARTICULARS ARE:

I. From on or about 10/2010 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No adequate reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation, which is necessary due to my disabilities (Learning Disabilities & Processing Disabilities), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about 10/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

B. Most recently on or about 4/28/11 I was notified that my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 28, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated _Sept 29 2011_

At _Oakland_
      City

COMPLAINANT'S SIGNATURE

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

RECEIVED
OCT 03 2011
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

DFEH-300-02 (12/99)    B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

STATE OF CALIFORNIA

# EXHIBIT 8

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0021-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
BANKS, RAYMOND (MR.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| P. O. Box 156661 | XXX-XXX-XXXX |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Francisco, CA  94115 | San Francisco | 075 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☑ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☑ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☑ MARITAL STATUS   ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)  January 31, 2011 | Unruh |

THE PARTICULARS ARE:

I. On or about January 2011 I was denied the reasonable accommodation of adequate additional time to
take the LSAT (Law School Admissions Test).

II. No reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation in the form of additional test taking time, which is
necessary due to my disabilities (Nerve and Muscle damage in left shoulder/arm),
which is a violation of Government Code, Section 12948. The Government Code incorporates Section
51 of the Civil Code. My belief is based on the following:

A. On or about January 2011 I advised the Accommodated Testing section of my medical need for
additional test taking time. I also provided supporting medical documentation.

B. On or about January 2011 I was notified that my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are
now, or will in the future be similarly aggrieved.

Typed and mailed for signature on August 26, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own
knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated _10/6/11_                                    _Raymond Banks_
                                                    COMPLAINANT'S SIGNATURE

At _San Francisco_
        City                                     COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)          B:PND                 DATE FILED:
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

RECEIVED
OCT 06 2011
STATE OF CALIFORNIA
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 9

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54**

DFEH # U 201112 H-0023-00-p

COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual)
TALESHPOUR, GAZELLE (MS.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 6756 Bestwood Court | XXX-XXX-XXXX |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Diego, CA 92119 | San Diego | 073 |

**NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:**

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA 18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE  ☐ SEX  ☒ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) December 6, 2010 | TYPE OF COMPLAINT Unruh |
|---|---|

THE PARTICULARS ARE:

I.  Most recently on or about 12/6/10 I was denied the reasonable accommodation to take the LSAT (Law School Admissions Test).

II.  No adequate reason was given for denial of my reasonable accommodation.

III.  I believe I was denied reasonable accommodation in the form of additional test taking time, which is necessary due to my disabilities (Dyslexia, ADHD, Complications due to bone marrow transplant), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A.  On or about 2008 and again starting in 7/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodations. I also provided supporting medical documentation.

B.  Most recently on or about 12/6/10 I was notified that at least part of my requested accommodation was being denied.

IV.  I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 30, 2011. Corrected and re-mailed October 7, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated Oct 7th, 2011

_COMPLAINANT'S SIGNATURE_

At _____
City

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

RECEIVED
OCT 0 7 2011
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

DFEH-300-02 (12/99)  B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED: _____

STATE OF CALIFORNIA

# EXHIBIT 10

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

| COMPLAINT OF DISCRIMINATION UNDER THE | DFEH # _____ |
|---|---|

PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| | XXX-XXX-XXXX |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| | Out of State | 000 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))

☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY) _____

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)   October 21, 2010 | Unruh |

THE PARTICULARS ARE:

I.   On or about 10/21/10 I was denied the reasonable accommodation to take the LSAT (Law School Admissions Test).

II.   The reason citd for denying my request for reasonable accommodation was that documentation did not support that my condition limited a major life activity.

III.   I believe I was denied reasonable accommodation, which is necessary due to my disabilities (Attention Deficit—Hyperactivity Disorder [ADHD] and Learning Disabilities), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A.   On or about 8/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodations. I also provided supporting medical documentation.

