UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING,<br><br>    Plaintiff,<br><br>v.<br><br>LAW SCHOOL ADMISSION COUNCIL INC.,<br><br>    Defendant. | Case No. 12-cv-01830-EMC (KAW)<br><br>**ORDER DENYING JOINT MOTION FOR ADMINISTRATIVE RELIEF WITHOUT PREJUDICE; TERMINATING JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. Nos. 206, 207 |

On October 23, 2014, the parties to the above-captioned case filed (1) a joint motion for administrative relief from this Court's page limits for discovery letter briefs and (2) an oversized joint discovery letter brief. (Joint Mot., Dkt. No. 206; Joint Ltr., Dkt. No. 207.) In their joint letter, the parties dispute (1) whether the Consent Decree entered in this case on May 29, 2014 triggers the provisions that govern the return and destruction of materials produced in this litigation pursuant to the stipulated protective order and (2) whether the United States and the Department of Fair Employment and Housing ("DFEH") violated that stipulated protective order by transmitting LSAC's confidential information to the Best Practices Panel created pursuant to the Consent Decree. (Joint Ltr. at 6.)

On July 29, 2014, LSAC requested that all Plaintiffs return or destroy all confidential information it produced in this matter, as required by paragraph 32 of the stipulated protective order entered in this case. (*Id.* at 4.) That paragraph reads:

> After the expiration of the applicable time period during which any Party may appeal the final order entered in this Action, or any Party must, by law, maintain complete files, a Party may request that Confidential Information (including all

copies, abstracts, compilations, summaries, and any other format reproducing any of the Confidential Information) produced by it be returned or destroyed at the option of the Receiving Party, which request shall be honored. If the Receiving Party elects to destroy the information rather than return it, a certificate attesting to such destruction must be delivered to each Producing Party within 60 days following such destruction. Nothing in this provision shall limit the rights, if any, of any Party to object to and seek a ruling of the Court concerning a Party's retention of any Confidential Information. This paragraph does not require the destruction of materials protected by the attorney-client privilege or work product doctrine. In addition, counsel for each Party may retain one complete copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

(Stipulated Protective Order ¶ 32, Dkt. No. 123.)

The United States and the DFEH have not complied with the request. (Joint Ltr. at 4.) They believe that the information is necessary for the implementation of the Consent Decree, and they have transmitted certain confidential information to the Best Practices Panel. (*Id.* at 4, 5.) They also maintain that the disputes raised in the parties' joint letter implicate the interpretation and implementation of the Consent Decree. (*Id.* at 1.) The Court agrees.

The Consent Decree provides that "[t]he Panel members shall . . . be subject to the terms of the protective order entered in this case . . . ." (Consent Decree ¶ 7(f), Dkt. No. 203.) It also states:

All Parties agree that any documents or information acquired through performance of this Consent Decree may be used solely for the purpose of implementing and enforcing this Consent Decree, and not for any other purpose. The provisions of the Protective Order (ECF No. 123) remain in effect and applicable to all Parties throughout the term of this Decree.

(*Id.* ¶ 32.) This language notwithstanding, LSAC maintains that the continued retention and use of any confidential information LSAC produced violates the protective order. (Joint Ltr. at 6.) This position seems to conflict with the above language from the Consent Decree, which could be read as extending the term of the protective order and allowing disclosure of confidential information to the Panel. It is the province of the presiding judge, however, to decide whether that reading of the Consent Decree is appropriate.

Given that the United States and the DFEH plan to file a motion, before the presiding

judge, regarding the interpretation and implementation of the Consent Decree, the parties' joint letter brief is terminated and their joint motion for administrative relief is denied without prejudice to re-filing after the presiding judge resolves the issues affecting the Consent Decree. The parties may then re-file a joint letter brief, and if necessary, an administrative motion to exceed the applicable page limits, only if the presiding judge's ruling does not resolve the disputes raised in the instant joint letter.

**IT IS SO ORDERED**.

Dated: 11/07/14

_____
KANDIS A. WESTMORE
United States Magistrate Judge