MARI MAYEDA (#110947)
  Associate Chief Counsel
Mari.Mayeda@dfeh.ca.gov
JONI CARRASCO (#287679)
  Staff Counsel
Joni.Carrasco@dfeh.ca.gov
IRINA TRASOVAN (#290372)
  Staff Counsel
Irina.Trasovan@dfeh.ca.gov
DEPARTMENT OF FAIR EMPLOYMENT
  AND HOUSING
2218 Kausen Drive, Suite 100
Elk Grove, CA  95758
Telephone:  (916) 478-7251
Facsimile:  (888) 382-5293

Attorneys for Plaintiff, DFEH
(Fee Exempt, Gov. Code, § 6103)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>             Plaintiff,<br><br>vs.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC.,<br><br>             Defendant. | Case No. CV 12-1830-JCS<br><br>**PLAINTIFF DFEH'S ADMINISTRATIVE MOTION TO STRIKE OR, IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE A RESPONSE TO DEFENDANT'S POST-HEARING BRIEF** |
| UNITED STATES OF AMERICA,<br><br>             Plaintiff-Intervenor,<br><br>vs.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC.,<br><br>             Defendant. | Date:       February 23, 2018<br>Time:       9:00 a.m.<br>Location:  Courtroom G (15th Floor)<br>Judge:      Hon. Joseph C. Spero |




Pursuant to the Northern District of California's Civil Local Rule 7-11, Plaintiff Department of Fair Employment and Housing (DFEH) respectfully submits this administrative motion to strike Defendant Law School Admission Council's (LSAC) post-hearing brief (Dkt. 275).

On February 23, 2018, having been fully briefed on the DFEH's motion for an order holding LSAC in civil contempt, the Court heard oral argument and accepted the matter under submission. (Dkt. 273, 274). During the hearing, the Court announced its tentative ruling to hold LSAC in civil contempt. The parties did not request nor did this Court order supplemental briefing.

On March 1, 2018, LSAC filed a supplemental brief entitled "LSAC'S POST-HEARING BRIEF REGARDING THE COURT'S TENTATIVE RULING ON DFEH'S MOTION FOR CIVIL CONTEMPT OR, IN THE ALTERNATIVE, MODIFICATION UNDER RULE 60(B)(5)." (Dkt. 275). The brief was not accompanied by a motion for modification of this Court's orders or any other type of request asking for this Court's permission to file supplemental briefing or by a motion to file a supplemental pleading or amend a pleading under Rule 15. The DFEH was not on notice that LSAC planned to file these papers.

Pursuant to the Northern District of California's Civil Local Rule 7-11, the DFEH hereby submits this administrative motion to strike LSAC's unauthorized post-hearing brief in which LSAC "requests that the Court reconsider its tentative ruling and deny DFEH's Motion." Dkt. 274 at 7:18. As this Court has not authorized any supplemental briefing, and LSAC's brief largely repeats arguments made in its reply filed on February 2, 2018 and during the February 23, 2018 hearing, DFEH hereby moves to strike the brief in its entirety.[1] *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

---

[1] LSAC's recitation that it performed some of the Decree obligations (Dkt. 275 at 2:10-15) was addressed extensively in LSAC's opposition brief, and is not a defense to the Department of Fair Employment and Housing's (DFEH) motion, as DFEH explained, inter alia, at Dkt. 271 at 14:20-16:9. LSAC's purported good faith implementation of the Court's orders is also irrelevant and LSAC's operationalization of the orders (Dkt. 275, at 2:10-24) does not defeat the motion, which DFEH explained, inter alia, at Dkt. 271 at 14:3-17; 16:11-17. LSAC's claim of voluntary cessation of the 50% email (Dkt. 275 at 2) was addressed in LSAC's opposition brief, and DFEH responded that LSAC's last minute efforts on the eve of contempt did not defeat the motion (Dkt. 271 at 4:2-6:6). Tellingly, LSAC argues that the number of testing accommodation requests has increased, but concedes in its Post Hearing Brief that LSAC "noted [this] in its prior brief (filed in early January)" Dkt. 275 at 3:12.

-1-

In the alternative, and pursuant to the Northern District of California's Civil Local Rules 7-3(d) and 7-11, the DFEH respectfully moves for leave to file a response to LSAC's post-hearing brief. The DFEH attempted to obtain a stipulation on DFEH's motion to strike but the parties were unable to reach agreement. *See* Ex. A (Mayeda Decl.) at ¶3. Because DFEH is prepared to immediately file a response upon the Court's order, there will be no undue delay and the DFEH should be granted leave to file a response if this Court does not strike LSAC's unauthorized brief altogether.

Dated: March 2, 2018

Respectfully submitted,

DEPARTMENT OF FAIR EMPLOYMENT
 AND HOUSING

By:  _____/s/_____
Mari Mayeda
Associate Chief Counsel
Attorneys for the Department