B.   Most recently on or about 10/21/10 I was notified that my requested accommodations were being denied.

IV.   I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 27, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated ___09/27/2011___   _____

At ___Scottsdale, AZ___   _____
　　　　　　City

| COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM |
|---|
| DATE FILED: 9/29/11 |

DFEH-300-02 (12/99)   B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

RECEIVED

STATE OF CALIFORNIA
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 11

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # ____ U 201112 H-0025-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
SEMOS, STEPHEN (MR.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 6512 Monero Drive | 310-544-2993 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Rancho Palos Verdes, CA   90275 | Los Angeles | 037 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA   18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)   February 28, 2011 | Unruh |

THE PARTICULARS ARE:

I.   Most recently on or about February 2011 I was denied reasonable accommodation to take the LSAT
(Law School Admissions Test).

II.   No adequate reasons were given for denial of my reasonable accommodation.

III.   I believe I was denied reasonable accommodation which is necessary due to my disabilities ((Epilepsy,
ADD (Attention Deficit Disorder) and Gertsmann Syndrome), which is a violation of Government Code,
Section 12948.  The Government Code incorporates Section 51 of the Civil Code.  My belief is based
on the following:

A.   On or about 2008, 11/2010 and 12/21/10 I advised the Accommodated Testing section of my
medical need for accommodation.  I also provided supporting medical documentation.

B.   Most recently on or about February 2011 I was notified that my requested accommodation was
being denied.

IV.   I am making this complaint on behalf of myself and all other disabled individuals who have been, are
now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 30, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own
knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated ~~FEH~~ 10-5-2011          _Stephen Semos_

At _____
City

COMPLAINANT'S SIGNATURE

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DATE FILED

RECEIVED
OCT 11 2011
DEPT OF FAIR EMPLOYMENT & HOUSING STATE OF CALIFORNIA
BAKERSFIELD DISTRICT OFFICE

DFEH-300-02 (12/99)          B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

# EXHIBIT 12

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54**

DFEH # U 201112 H-0027-00-p

| COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual) | | |
|---|---|---|
| DECOMO-SCHMITT, RODNEY ALEXANDER | | |
| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| 4579 Paradise Drive | | XXX-XXX-XXXX |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Tiburon, CA 94920 | Marin | 041 |

**NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:**

| NAME(S) | | |
|---|---|---|
| Law School Admissions Council, Inc. (LSAC) | | |
| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| 662 Penn Street | | 215-968-1001 |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Newtown, PA 18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])

☐ RACE ☐ SEX ☒ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ SEXUAL ORIENTATION
☐ COLOR ☐ AGE ☐ MARITAL STATUS ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)  October 25, 2010 | Unruh |

THE PARTICULARS ARE:

I. Most recently on or about 10/25/10 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. LSAC stated that the documentation submitted did not support that my condition limited a major life activity.

III. I believe I was denied reasonable accommodation in the form of additional test taking time, which is necessary due to my disabilities (Learning Disability—Reading Processing Problem), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about 9/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

B. Most recently on or about 10/25/10 I was notified that my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 13, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  10·13·11

COMPLAINANT'S SIGNATURE

At  Tiburon, California
City

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)  B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

RECEIVED
OCT 14 2011
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

STATE OF CALIFORNIA

# EXHIBIT 13

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

U 201112 H-0028-00-p

COMPLAINT OF DISCRIMINATION UNDER THE        DFEH # _____
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual)
GROSSMAN, ANDREW "ANDY" (MR.)

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 14780 Farwell Avenue | | 408-741-5859 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Sratoga, CA  95070 | Santa Clara | 085 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 662 Penn Street | | 215-968-1001 |

| CITY STATE ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE     ☐ SEX    ☒ DISABILITY    ☐ RELIGION    ☐ NATIONAL ORIGIN/ANCESTRY    ☐ SEXUAL ORIENTATION
☐ COLOR    ☐ AGE    ☐ MARITAL STATUS    ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year) November 30, 2010 | Unruh |

THE PARTICULARS ARE:

I. Most recently on or about 11/2010 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No reason was given for the partial denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation which is necessary due to my disabilities (Traumatic Brain Injury and Depression/Anxiety Disorder), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

    A. On or about 7/2010 or 8/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

    B. Most recently on or about 11/2010 I was notified that part of my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 10, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated ___10/13/11___      _Andrew Grossman_
                                COMPLAINANT'S SIGNATURE

At   ___Saratoga___      _Andrew Grossman_
        City             COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)      B:PND        DATE FILED
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

RECEIVED
OCT 17 2011
STATE OF CALIFORNIA
DEPT OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 14

## * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

U 201112 H-0029-00-p

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # _____

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
COLLINS, KEVIN M. (MR.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| --- | --- |
| 23140 Victory Blvd. | 818-346-4200 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| --- | --- | --- |
| Woodland Hills, CA 91367 | Los Angeles | 037 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
| --- | --- |
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| --- | --- | --- |
| Newtown, PA 18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])
☐ RACE  ☐ SEX  ☒ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) March 14, 2011 | TYPE OF COMPLAINT Unruh |
| --- | --- |

THE PARTICULARS ARE:

I. On or about 1/18/11 and most recently on 3/14/11 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. The denial on 1/18/11 was allegedly due to insufficient documentation. No reason was given for the partial denial of my requested reasonable accommodation on 3/14/11.

III. I believe I was denied reasonable accommodation which is necessary due to my disabilities (Gifted Learning disability: Reading Disorder and Written Expression Disorder), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. Beginning on or about 12/10/10 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

B. On or about 1/18/11 I was notified that my requested accommodation was not being granted even thought I believe that all necessary supporting documentation had been submitted.

C. Most recently on 3/14/11 I was notified that part of my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 19, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 10/23/11

At Los Angeles
City

COMPLAINANT'S SIGNATURE

RECEIVED
OCT 27 2011
DEPT OF FAIR EMPLOYMENT & HOUSING OF CALIFORNIA
BAKERSFIELD DISTRICT OFFICE

DATE FILED:

DFEH-300-02 (12/99)    B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

# EXHIBIT 15

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

| | |
|---|---|
| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54 | DFEH #    U 201112 H-0031-00-p |

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)

IOAN, OTILIA (MS.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 5305 Harwood Road | XXX-XXX-XXXX |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Jose, CA  95124 | Santa Clara | 085 |

## NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT DISCRIMINATED AGAINST ME:

NAME(S)

Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))

☐ RACE ☐ SEX ☒ DISABILITY ☐ RELIGION ☐ NATIONAL ORIGIN/ANCESTRY ☐ SEXUAL ORIENTATION
☐ COLOR ☐ AGE ☐ MARITAL STATUS ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)  November 17, 2010 | Unruh |

THE PARTICULARS ARE:

I.  On or about 11/17/10 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II.  No reason was given for denial of my reasonable accommodation.

III.  I believe I was denied reasonable accommodation which is necessary due to my disability (Spinal Chord Injury—Quadriplegia), which is a violation of Government Code, Section 12948.  The Government Code incorporates Section 51 of the Civil Code.  My belief is based on the following:

    A.  On or about 8/2010 I advised the Accommodated Testing section of my medical need for reasonable accommodation.  I also provided supporting medical documentation.

    B.  On or about 11/17/10 I was notified that part of my requested accommodation was being denied.

IV.  I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on September 27, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated    10/26/11

At    San Jose
       City

COMPLAINANT'S SIGNATURE

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

RECEIVED

| | | |
|---|---|---|
| DFEH-300-02 (12/99)    B:PND | DATE FILED: | DEPT OF FAIR EMPLOYMENT & HOUSING |
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING | | BAKERSFIELD DISTRICT OFFICE   STATE OF CALIFORNIA |

# EXHIBIT 16

**\* \* \* PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 \* \* \***

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0032-00-p

COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual)
QUAN, ANDREW (MR.)

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 4023 Oak Manor Court | | XXX-XXX-XXXX |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Hayward, CA 94542 | Alameda | 0001 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|---|
| 662 Penn Street | | 215-968-1001 |
| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
| Newtown, PA 18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION | TYPE OF COMPLAINT |
|---|---|
| TOOK PLACE (month, day, and year)   September 13, 2011 | Unruh |

THE PARTICULARS ARE:

I. Most recently on or about 9/13/11 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No reason was given for denial of my requested reasonable accommodations.

III. I believe I was denied reasonable accommodation in the form of additional test taking time, which is necessary due to my disabilities (Hypotonia, Dysgraphia, ADHD, Visual Processing Disorder, and back injury), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

    A. On or about 9/2011 I advised the Accommodated Testing section of my medical need for reasonable accommodations. I also provided supporting medical documentation.

    B. Most recently on or about 9/13/11 I was notified that my requested accommodations were being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 7, 2011.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 10-26-2011     _Andrew Quan_
               COMPLAINANT'S SIGNATURE

At _____
    City            COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

DFEH-300-02 (12/99)   B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

RECEIVED
STATE OF CALIFORNIA
OCT 28 2011
DEPT OF FAIR EMPLOYMENT &
HOUSING BAKERSFIELD DISTRICT OFFICE

# EXHIBIT 17

# * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH # U 201112 H-0035-00-p

COMPLAINANT'S NAME(S) (Indicate Mr. or Ms., if individual)
WHITNEY, AUSTIN (MR.)

ADDRESS
1050 Miller Avenue

TELEPHONE NUMBER (INCLUDE AREA CODE)
XXX-XXX-XXXX

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Berkeley, CA 94708 | Alameda | 001 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

ADDRESS
662 Penn Street

TELEPHONE NUMBER (INCLUDE AREA CODE)
215-968-1001

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA 18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE   ☐ SEX   ☒ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☐ MARITAL STATUS   ☐ OTHER (SPECIFY)

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)   September 21, 2011

TYPE OF COMPLAINT
Unruh

THE PARTICULARS ARE:

I.  On or about 9/21/11 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II.  No reason was given for denial of my reasonable accommodation.

III.  I believe I was denied reasonable accommodation in which is necessary due to my disabilities (Spinal Chord Injury—paraplegia, chronic/neuropathic pain), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A.  On or about 8/28/11 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

B.  On or about 9/21/11 I was notified that part of my requested accommodation was being denied.

IV.  I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on October 28, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   11/5/11

At   Berkeley, CA
        City

COMPLAINANT'S SIGNATURE

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

RECEIVED
NOV - 7 2011
DEPT. OF FAIR EMPLOYMENT & HOUSING
BAKERSFIELD DISTRICT OFFICE
STATE OF CALIFORNIA

DFEH-300-02 (12/99)       B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

# EXHIBIT 18

## * * * PUBLIC ACCOMMODATION/RALPH/CIVIL CODE SECTIONS 51.5 & 54 * * *

COMPLAINT OF DISCRIMINATION UNDER THE
PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT
AND HOUSING ACT WHICH INCORPORATES THE UNRUH CIVIL
RIGHTS ACT, THE RALPH CIVIL RIGHTS ACT AND CIVIL CODE SECTIONS 51.5 AND 54

DFEH #  U 201112 H-0033-00-p

COMPLAINANT'S NAME(S) (indicate Mr. or Ms., if individual)
VIELBAUM, KEVIN (MR.)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 812 Foothill Drive | XXX-XXX-XXXX |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| San Mateo, CA  94402 | San Mateo | 081 |

NAMED IS THE PERSON, BUSINESS ESTABLISHMENT, PUBLIC ACCOMMODATION OR OTHER ENTITY THAT
DISCRIMINATED AGAINST ME:

NAME(S)
Law School Admissions Council, Inc. (LSAC)

| ADDRESS | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| 662 Penn Street | 215-968-1001 |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Newtown, PA  18940 | Out of State | 000 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX(ES))
☐ RACE  ☐ SEX  ☒ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ OTHER (SPECIFY)

| DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)  May 12, 2011 | TYPE OF COMPLAINT Unruh |
|---|---|

THE PARTICULARS ARE:

I. Most recently on or about 5/12/11 I was denied reasonable accommodation to take the LSAT (Law School Admissions Test).

II. No adequate reason was given for denial of my reasonable accommodation.

III. I believe I was denied reasonable accommodation which is necessary due to my disabilities (Dyslexia—Learning Disabilities), which is a violation of Government Code, Section 12948. The Government Code incorporates Section 51 of the Civil Code. My belief is based on the following:

A. On or about March 2011 I advised the Accommodated Testing section of my medical need for reasonable accommodation. I also provided supporting medical documentation.

B. On or about 4/28/11 my initial request for accommodation was denied in total. Most recently on or about 5/12/11 I was notified that part of my requested accommodation was being denied.

IV. I am making this complaint on behalf of myself and all other disabled individuals who have been, are now, or will in the future be similarly aggrieved.

Typed and mailed for signature on November 4, 2011.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  11/08/11

COMPLAINANT'S SIGNATURE

At  San Mateo, CA
City

COMPLAINANT'S SIGNATURE/GUARDIAN AD LITEM

RECEIVED
NOV 8 2011
DEPT OF FAIR EMPLOYMENT &
STATE OF CALIFORNIA
BAKERSFIELD DISTRICT

DFEH-300-02 (12/99)     B:PND
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

# EXHIBIT 19

1 CASE NAME: DFEH v. Law School Admission Council, Inc.
(Austin Whitney, et al., Complainants)

2

3 CASE NOS.: U-201112-H-0021-00-p, U-201112-H-0008-00-p, U-201112-H-0029-00-p,
U-201112-H-0027-00-p, U-200910-Q-0003-00-p, U-201112-H-0018-00-p,

4 U-201112-H-0028-00-p, U-201112-H-0014-00-p,
U-201112-H-0013-00-p, U-201112-H-0031-00-p, U-201112-H-0007-00-p,

5 U-200910-G-0012-00-p, U-201112-H-0032-00-p, U-201112-H-0025-00-p,
U-201112-H-0023-00-p, U-201112-H-0033-00-p, and U-201112-H-0035-00-p

6

7

8 ## RESPONDENT'S NOTICE OF TRANSFER OF PROCEEDINGS TO COURT

I am a Respondent in this matter. I elect to transfer this proceeding to court in lieu of a

9 hearing before the Fair Employment and Housing Commission, pursuant to Government Code

10 section 12965, subdivision (c)(1).

11 Dated: 2-22-12

12

13 _____
Respondent's/Representative's Signature

14

15 _____
Respondent(s) [Please print]

16

17 Julie Capell, Attorney for Law School
Representative [Please print]    Admission Council, Inc.

18

Address of Respondent, or if
19 represented, address of Representative
Fulbright & Jaworski, L.L.P.
20 555 S. Flower Street, 41st Floor
Street
21 Los Angeles, CA 90071
City        State        Zip
22 (213) 892-9200
23 Telephone number of Respondent, or if
represented, telephone number of Representative
24

25

26

27

-6-

COURT PAPER
State of California
Std. 113 Rev. 8-95
FEA/It Automated

1

2

3

4

5

6

7

8

9

10

11

12           **IN THE UNITED STATES DISTRICT COURT**

13        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14 DEPARTMENT OF FAIR EMPLOYMENT   )   Case No. C 12-01830 EMC
   AND HOUSING, an agency of the State of   )

15 California,                            )
                                    ) **STIPULATION RE DFEH'S**

16                        Plaintiff,) **UNOPPOSED MOTION FOR LEAVE**
                                    ) **TO FILE THIRD AMENDED**

17   vs.                            ) **COMPLAINT**
                                    )

18 LAW SCHOOL ADMISSION COUNCIL, INC., ) **Date: October 31, 2013**
   a Delaware tax exempt corporation,      ) **Time: 1:30 pm**

19                               ) **Dept: Courtroom 5 - 17th Floor**
                      Defendants.) **Judge: Hon. Edward M. Chen**

20                                )

21 _____)
   JOHN DOE, JANE DOE, PETER ROE,    )

22 RAYMOND BANKS, KEVIN COLLINS,   )
   RODNEY DECOMO-SCHMITT, ANDREW  )

23 GROSSMAN, ELIZABETH HENNESSEY-  )
   SEVERSON, OTILIA IOAN, ALEX JOHNSON, )

24 NICHOLAS JONES, CAROLINE LEE,    )
   ANDREW QUAN, STEPHANIE SEMOS,   )

25 GAZELLE TALESHPOUR, KEVIN        )
   VIELBAUM, AUSTIN WHITNEY, and all other )

26 similarly situated individuals,          )
                                  )

27                Real Parties in Interest.)
   _____)



-1-

*Dept. Fair Empl. & Hous. v. Law School Admissions Council, et al.* (Doe, et al.)
Stipulation Re DFEH's Unopposed Motion for Leave to File Third Amended Complaint

1    Pursuant to Civil Local Rule 7-12, the parties hereby stipulate that Defendant Law School

2    Admission Council ("LSAC") will not oppose Plaintiff Department of Fair Employment and

3    Housing's ("DFEH") Unopposed Motion for Leave to File Third Amended Complaint, filed

4    concurrently with DFEH's Points and Authorities in Support Thereof, the Declaration of Mari

5    Mayeda and supporting exhibits, and the [Proposed] Order Granting DFEH's Motion for Leave to

6    File Third Amended Complaint.  LSAC reserves all defenses that it may have with respect to any

7    claims asserted or relief requested by DFEH in the Third Amended Complaint, as well as its right to

8

9    oppose any further requests for leave to file an amended complaint.

10                                                                   Respectfully submitted,

11   Dated: September 26, 2013

12                                                                   DEPARTMENT OF FAIR EMPLOYMENT
                                                                     AND HOUSING
13

14                                                                   By   /s/  Mari Mayeda
                                                                          MARI MAYEDA[1]
15                                                                   Attorneys for Plaintiff Department of Fair
                                                                     Employment and Housing
16

17   Dated: September 26, 2013

18                                                                   FULBRIGHT & JAWORSKI L.L.P.

19                                                                   By   /s/  Robert Burgoyne
                                                                          ROBERT A. BURGOYNE
20                                                                   Attorneys for Defendant Law School Admission
                                                                     Council, Inc.
21

22

23   Dated: September 26, 2013                                       US DEPARTMENT OF JUSTICE

24

25                                                                   By  /s/ Nabina Sinha

26   _____

27       [1]  Pursuant to General Order No. 45(X), I, Mari Mayeda, hereby attest that I obtained the
     concurrence of counsel to the filing of this document.
28

*Dept. Fair Empl. & Hous. v. Law School Admissions Council, et al.* (Doe, et al.)
Stipulation Re DFEH's Unopposed Motion for Leave to File Third Amended Complaint

NABINA SINHA
Trial Attorney
By /s/ Melanie L. Proctor
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for the United States

Dated: September 26, 2013                THE LEGAL AID SOCIETY - EMPLOYMENT
                                         LAW CENTER


By /s/ Claudia Center
CLAUDIA CENTER
Attorney for Plaintiff-Intervenors ANDREW
QUAN, NICHOLAS JONES, ELIZABETH
HENNESSEY-SEVERSON


    Pursuant to the parties' stipulation, it is hereby ORDERED that Plaintiff DFEH's Motion for

Leave to File Third Amended Complaint is GRANTED and Plaintiff's Third Amended Complaint,

attached as Exhibit 1 to its Motion, is deemed to be filed with the Court.  The 11/7/13 motion
                                                                             hearing is vacated.
    IT IS SO ORDERED.



SIGNED on the ___30th___ day of _____September_____, 2013


                              By: _____
                                  The Honorable
                                  Judge, United States District Court
                                  for the Northern District of California

GRANTED

Judge Edward M. Chen

UNITED STATES DISTRICT COURT · NORTHERN DISTRICT OF CALIFORNIA

-3-

COURT PAPER
State of California
Std. 113 Rev. 3-95
FE&H Automated