JANETTE L. WIPPER (#275264)
  Chief Counsel
Janette.Wipper@dfeh.ca.gov
MARI MAYEDA (#110947)
  Associate Chief Counsel
Mari.Mayeda@dfeh.ca.gov
JONI CARRASCO (#287679)
  Staff Counsel
Joni.Carrasco@dfeh.ca.gov
IRINA TRASOVAN (#290372)
  Staff Counsel
Irina.Trasovan@dfeh.ca.gov
DEPARTMENT OF FAIR EMPLOYMENT
  AND HOUSING
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758
Telephone:  (916) 478-7251
Facsimile:   (888) 382-5293

Attorneys for Plaintiff, DFEH
(Fee Exempt, Gov. Code, § 6103)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California, <br><br> Plaintiff, <br><br> vs. <br><br> LAW SCHOOL ADMISSION COUNCIL, INC., <br><br> Defendant. | Case No. CV 12-1830-JCS <br><br> **DECLARATION OF MARI MAYEDA IN SUPPORT OF DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS** <br><br> Date:     August 17, 2018 <br> Time:     9:30 am <br> Location:  Courtroom G (15th Floor) <br> Judge:    Hon. Joseph C. Spero |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Intervenor, <br><br> vs. <br><br> LAW SCHOOL ADMISSION COUNCIL, INC., <br> Defendant. | |

COURT PAPER
State of California
1

I, Mari Mayeda, declare:

1. I am an attorney admitted to practice in the State of California and before this Court. I am employed by, and I am counsel of record for Plaintiff, Department of Fair Employment and Housing of the State of California. I am over eighteen years of age and make this declaration of my official capacity based on my own personal knowledge.

2. I am the Associate Chief Counsel for Systemic Litigation at the DFEH. I have practiced complex civil rights litigation – mostly class actions and mostly in the Northern District of California – for over thirty years. I specialize in complex civil rights litigation. I was lead counsel for the California plaintiffs in the Denny's restaurant chain race discrimination case and in gender discrimination cases involving promotion of women at the Save Mart and Albertson's grocery chains. With my former law partners, I represented plaintiffs in recovering over $200 million from the State Farm Insurance Companies for failing to hire female sales agents. I served as co-counsel in disability access class action cases against the Burger King and Taco Bell restaurant chains. I also have expertise in attorneys' fees law and litigation, having litigated approximately twenty such motions on behalf of my former firm or other clients. My past fees clients have included both private counsel as well as public interest law firms, such as the Disability Rights Education and Defense Fund, the Lawyers Committee for Civil Rights, and Equal Rights Advocates. I served by request of the Court on the Ninth Circuit Task Force on Racial, Religious and Ethnic Fairness, chairing the Task Force's Civil Litigation Sub-Committee. I have served as a Lawyer Delegate to the Ninth Circuit Judicial Conference and have served by appointment of the U.S. District Court for the Northern District of California on a number of other court committees, including on three occasions as a member or Chair of the Magistrate Merit Selection Panel. I am a 1983 graduate cum laude of Harvard Law School. Following law school, I clerked for the California Supreme Court. A true and correct copy of my resume is attached hereto as **Exhibit A**.

3. Joni Carrasco is co-lead counsel for the Department in the remedies phase of this case. In addition Ms. Carrasco has represented the Department as lead counsel in over 20 mediations and litigation matters including *DFEH v. City of Hanford*, an employment discrimination case which settled for $237,500 plus injunctive relief, and *DFEH v. 255 Ave. 55, LLC, et al.*, a reasonable

1  accommodation housing discrimination case which resolved for $75,000 plus injunctive relief.  She is

2  a 2012 graduate of the University of California, Irvine School of Law, joining the DFEH in the first

3  class of Civil Rights Fellows.  A true and correct copy of Ms. Carrasco's resume is attached as

4  **Exhibit B**.

5        4.  Irina Trasovan has worked on this matter since 2013 taking responsibility for many expert

6  witness issues.  Ms. Trasovan is co-lead counsel for the Department in *Dept. of Fair Employment and*

7  *Housing v. Airbnb, Inc.*, an investigation and settlement involving racial discrimination in housing on

8  the Airbnb platform.  In addition, Ms. Trasovan has represented the Department as lead counsel in

9  over 20 mediations and litigation matters, obtaining damages and injunctive relief for individuals

10 who have experienced discrimination.  Ms. Trasovan represented the Department as trial counsel in

11 *Dept. of Fair Employ. & Housing v. David Grimberg*, a sexual harassment case against a landlord,

12 obtaining a $45,000 judgment for the tenant and injunctive relief.  She is a 2012 graduate of the

13 University of California, Irvine School of Law, joining the DFEH in the first class of Civil Rights

14 Fellows.  A true and correct copy of Ms. Trasovan's resume is attached as **Exhibit C**.

15       5.  Kaitlin Toyama is a 2017 graduate of the University of California, Hastings College of the

16 Law where she externed in the United States District Court for the Northern District of California and

17 also represented clients in the Ninth Circuit Court of Appeals and San Francisco County Superior

18 Court.  Ms. Toyama performed legal research on the contempt motion, drafted portions of the briefs,

19 worked with test-takers, and drafted and finalized test taker declarations.  DFEH is billing Ms.

20 Toyama as a law clerk even though in 2017 Ms. Toyama became a member of the California bar.

21 She is a current Civil Rights Fellow.  A true and correct copy of Ms. Toyama's resume is attached as

22 **Exhibit D**.

23       6.  In addition, several attorneys at DFEH performed work on the contempt or fees motion for

24 which DFEH does not seek compensation.

25       7.  DFEH seeks compensation at the following market rates: Mari Mayeda ($850), Joni

26 Carrasco ($425), Irina Trasovan ($425), and Kaitlin Toyama ($290).  The requested rates are

27 consistent with rates awarded or approved by the courts for DFEH counsel.  *See*, *e.g.*, *Dept. of Fair*

28 *Employ. & Housing v. David Grimberg*, Case. No. SC 121412 (Los Angeles County Superior Court)

1    (Awarding Ms. Trasovan's then current 2014 hourly rate of $325/hour); *Voting Rights Coalition, et*

2    *al. v. Wilson et al.*, Case Nos. C-94-20860 JW, C-95-20042 JW (N.D. Cal. 1997) (awarding my then

3    current hourly rate); *Cordellos v. City and County of San Francisco*, No. 952520 (San Francisco

4    Superior Court, 1995) (awarding my then current hourly rate); *NORML v. Mullen*, No. C83-4037

5    RPA (N.D. Cal. 1988) (awarding my then current hourly rate); *Reviera v. Evans*, No. H1369139

6    (Alameda County Superior Court, 1992) (awarding my then current hourly rate); *DFEH v. M & N*

7    *Financing Corp.*, No. BC591206 (Los Angeles County Superior Court, Complex Litigation Division)

8    (2018 award of sanctions to DFEH at $400/hour for 2013 law school graduate).

9        8.  My rate has also been approved by the courts on numerous occasions as part of the court's

10   obligation to review the fairness of a class action settlement.  Some examples of cases where my rate

11   was approved by the court where I was lead counsel include *Ridgeway v. Denny's*, No. C-93-20202

12   JW (N.D. Cal.); *Babbit v. Albertson's*, No. C-92-1883 SBA (N.D. Cal.), and *Herring v. SaveMart*,

13   No. C-90-3571 EFL (N.D. Cal.).  Examples where my rate was approved in cases in which I was co-

14   counsel include *Castaneda v. Burger King*, No. CV-08-4262 WHA (N.D. Cal.) and *Vallabhapurapu*

15   *v. Burger King*, No. CV-11-00667 WHA (N.D. Cal.) (awarding attorney rates of $335 to $825 per

16   hour including my then current 2014 rate of $750 per hour).

17       9.  The work on the motion to enforce the decree began with the review of California test

18   taker files at LSAC's Newtown, Pennsylvania headquarters.  Based on this review, DFEH discovered

19   that LSAC referred to a particular correspondence as the "50% email," that LSAC had begun using

20   this correspondence as early as January 2016, and that later in 2016 the "50% email" appeared on a

21   list of communications as one of the standard forms of communication with test takers.  The

22   document review uncovered information regarding the "no decision" practice, the use of "white out,"

23   and the fact that accepted "50% emails" were reported as "granted in full" on LSAC's reports to

24   DFEH, the United States, and the Monitor.

25       10. Because DFEH's document review is limited under the Decree, in order to review as

26   much information as possible while at LSAC's headquarters, DFEH sent three attorneys.  We shared

27   hotel rooms and took flights with layovers to decrease travel costs.  Because the Decree limits our

28   access to LSAC's regular business hours, we worked without lunch breaks on each of the days we

1    were in Newtown.  We conferred about our file review in the evening and kept the United States

2    abreast of our progress and analysis.  These were long days of work.

3          11. Our file review in Newtown revealed that LSAC was using correction fluid ("white out")

4    to make changes to the internal forms regarding what accommodations had been originally requested

5    by candidates.  It took some time, and review of several files, before realizing what type of

6    information LSAC was changing, and that it was not simply correcting typos.  This discovery then

7    required us to go back and look at files that we had previously reviewed, thus the time spent on this

8    file review was increased as a direct result of LSAC's practice of changing accommodation requests

9    with correction fluid.

10         12. File review brought to light systematic reporting inaccuracies by LSAC, which in turn

11   required additional time during the review process to carefully examine what was incorrectly

12   reported.  For example, LSAC's misreporting of files as "granted in full" or "no decision" in relation

13   to use of the 50% email practice required careful review of each file in order to determine if the

14   designation was, in fact, accurate.  LSAC originally failed to report any outside consultant names for

15   any of the candidates, as required under the Decree, so review of files required examination to

16   determine whether or not the file contained any indication that it was reviewed by an outside

17   consultant.  Additionally, LSAC was required to report "the name(s) of all other individual(s) who

18   reviewed the request for the purpose of making a substantive decision whether to grant or deny a

19   request" under Paragraph 8(n) of the Consent Decree.  However, LSAC's reporting uniformly listed

20   only Kim Dempsey as the sole LSAC reviewer.  Because file review revealed that other LSAC

21   personnel believed to be Disability Specialists exercised some role in the decision-making process,

22   file review required an examination to determine who else may have played a role in review of each

23   file.

24         13. We developed and used Excel spreadsheets for use during the document review.

25   Following the document review, we analyzed the spreadsheet entries and selected files for copying

26   and later reviewed those files.  We performed legal research.  The United States and DFEH then

27   developed their position statement which was transmitted to LSAC in the May 17, 2017 notice letter.

28

14. This was not a case where plaintiffs merely had to enforce the findings and conclusions of the Decree Monitor.  To the contrary, the Monitor did not mention in his audits any of the issues which caused Plaintiffs to have concerns regarding decree compliance.  Instead, the Monitor concluded that LSAC had complied with the Decree.  This erroneous conclusion increased the work DFEH had to perform.  As the parties agreed in the briefing on the contempt motion, the burden of proof rested upon the DFEH.

15. Following Plaintiffs' notice letter and pursuant to the Decree, the parties engaged in over five months of meet and confer sessions which included lengthy phone calls and the exchange of detailed position statements.  At the conclusion of the meet and confer process, multiple issues remained unresolved.  In particular, the parties were unable to agree on the core issues of how long the Decree should be extended and whether any extension of the Decree would also extend the Best Practices Final Report.  Unable to resolve these issues with the Decree expiration date approaching, DFEH filed the contempt motion.  The contempt motion was a complex motion requiring analysis of years of data and application of three court orders: the Decree, the Best Practices Panel's 30-page single-spaced Final Report, and the Court's 44-page order approving in part the Best Practices.  The motion was supported by a 54-paragraph declaration by Ms. Carrasco including 175 pages of exhibits.  The DFEH staffed this motion efficiently with only Ms. Carrasco, Ms. Trasovan, and myself working on this motion for Plaintiff.  We carefully divided the work between ourselves to avoid any unnecessary duplication and utilized law fellow Ms. Toyama when feasible.  After the motion was filed, the parties had continuing exchanges regarding potential resolution of the motion.  DFEH reviewed and responded to LSAC's opposition brief.  As LSAC's opposition brief relied on nationwide data, DFEH also needed to review and analyze the voluminous nationwide data sets.  DFEH filed a reply brief with declarations and prepared for and attended the hearing on the motion.

16. The amount of work required for the motion was acknowledged by LSAC.  In requesting additional time for the Opposition, even though LSAC did not bear the burden of proof, LSAC noted it would take "a significant amount of time to respond to a pleading of this nature," (Dkt. 259-1 at 1:23-24) and that the motion required understanding of "the long history of the case, the issues raised therein and the intricacies of the Consent Decree" (Dkt. 261 at 4:17-18).  LSAC acknowledged "the

1   importance and complexity of the underlying issues" raised in the contempt motion.  Email from

2   Burgoyne to Trasovan [Nov. 8, 2017, 9:27 a.m.].  Attached hereto as **Exhibit E** is a true and correct

3   copy of the November 8, 2017 email.

4        17. DFEH exercised considerable billing judgment prior to submitting this request.  First,

5   DFEH eliminated all time expended by five attorneys.  DFEH is not requesting compensation for the

6   legal research time spent by a junior attorney (former federal district court law clerk) who performed

7   the initial legal research on the contempt standard.  DFEH has not included the time spent by

8   Assistant Chief Counsel Paula Pearlman, an expert in disability rights law and litigation who assisted

9   in reviewing the briefs and in preparing staff counsel for the oral argument.  DFEH has not requested

10  compensation for the time of Assistant Chief Counsel Nelson Chan who assisted in preparation for

11  the oral argument.  DFEH exercised billing judgment and has excluded the time spent on the Motion

12  in Limine.  DFEH has not requested time for Senior Staff Counsel Sheila Thomas, an experienced

13  civil rights litigator, or for Civil Rights Fellow Jenna Kingkade.

14       18. Second, in addition to eliminating all hours by certain timekeepers, Ms. Carrasco and I

15  personally reviewed DFEH's time records with an eye toward eliminating some of the time for

16  meetings and in anticipation that LSAC's would object to some of the time as unnecessarily

17  duplicative.  In total, DFEH eliminated from this request **832.8 hours** for which contemporaneous

18  time records have been maintained for attorneys Mari Mayeda, Joni Carrasco, Irina Trasovan, and

19  Kaitlin Toyama.

20       19. DFEH maintains contemporaneous time records.  True and correct copies of our time

21  records for which we seek compensation for work on the contempt motion are attached as **Exhibit F**.

22       20. In this case, the DFEH moved for and obtained nationwide relief on our own.  The United

23  States took no position on the motion.  DFEH obtained the vast majority of the relief requested and

24  yielded an excellent and exceptional result.  The Court agreed with the DFEH's assessment that

25  LSAC's practices violated the consent decree.  The Court also agreed that the appropriate remedy

26  was to order the decree extended by two years and granted the DFEH's request for additional days to

27  review files at LSAC's headquarters.  While the Court did not order the removal of the monitor, the

28

Court agreed with the DFEH that the monitor did not adequately perform his job and made clear what exactly is expected of the monitor moving forward.

21. In summary, DFEH provides the following list of hours by time keeper:

| ATTORNEY | HOURLY RATE | HOURS ELIMINATED | HOURS REQUESTED | SUBTOTAL |
|---|---|---|---|---|
| Mari Mayeda | $850 | 139.9 | 355 | $301,750.00 |
| Joni Carrasco | $425 | 191.8 | 316 | $134,300.00 |
| Irina Trasovan | $425 | 276.8 | 116.2 | $49,385.00 |
| Kaitlin Toyama | $290 | 224.3 | 151.4 | $43,906.00 |
| | | | TOTAL | $529,341.00 |

22. DFEH is entitled to costs which total **$4,077.54**.  These represent travel costs for three attorneys to Newtown, Pennsylvania and travel costs for the February 23, 2018 contempt hearing. We expended, but are not seeking, Attorney Trasovan's travel costs for the February 23, 2018 contempt hearing.  We also expended, but are not seeking, reimbursement for expert fees paid to Professor Blanck.

TOTAL FEES ($529,341.00) PLUS COSTS ($4,077.54) REQUESTED = **$533,418.54**

23. The DFEH provided LSAC with a statement of DFEH's work on the motion to enforce the Consent Decree on May 7, 2018.  Attached hereto as **Exhibit G** is a true and correct copy of the May 7, 2018 email and letter to LSAC.  Upon additional review of our time records, we discovered a clerical error that resulted in miscalculating the total number of Attorney Carrasco's hours expended on work to enforce the Decree.  Additionally, we decided to further eliminate additional hours from our request.  We provided LSAC an email amending the hours eliminated and hours requested on July 5, 2017, which reflects the hours listed above in paragraph 17.  Attached hereto as **Exhibit H** is a true and correct copy of the July 5, 2018 email to LSAC.  As of the signing of this declaration in the morning of July 13, 2018, DFEH has not received a response from LSAC.

24. While the DFEH recognizes that one of the policy reasons behind fee awards is to ensure that attorneys are fairly compensated for enforcing civil rights, it is incorrect to assume that the DFEH does not face similar pressures and financial risks.  The DFEH has limited resources just like any private firm, and the Department should be fairly compensated for choosing to expend staff time

1   and funding on the contempt motion when these resources could instead have been used towards

2   other cases.  Indeed because the DFEH's state funding is limited and subject to the political oversight

3   and approval by the State Legislature, much of our litigation costs are self-funded by attorneys' fees

4   which we place in the Fair Employment and Housing Enforcement and Litigation Fund.

5          25. DFEH eliminated a significant amount of time to account for multiple attorneys working

6   on the case.  Eliminating the time spent by extra staff was an area of focus in our exercise of billing

7   judgment.  We eliminated over 830 hours from the fee request already by attorneys Mayeda,

8   Carrasco, Trasovan, and Toyama – nearly half of the hours that those attorneys had recorded for work

9   performed on the contempt motion.  This is in addition to excluding the time expended by five other

10  attorneys.

11         26. DFEH's current Director, Kevin Kish was appointed by Governor Edmund G. Brown, Jr.

12  in 2015.  DFEH's prior director, Phyllis Cheng was appointed by Governor Arnold Schwarzenegger

13  in 2008.  Governor Brown and our new Director Kevin Kish are entitled to pursue policies and make

14  discretionary decisions according to their own views, and are not bound by the informal statements of

15  their predecessors.

16         27. DFEH maintained contemporaneous time records for work on the fee petition.  True and

17  correct copies of our time records for this work through July 6, 2018, after the exercise of billing

18  judgment, are attached as **Exhibit I**.  DFEH eliminated 5 hours of my time, 9.5 hours of Ms.

19  Carrasco's time, and 12 hours of Ms. Toyama's time.  DFEH will submit supplemental time records

20  with its Reply memorandum.

21

22         I declare under penalty of perjury under the laws of the State of California that the foregoing

23  is true and correct. Executed this 13th day of July, 2018 in Berkeley, California.

24

25

26                                                         _____
                                                          Mari Mayeda
27

28

DECLARATION OF MARI MAYEDA ISO DFEH'S MOTION FOR ATTORNEYS' FEES AND COSTS
CV 12-1830-JCS

EXHIBIT  A

# MARI MAYEDA

California Department of Fair Employment and Housing
2218 Kausen Drive, Suite 100, Elk Grove, CA 93758
Direct: 916-478-7251 | Mobile:  916-296-2529 | E-Mail: Mari.Mayeda@dfeh.ca.gov

Ms. Mayeda specializes in systemic civil rights discrimination litigation.  She is co-lead counsel for the California Department of Fair Employment and Housing in the discrimination case against the Law School Admission Council regarding the provision of testing accommodations to test takers with disabilities.  She represented the Department in a racial discrimination in housing case against an Airbnb Host who would not rent to a Guest because "One word says it all.  Asian."  She was lead counsel for the California plaintiffs in the Denny's restaurant chain race discrimination case and in gender discrimination cases involving promotion of women at the Save Mart and Albertson's grocery chains.  With her former law partners, Ms. Mayeda represented plaintiffs in recovering over $200 million from the State Farm Insurance Companies for failing to hire female sales agents.  She served as co-counsel in disability access cases against the Burger King and Taco Bell restaurant chains.  She served as a member of the Ninth Circuit Task Force on Racial, Religious and Ethnic Fairness and has served by appointment of the U.S. District Court for the Northern District of California on a number of court committees.

## PROFESSIONAL EXPERIENCE

California Department of Fair Employment and Housing                    December 2012 – Present
Title: Associate Chief Counsel for Systemic Litigation

- Developed and lead the investigation, evaluation and litigation of the most complex cases, and attorneys' fee litigation at the country's largest state civil rights agency protecting the people of California from discrimination in employment, housing, public accommodations and from hate violence and human trafficking
- Acting Chief Counsel as needed and work with Assistant Chiefs, trial teams and law fellows to develop necessary skills and expertise to advance the legal work at DFEH
- Mentor attorneys and law fellows through investigations, mediations and litigation

Law Office of Mari Mayeda                                              1995 – 2012

- Litigated numerous complex civil rights class action cases
- Worked in coordination with private firm and non-profit co-counsel on complex litigation

The Impact Fund                                                      Various Times
Title: Director, Attorney's Fees Project.

- Attorney's fees clients included the Lawyers Committee for Civil Rights of the San Francisco Bay Area and Disability Rights Education and Defense Fund.

Saperstein, Seligman, Mayeda & Larkin                                 1984 - 1994
Title: Partner, formerly Associate

- Litigated complex class action discrimination, consumer protection and employment cases with attorneys who later founded The Impact Fund

Supreme Court of California                                           1983 – 1984
Title: Law Clerk to the Hon. Cruz Reynoso

**EDUCATION**

Harvard Law School, J.D. cum laude                                                     1980 – 1983

- Member Harvard Legal Aid Bureau  (served as Impact Advocacy Director from 1982-1983)
- President, Asian Law Students Association

University of California, Davis, A.B. with highest honors                              1976 – 1979

- Departmental Honors in History
- Graduated Phi Beta Kappa
- Teaching Assistant, Asian American Studies Division

Oakland High School, Oakland CA                                                           1976

**BAR QUALIFICATIONS**

- Admitted to practice in California and before the United States District Courts, Northern, Central and Eastern Districts of California, United States Court of Appeals, Ninth Circuit, and the United States Supreme Court

**PROFESSIONAL ASSOCIATIONS, BOARD SERVICE AND AWARDS**

- Board Chair and Board Member, The Impact Fund (1993 – 2012)
- Program Co-Chair, ABA National Institute "Pressures for Change: How to Successfully Handle Legal Issues Arising in a Diverse Workplace," American Bar Association Section on Labor and Employment Law (1994)
- Board of Directors and Executive Committee Member, Lawyers' Committee for Civil Rights of the San Francisco Bay Area (Mid-1990's)
- Board of Directors, Legal Aid Society of Alameda County (1985 – 1990)
- State Bar of California, Committee on Women in the Law (1987 – 1990)
- State Bar of California, Member, Attorney's Fees Task Force of the Legal Services Section (1989 – 1993)
- Board of Directors, Asian American Bar Association (1990 – 1993)
  - Past Chairperson, Public Appointments Committee
  - Past Chairperson, Education Committee
- Board of Directors, San Francisco Woman Lawyers Alliance (1990 – 1991)
- Member, Hotel and Restaurant Employees Union (1975 – 1980)
- Honoree, Women Making History, Senator Barbara Boxer (1997)
- Award recipient, A Quest for Justice, Japanese Cultural & Community Center of Northern California (2001)

**COURT COMMITTEES**

- Ninth Circuit Task Force on Racial, Religious and Ethnic Fairness (Chair of Subcommittee on Civil Litigation)
- Magistrate Merit Selection Panel, United States District Court, Northern District of California (Three Times)
- Advisory Committee on Professional Conduct, United States District Court, Northern District of California.

**PUBLICATIONS**

- Contributing Author: Schlei & Grossman's Employment Discrimination Law, Third Edition, Bureau of National Affairs (BNA Books)
- Contributing Author: Schlei & Grossman's Employment Discrimination Law, Third Edition, Bureau of National Affairs (BNA Books)
- Author, "Informal Resolution of Attorneys' Fees Disputes," San Francisco Barrister Law Journal
- Co-Author, "Attorney's Fees Litigation," Employee Rights Litigation: Pleading & Practice, Matthew Bender, 1991
- Co-Author, "Attorney's Fees," Wrongful Termination Employment Practice, California Continuing Education of the Bar, 1987

**PARTIAL LISTING OF REPRESENTATIVE CASES**

Department of Fair Employment and Housing v. Law School Admission Council, 941 F. Supp. 2d 1149 (N.D. Cal. 2013) and 2018 WL 1156605 (N.D. Cal. 2018) (contempt ruling).  Nationwide consent decree governing the provision of testing accommodations under the Americans with Disabilities Act to test takers with disabilities.  The federal court granted DFEH's motion to hold defendant Law School Admission Council in civil contempt and extended the nationwide consent decree by two years.

Department of Fair Employment and Housing v. M&N Financing, No. BC591206 (Los Angeles County Superior Court).  Systemic case against financing company which illegally charged female borrowers an extra financing charge based on their gender.  The Superior Court granted DFEH's request for $6.212 million in statutory damages.

Department of Fair Employment and Housing v. WinCo, No. 34-2014-171800 (Sacramento County Superior Court).  Statewide consent decree under which WinCo grocery stores agreed to change employee pregnancy and disability accommodation policies company-wide, as well as provide ongoing training, and engage an auditor to review its disability accommodation practices twice per year for the next four years.

Department of Fair Employment and Housing v. Airbnb, DFEH No. 574743-231889; 574743-231624 (Resolved in administrative stage).  Two year statewide agreement involving racial discrimination by Airbnb Hosts under which the DFEH will conduct fair housing testing of certain California Hosts.  Airbnb agreed to advise all users with complaints of racial discrimination of their right to file a complaint with the Department, and will report on Guest acceptances by race in the state of California.

Department of Fair Employment and Housing v. Airbnb Host (Barker), DFEH No. 873285-283196; 873451-283280 (Resolved in administrative stage).  Settlement with a former Airbnb Host who cancelled the reservation of an Airbnb Guest (then a law student at the University of California, Los Angeles), texting the Guest "I wouldn't rent to u if u were the last person on earth."  And "One word says it all. Asian."  The Airbnb Host issued a personal apology to the Guest and agreed to comply with the anti-discrimination laws, to attend training, to take a college level course in Asian American studies, to participate in a community education panel, to perform volunteer service and to report rental data to DFEH for a period of four years.  At the insistence of the Department, the Host agreed to pay monetary damages of $5,000.

Ridgeway, et al. v. Denny's, No. C-93-20202 JW (N.D. Cal.).  This statewide class action was brought on behalf of African American customers.  The case settled for over $34 million – making it the largest recovery at that time in a public accommodations case.  The case also settled for sweeping injunctive relief.  The injunctive portions of the case were litigated with the Civil Rights Division of the United States Department of Justice.  I was lead counsel for the plaintiff class during the liability phase.

Castaneda v. Burger King, No. C-08-04262 WHA (N.D. Cal.) and Vallabhapurapu v. Burger King, No. C-11-006667-WHA (N.D. Cal.).  These disability rights class actions against Burger King challenged accessibility barriers at certain California Burger King restaurants for people who use wheelchairs or scooters.  Both cases settled.  In the Castaneda case, the Court approved a settlement as to ten restaurants for which class certification had been granted.  The settlement provided for $5 million for the class, the largest per person and per facility recovery ever in a disability rights class action involving a public accommodation. I am co-counsel for the classes.

Moeller v. Taco Bell, No. C-025849 PJH (N.D. Cal.).  This disability rights class action challenged accessibility barriers at approximately 220 California Taco Bell restaurants.  After 10 years of litigation in the district court, we prevailed on partial summary judgment and at a trial.  I was co-counsel for the class.

Babbitt, et al. v. Albertson's, No. C-92-1883 SBA (N.D. Cal.)  This was a statewide "glass ceiling" class action challenging barriers to advancement for women at a major retail grocery chain.  The case was one of a group of cases brought by my former firm directed at ending the long tradition of sex-segregation promotion patterns throughout the grocery industry.  The case settled for $29 million and broad injunctive relief.  I was lead counsel for the class.

Herring, et al. v. SaveMart, No. C-90-3571 EFL (N.D. Cal.) Like the Babbitt v. Albertson's case, this was one of several employment discrimination class actions brought on behalf of women working in the retail grocery industry in Northern California.  As lead counsel, I negotiated a settlement that included $6.25 million in recovery and broad injunctive relief.

Davis, et al. v. City and County of San Francisco, No. C-84-1100 and 84-7089 MHP (N.D. Cal.) This was a race and gender employment discrimination case filed against the San Francisco Fire Department in which a Consent Decree was entered in 1988. During the consent decree monitoring phase, I was counsel for Chinese for Affirmative Action ("CAA"), which brought suit to represent the interests of Asian Americans in the Department. CAA was originally represented by the Asian Law Caucus. Due to resource limitations, the Caucus asked me to take over representation of CAA in approximately 1990.

Kraszewski v. State Farm Insurance Co., No. C-79-1261 TEH (N.D. Cal.). This was a statewide sex discrimination class action challenging State Farm's failure to hire and recruit female sales agents. I worked on the remedies phase of the case, in which over $200 million was recovered for women who were denied the lucrative sales agent position. My law partner was lead counsel for the class. I was lead trial counsel in four of the individual cases for female victims of discrimination and was also lead counsel for a number of other women whose cases settled prior to trial.

Tamura v. Oakland Unified School District, Alameda County Superior Court No. 639203-3. This was an individual employment discrimination case in which I successfully represented an Asian American woman who had been unfairly demoted from her position as a supervisor of a child development center. Although this was not a "big" case in the usual sense, the result had an enormous and positive impact on the life of the individual plaintiff – she got the job she deserved and some recompense. I list this case to represent dozens of individual cases that I have done for ordinary working people.

Lacayo v. Honig, No. 90-cv-00947 LKK (E.D. Cal.). This was a statewide civil rights case brought by the Disability Rights Education and Defense Fund, Inc. ("DREDF") which resulted in broad injunctive relief governing the treatment of school children with disabilities. I represented DREDF in the district court in their request for attorney's fees and costs under the civil rights statutes. I list this case to represent the cases in which I represented other civil rights attorneys in the fee portion of their cases. Other fees clients have included: Equal Rights Advocates, the Legal Aid Society of Alameda County, and the Lawyers' Committee for Civil Rights of the San Francisco by Area.

Soko Bukai v. YWCA, San Francisco Superior Court No. 269330. This was a successful breach of trust action filed by a coalition of Japanese American churches against the YWCA in which the YWCA claimed sole ownership of a building located at 1830 Sutter Street, San Francisco. Plaintiffs claimed that in the early 1900's, the YWCA promised to hold the property in trust for their ancestors, first generation Japanese American women, who were unable to own land under California's Alien Land Law. I represented the building's major tenant, a community based childcare center, Nihonmachi Little Friends, in their purchase of the property. I list this case as an example of the pro bono civil rights work that I have done.

EXHIBIT  B

# Joni E. Carrasco

California Department of Fair Employment and Housing
320 W. 4th Street, Suite 1000 ▪ Los Angeles, CA 90013
Phone: (213) 337-4461 ▪ E-Mail: Joni.Carrasco@dfeh.ca.gov

## *EDUCATION*
**University of California, Irvine School of Law – Irvine, CA**
J.D., May 2012
Admitted to California State Bar, December 2012
Activities:
- underRepresented Student Alliance at UCI Law (uRSA), Executive board and founding member
- UC Irvine Law Review Member – Lead Article Editor for Immigration Issue
- UC Irvine School of Law Alumni Association Governing Council – Alumni Council Member 2014-2017

**Ithaca College – Ithaca, NY**
B.A., Journalism, 2004, *magna cum laude*
Honors:
- Phi Kappa Phi National Honor Society
- Sigma Delta Pi National Spanish Honor Society
- Ithaca College Park Scholar – One of ten recipients of full four-year scholarship based on academic merit and community service
- Ithaca College Oracle Society – Honors students in the top 10 percent of the class

Activities:
- African Latino Society student organization – Executive Board Member

## *LEGAL EXPERIENCE*
**California Department of Fair Employment and Housing**                                    2013 – present
*Staff Counsel* – Los Angeles, California
Continue as part of litigation team in *Dept. of Fair Employment & Housing v. Law School Admission Council,* including as co-lead in remedies phase of the case. Additionally, represented the DFEH as lead counsel in over 20 mediations and litigation matters including DFEH v. City of Hanford, an employment discrimination case which settled for $237,500 plus injunctive relief, and DFEH v. 255 Ave. 55, LLC, et al., a reasonable accommodation housing discrimination case which resolved for $75,000 plus injunctive relief. Represented the DFEH in numerous pre-litigation settlements involving disability discrimination and reasonable accommodation claims in both employment and housing contexts. Other matters include claims regarding pregnancy, national origin, and sex discrimination and harassment. Conduct review of investigations and provide counsel to DFEH investigators. Serve as co-supervisor of DFEH Summer Honors Program, providing training, supervision, mentorship and programming for summer law clerks.

**California Department of Fair Employment and Housing**                                    2012 – 2013
*Graduate Legal Assistant – Civil Rights Fellow* – Irvine, California
Part of the litigation team for the case *Dept. of Fair Employment & Housing v. Law School Admission Council,* a suit filed under the Unruh Civil Rights Act to protect the rights of people with disabilities taking the Law School Admission Test. Work includes assisting in developing litigation strategy, document review, and researching and writing memoranda on various aspects

of this complex litigation. Other duties: investigated employment discrimination complaints filed under the Fair Employment and Housing Act, including interviewing complainants, respondents and witnesses. Represented the Department and assisted complainants in dispute resolution with employers and successfully negotiated settlement agreements. Conducted review of investigations with Department investigators to determine appropriate course of action. Developed assignments and oversaw pro bono law students. Provided training/technical assistance to the DFEH-UC Irvine School of Law Clinic.

**Professor Mario Barnes, UCI School of Law**                                      Fall 2011
*Research Assistant* - Irvine, California
Conducted scholarly research and case law research on marital status employment discrimination against unmarried individuals and the differing expectations of married and unmarried individuals in the workplace.

**LatinoJustice PRLDEF**                                                            Summer 2011
*Legal Intern* – New York, New York
*Recipient of UCI Public Interest Law Fund Grant and Equal Justice Works Summer Corp Education Award*
Conducted legal research and writing on issues including housing discrimination, language access, Arizona "copycat" laws, police patrol/surveillance operations and other issues affecting Latino and immigrant populations. Researched and drafted documents in settlement of housing discrimination case. Participated in client meetings and conducted interviews regarding improper arrests, sexual harassment, and general employment issues.

**Legal Aid Society of Orange County**                               Fall 2010 – Spring 2011
*Pro Bono Volunteer* – Santa Ana, California
Worked on various legal research and writing projects, including research in the areas of community property, marriage dissolution, domestic violence, and adoption. Drafted letters to clients and opposing counsel. Met with clients to discuss their needs, gather information and answer questions. Successfully negotiated an agreement to a stipulated judgment regarding a client debt.

**Northwest Justice Project**                                                     Summer 2010
*Legal Intern* – Yakima, Washington
*Recipient of Laurel Rubin Farm Worker Justice Fellowship*
Worked in the Farm Worker Unit at this legal service organization. Conducted legal research and writing, focusing primarily on H-2A and FLSA regulations. Interviewed clients in Spanish. Conducted outreach to both H-2A workers and migrant farm workers throughout the region to discuss any potential issues on the job, including minimum wage, AWPA and H-2A violations. Conducted trainings and presentations, including a training for state service providers on Domestic Violence Leave.

**Kids In Need of Defense (KIND)**                                                Spring 2010
*Pro Bono Volunteer* – Los Angeles, California
Worked with pro bono attorneys for non-profit organization that provides legal representation to unaccompanied children arriving in the U.S. Worked on an individual asylum matter, including research and interpreting for and participating in meetings between child client and attorneys. Served as main point of contact for the client.

EXHIBIT   C

**I R I N A   T R A S O V A N**
California Department of Fair Employment and Housing
320 West Fourth Street, Suite 1000 Los Angeles, CA 90013
Telephone: (213) 337-4487 | Email: Irina.Trasovan@dfeh.ca.gov

**EDUCATION**
**University of California, Irvine School of Law**
Juris Doctor May 2012

Awards/Honors: Pro Bono Award (2011, 2012)
                        Pro Bono Graduation High Honors

Activities:        UC Irvine School of Law Alumni Association, Governing Council, 2014- Present
                        underRepresented Student Alliance (uRSA), Co-founder, Executive Board Member
                        National Lawyers Guild at UCI Law, Founding Member
                        UC Irvine Law Review, Lead Article Editor, 2011
                        UCI Law Admissions Committee, Student Representative, 2011-2012

**University of California, Berkeley**
Bachelor of Arts in Ethnic Studies, 2009
Bachelor of Arts in Economics, 2009

**LEGAL EXPERIENCE**
**Department of Fair Employment and Housing,** Los Angeles, CA                September 2013 to Present
*Staff Counsel, Legal Division.* Represented the Department in over 20 mediations and litigation matters
obtaining damages and injunctive relief for individuals who have experienced discrimination. Served as
co-lead counsel in an investigation and settlement involving racial discrimination in housing on the
Airbnb platform. Assisted with litigation and consent decree enforcement in *Dept. of Fair Employment
and Housing v. Law School Admission Council,* including taking responsibility for many expert witness
issues. Successfully litigated sex and race harassment in housing case obtaining money damages,
attorneys' fees, and injunctive relief in *Dept. of Fair Employment and Housing v. Grimberg.* Serving as
co-supervisor of the Department's Summer Honors Program. Responsible for interviewing and hiring
summer law clerks, coordinating with attorneys and law clerks to facilitate summer assignments, and
providing feedback and mentorship to law clerks.

**Department of Fair Employment and Housing,** Los Angeles, CA                September 2012 to September 2013
*Civil Rights Graduate Fellow, Legal Division.* Investigated employment discrimination complaints under the
Fair Employment and Housing Act on the basis of race, national origin, age, and disability. Assisted with
litigation against the Law School Admissions Council, including researching and writing memoranda on the
rights of test takers with disabilities under the Unruh Civil Rights Act and the Americans with Disabilities Act.
Developed research assignments for and provided feedback to students in the DFEH-UC Irvine School of Law
Mediation Clinic. Also provided advice and feedback to students in preparation for client interviews and
representing clients in mediations.

**UCI Law Immigrant Rights Clinic**                                                        January 2012 to May 2012
*Certified Law Student.* Worked with a legal team to represent hotel workers in hearings before the
Division of Labor Standards Enforcement over the denial of meal and rest breaks required under
California law. Researched and co-wrote a report on language access in a California state agency
examining an agency's obligation to translate materials into languages other than English. Also
researched and wrote memoranda on the impact of truancy ticket practices in high schools.

**US Bankruptcy Court for the Central District of California**                August 2011 to December 2011
*Extern to the Honorable Scott C. Clarkson.* Wrote a literature review on the 2006 e-discovery
amendments to the Federal Rules of Civil Procedure and drafted an order on denial of discharge in
Chapter 7 bankruptcy case. Also assisted with case preparation and other chamber needs.

**IRINA TRASOVAN**
California Department of Fair Employment and Housing
320 West Fourth Street, Suite 1000 Los Angeles, CA 90013
Telephone: (213) 337-4487 | Email: Irina.Trasovan@dfeh.ca.gov

**Hadsell, Stormer, Keeny, Richardson & Renick,** Pasadena, CA                    Summer 2011
*Law Clerk.* Researched and wrote memoranda on topics including the First Amendment protection against retaliation for public employees, and protection against preemptive retaliation for private employees. Also assisted with writing a brief in opposition to certiorari on preemption of state-law labor claims by the Fair Labor Standards Act in class actions. Wrote motions in limine based on the California Evidence Code.

**Public Counsel Law Center, Impact Litigation Unit,** Los Angeles, CA          August 2010 and 2011
*Legal Intern.* Researched and wrote memoranda on topics including the right to an interpreter in applying for SSI benefits and procedures for the use of expert witnesses. Helped compile data on academic performance of California schools.

**University of California, Irvine School of Law**                      Summer 2010 to August 2011
*Research Assistant to Professor Trina Jones.* Researched and reported on current case law surrounding colorism and intersectionality claims. Drafted short analysis regarding intra-group discrimination based on colorism and identity-performance. Wrote memorandum on the historical impact of motherhood and marriage on employment. Assisted with the development of the Center on Law, Equality, and Race (CLEaR).

**Legal Aid Society of Orange County**, Santa Ana, CA                    August 2010 to May 2011
*Pro Bono Volunteer*. Assisted attorney with legal research and writing in areas of housing, domestic violence, bankruptcy, tax liability, naturalization, and eligibility for public benefits. Wrote client letters and assisted with intake interviews.

**American Civil Liberties Union of Southern California**, Orange, CA               Summer 2010
*Legal Intern.* Researched and wrote memoranda on risk of error analysis and acceptable rate of error for a procedural due process claim. Wrote memoranda on availability of attorney-client or work product privilege to public officials.

**EXPERIENCE**
**underRepresented Student Alliance (uRSA)**, Irvine, CA               February 2010 to May 2012
*Co-founder and uRSA Pipeline Executive*. Co-developed a student organization aimed at community outreach and education through four projects: Works, a community partnership and service program; Pipeline, a mentorship and scholarship program; Voice, a student run newspaper; and Focus, a reading group and speaker series. Helped start an undergraduate chapter of uRSA to facilitate direct contact with mentees. Worked on expanding Pipeline to include high school students, undergraduates, law students and attorneys in the hope of creating an effective pipeline for underrepresented youth into the legal profession.

**BAR ADMISSION**
Admitted to practice in the State of California                                June 2013
Admitted to practice in the United States District Court, Northern District of California

EXHIBIT D

# KAITLIN TOYAMA

kaitlintoyama@gmail.com  •  (916) 769-6521  •  2746 Marty Way  •  Sacramento, CA 95818

---

## EDUCATION

**University of California, Hastings College of the Law**, San Francisco, CA
J.D., *cum laude*, May 2017
Activities: President, Asian Pacific American Law Students Association
     Board Member, Moot Court Board
     Teaching Assistant, Legal Writing and Research
Honors:  Witkin Award for Academic Excellence, Negotiations
     Second Place Best Brief, 2016 David E. Snodgrass Moot Court Competition
     National Semi-Finalist, 2016 Pace National Environmental Moot Court Competition

**Occidental College**, Los Angeles, CA
B.A. in Urban & Environmental Policy, 2012

## BAR ADMISSION

Admitted to the California Bar (2017)

## LEGAL EXPERIENCE

**Department of Fair Employment and Housing**, Sacramento, CA
*Civil Rights Fellow*, September 2017 - Present
- Participated in all aspects of civil rights enforcement, including writing mediation briefs, representing the Department of Fair Employment and Housing in mediations, drafting civil complaints, issuing and answering discovery requests, motion practice, trial preparation, and drafting settlement agreements.
- Wrote the memorandum of points and authorities and other required components of motions to compel and motions to strike, as well as oppositions to motions for summary adjudication, demurrers, and a motion to bifurcate.

**Hastings Appellate Project**, San Francisco, CA
*Student Council*, July 2016 - February 2017
- Represented a Mexican national in the Ninth Circuit Court of Appeals arguing that his petition was timely and the basis for his deportation was improper.
- Won appeal when upon filing the opening brief, the Department of Homeland Security subsequently cancelled the client's final administrative removal order.

**Hon. Edward M. Chen, U.S. District Court, Northern District of California**, San Francisco, CA
*Judicial Extern*, August - December 2016
- Drafted bench memoranda regarding motions to dismiss, motions for sanctions, and motions to withdraw as counsel. Bench memoranda summarized the legal issues, relevant factual and procedural history, and arguments of the motion, identified questions for the Judge to ask at hearings, and provided recommendations based on independent research of case law.
- Presented assigned motions and recommendations to the Judge in preparation for hearings.
- Drafted orders for assigned motions in accordance with the Judge's ruling.

KAITLIN  TOYAMA

**Natural Resources Defense Council, Inc.**, San Francisco, CA
*Litigation Intern*, May - August 2016
- Drafted memoranda exploring potential citizen suits under the Resource Conservation and Recovery Act and the impact of Proposition 26 on creating fees for personal care products.
- Research the statutory history of federal wastewater treatment facility regulations.

**UC Hastings Community Justice Clinic - Individual Representation**, San Francisco, CA
*Certified Student Counsel*, August 2015 - May 2016
- Represented a low-income, undocumented client in a Labor Commissioner appeal before San Francisco Superior Court and negotiated a settlement in excess of $150,000.
- Represented a low-income, non-English-speaking client in an unemployment insurance appeal hearing before an Administrative Law Judge and won a favorable decision that awarded the client unemployment insurance benefits.

**California Rural Legal Assistance, Inc.**, Modesto, CA
*Community Equity Initiative Legal Intern*, May - August 2015
- Wrote to local officials and public agencies regarding the legal implications of charging low-income residents fees to appeal the Board of Supervisors' decisions, granting a permit to a recycling plant that posed health risks to the surrounding community, and the need to create a language access policy that would enable limited-English speaking residents to participate in public forums.
- Interviewed and drafted an answer for a low-income client's 3/30-day notice to pay or quit.
- Conducted discovery by interviewing clients and reviewing evidence for a complex, multiple party lawsuit involving retaliatory evictions, habitability issues, and wage and hour claims.

## ADDITIONAL EXPERIENCE

**The Community Water Center**, Sacramento, CA
*Program Associate*, 2012 - 2014
- Researched and assessed the scope of contaminated drinking water in California public schools and evaluated methods of calculating water rates and overall capacity of small water systems in Kern County, Tulare County, and the Tulare Lake Basin region in California.
- Testified before the Central Valley Regional Water Board regarding funding for water infrastructure in disadvantaged communities.
- Drafted fact sheets, talking points, letters to State policymakers, and web content.
- Developed and maintained external communications including the website and social media.

## COMMUNITY INVOLVEMENT

- C.K. McClatchy High School Law and Public Policy Academy Mentor, 2017-present
- Florin Japanese American Citizens League Board Member, 2012-present
- Asian American Bar Association/API Legal Outreach Pro Bono Clinic Volunteer, 2014-2017

EXHIBIT E

| | |
|---|---|
| **From:** | Burgoyne, Robert |
| **To:** | Trasovan, Irina@DFEH |
| **Cc:** | Mayeda, Mari@DFEH; Carrasco, Joni@DFEH; Mew, Caroline M. |
| **Subject:** | DFEH Contempt Motion and Motion in Limine: Proposed Briefing and Hearing Schedule |
| **Date:** | Wednesday, November 08, 2017 9:28:00 AM |

Hello Irina,

Having now had a chance to review your papers, we propose the following as a revised briefing and argument schedule:

January 19:      Due date for LSAC to respond to DFEH's pending motion to hold LSAC in contempt and its pending motion in limine regarding the ADA Monitor

February 9:      Due date for DFEH to file its reply briefs

February 26:    Hearing on DFEH's motions

We believe this is a reasonable schedule in light of the nature of the allegations reflected in your papers and the importance and complexity of the underlying issues.  In addition, as you know, LSAC has a relatively new President, and it has been operating for several weeks without a General Counsel.  A new General Counsel has been hired  but she will  not arrive in LSAC's offices until November 20, shortly before an upcoming meeting of LSAC's Board.

We will also need the assistance of LSAC accommodation staff in responding to the DFEH allegations.  Those employees have significant, on-going responsibilities relating to processing new accommodation requests.  We would like to have a realistic schedule in place that does not unreasonably divert them from those responsibilities.

We have also noted LSAC's interest in continuing to have discussions with DFEH that might result in an amicable resolution of the current dispute.  DFEH's indicated that such discussions could continue after it initiated its enforcement proceedings, and the proposed schedule would allow for such discussions.

Finally, there are also several holidays coming up, in November, December and early January.

Please let me know as soon as you can whether this schedule is acceptable on your end.

Thanks.

Bob

**CONFIDENTIALITY NOTICE:** This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

EXHIBIT F

## Mari Mayeda - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 4/5/2017 | 2.2 | LSAC | Review and edit list of criteria and categories of information to obtain from document review at LSAC HQ |
| 4/5/2017 | 0.5 | LSAC | Team phone call re spreadsheets for compliance review |
| 4/5/2017 | 0.3 | LSAC | Email from JVT re compliance review, email to team re same |
| 4/6/2017 | 0.5 | LSAC | Emails to from DOJ, LSAC re compliance review visit; email to Carrasco, Trasovan re same |
| 4/6/2017 | 1.3 | LSAC | analyze, review protocol for Plaintiffs analysis of LSAT candidate "no decision" category |
| 4/6/2017 | 0.3 | LSAC | Review draft columns in spreadsheet for use during Decree compliance review next week |
| 4/6/2017 | 0.5 | LSAC | Phone call Trasovan re compliance visit |
| 4/9/2017 | 10 | LSAC | Travel to LSAC HQ, review DOJ protocol materials and drafts of Excel templates en route |
| 4/10/2017 | 7.9 | LSAC | Decree compliance review at LSAC headquarters |
| 4/11/2017 | 7.5 | LSAC | Compliance review at LSAC HQ |
| 4/12/2017 | 8 | LSAC | Compliance review at LSAC HQ |
| 4/13/2017 | 0.5 | LSAC | Emails to from DOJ re compliance review |
| 4/13/2017 | 1.8 | LSAC | Draft, revise memo re compliance review |
| 4/16/2017 | 10 | LSAC | Travel PHL to OAK |
| 4/17/2017 | 0.3 | LSAC | Research and begin draft of communication to LSAC re Decree Compliance |
| 4/17/2017 | 0.6 | LSAC | Review notes from compliance review to recommend potential files for copying |
| 4/17/2017 | 0.5 | LSAC | Begin draft of issues to raise with LSAC, potentially with Court re compliance review |
| 4/18/2017 | 3.7 | LSAC | Team call re next steps and coordination with DOJ re compliance review |
| 4/20/2017 | 1.8 | LSAC | Begin draft of Recordkeeping section for email to LSAC or brief to court |
| 4/24/2017 | 1.5 | LSAC | Edit draft issue statement for exchange with DOJ re enforcementof decree |
| 4/25/2017 | 1.9 | LSAC | Edit, draft statement of issues for exchange with DOJ re enforcement of decree |
| 4/26/2017 | 0.8 | LSAC | Edit draft of statement of issues to send to DOJ. |
| 4/26/2017 | 1.2 | LSAC | Draft email to DOJ summarizing legal research and statement of issues |
| 5/12/2017 | 0.4 | LSAC | Phone call team re notice to LSAC of violation of decree, removal of monitor and potential motion to enforce decree |
| 5/30/2017 | 0.3 | LSAC | Phone call with Carrasco, Trasovan re testing accommodations June 2017 LSAT |
| 6/8/2017 | 0.3 | LSAC | Phone call Trasovan re contempt motion, coordination with DOJ |
| 6/9/2017 | 0.4 | LSAC | Draft, edit proposed email to LSAC |
| 6/9/2017 | 0.2 | LSAC | emails to from DOJ, US Attorneys Office re response to LSAC email |
| 6/14/2017 | 0.3 | LSAC | Prepare for and phone call with DOJ re Motion to Enforce Decree, meet and confer |
| 6/16/2017 | 2.3 | LSAC | Review, analyze response letter from LSAC and check notes from LSAC file review |
| 6/16/2017 | 1.4 | LSAC | Draft memo re responses to LSAC letter |
| 6/22/2017 | 0.3 | LSAC | Phone call Trasovan, Carrasco re motion to enforce decree |
| 6/28/2017 | 0.3 | LSAC | Phone call Carrasco re DOJ call |
| 6/28/2017 | 0.2 | LSAC | Phone call Carrasco re motion to enforce decree |
| 6/28/2017 | 0.4 | LSAC | draft proposed email to LSAC re Protective order and Monitor's report |

## Mari Mayeda - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 6/29/2017 | 0.3 | LSAC | Review DFEH annotations to meet and confer document |
| 6/29/2017 | 1.6 | LSAC | Review copies of candidate files to prepare for meet and confer |
| 6/29/2017 | 1.7 | LSAC | Review Best Practices Panel report to prepare for meet and confer |
| 6/29/2017 | 0.3 | LSAC | Phone call Carrasco, Trasovan re Category 1 denials and experimental section |
| 6/30/2017 | 2 | LSAC | Meet and confer, DOJ and LSAC re Motion to Enforce Decree |
| 6/30/2017 | 0.3 | LSAC | Further phone call with DOJ re meet and confer and Motion to Enforce Decree |
| 7/13/2017 | 1 | LSAC | Review letter from LSAC re meet and confer re Motion to Enforce Decree and replace Monitor |
| 7/13/2017 | 0.6 | LSAC | research to respond to LSAC meet and confer letter |
| 7/13/2017 | 0.3 | LSAC | Draft DFEH insert for meet and confer letter to LSAC per LSAC request of a preview in advance of July 25 meet and confer |
| 7/14/2017 | 1.2 | LSAC | Review files to assess and respond to arguments made in LSAC meet and confer letter |
| 7/14/2017 | 0.3 | LSAC | Review and approve edits to draft email to LSAC responding to their letter, per request of LSAC |
| 8/2/2017 | 0.4 | LSAC | Team meeting re meet and confer and motion to enforce decree |
| 8/7/2017 | 0.3 | LSAC | Review LSAC response to plaintiffs email re meet and confer and violations of Decree |
| 8/7/2017 | 0.8 | LSAC | Phone call with team, DOJ re email from LSAC |
| 8/8/2017 | 0.3 | LSAC | Phone call team to prepare for meet and confer |
| 8/8/2017 | 1.1 | LSAC | Meet and confer, DOJ and LSAC |
| 8/8/2017 | 0.3 | LSAC | Debrief with DOJ |
| 8/8/2017 | 0.3 | LSAC | Strategy and counter proposal discussion with Trasovan and Carrasco for California claims |
| 8/9/2017 | 0.5 | LSAC | Phone call Carrasco, Trasovan re research needed for meet and confer, potential motion and strategy re same |
| 8/10/2017 | 3.7 | LSAC | Review Decree, research re potential motion to enforce Decree in order to prepare for final position re meet and confer and to plan potential next steps |
| 8/10/2017 | 2.4 | LSAC | Emails, analysis to from Chief counsel re strategy, research re potential decree enforcement motion |
| 8/11/2017 | 0.8 | LSAC | Research re potential avenues for enforcement of Decree |
| 8/11/2017 | 3.9 | LSAC | Begin outline of memo legal analysis of issues raised in meet and confer and potential enforcement options |
| 8/14/2017 | 2.5 | LSAC | Research re Decree compliance |
| 8/14/2017 | 2.7 | LSAC | Factual research, correspondence, review Decree re Decree compliance motion |
| 8/16/2017 | 0.8 | LSAC | Meeting with Carrasco, Trasovan re outline for potential motion to enforce decree |
| 8/17/2017 | 2.8 | LSAC | Analyze and review outline, common interest agreement to strategize next steps in meet and confer and potential motion |
| 8/17/2017 | 0.4 | LSAC | Phone call Trasovan Carrasco re potential motion and DFEH positions re meet and confer |
| 8/17/2017 | 0.5 | LSAC | Review LSAC written position statement re meet and confer re Decree violations |
| 8/21/2017 | 0.2 | LSAC | Analyze issues and email Carrasco, Trasovan re LSAC meet and confer email |
| 8/21/2017 | 3.7 | LSAC | Draft, edit memo re Decree Violations, Best Practices Report to analyze issues for final meet and confer sessions |

# Mari Mayeda - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 8/22/2017 | 0.1 | LSAC | Email from LSAC re meet and confer; email to team re same |
| 8/23/2017 | 0.3 | LSAC | phone call DFEH team re strategy re DOJ coordination, timing of potential motion, tasks |
| 8/30/2017 | 1.2 | LSAC | Research re state enforcement of federal agreements |
| 8/30/2017 | 0.2 | LSAC | Phone call IT, JC re 50% email and candidate files |
| 9/6/2017 | 1 | LSAC | Meeting with Trasovan and Toyama re meet and confer and potential motion to enforce decree and supporting briefing |
| 9/11/2017 | 0.5 | LSAC | Phone call Toyama, Trasovan re research for potential motion to enforce decree |
| 9/13/2017 | 0.8 | LSAC | Phone call with Trasovan re meet and confer and potential motion |
| 9/14/2017 | 4.9 | LSAC | Begin research for Potential motion -- review cases pulled by junior attorneys |
| 9/14/2017 | 1.4 | LSAC | Draft and revise outline for potential motion |
| 9/15/2017 | 3.7 | LSAC | Analysis of issues, framing of motion |
| 9/18/2017 | 0.2 | LSAC | Review email from LSAC, email proposed response to team, email proposed response to DOJ |
| 9/19/2017 | 3.2 | LSAC | Research and review of cases pulled by junior attorneys to decide procedural issues for Motion |
| 9/19/2017 | 0.3 | LSAC | Detailed email to team re papers filed with potential motion, including declarations |
| 9/20/2017 | 0.4 | LSAC | team call re contempt motion, supporting declarations |
| 9/20/2017 | 0.4 | LSAC | Phone call Trasovan re meet and confer and potential motion |
| 9/22/2017 | 1.9 | LSAC | begin draft of staff counsel declaration for potential motions |
| 9/26/2017 | 1.2 | LSAC | Team call re tasks, strategy motion in limine, motion for contempt, meet and confer, declarations |
| 9/27/2017 | 1.5 | LSAC | Review analyze legal research for contempt performed by GLA Toyama |
| 9/27/2017 | 0.3 | LSAC | Phone call Carrasco, Trasovan re potential motion for contempt, declarations |
| 9/27/2017 | 6.2 | LSAC | Draft, edit statement of facts for potential motion |
| 9/28/2017 | 3.1 | LSAC | Continue drafting statement of facts for potential motion |
| 9/28/2017 | 0.6 | LSAC | Call Trasovan, Carrasco re potential motion, candidate files |
| 9/28/2017 | 0.2 | LSAC | Call Trasovan, Carrasco re meet and confer, DOJ |
| 9/28/2017 | 0.6 | LSAC | Call trasovan, Carrasco, Toyama re motion and nationwide enforcement and meet and confer |
| 9/29/2017 | 6.3 | LSAC | Review research from law fellows and draft, edit motion for contempt |
| 9/29/2017 | 0.7 | LSAC | phone call Carrasco, Trasovan re motion to enforce Decree and meet and confer |
| 9/30/2017 | 0.5 | LSAC | Phone call Trasovan Carrasco re candidate files, denial rates |
| 9/30/2017 | 0.6 | LSAC | Review spreadsheet re candidate file notes, review candidate files from LSAC |
| 10/2/2017 | 1.3 | LSAC | Review summaries of candidate files to draft brief |
| 10/2/2017 | 2.3 | LSAC | Draft fact portion of brief |
| 10/4/2017 | 0.3 | LSAC | Phone call Kinncaide, Ichinaga re Harris case and potential declaration and/or evidentiary issues |
| 10/4/2017 | 1.8 | LSAC | Begin draft memo. Notes for potential reply to likely arguments to be made by LSAC |
| 10/4/2017 | 0.3 | LSAC | Email from GLA Kincaide re Harris matter and review draft attachment |

# Mari Mayeda - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 10/4/2017 | 6.2 | LSAC | Review Court orders, draft fact section of contempt motion |
| 10/5/2017 | 4.3 | LSAC | Review compliance data to draft fact section of contempt motion |
| 10/6/2017 | 8.3 | LSAC | Revise fact section, select quotes from orders to frame arguments |
| 10/9/2017 | 4.5 | LSAC | Continue review of cases pulled by junior lawyers to draft legal argument section of contempt motion |
| 10/9/2017 | 0.2 | LSAC | Phone call Toyama re declarations for potential motion |
| 10/11/2017 | 0.3 | LSAC | Phone call Trasovan, Carrasco re enforcement of decree, coordination with DOJ |
| 10/12/2017 | 0.4 | LSAC | Team call re tasks, strategy for meet and confer and potential brief |
| 10/12/2017 | 1 | LSAC | phone call carrasco trasovan re meet and confer positions and preparation |
| 10/12/2017 | 1.2 | LSAC | review emails, decree, best practices to prepare for meet and conrer |
| 10/13/2017 | 1.8 | LSAC | meet and confer with LSAC, including separate internal conference with DFEH team |
| 10/13/2017 | 1.8 | LSAC | Draft, edit final position statement to LSAC |
| 10/15/2017 | 1 | LSAC | Begin revisions to brief to account for LSAC representations in final meet and confer |
| 10/16/2017 | 1.9 | LSAC | Research to respond to arguments made during final meet and confer |
| 10/16/2017 | 0.3 | LSAC | Email team with tasks re contempt motion |
| 10/17/2017 | 3 | LSAC | Draft and edit contempt brief |
| 10/18/2017 | 1.4 | LSAC | Edit, revise draft Motion for Contempt |
| 10/18/2017 | 0.4 | LSAC | Revise, edit final position statement to LSAC |
| 10/19/2017 | 3.2 | LSAC | Research, analysis re compliance with decree -- cases to match facts presented in motion |
| 10/19/2017 | 0.3 | LSAC | Phone call Trasovan, Carrasco re access to records |
| 10/19/2017 | 0.3 | LSAC | Edit brief per Chief counsel comments |
| 10/19/2017 | 0.2 | LSAC | Edit, finalize notice letter to DOJ and LSAC |
| 10/19/2017 | 0.2 | LSAC | Edit, finalize Harris declaraiont |
| 10/20/2017 | 6.2 | LSAC | Edit, revise contempt motion add material from declarations and reduce brief to comply with 25 page limit |
| 10/22/2017 | 2.9 | LSAC | analyze, review notes from file review in Newtown |
| 10/22/2017 | 1.4 | LSAC | Edit brief per Chief counsel comments |
| 10/24/2017 | 1 | LSAC | Review LSAC's position statements to anticipate arguments |
| 10/24/2017 | 7.9 | LSAC | draft revise brief and select quotes from declarations |
| 10/25/2017 | 0.3 | LSAC | email to team with draft proposed response |
| 10/26/2017 | 8.5 | LSAC | Add recently finalized declarations to brief, edit brief, cut text to reach page limie |
| 10/26/2017 | 0.3 | LSAC | review emails from LSAC re informal resolution, background information re President of LSAC |
| 10/26/2017 | 0.3 | LSAC | phone call with LSAC counsel re informal resolution |
| 10/26/2017 | 0.5 | LSAC | phone call Chief counsel re options, strategy re motion, informal resolution, response |
| 10/26/2017 | 0.4 | LSAC | draft proposed response to LSAC per discussion with Chief Counsel |
| 10/26/2017 | 0.5 | LSAC | Draft memo to team re tasks, anticipated arguments to prepare for reply submission |
| 10/31/2017 | 5.2 | LSAC | Outline, begin analysis and organization of issues for Reply brief |

# Mari Mayeda - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 11/1/2017 | 0.2 | LSAC | emails to from DOJ re reply brief |
| 11/1/2017 | 0.7 | LSAC | Team K. Toyama call re tasks re decree violations, research for reply brief |
| 11/1/2017 | 0.5 | LSAC | research emails for potential argument re contempt |
| 11/1/2017 | 0.3 | LSAC | Phone call Trasovan re contempt motion |
| 11/3/2017 | 0.5 | LSAC | Meet with Toyama to review tasks for reply brief |
| 11/4/2017 | 1.7 | LSAC | legal research in anticipation of arguments LSAC has made re Decree compliance to prepare for prompt filing of reply brief |
| 11/4/2017 | 2.9 | LSAC | begin draft of responses to likely arguments to be made by LSAC in light of 7 day turn around for reply brief |
| 11/5/2017 | 4.9 | LSAC | Draft, edit potential arguments anticipated for Reply brief |
| 11/7/2017 | 0.7 | LSAC | Phone call with DOJ re compliance issues, recent report re Sept 2017 LSAT decree violations |
| 11/7/2017 | 7.3 | LSAC | Draft arguments to potential reply brief |
| 11/9/2017 | 0.2 | LSAC | Emails to from team and to from Bourgoyne |
| 11/10/2017 | 0.6 | LSAC | Phone call Trasovan, Carrasco re tasks re briefing schedule request amici and contempt motion |
| 11/14/2017 | 0.2 | LSAC | Phone call Trasovan re contempt motion |
| 11/17/2017 | 0.4 | LSAC | Team meeting re tasks for contempt motion |
| 12/27/2017 | 0.5 | LSAC | Team call re strategy re contempt motion, motion in limine, potential reply arguments and communication from Perkind Coie |
| 12/28/2017 | 0.5 | LSAC | Phone call JoAnne Simon re potential arguments by LSAC |
| 1/3/2018 | 0.7 | LSAC | team phone call re letter from McBride and response and contempt motion |
| 1/4/2018 | 0.6 | LSAC | team call re letter from Perkins Coie |
| 1/5/2018 | 0.5 | LSAC | Review, analyze arguments made by LSAC in correspondence to anticipate opposition brief arguments |
| 1/5/2018 | 1.2 | LSAC | Draft, revise outline for reply brief, including assignments and further research based on anticipated arguments to be made by LSAC re contempt motion |
| 1/9/2018 | 0.2 | LSAC | review correspondence from Norton Rose re settlement |
| 1/9/2018 | 0.3 | LSAC | outline response to Norton Rose re settlement |
| 1/9/2018 | 0.5 | LSAC | team call re settlement strategy and response to Norton Rose |
| 1/10/2018 | 0.7 | LSAC | Review defendant's communications for arguments re contempt motion |
| 1/11/2018 | 0.2 | LSAC | phone call Carrasco, Trasovan re response to settlement email from LSAC |
| 1/11/2018 | 0.3 | LSAC | Phone call Carrasco, Trasovan re revisions to response to settlement email from LSAC |
| 1/15/2018 | 2.4 | LSAC | review LSAC contempt brief |
| 1/16/2018 | 1 | LSAC | team call re strategy, tasks for reply brief |
| 1/16/2018 | 0.9 | LSAC | phone call Carrasco and Trasovan re response to LSAC brief |
| 1/16/2018 | 1.6 | LSAC | review LSAC Opposition brief contempt motion |
| 1/17/2018 | 1.6 | LSAC | Quick review Dempsey Declaration |

## Mari Mayeda - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 1/17/2018 | 0.8 | LSAC | Quick review Mew Declaration |
| 1/17/2018 | 0.2 | LSAC | Team call re reply brief tasks |
| 1/18/2017 | 6.2 | LSAC | Draft, edit Reply brief |
| 1/19/2018 | 7.2 | LSAC | research, draft reply brief |
| 1/22/2018 | 7.8 | LSAC | review LSAC brief, draft reply brief |
| 1/23/2018 | 6.8 | LSAC | draft, edit reply brief |
| 1/24/2018 | 0.4 | LSAC | Team call with DOI re LSAC opposition |
| 1/24/2018 | 0.6 | LSAC | Call with JC, IT KT re Reply brief |
| 1/24/2018 | 0.3 | LSAC | Call with JC, IT KT re Reply brief |
| 1/24/2018 | 5.9 | LSAC | Draft, edit reply brief |
| 1/26/2018 | 7.5 | LSAC | Review research by attorneys to draft brief: contempt cases |
| 1/27/2018 | 4.6 | LSAC | Review research by attorneys to draft contempt brief: remedy and modification |
| 1/29/2018 | 8.3 | LSAC | edit brief to page limit |
| 1/30/2018 | 5.6 | LSAC | draft edit contempt brief |
| 1/30/2018 | 0.3 | LSAC | phone call team, Deputy Director re revisions to brief |
| 1/31/2018 | 5.8 | LSAC | Add and delete arguments as permitted by page limit, making strategic decisions re text to keep or eliminate |
| 1/31/2018 | 0.3 | LSAC | Team call re contempt motion edits, finalizing |
| 2/2/2018 | 1 | LSAC | Draft notes for oral argument moot court while cases and issues are fresh in mid |
| 2/7/2018 | 0.3 | LSAC | Phone call with DOI re decree implementation, monitoring enforcement |
| 2/7/2018 | 0.4 | LSAC | Team call re contempt motion, preparation for hearing |
| 2/12/2018 | 0.7 | LSAC | Prepare for meeting with DOI -- draft discovery requests to run by DOI in event court issues OSC and draft list of items to prepare for oral argument |
| 2/13/2018 | 0.2 | LSAC | letter from Burgoyne re informal resolution |
| 2/13/2018 | 0.3 | LSAC | draft proposed response to Burgoyne |
| 2/13/2018 | 0.3 | LSAC | phone call Carrasco, Trasovan re response to Burgoyne |
| 2/15/2018 | 2 | LSAC | Moot court for motion in limine and contempt motion |
| 2/16/2018 | 0.9 | LSAC | Phone call DOI re enforcement of Decree |
| 2/20/2018 | 0.7 | LSAC | confidential settlement Phone call with Burgoyne, Testy, Shank, Mew re potential resolution of contempt motion |
| 2/20/2018 | 0.3 | LSAC | Call Thomas, Toyama, Carrasco, Trasovan re settlement |
| 2/20/2018 | 1.2 | LSAC | Draft edit proposed settlement response to LSAC |
| 2/21/2018 | 2 | LSAC | Moot court for motion for contempt and motion in limine |
| 2/22/2018 | 0.5 | LSAC | Team meeting re hearing preparation and strategy |
| 2/23/2018 | 1.5 | LSAC | Travel to from SF for contempt hearing (deleted 30 minutes billing judgment) |
| 2/23/2018 | 2 | LSAC | Meet litigation team, prepare for hearing, attend hearing |

## Mari Mayeda - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 3/1/2018 | 0.4 | LSAC | Review LSAC post hearing filing |
| 3/5/2018 | 1 | LSAC | Review contempt order |
| 3/12/2018 | 0.5 | LSAC | begin draft of letter to LSAC re required information re attorneys fees and costs and analysis thereof |
| 3/14/2018 | 0.5 | LSAC | draft fees letter to LSAC |
| 3/14/2018 | 0.3 | LSAC | phone call Pearl re hourly rates |
| 4/9/2018 | 0.8 | LSAC | draft fee proposal letter to LSAC |

| Total for MM | 355 |
|---|---|

## Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 4/3/2017 | 1.9 | LSAC | review LSAC reports |
| 4/5/2017 | 0.2 | LSAC | call w/ team and Adam re doc review |
| 4/5/2017 | 0.2 | LSAC | review LSAC reports |
| 4/5/2017 | 0.2 | LSAC | review LSAC reports |
| 4/6/2017 | 0.4 | LSAC | discuss LSAC trip w/ Irina and Mari |
| 4/6/2017 | 0.7 | LSAC | review LSAC reports; email DOJ |
| 4/7/2017 | 0.2 | LSAC | review protocol doc |
| 4/7/2017 | 0.2 | LSAC | preparing docs for trip |
| 4/7/2017 | 0.6 | LSAC | prepare docs for trip |
| 4/7/2017 | 0.8 | LSAC | update file spreadsheet |
| 4/7/2017 | 2.5 | LSAC | prepare docs for trip |
| 4/7/2017 | 0.3 | LSAC | prepare docs for trip |
| 4/9/2017 | 11.2 | LSAC | Travel LA to Philadelphia (*eliminating 2 hours of time in exercise of billing judgment) |
| 4/9/2017 | 0.8 | LSAC | Travel Philadelphia to Newtown |
| 4/10/2017 | 1.8 | LSAC | Decree compliance, review files at LSAC HQ |
| 4/10/2017 | 0.5 | LSAC | review files at LSAC HQ |
| 4/10/2017 | 3.4 | LSAC | Decree compliance, review files at LSAC HQ |
| 4/10/2017 | 0.5 | LSAC | call w/ DOJ re file review |
| 4/11/2017 | 1.5 | LSAC | Decree compliance, review files at LSAC HQ |
| 4/11/2017 | 4.7 | LSAC | Decree compliance, review files at LSAC HQ |
| 4/11/2017 | 0.7 | LSAC | call w/ DOJ re decree compliance review |
| 4/12/2017 | 3.9 | LSAC | Decree compliance, review files at LSAC HQ |
| 4/12/2017 | 3.8 | LSAC | Decree compliance, review files at LSAC HQ |
| 4/12/2017 | 0.8 | LSAC | meet w/ DOJ attorney re compliance review |
| 4/13/2017 | 0.3 | LSAC | compose email to DOJ re compliance review |
| 4/13/2017 | 0.8 | LSAC | travel Newtown to Philadelphia |
| 4/13/2017 | 11 | LSAC | Travel Philadelphia to LA (*eliminating 2 hours of time in exercise of billing judgement) |
| 4/17/2017 | 0.3 | LSAC | dicuss consent decree enforcement w/ MM and IT |
| 4/17/2017 | 0.7 | LSAC | call w/ DOJ re file review |
| 4/17/2017 | 0.2 | LSAC | call w/ MM and IT re consent decree enforcement |
| 4/17/2017 | 0.8 | LSAC | discuss files w/ Irina, draft emails |
| 4/19/2017 | 0.6 | LSAC | review/edit access write up |

## Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 4/19/2017 | 0.5 | LSAC | call w/ DOJ re decree enforcement |
| 4/20/2017 | 0.3 | LSAC | discuss consent decree enforcement w/ MM |
| 4/24/2017 | 0.3 | LSAC | review/edit doc review write up |
| 4/24/2017 | 0.8 | LSAC | review/edit doc review write up |
| 4/26/2017 | 0.3 | LSAC | call w/ DOJ re decree enforcement |
| 5/1/2017 | 1 | LSAC | call w/ MM and IT re decree enforcement |
| 5/4/2017 | 0.6 | LSAC | call w/ DOJ re consent decree enforcement |
| 5/5/2017 | 0.2 | LSAC | call w/ IT and MM re Movaghar |
| 5/5/2017 | 0.2 | LSAC | compose email to DOJ |
| 5/5/2017 | 0.3 | LSAC | review/edit notice letter |
| 5/5/2017 | 0.3 | LSAC | review/edit notice letter |
| 5/8/2017 | 0.4 | LSAC | review/edit notice letter |
| 5/8/2017 | 0.2 | LSAC | review notes from file review |
| 5/10/2017 | 0.6 | LSAC | call w/ MM and DOJ re decree enforcement |
| 5/10/2017 | 0.7 | LSAC | review/edit notice letter |
| 5/12/2017 | 0.4 | LSAC | call w/ MM and IT |
| 5/15/2017 | 0.3 | LSAC | edits to notice letter |
| 5/24/2017 | 0.4 | LSAC | call w/ DOJ re decree enforcement |
| 5/25/2017 | 0.5 | LSAC | review files to request from LSAC |
| 5/25/2017 | 0.7 | LSAC | review files to request from LSAC |
| 5/26/2017 | 0.5 | LSAC | review files with IT |
| 6/1/2017 | 0.5 | LSAC | Call w/ MM re updates |
| 6/1/2017 | 0.3 | LSAC | review Movaghar file |
| 6/1/2017 | 0.2 | LSAC | call w/ DOJ |
| 6/12/2017 | 0.2 | LSAC | read/respond to emails |
| 6/14/2017 | 0.3 | LSAC | prep for call/call w/ DOJ and MM |
| 6/15/2017 | 0.5 | LSAC | review letter from LSAC |
| 6/21/2017 | 0.6 | LSAC | mtg w/ DOJ and DFEH team re decree enforcement |
| 6/22/2017 | 0.3 | LSAC | call w/ LSAC decree enforcement |
| 6/23/2017 | 0.2 | LSAC | call w/ Movaghar |
| 6/26/2017 | 0.7 | LSAC | review Lnumbers for M&C |
| 6/27/2017 | 0.2 | LSAC | read email/review doc from DOJ |

## Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 6/28/2017 | 0.8 | LSAC | call w/ DOJ and DFEH |
| 6/28/2017 | 0.4 | LSAC | search for doc, email to MM |
| 6/28/2017 | 0.7 | LSAC | review DOJ response letter |
| 6/28/2017 | 0.5 | LSAC | review DOJ response letter |
| 6/29/2017 | 0.4 | LSAC | call w/ MM and IT re meet and confer |
| 6/29/2017 | 0.2 | LSAC | prep for LSAC call |
| 6/29/2017 | 0.8 | LSAC | call w/ DOJ re meet and confer |
| 6/29/2017 | 0.6 | LSAC | review candidate file |
| 6/30/2017 | 0.6 | LSAC | prep for meet and confer |
| 6/30/2017 | 2.1 | LSAC | Meet and confer w/ DOJ and LSAC |
| 6/30/2017 | 0.2 | LSAC | follow up call w/ MM |
| 6/30/2017 | 0.5 | LSAC | follow up call w/ MM and DOJ re meet and confer |
| 7/5/2017 | 0.3 | LSAC | meeting w/ DOJ, MM, IT re decree enforcement |
| 7/5/2017 | 0.4 | LSAC | review reports from LSAC |
| 7/5/2017 | 0.5 | LSAC | call w/ MM and IT re LSAC reports |
| 7/11/2017 | 0.1 | LSAC | discuss decree enforcement w/ JI and IT |
| 7/12/2017 | 0.5 | LSAC | review LSAC's response letter to M&C issues |
| 7/13/2017 | 1 | LSAC | call w/ DOJ re decree enforcement meet and confer |
| 7/13/2017 | 0.3 | LSAC | review files / notes for M&C |
| 7/13/2017 | 0.2 | LSAC | review files / notes for M&C |
| 7/13/2017 | 0.4 | LSAC | review files / notes for M&C |
| 7/14/2017 | 0.2 | LSAC | review/edit DOJ email |
| 7/14/2017 | 0.2 | LSAC | review DOJ draft |
| 7/14/2017 | 0.2 | LSAC | review notes for DOJ call |
| 7/24/2017 | 0.4 | LSAC | call w/ DOJ re M&C |
| 7/25/2017 | 0.4 | LSAC | prep for M&C call |
| 7/25/2017 | 2 | LSAC | M&C w / LSAC and DOJ |
| 7/25/2017 | 0.2 | LSAC | debrief w/ IT |
| 7/25/2017 | 0.3 | LSAC | next steps call w/ DOJ |
| 7/27/2017 | 0.5 | LSAC | call w/ DOJ and IT |
| 7/31/2017 | 1.5 | LSAC | discuss/prep for final meet and confer w / IT |
| 7/31/2017 | 0.6 | LSAC | review LSAC reports in prep for M&C |

# Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 7/31/2017 | 0.2 | LSAC | review LSAC reports in prep for M&C |
| 8/1/2017 | 0.4 | LSAC | call w/ DOJ re meet and confer |
| 8/1/2017 | 0.2 | LSAC | prep w/ IT for meet and confer |
| 8/1/2017 | 0.3 | LSAC | prep w/ IT for meet and confer |
| 8/1/2017 | 1.1 | LSAC | meet and confer call w/ DOJ and LSAC |
| 8/1/2017 | 0.3 | LSAC | side call w/ DOJ |
| 8/1/2017 | 1.4 | LSAC | meet and confer call w/ DOJ and LSAC |
| 8/1/2017 | 0.2 | LSAC | side call w/ DOJ |
| 8/1/2017 | 0.1 | LSAC | meet and confer call w/ DOJ and LSAC |
| 8/1/2017 | 0.7 | LSAC | discuss call w/ IT and reply to DOJ emails |
| 8/2/2017 | 0.2 | LSAC | DOJ call and email to LSAC |
| 8/7/2017 | 0.2 | LSAC | read email from LSAC/debrief w/ IT |
| 8/7/2017 | 0.2 | LSAC | discuss DOJ email and meet & confer w/ IT |
| 8/7/2017 | 0.3 | LSAC | call w/ MM and IT re meet and confer |
| 8/7/2017 | 0.8 | LSAC | call w/ DOJ, MM and IT re meet and confer |
| 8/7/2017 | 0.3 | LSAC | call w/ MM and IT re meet and confer |
| 8/7/2017 | 0.3 | LSAC | review emails from DOJ |
| 8/8/2017 | 0.2 | LSAC | prep for meet and confer |
| 8/8/2017 | 0.3 | LSAC | call w/ MM and IT re meet and confer |
| 8/8/2017 | 0.3 | LSAC | prep for meet and confer |
| 8/8/2017 | 1.2 | LSAC | Meet and Confer w/ LSAC and DOJ |
| 8/8/2017 | 0.3 | LSAC | debrief w/ DOJ and MM and IT |
| 8/8/2017 | 0.3 | LSAC | debrief w/ MM and IT |
| 8/8/2017 | 0.6 | LSAC | discuss with IT and send email to LSAC |
| 8/9/2017 | 0.5 | LSAC | call w/ DOJ re meet and confer |
| 8/9/2017 | 0.5 | LSAC | call w/ MM and IT re decree enforcement |
| 8/16/2017 | 0.2 | LSAC | prep for call w/ DOJ |
| 8/16/2017 | 0.3 | LSAC | call w/ DOJ, MM and IT |
| 8/16/2017 | 0.8 | LSAC | discuss motion w/ MM and IT |
| 8/16/2017 | 0.4 | LSAC | discuss research w/ Ann and IT |
| 8/17/2017 | 1.1 | LSAC | call w/ DOJ and MM and IT re decree enforcement |
| 8/17/2017 | 0.4 | LSAC | call w/ MM and IT re decree enforcement |

## Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 8/23/2017 | 0.3 | LSAC | call w/ DOJ, MM and IT |
| 8/23/2017 | 0.3 | LSAC | call w/ DOJ re decree enforcement |
| 8/23/2017 | 0.2 | LSAC | call w/ DOJ re decree enforcement |
| 8/24/2017 | 0.4 | LSAC | call w/ MM and IT re enforcement timeline |
| 9/21/2017 | 0.8 | LSAC | call w/ MM, JI, IT, KT re motion strategy |
| 9/21/2017 | 1.6 | LSAC | discuss response to LSAC position statement w/ IT |
| 9/22/2017 | 0.6 | LSAC | pull/review docs for declaration exhibits |
| 9/22/2017 | 0.7 | LSAC | pull/review docs for declaration exhibits |
| 9/22/2017 | 0.3 | LSAC | pull/review docs for declaration exhibits |
| 9/22/2017 | 0.2 | LSAC | discuss dec exhibits with MM |
| 9/22/2017 | 0.6 | LSAC | pull/review docs for declaration exhibits |
| 9/22/2017 | 1.3 | LSAC | review docs, compile timeline of monitor |
| 9/25/2017 | 0.4 | LSAC | call w/ IT re position statement |
| 9/25/2017 | 0.6 | LSAC | review emails/docs for declaration |
| 9/26/2017 | 0.8 | LSAC | review docs for dec |
| 9/26/2017 | 1.2 | LSAC | team call re decree enforcement |
| 9/26/2017 | 0.4 | LSAC | review docs for dec |
| 9/26/2017 | 0.4 | LSAC | review docs for dec |
| 9/26/2017 | 0.5 | LSAC | call w/ IT re position statement |
| 9/26/2017 | 0.4 | LSAC | call w/ MM and IT re position statement |
| 9/27/2017 | 0.5 | LSAC | call w/ DOJ and MM, IT re decree enforcement |
| 9/27/2017 | 0.2 | LSAC | read/respond to email from MM re dec |
| 9/27/2017 | 0.9 | LSAC | review emails/update timeline |
| 9/27/2017 | 0.3 | LSAC | Discuss declaration w/ IT and MM |
| 9/27/2017 | 0.4 | LSAC | review emails/update timeline |
| 9/27/2017 | 0.6 | LSAC | review emails/update timeline |
| 9/28/2017 | 0.8 | LSAC | meet w/ IT re enforcement motion, discuss monitor |
| 9/28/2017 | 0.6 | LSAC | discuss declaration with IT |
| 9/28/2017 | 0.6 | LSAC | call w/ MM and IT re enforcement motion and candidate files |
| 9/28/2017 | 0.2 | LSAC | call w/ MM and DOJ re scheduling of meet and confer |
| 9/28/2017 | 0.6 | LSAC | call w/ MM, IT, KT re meet and confer |
| 9/28/2017 | 0.2 | LSAC | review docs/update timeline for dec |

## Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 9/28/2017 | 1 | LSAC | review docs/update timeline for dec |
| 9/28/2017 | 1.2 | LSAC | review docs/update timeline for dec |
| 9/28/2017 | 0.5 | LSAC | review docs/update timeline for dec |
| 9/29/2017 | 0.7 | LSAC | review docs/update timeline for dec |
| 9/29/2017 | 0.2 | LSAC | review docs/update facts for dec |
| 9/29/2017 | 0.4 | LSAC | review docs/update facts for dec |
| 9/29/2017 | 0.4 | LSAC | discuss declarations with IT |
| 9/29/2017 | 0.7 | LSAC | call w/ MM and IT re enforcement motion and meet and confer |
| 9/29/2017 | 0.6 | LSAC | review docs/update facts for dec |
| 9/29/2017 | 0.4 | LSAC | review docs/update facts for dec |
| 10/2/2017 | 0.3 | LSAC | discuss enforcement motion with MM |
| 10/2/2017 | 0.2 | LSAC | review docs/update timeline |
| 10/3/2017 | 0.6 | LSAC | review docs/update timeline |
| 10/9/2017 | 0.4 | LSAC | review CA June report |
| 10/9/2017 | 0.4 | LSAC | read/respond to emails re LSAC reporting |
| 10/9/2017 | 0.5 | LSAC | work on JC dec for enforcement motion |
| 10/11/2017 | 0.4 | LSAC | meet and confer prep w/ IT |
| 10/11/2017 | 0.6 | LSAC | review brief documents |
| 10/12/2017 | 0.4 | LSAC | review draft brief |
| 10/12/2017 | 0.4 | LSAC | review draft brief/declaration |
| 10/12/2017 | 0.7 | LSAC | call re possible amicus |
| 10/12/2017 | 0.4 | LSAC | call w/ LSAC team re brief |
| 10/12/2017 | 0.3 | LSAC | review Harris dec and docs |
| 10/12/2017 | 0.3 | LSAC | review brief/ work on declaration |
| 10/12/2017 | 0.7 | LSAC | review docs/ work on declaration |
| 10/12/2017 | 0.3 | LSAC | review docs/ work on declaration |
| 10/12/2017 | 1 | LSAC | call w/ IT and MM re meet and confer |
| 10/12/2017 | 0.7 | LSAC | review latest LSAC report |
| 10/12/2017 | 0.3 | LSAC | call w/ MM and IT re M&C strategy |
| 10/13/2017 | 0.3 | LSAC | prep docs for M&C |
| 10/13/2017 | 0.8 | LSAC | prep for M&C |
| 10/13/2017 | 1 | LSAC | Meet and Confer w/ LSAC |
| 10/13/2017 | 0.2 | LSAC | Meet and Confer w/ LSAC |

# Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 10/13/2017 | 1.5 | LSAC | review docs for JC dec |
| 10/13/2017 | 1.1 | LSAC | review emails for declaration/drafting |
| 10/13/2017 | 0.4 | LSAC | review docs/draft JC dec |
| 10/16/2017 | 0.6 | LSAC | draft JC dec for motion |
| 10/16/2017 | 0.7 | LSAC | draft JC dec for motion |
| 10/16/2017 | 0.6 | LSAC | draft JC dec for motion |
| 10/16/2017 | 0.5 | LSAC | team call w/ MM, IT and KT |
| 10/16/2017 | 0.5 | LSAC | draft JC dec for motion |
| 10/16/2017 | 1.7 | LSAC | review docs/draft JC dec |
| 10/16/2017 | 1.2 | LSAC | draft JC dec for motion |
| 10/17/2017 | 1.6 | LSAC | review/edit brief |
| 10/17/2017 | 0.2 | LSAC | call w/ IT and MM |
| 10/17/2017 | 0.6 | LSAC | review/edit brief |
| 10/17/2017 | 3 | LSAC | draft and edit contempt brief |
| 10/17/2017 | 0.8 | LSAC | review/edit outline re ADA monitor's report |
| 10/18/2017 | 2 | LSAC | draft/edit  JC dec w/ MM and IT |
| 10/18/2017 | 0.4 | LSAC | call w/ DOJ |
| 10/18/2017 | 0.6 | LSAC | draft/edit  JC dec w/ MM and IT |
| 10/19/2017 | 0.2 | LSAC | read/respond to emails re access to records violation of Decree |
| 10/18/2017 | 1.1 | LSAC | draft/edit  JC dec w/ MM and IT |
| 10/18/2017 | 0.5 | LSAC | draft/edit  JC dec |
| 10/18/2017 | 0.5 | LSAC | draft/edit  JC dec |
| 10/19/2017 | 0.2 | LSAC | call w/ MM and IT re access to records violation of Decree |
| 10/19/2017 | 0.7 | LSAC | draft/edit JC dec |
| 10/19/2017 | 0.3 | LSAC | draft/edit JC dec |
| 10/19/2017 | 1.6 | LSAC | draft/edit JC dec |
| 10/19/2017 | 0.8 | LSAC | draft/edit JC dec |
| 10/20/2017 | 0.6 | LSAC | draft/edit JC dec |
| 10/20/2017 | 0.3 | LSAC | draft/edit JC dec |
| 10/20/2017 | 0.4 | LSAC | draft/edit JC dec |
| 10/20/2017 | 0.1 | LSAC | send email to MM and IT re 2015 compliance report |
| 10/20/2017 | 0.5 | LSAC | draft/edit JC dec |

## Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 10/20/2017 | 0.8 | LSAC | draft/edit JC dec |
| 10/22/2017 | 0.7 | LSAC | notice letter redactions |
| 10/22/2017 | 0.5 | LSAC | review/edit JC dec |
| 10/22/2017 | 0.4 | LSAC | review/edit JC dec |
| 10/22/2017 | 0.8 | LSAC | review/edit JC dec |
| 10/23/2017 | 0.2 | LSAC | call w/ MM and IT re test-taker declarations |
| 10/23/2017 | 0.4 | LSAC | draft/edit JC dec |
| 10/23/2017 | 1.9 | LSAC | draft/edit JC dec |
| 10/23/2017 | 2.7 | LSAC | draft/edit JC dec |
| 10/23/2017 | 0.4 | LSAC | edit JC dec |
| 10/23/2017 | 0.5 | LSAC | edit JC dec |
| 10/23/2017 | 0.2 | LSAC | call w/ MM re JC dec |
| 10/24/2017 | 0.3 | LSAC | edit JC dec |
| 10/24/2017 | 0.2 | LSAC | call w/ MM and IT re declarations |
| 10/24/2017 | 0.6 | LSAC | edit JC dec |
| 10/24/2017 | 0.2 | LSAC | call w/ MM re declarations |
| 10/26/2017 | 0.3 | LSAC | call w/ MM re Testy email |
| 10/26/2017 | 2 | LSAC | edit motion for contempt |
| 10/27/2017 | 0.3 | LSAC | call w/ MM and IT re next steps |
| 11/3/2017 | 0.2 | LSAC | review LSAC reports |
| 11/6/2017 | 0.7 | LSAC | read draft reply |
| 11/7/2017 | 0.8 | LSAC | call w/ DOJ re decree enforcement |
| 11/9/2017 | 0.2 | LSAC | call w/ MM and IT re: response to LSAC email |
| 11/11/2017 | 0.3 | LSAC | review brief and dec |
| 11/17/2017 | 0.4 | LSAC | call w/ DOJ and team |
| 11/17/2017 | 0.4 | LSAC | call w/ MM, KT, IT re next tasks |
| 11/17/2017 | 0.2 | LSAC | discuss oral argument w/ MM |
| 11/30/2017 | 0.3 | LSAC | review/email annual LSAC report |

## Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 12/13/2017 | 0.2 | LSAC | call w/ team and DOJ |
| 12/13/2017 | 0.6 | LSAC | call w/ team re next steps |
| 12/28/2017 | 0.5 | LSAC | call w/ JoAnne Simon and MM, IT |
| 12/28/2017 | 0.3 | LSAC | review LSAC's motion |
| 1/10/2018 | 0.3 | LSAC | call w/ IT, KT and DOJ |
| 1/12/2018 | 0.3 | LSAC | call w/ MM re stip |
| 1/12/2018 | 0.1 | LSAC | reply to LSAC's email re stip |
| 1/12/2018 | 0.5 | LSAC | review reply draft |
| 1/12/2018 | 0.4 | LSAC | review reply draft |
| 1/14/2018 | 0.8 | LSAC | review LSAC opposition docs |
| 1/14/2018 | 1 | LSAC | review LSAC opposition docs |
| 1/16/2018 | 0.5 | LSAC | review opposition docs |
| 1/16/2018 | 1 | LSAC | team call w/ MM, ST, KT, and IT re reply |
| 1/16/2018 | 0.7 | LSAC | call w/ IT and MM re reply |
| 1/16/2018 | 0.4 | LSAC | review opposition docs |
| 1/16/2018 | 0.8 | LSAC | review opposition docs |
| 1/17/2018 | 1.3 | LSAC | team call w/ DOJ re LSAC opposition |
| 1/17/2018 | 0.2 | LSAC | team call w/ MM, KT and IT re reply |
| 1/17/2018 | 0.4 | LSAC | discuss reply and declaration w/ IT |
| 1/17/2018 | 0.4 | LSAC | review LSAC opposition docs |
| 1/17/2018 | 0.2 | LSAC | call w/ MM, IT re LSAC exhibits |
| 1/17/2018 | 1.6 | LSAC | review LSAC opposition docs |
| 1/17/2018 | 0.8 | LSAC | call w/ MM, IT re LSAC exhibits |
| 1/17/2018 | 0.8 | LSAC | review LSAC opposition docs |
| 1/17/2018 | 1.4 | LSAC | review LSAC reports |
| 1/18/2018 | 0.5 | LSAC | review opposition docs |
| 1/18/2018 | 0.5 | LSAC | review opposition docs |
| 1/18/2018 | 1 | LSAC | review LSAC reports |
| 1/18/2018 | 3.6 | LSAC | review LSAC reports |
| 1/18/2018 | 0.5 | LSAC | discuss LSAC reports w/ IT |
| 1/18/2018 | 0.7 | LSAC | review opposition docs |
| 1/18/2018 | 1 | LSAC | review opposition docs |
| 1/19/2018 | 0.4 | LSAC | call w/DOJ re reply |

## Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 1/19/2018 | 1 | LSAC | review docs/draft JC dec |
| 1/19/2018 | 0.8 | LSAC | call w/DOJ re reports |
| 1/19/2018 | 0.4 | LSAC | team call re DOJ reports and reply |
| 1/19/2018 | 0.1 | LSAC | call w/ DOJ re reports |
| 1/19/2018 | 0.5 | LSAC | review docs/draft JC dec |
| 1/19/2018 | 0.3 | LSAC | call w/ MM and IT re reports |
| 1/19/2018 | 0.5 | LSAC | review docs/draft JC dec |
| 1/19/2018 | 1.3 | LSAC | review docs/draft JC dec |
| 1/19/2018 | 2.2 | LSAC | review docs/draft JC dec |
| 1/21/2018 | 0.5 | LSAC | review opposition docs |
| 1/21/2018 | 0.8 | LSAC | review/edit draft letter re reports to LSAC |
| 1/21/2018 | 1.5 | LSAC | review docs/draft dec |
| 1/21/2018 | 0.3 | LSAC | review reports |
| 1/21/2018 | 0.4 | LSAC | review docs/draft dec |
| 1/21/2018 | 0.5 | LSAC | review reply draft/make notes for dec |
| 1/22/2018 | 0.5 | LSAC | team call re LSAC reports |
| 1/22/2018 | 0.2 | LSAC | send email to LSAC re reports |
| 1/22/2018 | 0.3 | LSAC | team call re reply brief |
| 1/22/2018 | 0.6 | LSAC | review docs/draft dec |
| 1/22/2018 | 0.4 | LSAC | review docs/draft dec |
| 1/22/2018 | 0.9 | LSAC | review docs/draft dec |
| 1/22/2018 | 0.6 | LSAC | review docs/draft dec |
| 1/22/2018 | 0.6 | LSAC | review docs/draft dec |
| 1/22/2018 | 1.2 | LSAC | review docs/draft dec |
| 1/22/2018 | 1.2 | LSAC | review docs/draft dec |
| 1/22/2018 | 1 | LSAC | review docs/draft dec |
| 1/23/2018 | 0.6 | LSAC | review docs/draft dec |
| 1/23/2018 | 1.4 | LSAC | review docs |
| 1/23/2018 | 0.6 | LSAC | review docs |
| 1/23/2018 | 1 | LSAC | review docs/draft dec |
| 1/23/2018 | 0.3 | LSAC | review docs/draft dec |
| 1/24/2018 | 0.4 | LSAC | team call (MM, IT and KT) w/ DOJ re LSAC opposition |
| 1/24/2018 | 0.6 | LSAC | team call w/ MM, IT, KT re reply |

## Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 1/24/2018 | 0.2 | LSAC | send email to LSAC re reports |
| 1/24/2018 | 1.4 | LSAC | review reports/draft dec |
| 1/24/2018 | 0.3 | LSAC | call w/ MM and IT re reply brief |
| 1/24/2018 | 0.6 | LSAC | review reports |
| 1/24/2018 | 1.7 | LSAC | review reports/draft dec |
| 1/25/2018 | 0.4 | LSAC | review docs/draft JC dec |
| 1/25/2018 | 0.9 | LSAC | review 2015 MC communications for dec |
| 1/25/2018 | 1.1 | LSAC | review docs/draft JC dec |
| 1/25/2018 | 0.6 | LSAC | review docs/draft JC dec |
| 1/25/2018 | 0.6 | LSAC | review docs/draft JC dec |
| 1/26/2018 | 2 | LSAC | edit reply/edit JC dec |
| 1/26/2018 | 0.7 | LSAC | call w/ KT, MM, IT re report data/reply |
| 1/26/2018 | 0.2 | LSAC | call w/ MM, IT re L numbers |
| 1/26/2018 | 2 | LSAC | edit reply/edit JC dec |
| 1/26/2018 | 2.2 | LSAC | edit reply/edit JC dec |
| 1/26/2018 | 0.4 | LSAC | edit reply/edit JC dec |
| 1/26/2018 | 0.7 | LSAC | edit reply/edit JC dec |
| 1/27/2018 | 1.9 | LSAC | edit reply/JC dec |
| 1/27/2018 | 0.9 | LSAC | edit reply/JC dec |
| 1/27/2018 | 0.4 | LSAC | call w/ MM and IT re reply |
| 1/28/2018 | 2.7 | LSAC | edit reply/JC dec |
| 1/28/2018 | 1.5 | LSAC | edit reply/JC dec |
| 1/28/2018 | 0.9 | LSAC | edit reply/JC dec |
| 1/29/2018 | 0.2 | LSAC | call w/ MM and IT re reply |
| 1/29/2018 | 1.5 | LSAC | review docs/finalize JC dec |
| 1/29/2018 | 1.5 | LSAC | review docs/finalize JC dec exhibits |
| 1/29/2018 | 0.5 | LSAC | finalize JC dec |
| 1/30/2018 | 0.6 | LSAC | call w/ MM, IT, KT re reply brief/edits |
| 1/30/2018 | 0.6 | LSAC | read/respond to emails |
| 1/30/2018 | 0.5 | LSAC | review Campa dec/talk to IT/KT |
| 1/30/2018 | 0.8 | LSAC | review docs/discuss Campa dec w/ IT |
| 1/30/2018 | 0.5 | LSAC | review contempt motion docs |

## Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 1/30/2018 | 1.3 | LSAC | edit reply brief |
| 1/30/2018 | 0.6 | LSAC | edit reply brief |
| 1/30/2018 | 0.6 | LSAC | edit reply brief |
| 1/31/2018 | 0.5 | LSAC | call w/ DOJ, MM, IT, and KT |
| 1/31/2018 | 0.4 | LSAC | team call re edits and finalizing |
| 1/31/2018 | 1.1 | LSAC | review final draft of reply |
| 2/1/2018 | 0.2 | LSAC | edit JC dec |
| 2/1/2018 | 0.2 | LSAC | finalize reply |
| 2/2/2018 | 0.4 | LSAC | prep docs for hearing |
| 2/6/2018 | 1 | LSAC | prep for hearing |
| 2/6/2018 | 0.8 | LSAC | reading/prep for hearing |
| 2/6/2018 | 1.2 | LSAC | reading/prep for hearing |
| 2/7/2018 | 0.3 | LSAC | call w/ DOJ, MM, IT, and KT |
| 2/7/2018 | 0.4 | LSAC | team call re hearing preparation |
| 2/9/2018 | 2.2 | LSAC | review cases/hearing prep |
| 2/9/2018 | 0.9 | LSAC | review cases/hearing prep |
| 2/9/2018 | 0.6 | LSAC | review cases/hearing prep |
| 2/12/2018 | 1 | LSAC | call w/ DOJ and LSAC team re hearing prep |
| 2/12/2018 | 0.2 | LSAC | team call re hearing prep w/ MM, IT, KT |
| 2/12/2018 | 1 | LSAC | hearing prep - reading/notes |
| 2/13/2018 | 0.4 | LSAC | prep for hearing |
| 2/13/2018 | 0.8 | LSAC | prep for hearing |
| 2/13/2018 | 0.3 | LSAC | call w/ team re LSAC email |
| 2/13/2018 | 0.4 | LSAC | review emails from LSAC |
| 2/13/2018 | 0.3 | LSAC | discuss response with MM |
| 2/13/2018 | 0.4 | LSAC | discuss response with MM and IT |
| 2/13/2018 | 1.3 | LSAC | prep for hearing |
| 2/13/2018 | 0.4 | LSAC | prep for hearing |
| 2/14/2018 | 1.3 | LSAC | prep for hearing |
| 2/14/2018 | 0.3 | LSAC | call w/ MM and IT re response to LSAC |
| 2/14/2018 | 0.4 | LSAC | finalize/send response to LSAC |
| 2/14/2018 | 0.8 | LSAC | call w/ MM, IT and KT re hearing prep |

# Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 2/14/2018 | 0.4 | LSAC | prep for hearing |
| 2/14/2018 | 0.4 | LSAC | prep for hearing |
| 2/15/2018 | 1 | LSAC | Hearing prep |
| 2/15/2018 | 3 | LSAC | Hearing mock and feedback |
| 2/16/2018 | 1 | LSAC | call w/ DOJ |
| 2/17/2018 | 1.6 | LSAC | prep for hearing |
| 2/18/2018 | 0.5 | LSAC | read papers/prep for hearing |
| 2/18/2018 | 1.9 | LSAC | read papers/prep for hearing |
| 2/19/2018 | 0.4 | LSAC | prep for hearing/review papers |
| 2/19/2018 | 0.9 | LSAC | prep for hearing/review papers |
| 2/19/2018 | 0.4 | LSAC | prep for hearing/review papers |
| 2/20/2018 | 0.5 | LSAC | prep for hearing/review docs |
| 2/20/2018 | 0.4 | LSAC | updates w/ team re settlement discussion |
| 2/20/2018 | 0.5 | LSAC | prep for hearing/review docs |
| 2/20/2018 | 0.5 | LSAC | prep for hearing/review docs |
| 2/20/2018 | 0.7 | LSAC | prep for hearing/review docs |
| 2/20/2018 | 0.4 | LSAC | prep for hearing/review docs |
| 2/20/2018 | 0.7 | LSAC | prep for hearing/review docs |
| 2/20/2018 | 0.5 | LSAC | prep for hearing/review docs |
| 2/20/2018 | 0.5 | LSAC | prep for hearing/review docs |
| 2/20/2018 | 1.8 | LSAC | discuss argument w/ PDP, IT |
| 2/20/2018 | 0.6 | LSAC | call w/ MM re LSAC settlement |
| 2/20/2018 | 0.4 | LSAC | prep for hearing/review docs |
| 2/20/2018 | 0.5 | LSAC | prep for hearing/review docs |
| 2/20/2018 | 0.3 | LSAC | prep for hearing/review docs |
| 2/21/2018 | 0.4 | LSAC | prep for hearing/review docs |
| 2/21/2018 | 0.7 | LSAC | call w/ DOJ, MM, KT, and IT |
| 2/21/2018 | 0.8 | LSAC | prep for hearing/review docs |
| 2/21/2018 | 0.9 | LSAC | prep for hearing/review docs |
| 2/21/2018 | 1.1 | LSAC | prep for hearing/review docs |
| 2/21/2018 | 2 | LSAC | hearing moot |
| 2/21/2018 | 0.4 | LSAC | prep for hearing/review docs |
| 2/21/2018 | 0.4 | LSAC | prep for hearing/review docs |

# Joni Carrasco - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|------|------|------|-------------|
| 2/21/2018 | 0.9 | LSAC | prep for hearing/review docs |
| 2/21/2018 | 0.6 | LSAC | prep for hearing/review docs |
| 2/22/2018 | 0.4 | LSAC | call w/ team re hearing - MM, KT, IT |
| 2/22/2018 | 0.3 | LSAC | call w/ team and DOJ re hearing |
| 2/22/2018 | 0.5 | LSAC | prep for hearing |
| 2/22/2018 | 0.6 | LSAC | prep for hearing |
| 2/22/2018 | 0.9 | LSAC | prep for hearing |
| 2/22/2018 | 2.2 | LSAC | travel for LSAC, LA to SF |
| 2/22/2018 | 0.7 | LSAC | prep for hearing |
| 2/22/2018 | 3.2 | LSAC | travel for LSAC, LA to SF (*eliminating 2 hours of time in exercise of billing judgment) |
| 2/22/2018 | 0.4 | LSAC | prep for hearing |
| 2/23/2018 | 0.5 | LSAC | prep for hearing |
| 2/23/2018 | 0.8 | LSAC | prep for hearing |
| 2/23/2018 | 1.4 | LSAC | hearing |
| 3/1/2018 | 0.3 | LSAC | review LSAC's filing |

| | |
|------|------|
| Total for JC | 322 |
| Total travel time reduced | 6 |
| Final Total for JC | 316 |

**Irina Trasovan - LSAC Contempt Motion Billing Records**

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 4/5/2017 | 0.2 | LSAC | call w/ team and Adam re doc review |
| 4/6/2017 | 0.4 | LSAC | discuss LSAC trip w/ JC and MM |
| 4/6/2017 | 0.2 | LSAC | email to JVT re logistics; email to team |
| 4/7/2017 | 1.8 | lsac | review and select docs for trip |
| 4/9/2017 | 11.2 | LSAC | Travel LA to Philadelphia (*eliminating 2 hours of time in exercise of billing judgment) |
| 4/9/2017 | 0.8 | LSAC | Travel Philadelphia to Newtown |
| 4/10/2017 | 4.5 | LSAC | Decree Compliance Review LSAC HQ |
| 4/10/2017 | 3.4 | LSAC | Decree Compliance Review LSAC HQ |
| 4/10/2017 | 0.5 | LSAC | Call with DOJ re: file review |
| 4/11/2018 | 7.5 | LSAC | Decree compliance review at LSAC HQ |
| 4/11/2017 | 0.7 | LSAC | Call with DOJ re: decree compliance review |
| 4/12/2017 | 8 | LSAC | Decree compliance, file review LSAC HQ |
| 4/12/2017 | 0.8 | LSAC | Meet with DOJ re: compliance review |
| 4/13/2017 | 0.8 | LSAC | Travel Newtown to Philadelphia |
| 4/13/2017 | 2.1 | LSAC | Travel Philadelphia to LA |
| 4/13/2017 | 1.6 | LSAC | Continue travel Philadelphia to LA |
| 4/13/2017 | 6.9 | LSAC | Continue travel Philadelphia to LA (*eliminating 2 hours of time in exercise of billing judgment) |
| 4/14/2017 | 1 | LSAC | Continued travel Philadelphia to LA |
| 4/17/2017 | 0.3 | LSAC | Call with MM and JC re: LSAC next steps; emails from/to MM re: next steps; email to DOJ re: call |
| 4/17/2017 | 0.3 | LSAC | Review email from MM re: possible files for copying; draft email to MM re: additional file for copying |
| 4/19/2017 | 0.5 | | Call with MM re: LSAC language; email from JC re edits; email from/to MM re edits; finalize write up for DOJ; draft email to DOJ |
| 4/19/2017 | 0.2 | LSAC | Email MM re: scheduling; email from MM |
| 4/19/2017 | 0.5 | LSAC | Team Call with DOJ re: motion to enforce |
| 4/20/2017 | 0.3 | LSAC | Discuss consent decree enforcement with MM and JC |
| 4/24/2017 | 0.2 | LSAC | Email from/to MM re: LSAC compliance write up |
| 4/25/2017 | 0.4 | LSAC | Review write up and discuss edits with JC |
| 4/25/2017 | 1.3 | LSAC | Review write up and revise |
| 4/26/2017 | 0.3 | LSAC | Call with DOJ team to discuss consent decree motion |
| 5/2/2017 | 0.8 | LSAC | Call with JC and MM re: copies of files from LSAC compliance review. |
| 5/8/2017 | 0.5 | LSAC | Review draft notice of violation; call with JC re: edits; continue to review notce |
| 5/8/2017 | 0.2 | LSAC | Continue review of notice |

## Irina Trasovan - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 5/9/2017 | 0.3 | LSAC | Continue to revise notice of consent decree violation |
| 5/9/2017 | 0.2 | LSAC | Continue to revise notice of consent decree violation; send revisions to the team |
| 5/12/2017 | 0.3 | LSAC | team call re notice of violation of decree and potential motion to enforce decree |
| 5/24/2017 | 0.4 | LSAC | Call with DOJ re: motion |
| 5/26/2017 | 1.2 | LSAC | Continue to review spreadsheet for files to request; draft annotations for selected files; draft email to team re: selected files |
| 6/15/2017 | 0.3 | LSAC | Review Mew letter to DFEH |
| 6/21/2017 | 0.6 | LSAC | DOJ call re: meet and confer with LSAC |
| 6/21/2017 | 0.3 | LSAC | Review DOJ emails re: meet and confer |
| 6/28/2017 | 0.7 | LSAC | review DOJ response letter |
| 6/29/2017 | 0.2 | LSAC | Prep for call with DOJ re: meet and confer |
| 6/29/2017 | 0.8 | LSAC | Call with DOJ re: meet and confer |
| 6/30/2017 | 0.6 | LSAC | Prep for meet and confer |
| 6/30/2017 | 2.1 | LSAC | Meet and confer w/DOJ and LSAC |
| 7/5/2017 | 0.4 | LSAC | Prep for call and call with DOJ re: LSAC meet and confer |
| 7/24/2017 | 0.4 | LSAC | Call with DOJ re: meet and confer prep |
| 7/24/2017 | 0.6 | LSAC | Review email from DOJ re: alternate test date issue; email from C. Mew re: meet and confer |
| 7/24/2017 | 0.2 | LSAC | Prep for meet and confer |
| 7/25/2017 | 2 | LSAC | Meet and confer call with LSAC and DOJ |
| 7/25/2017 | 0.2 | LSAC | Debrief; email to/from DOJ re: follow up |
| 7/25/2017 | 0.3 | LSAC | Debrief call with DOJ |
| 7/26/2017 | 0.3 | LSAC | Discuss LSAC file issue for write up with JC |
| 7/27/2017 | 0.4 | LSAC | meet and confer call with DOJ |
| 7/30/2017 | 0.4 | LSAC | Review DOJ email re: meet and confer; draft email to DOJ |
| 7/31/2017 | 0.7 | LSAC | Prep for final meet and confer with JC |
| 7/31/2017 | 0.7 | LSAC | Continue to prep for meet and confer; draft email to MM re: meet and confer |
| 7/31/2017 | 0.2 | LSAC | call with JC re: review of reports |
| 8/1/2017 | 0.5 | LSAC | Prep for call with DOJ and Call with DOJ re: meet and confer |
| 8/1/2017 | 0.2 | LSAC | Prep for meet and confer |
| 8/1/2017 | 1.2 | LSAC | Prep for meet and confer and meet and confer |
| 8/1/2017 | 0.3 | LSAC | Break call with DOJ re: meet and confer |
| 8/1/2017 | 1.4 | LSAC | Meet and confer call with DOJ and LSAC |

## Irina Trasovan - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 8/1/2017 | 0.2 | LSAC | Break call with DOJ re: meet and confer |
| 8/1/2017 | 0.1 | LSAC | Meet and confer call with DOJ and LSAC |
| 8/7/2017 | 0.8 | LSAC | Call with DOJ re: meet and confer |
| 8/7/2017 | 0.3 | LSAC | Call with MM re: meet and confer |
| 8/8/2017 | 0.2 | LSAC | Prep for meet and confer |
| 8/8/2017 | 1.2 | LSAC | Meet and Confer with LSAC |
| 8/9/2017 | 0.5 | LSAC | Call with DOJ re: enforcement motion |
| 8/9/2017 | 0.5 | LSAC | Call with MM re: enforcement motion |
| 8/16/2017 | 0.3 | LSAC | call with DOJ re: meet and confer prep |
| 8/16/2017 | 0.8 | LSAC | Meeting with team re: outlining potential motion to enforce decree |
| 8/16/2017 | 1 | LSAC | Revise outline to enforcement motion with JC |
| 8/16/2017 | 0.9 | LSAC | Revise outline to enforcement motion with JC |
| 8/17/2017 | 1 | LSAC | Call with DOJ |
| 10/11/2017 | 0.5 | LSAC | Prep for meet and confer with JC |
| 10/11/2017 | 0.4 | LSAC | Meet and confer prep with JC |
| 10/11/2017 | 0.6 | LSAC | Review brief draft |
| 10/12/2017 | 0.3 | LSAC | Review third party declaration |
| 10/12/2017 | 0.5 | LSAC | Meet with JC and JK re: third party declaration and next steps |
| 10/12/2017 | 0.4 | LSAC | Finalize position statement with JC and email to LSAC counsel |
| 10/12/2017 | 0.7 | LSAC | Review LSAC June 2017 Administration report |
| 10/12/2017 | 0.7 | LSAC | Prep for meet and confer with JC |
| 10/12/2017 | 0.3 | LSAC | Call with MM and JC re: prep for meet and confer |
| 10/12/2017 | 0.2 | LSAC | Prep docs for meet and confer |
| 10/13/2017 | 0.3 | LSAC | Meet and Confer with LSAC |
| 10/13/2017 | 0.3 | LSAC | Meet and Confer with LSAC |
| 10/13/2017 | 0.8 | LSAC | Continue Meet and Confer with LSAC |
| 10/13/2017 | 0.2 | LSAC | Call with MM and JC re: meet and confer session |
| 10/13/2017 | 0.2 | LSAC | Call with MM, JC and  DOJ re: meet and confer session |
| 10/13/2017 | 0.5 | LSAC | Draft outline re: monitor report |
| 10/13/2017 | 0.4 | LSAC | Call with JC re: monitor report negoation with LSAC |
| 10/16/2017 | 0.2 | LSAC | Review final position statement |
| 10/16/2017 | 0.2 | LSAC | Dicuss final position statement with JC; continue review final  position statement |
| 10/16/2017 | 0.7 | LSAC | |

**Irina Trasovan - LSAC Contempt Motion Billing Records**

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 10/16/2017 | 0.2 | LSAC | Contine final position statement review |
| 10/17/2017 | 0.2 | LSAC | Email from/to Jenna re: declaration |
| 10/17/2017 | 3 | LSAC | Draft and edit contempt brief |
| 10/18/2017 | 0.9 | LSAC | draft and edit Carrasco declaration |
| 10/18/2017 | 0.5 | LSAC | Call with DOJ re: enforcement motion |
| 10/18/2017 | 0.2 | LSAC | Call with MM and KT re: enforcement motion |
| 10/18/2017 | 0.5 | LSAC | draft and edit final position statement |
| 10/18/2017 | 0.5 | LSAC | draft and edit Carrasco declaration |
| 10/18/2017 | 0.2 | LSAC | draft and edit final position statement |
| 10/18/2017 | 0.2 | LSAC | Call with MM re: potential third party declarations |
| 10/18/2017 | 0.2 | JK | Review email from J. Kingkade re: third party declarations - discuss interviews with third party witness with |
| 10/19/2017 | 0.5 | LSAC | edit and finalize Harris declaration |
| 10/19/2017 | 0.9 | LSAC | Review notice letter and final position statement |
| 10/19/2017 | 1.1 | LSAC | draft and edit final position statement |
| 10/18/2017 | 1 | LSAC | draft and edit final position statement |
| 10/19/2017 | 0.2 | LSAC | Call with MM and JC re: access to files violation |
| 10/19/2017 | 0.2 | LSAC | Review third party interview notes for declaration |
| 10/19/2017 | 0.6 | LSAC | continue review of third party interview notes for declaration |
| 10/19/2017 | 0.4 | LSAC | review past position statements in prep of final position statement |
| 10/19/2017 | 0.5 | LSAC | Meet with Jenna re: Movaghar and Harris Declaration |
| 10/19/2017 | 0.5 | LSAC | draft and edit final position statement |
| 10/19/2017 | 0.7 | LSAC | draft and edit final position statement |
| 10/20/2017 | 0.3 | LSAC | Finalize final position statement |
| 10/20/2017 | 0.9 | LSAC | draft and edit third party declarations |
| 10/22/2017 | 0.2 | LSAC | Discuss Carrasco declaration with JC |
| 10/23/2017 | 0.6 | LSAC | draft and revise third party declarations with JC |
| 10/24/2017 | 0.5 | LSAC | Call with Harris re: declaration (with Jenna) |
| 10/25/2017 | 0.9 | LSAC | Call with DOJ re: decree enforcement |
| 10/25/2017 | 0.3 | LSAC | phone call with movaghar re: dec |
| 10/19/2017 | 0.2 | LSAC | continue to review notes re: Movaghar dec; call Movaghar |

**Irina Trasovan - LSAC Contempt Motion Billing Records**

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 10/26/2017 | 0.3 | LSAC | discuss documents with movaghar |
| 10/30/2017 | 0.4 | LSAC | Call with DOJ re: motion to seal |
| 1/9/2018 | 1.5 | LSAC | discuss/edit LSAC response with JC |
| 1/18/2018 | 1.5 | lsac | review lsac opp exhibits |
| 1/18/2018 | 0.5 | LSAC | discuss LSAC reports w/ JC |
| 1/18/2018 | 1.3 | lsac | continue to review lsac opp exhibits |
| 1/25/2018 | 0.4 | lsac | discuss monitor section contempt motion with jc |
| 1/25/2018 | 0.4 | lsac | continue work on monitor lanuage for reply |
| 1/25/2018 | 0.1 | lsac | review email from MM re: audit definition; draft email to MM |
| 1/25/2018 | 0.8 | lsac | discuss monitor section contempt motion with jc |
| 1/30/2018 | 0.6 | LSAC | fialize campa declaration |
| 1/31/2018 | 0.9 | lsac | review and finalize contempt reply |
| 1/31/2018 | 0.6 | lsac | review and finalize contempt reply; draft email to team re latest version |
| 2/12/2018 | 0.6 | lsac | call with DOJ re contempt hearing |
| 2/13/2018 | 0.3 | lsac | call with MM and jc re letter from opp counsel; |
| 2/14/2018 | 0.3 | lsac | call with MM and JC re response to LSAC email |

| | |
|---|---|
| Total for IT | 120.2 |
| Total travel time reduced | 4 |
| Final Total for IT | 116.2 |

## Kaitlin Toyoma - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 9/5/2017 | 0.1 | LSAC | Emailed Mari about meeting to discuss assignment |
| 9/5/2017 | 0.6 | LSAC | WL research re. DFEH ability to enforce decree nationwide |
| 9/6/2017 | 0.2 | LSAC | Reviewed J. Spero order re. consent decree |
| 9/6/2017 | 0.5 | LSAC | Reviewed J. Spero order re. consent decree |
| 9/6/2017 | 0.2 | LSAC | Read draft motion to enforce |
| 9/6/2017 | 0.8 | LSAC | WL research on state enforcement nationwide |
| 9/6/2017 | 1 | LSAC | PC with Irina & Mari re. research assignments |
| 9/6/2017 | 1 | LSAC | Started LSAC research memo |
| 9/13/2017 | 0.5 | LSAC | Contempt - searching pacer |
| 9/14/2017 | 2.8 | LSAC | Researched contempt motions |
| 9/14/2017 | 0.5 | LSAC | Researched Rule 60 |
| 9/14/2017 | 1.3 | LSAC | Researched Rule 60 |
| 9/14/2017 | 2.1 | LSAC | Researched Rule 60 and wrote memo |
| 9/14/2017 | 0.4 | LSAC | Contempt memo |
| 9/15/2017 | 2 | LSAC | Researched OSC cases and LSAC's contempt |
| 9/15/2017 | 1 | LSAC | Researched substantial performance |
| 9/18/2017 | 0.5 | LSAC | Contempt standard research |
| 9/18/2017 | 2.7 | LSAC | Contempt standard research |
| 9/19/2018 | 0.7 | LSAC | Contempt research |
| 9/19/2018 | 0.3 | LSAC | OSC research |
| 9/19/2018 | 0.5 | LSAC | Contempt research |
| 9/19/2018 | 2.5 | LSAC | Contempt research |
| 9/19/2018 | 1.5 | LSAC | Contempt research memo |
| 9/20/2017 | 1.8 | LSAC | Contempt standard memo |
| 9/20/2017 | 1.8 | LSAC | Contempt standard memo |
| 9/20/2017 | 0.5 | LSAC | Contempt standard memo |
| 9/21/2017 | 0.5 | LSAC | Emails and contempt memo |
| 9/21/2017 | 0.8 | LSAC | Team phonecall re. motion and decl. |
| 9/22/2017 | 1.5 | LSAC | Contempt standard memo |
| 9/22/2017 | 0.6 | LSAC | Contempt standard memo |
| 9/22/2017 | 2.1 | LSAC | Contempt standard memo |

## Kaitlin Toyoma - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 9/22/2017 | 0.8 | LSAC | Contempt standard memo |
| 9/25/2017 | 2.4 | LSAC | Contempt standard memo |
| 9/25/2017 | 0.3 | LSAC | Contempt standard memo |
| 9/25/2017 | 1 | LSAC | Contempt standard memo |
| 9/26/2017 | 1 | LSAC | Contempt standard memo |
| 9/26/2017 | 0.8 | LSAC | Contempt standard memo |
| 9/26/2017 | 3.3 | LSAC | Contempt standard memo |
| 9/28/2017 | 2.4 | LSAC | Contempt standard memo |
| 9/28/2017 | 0.3 | LSAC | Nationwide enforcement memo |
| 9/28/2017 | 0.5 | LSAC | Email re. nationwide enforcement findings |
| 9/28/2017 | 1.9 | LSAC | LSAC team strategy phonecall |
| 9/28/2017 | 1.3 | LSAC | Nationwide enforcement memo |
| 9/29/2017 | 1.8 | LSAC | Nationwide enforcement memo |
| 9/29/2017 | 0.1 | LSAC | Nationwide enforcement memo |
| 9/29/2017 | 0.5 | LSAC | Nationwide enforcement memo |
| 10/3/2017 | 0.3 | LSAC | Harris research and email |
| 10/3/2017 | 1 | LSAC | Nationwide enforcement memo |
| 10/4/2017 | 3.2 | LSAC | Nationwide enforcement memo |
| 10/4/2017 | 0.7 | LSAC | Nationwide enforcement memo |
| 10/4/2017 | 0.6 | LSAC | Nationwide enforcement memo |
| 10/4/2017 | 0.5 | LSAC | Nationwide enforcement memo |
| 10/5/2017 | 1 | LSAC | National enforcement memo |
| 10/5/2017 | 1.1 | LSAC | National enforcement memo |
| 10/6/2017 | 2.8 | LSAC | Nationwide enforcement memo |
| 10/6/2017 | 0.6 | LSAC | Nationwide enforcement memo |
| 10/9/2017 | 0.6 | LSAC | PC with Kallman |
| 10/9/2017 | 0.6 | LSAC | PC with Enger |
| 10/11/2017 | 1.5 | LSAC | Drafted admin. mot. re. "confidential" |
| 10/11/2017 | 1 | LSAC | Began drafting Kallman and Enger decs. |
| 10/12/2017 | 0.3 | LSAC | Enger decl. |
| 10/12/2017 | 0.4 | LSAC | Enger decl. |

## Kaitlin Toyoma - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 10/12/2017 | 0.7 | LSAC | Enger and Kallman decs. |
| 10/13/2017 | 1.4 | LSAC | Reviewed draft contempt motion |
| 10/13/2017 | 0.1 | LSAC | Email to decl. Enger |
| 10/16/2017 | 0.2 | LSAC | Emailed Enger re. decl. |
| 10/17/2017 | 3 | LSAC | Contempt brief editing and Kallman decl. |
| 10/19/2017 | 0.7 | LSAC | PC with Kallman re. decl. |
| 10/20/2017 | 1 | LSAC | Kallman dec. |
| 10/20/2017 | 1.7 | LSAC | Kallman dec. |
| 10/23/2017 | 1.5 | LSAC | Line-by-line edit with Kallman |
| 10/23/2017 | 1.6 | LSAC | Edited Admin. Mot. re. confidentiality |
| 10/24/2017 | 0.3 | LSAC | Reviewed Kallman decl. |
| 10/24/2017 | 1.3 | LSAC | Call with Kallman to revise decl. |
| 10/25/2017 | 0.2 | LSAC | Call with Kallman re. dec. |
| 10/25/2017 | 0.3 | LSAC | Call with Kallman re. dec. |
| 10/26/2017 | 2 | LSAC | Reviewed/edited contempt mot. |
| 10/30/2017 | 0.4 | LSAC | Researched redactions rule |
| 10/30/2017 | 0.9 | LSAC | Began drafting reply |
| 10/30/2017 | 0.5 | LSAC | Admin. Motion to file under seal |
| 10/30/2017 | 0.4 | LSAC | PC with Aidee Campa |
| 10/30/2017 | 0.2 | LSAC | Emailed team re. Aidee |
| 10/31/2017 | 0.3 | LSAC | Call with MM re. Reply brief |
| 10/31/2017 | 0.6 | LSAC | Reviewed LSAC meet and confer/position statements to anticipate arguments in opposition |
| 10/31/2017 | 1 | LSAC | Reviewed LSAC meet and confer/position statements |
| 10/31/2017 | 1.4 | LSAC | Research for Reply, reviewed LSAC position |
| 11/1/2017 | 2 | LSAC | MM Decl. for Reply |
| 11/3/2017 | 0.6 | LSAC | Met with MM re. reply tasks |
| 11/3/2017 | 0.8 | LSAC | Reply - MM decl. |
| 11/3/2017 | 2.3 | LSAC | Reply - MM decl. |
| 11/6/2017 | 0.9 | LSAC | MM Decl. for reply, emailed |
| 11/6/2017 | 1.2 | LSAC | Reviewed draft reply |
| 11/6/2017 | 2.7 | LSAC | Reply research, emails |

## Kaitlin Toyoma - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 11/6/2017 | 0.2 | LSAC | Call with Campa |
| 11/13/2017 | 1.1 | LSAC | Research for reply |
| 11/13/2017 | 2.5 | LSAC | Research for reply |
| 11/14/2017 | 0.4 | LSAC | Email to Campa re. decl. |
| 11/14/2017 | 0.2 | LSAC | Began drafting Campa dec. |
| 11/14/2017 | 0.2 | LSAC | Campa Dec. |
| 11/15/2017 | 0.2 | LSAC | Campa dec. |
| 11/15/2017 | 0.5 | LSAC | Reply edits |
| 11/15/2017 | 0.2 | LSAC | Call with Campa re. dec. |
| 11/15/2017 | 0.9 | LSAC | Reply edits |
| 11/15/2017 | 0.3 | LSAC | Reply edits |
| 11/15/2017 | 1.1 | LSAC | Reply edits |
| 11/16/2017 | 3 | LSAC | Reply brief research and edits |
| 11/20/2017 | 2.5 | LSAC | Reply brief, chart of violations |
| 11/20/2017 | 1 | LSAC | Campa dec. |
| 1/3/2018 | 0.3 | LSAC | Call with Campa re. decl. |
| 1/8/2018 | 0.5 | LSAC | Met with MM to review reply |
| 1/11/2018 | 1.3 | LSAC | Drafted Campa Decl. |
| 1/17/2018 | 1.1 | LSAC | Edited Campa decl. Emailed for review. |
| 1/18/2018 | 0.3 | LSAC | Drafted argument for reply |
| 1/19/2018 | 1.4 | LSAC | Edited reply |
| 1/21/2018 | 2.8 | LSAC | Drafted arguments for reply |
| 1/22/2018 | 0.4 | LSAC | Updated Campa's decl. |
| 1/22/2018 | 0.1 | LSAC | Drafted chart of violations |
| 1/22/2018 | 0.3 | LSAC | Drafted chart of violations |
| 1/22/2018 | 0.1 | LSAC | Call with team re. Campa decl. |
| 1/22/2018 | 1.3 | LSAC | Drafted chart of violations |
| 1/23/2018 | 2 | LSAC | Edited chart of violations |
| 1/23/2018 | 2.9 | LSAC | Redline edits to reply draft |
| 1/25/2018 | 1.7 | LSAC | Edits to reply draft |
| 1/25/2018 | 2.2 | LSAC | Edits to reply draft |

## Kaitlin Toyoma - LSAC Contempt Motion Billing Records

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 1/26/2018 | 2.6 | LSAC | Edited reply brief |
| 1/27/2018 | 1.9 | LSAC | Additions to reply |
| 1/29/2018 | 2.5 | LSAC | Reply citations |
| 1/29/2018 | 0.8 | LSAC | Reply citations |
| 1/29/2018 | 2.4 | LSAC | Bluebook edits to reply |
| 1/31/2018 | 0.7 | LSAC | Read Labor/Cmty. Strategies case |
| 2/14/2018 | 0.3 | LSAC | Drafted questions for moot |
| 3/1/2018 | 0.9 | LSAC | Read LSAC's post-hearing brief, research rules, call with team |
| 3/1/2018 | 1.8 | LSAC | Drafted response to LSAC's good faith argument |
| 3/1/2018 | 0.8 | LSAC | Drafted admin mot for leave to respond |
| 3/1/2018 | 0.4 | LSAC | Call with team re. motion and response |
| 3/1/2018 | 1.9 | LSAC | Drafted admin mot to strik or leave |
| 3/1/2018 | 0.5 | LSAC | Drafted MM decl. i/s/o admin mot |
| 3/1/2018 | 0.8 | LSAC | Drafted proposed orders for admin mot to strike or leave |

| Total for KT | 151.4 |
|---|---|

EXHIBIT G



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                           DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 (voice) I 800-700-2320 (TTY) | California's Relay Service at 711
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

*Via Email*

May 7, 2018

Robert Burgoyne, Esq.
RBurgoyne@perkinscoie.com
Caroline Mew, Esq.
CMew@perkinscoie.com
Perkins Coie LLP
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960

Re:    *Department of Fair Employment and Housing v. Law School Admission Council*

Dear Bob and Caroline:

We write to address the issue of attorney's fees and costs to which DFEH is entitled pursuant to the Court's March 3, 2018 order.  Dkt. 278 at 53:2-4.  Paragraph 21 of the Consent Decree requires a "statement of [DFEH's] work" on the motion to enforce the Decree.  Dkt. 203 at 30:16-17.  In compliance with Paragraph 21(b), we provide the following statement.

## A.      STATEMENT OF DFEH'S WORK ON THE CONTEMPT MOTION

The work on the motion to enforce the decree began with the review of California test taker files at LSAC's Newtown, Pennsylvania headquarters.  Based on this review, DFEH discovered that LSAC referred to a particular correspondence as the "50% email," that LSAC had begun using this correspondence as early as January 2016 and that later in 2016 the "50% email" appeared on a list of communications as one of the standard forms of communication with test takers.  The document review uncovered information regarding the "no decision" practice, the use of "white out" and the fact that accepted "50% emails" were reported as "granted in full" on LSAC's reports to DFEH, the United States and the Monitor.

Because DFEH's document review is limited under the Decree, in order to review as much information as possible while at LSAC's headquarters, DFEH sent three attorneys.  We shared hotel rooms, and took flights with layovers to decrease travel costs.  Because the Decree limits our access to LSAC's regular business hours, we worked without lunch breaks on each of days we were in Newtown.  We conferred about our file review in the evening and kept the United States abreast of our progress and analysis.  These were long days of work.

We developed and used Excel spreadsheets for use during the document review.  Following the document review, we analyzed the spreadsheet entries and selected files for copying and later reviewed those files.  We performed legal research.  The United States and DFEH then developed their position statement which was transmitted to LSAC in the May 17, 2017 notice letter.

_____

This was not a case where plaintiffs merely had to enforce the findings and conclusions of the Decree Monitor.  To the contrary, the Monitor did not mention in his audits any of the issues which caused Plaintiffs to have concerns regarding decree compliance.  Instead, the Monitor concluded that LSAC had complied with the Decree.  This erroneous conclusion increased the work DFEH had to perform.  As the parties agreed in the briefing on the contempt motion, the burden of proof rested upon the DFEH.

Following Plaintiffs' notice letter and pursuant to the Decree, the parties engaged in over five months of meet and confer sessions which included lengthy phone calls and the exchange of detailed position statements.   At the conclusion of the meet and confer process, DFEH filed the contempt motion.  The contempt motion was a complex motion requiring analysis of years of data and application of three court orders:  the Decree, the Best Practices Panel's 30 page single spaced Final Report, and the Court's 44 page order approving in part the Best Practices.  The motion was supported by a 54 paragraph declaration by Ms. Carrasco including 175 pages of exhibits.  The parties had continuing exchanges regarding potential resolution of the motion.  DFEH reviewed and responded to LSAC's opposition brief.  As LSAC's opposition brief relied on nationwide data, DFEH also needed to review and analyze the voluminous nationwide data sets.  DFEH filed a reply brief with declarations and prepared for and attended the hearing on the motion.

The amount of work required for the motion was acknowledged by LSAC.  In requesting additional time for the Opposition, even though LSAC did not bear the burden of proof, LSAC noted it would take "a significant amount of time to respond to a pleading of this nature," Dkt. 259-1 at 1:23-24, and that the motion required understanding of "the long history of the case, the issues raised therein and the intricacies of the Consent Decree." Dkt. 261 at 4:17-18.  LSAC acknowledged "the importance and complexity of the underlying issues" raised in the contempt motion.  Email from Burgoyne to Trasovan (Nov. 8, 2017, 9:27 a.m.).

**B.**   **APPLICABLE LAW**

California law governs plaintiff's motion for fees. See *Klein v. City of Laguna Beach*, 810 F.3d 693, 701 (9th Cir. 2016) ("federal courts apply state law for attorneys' fees to state claims because of the Erie doctrine" (internal footnote omitted)); see also *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  "Nevertheless, the Court may still look to federal authority for guidance in awarding attorneys' fees." *MacDonald v. Ford Motor Co.*, No. 13-cv-2988-JST, 2016 WL 3055643, at *2 (N.D. Cal. May 31, 2016).

California courts use the lodestar multiplier method for determining a fee award; thus, in assessing "reasonable" attorney fees, courts begin "with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'" *Ketchum v. Moses*, 24 Cal.4th 1122, 1131-1132 (2001) [quoting *Serrano v. Priest* (1977) 20 Cal.3d 25, 48, 141 (*Serrano III*)].  A "lodestar figure" is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate for each person entitled to compensation. *Serrano III,* 20 Cal.3d at 48.

Hours are reasonable if they were "reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983). A fee award should be "fully compensatory [and] absent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for all the hours reasonably spent." *Ketchum v. Moses*, 24 Cal.4th 1122, 1133 (2001).

We have exercised considerable and extensive billing judgment. *Hensley v. Eckerhart*, 461 U.S. at 434. DFEH is not requesting compensation for the legal research time spent by a junior attorney (former federal district court law clerk) who performed the initial legal research on the contempt standard. DFEH has not included the time spent by Assistant Chief Counsel Paula Pearlman, an expert in disability rights law and litigation who assisted in reviewing the briefs and in preparing staff counsel for the oral argument. DFEH has not requested compensation for the time of Assistant Chief Counsel Nelson Chan who assisted in preparation for the oral argument. DFEH exercised billing judgment and has excluded the time spent on the Motion in Limine.. DFEH has not requested time for Senior Staff Counsel Sheila Thomas, an experienced civil rights litigator, or for Civil Rights Fellow Jenna Kingkade. In total, DFEH eliminated from this request over 811 hours for which contemporaneous time records have been maintained.

Finally, should we be unable to resolve this matter, DFEH will also be entitled to compensation for work performed on the fee motion. Such "fees on fees" can be substantial. *Serrano v. Unruh*, 32 Cal. 3d 621 (1982); *United States v. City & County of San Francisco*, 748 F. Supp. 1416, 1441 (N.D. Cal.) *aff'd in part and rev'd in part sub nom Davis v. City and County of San Francisco*, 976 F. 2d 1536 (9th Cir. 1992) (awarding plaintiffs' attorneys almost 600 hours spent on the fee application at full market rates plus a 100 percent enhancement); *Greene v. Dillingham Construction, N.A., Inc.,* 101 Cal. App. 4th 418, 422 (2002) ($102,201.50 for fees on fees in Fair Employment and Housing Act (FEHA) case); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1169 (1998) ($166,510.50 awarded for fees in obtaining fee award in FEHA case); *Gates v. Rowland*, 39 F.3d 1439, 1448 (9th Cir. 1994) ($177,603 for work on fee application); *Californians for Disability Rights v. California Dept. of Transportation*, 2010 WL 8746910 (N.D. Cal. 2010) No. C. 06-05125 SBA (over 480 hours on fee motion reasonable); *Downey Cares v. Downey Community Development Commission*, 196 Cal. App. 3d 983, 997 (1987) (awarding 1.5 multiplier for fee related work).

As the above cited authority illustrates, California law differs from federal law and should we litigate fees we could be entitled to an upward enhancement of any fee award – including an enhancement on the fees on fees portion of that award.

## C.   LIST OF HOURS BY ATTORNEY, MARKET RATES AND COSTS

Paragraph 21 requires that we provide LSAC with "a list of hours worked by each DFEH staff person, hourly rate, and any costs incurred." Dkt. 203 at 30:17-18. In compliance with this requirement, a list of this information appears at the end of this section.

May 7, 2018
*Dept. Fair Empl. & Hous. v. Law School Admission Council*
Page 4 of 6
_____

     The reasonable hourly rates for comparable legal services in the community is generally determined by an examination of the rates where the court is located, in this case San Francisco, California. *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001). The market-rate standard applies to the determination of an appropriate hourly rate regardless of whether or how the attorney claiming fees charges for services. *In re Tobacco Cases I,* 193 Cal.App.4th 1591, 1604-1605 (2011) (finding services of assistant attorney general were properly valued based on market rates); see also *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973 (9th Cir. 2008) (district court directed to determine "the prevailing hourly rate in the [forum community] for work that is similar to that performed in this case, by attorneys with the skill, experience and reputation comparable to that of [plaintiff's] attorneys.").

     In civil rights cases, courts look to the fees charged by attorneys of comparable reputation, experience, skill, and expertise in cases requiring similar skills such as anti-trust cases. *Hensley,* 461 U.S. at 430 n. 4; *Blum v.Stenson,* 465 U.S. 886, 898-899 (1984); *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986). We thus turn to the skill, reputation and expertise of DFEH counsel for whom we seek compensation.

     Mari Mayeda is the Associate Chief Counsel for Systemic Litigation at the DFEH. She specializes in complex civil rights litigation. She was lead counsel for the California plaintiffs in the Denny's restaurant chain race discrimination case and in gender discrimination cases involving promotion of women at the Save Mart and Albertson's grocery chains. With her former law partners, Ms. Mayeda represented plaintiffs in recovering over $200 million from the State Farm Insurance Companies for failing to hire female sales agents. She served as co-counsel in disability access class action cases against the Burger King and Taco Bell restaurant chains. She served as a member of the Ninth Circuit Task Force on Racial, Religious and Ethnic Fairness, chairing the Task Force's Civil Litigation Sub-Committee, has served as a Lawyer Delegate to the Ninth Circuit Judicial Conference and has served by appointment of the U.S. District Court for the Northern District of California on a number of court committees. She is a 1983 graduate cum laude of Harvard Law School. Following law school, she clerked for the California Supreme Court.

     Joni Carrasco is co-lead counsel for the Department in the remedies phase of this case. In addition Ms. Carrasco has represented the Department as lead counsel in over 20 mediations and litigation matters including *DFEH v. City of Hanford* an employment discrimination case which settled for $237,500 plus injunctive relief and *DFEH v. 255 Ave. 55, LLC, et al*., a reasonable accommodation housing discrimination case which resolved for $75,000 plus injunctive relief. She is a 2012 graduate of the University of California, Irvine School of Law, joining the DFEH in the first class of Civil Rights Fellows.

     Irina Trasovan has worked on this matter since 2013 taking responsibility for many expert witness issues. Ms. Trasovan is co-lead counsel for the Department in *Dept. of Fair Employment and Housing v. Airbnb, Inc.*, an investigation and settlement involving racial discrimination in housing on the Airbnb platform. In addition, Ms. Trasovan has represented the Department as lead counsel in over 20 mediations and litigation matters, obtaining damages and injunctive relief for individuals who have experienced discrimination. Ms. Trasovan represented the Department as trial counsel in *Dept. of Fair Employ. & Housing v. David Grimberg*, a sexual harassment case against a landlord, obtaining a

*May 7, 2018*
*Dept. Fair Empl. & Hous. v. Law School Admission Council*
*Page 5 of 6*
_____

$45,000 judgment for the tenant and injunctive relief. She is a 2012 graduate of the University of California, Irvine School of Law, joining the DFEH in the first class of Civil Rights Fellows.

Kaitlin Toyama is a 2017 graduate of the University of California, Hastings College of the Law where she externed in the United States District Court for the Northern District of California and also represented clients in the Ninth Circuit Court of Appeals and San Francisco County Superior Court. Ms. Toyama performed legal research on the contempt motion, drafted portions of the briefs, worked with test-takers and drafted and finalized test taker declarations. DFEH is billing Ms. Toyama as a law clerk even though in 2017 Ms. Toyama became a member of the California bar. She is a current Civil Rights Fellow.

The requested rates are consistent with rates awarded or approved by the courts for DFEH counsel.  *See, e.g., Dept. of Fair Employ. & Housing v. David Grimberg, Case. No. SC 121412* (Los Angeles County Superior Court) (Awarding Ms. Trasovan's then current 2014 hourly rate of $325/hour); *Voting Rights Coalition, et al. v. Wilson et al.*, Case Nos. C-94-20860 JW, C-95-20042 JW (N.D. Cal. 1997) (awarding Ms. Mayeda's then current hourly rate); *Cordellos v. City and County of San Francisco*, No. 952520 (San Francisco Superior Court, 1995) (awarding Ms. Mayeda's then current hourly rate); *NORML v. Mullen*, No. C83-4037 RPA (N.D. Cal. 1988) (awarding Ms. Mayeda's then current hourly rate); *Reviera v. Evans*, No. H1369139 (Alameda County Superior Court, 1992) (awarding Ms. Mayeda's then current hourly rate).

My rate has also been approved by the courts on numerous occasions as part of the court's obligation to review the fairness of a class action settlement.  Some examples of cases where my rate was approved by the court where I was lead counsel include *Ridgeway v. Denny's*, No. C-93-20202 JW (N.D. Cal.); *Babbit v. Albertson's*, No. C-92-1883 SBA (N.D. Cal.) and *Herring v. SaveMart*, No. C-90-3571 EFL (N.D. Cal.).  Examples where my rate was approved in cases in which I was co-counsel include *Castaneda v. Burger King*, No. CV-08-4262 WHA (N.D. Cal.) and *Vallabhapurapu v. Burger King*, No. CV-11-00667 WHA (N.D. Cal.) (awarding then current 2014 rate).

In accordance with this authority, DFEH provides the following list of hours by time keeper.

| ATTORNEY | HOURLY RATE | HOURS ELIMINATED | HOURS REQUESTED | SUBTOTAL |
|---|---|---|---|---|
| Mari Mayeda | $850.00 | 117.0 | 377.9 | $321,215.00 |
| Joni Carrasco | $425.00 | 163.7 | 177.9 | $75,607.50 |
| Irina Trasovan | $425.00 | 274.4 | 121.6 | $51,680.00 |
| Kaitlin Toyama | $290.00 | 224.1 | 151.6 | $43,964.00 |
| | | | **TOTAL FEES** | **$492,466.50** |
| | | | **TOTAL COSTS** | **$4,077.54** |

DFEH is entitled to costs which total $4,077.54.  These represent travel costs for three attorneys to Newtown and travel costs for the February 23, 2018 contempt hearing.  We expended but are not seeking reimbursement for expert fees paid to Professor Blanck.

**TOTAL FEES PLUS COSTS:  $496,544.04**

*May 7, 2018*
*Dept. Fair Empl. & Hous. v. Law School Admission Council*
*Page 6 of 6*
_____

**D.      AWARDS IN SIMILAR CASES**

DFEH's requested lodestar is consistent with awards in similar complex litigation in the Northern District of California.  Recent examples include:

*Huynh v. Hous. Auth. Of Santa Clara*, 2017 WL 105039 (N.D. Cal. 2017), a tenant class action challenging the Housing Authority's policy regarding the accommodation of households with family members with disabilities in which the court awarded 2017 hourly rates of $860 for a 1996 law school graduate, $530 for a 2011 law school graduate and $236-275 for paralegals.

*Nitsch v. Dreamworks Animation SKG, Inc*., 2017 WL 2423161 (N.D. Cal. 2017), an antitrust class action brought by former employees of the defendants, in which the court found the following hourly rates reasonable, before applying a 2.0 multiplier:  $950 (attorney with 35 years of experience); $870 (attorney with 28 years of experience); $290 (paralegal).

*Ridgeway v. Wal-Mart Stores, Inc*., N.D. Cal. No. 08-cv-05221-SI, Order Granting in Part and Denying in Part Plaintiffs' Motion for Fees, Costs, and Enhancement Awards,  filed September 14, 2017 (Dkt. No. 606), reported at 2017 U.S.Dist.LEXIS 149440, a wage and hour class action, in which the court issued a statutory fee award against Wal-Mart based on the following 2017 rates (plus a 2.0 multiplier), to partially offset a 25% common fund fee award payable by the class:  $830 (attorney with 34 years of experience); $425 (attorney with 6 years of experience) and $300 (attorney with one year of experience).

*Armstrong v. Brown*, N.D. Cal. No. 04:94-cv-02307-CW, Stipulated Order Confirming Undisputed Attorneys' Fees and Costs for the Third Quarter of 2017, filed December 19, 2017 (Dkt. No. 2708), a suit involving accommodations for prisoners and paroles with disabilities in which the court approved the following 2017 hourly rates for monitoring the injunction in that matter:  $950 (attorney with 37 years of experience); $825 (attorney with 33 years of experience); and $240-325 (paralegals).

We hope to be able to resolve this motion without resort to litigation and that this letter is of assistance to LSAC in evaluating our request.  Having gone through the effort to individually review each time entry and exercise substantial billing judgment, we do not view this as an opening offer but as our reasonable and justifiable request for fees and costs.  We look forward to your response.

Sincerely,

**Mari Mayeda | Associate Chief Counsel for Systemic Litigation**
CA Department of Fair Employment and Housing
2218 Kausen Drive, Suite 100
Elk Grove, CA 95758
Tel: (916) 478-7251 | Fax: (888) 382-5293
Mari. Mayeda@dfeh.ca.gov

EXHIBIT H

| From: | Mayeda, Mari@DFEH |
| --- | --- |
| To: | Burgoyne, Robert (Perkins Coie); Mew, Caroline (Perkins Coie) |
| Cc: | Carrasco, Joni@DFEH; Trasovan, Irina@DFEH; Toyama, Kaitlin@DFEH |
| Subject: | DFEH v. LSAC: Statement of work |
| Date: | Thursday, July 05, 2018 11:21:58 AM |

Bob and Caroline:

We write to update you on our request for attorney's fees and costs.   We recently discovered that when we provided you with the total number of hours for Joni Carrasco, an error occurred.  The sum we were given for her hours was erroneous.  We discovered this in going through the time records again, which otherwise resulted in additional reductions in the amount we would request in a litigated fee petition.  The exception is Ms. Carrasco's hours which have increased now that her reported hours have been correctly totaled.  The correct and updated totals are as follows.  This email therefore amends our May 7, 2018 letter detailing DFEH's statement of work on the contempt motion. Please feel free to contact us if you have any questions.

| ATTORNEY | HOURLY RATE | HOURS ELIMINATED | HOURS REQUESTED | SUBTOTAL |
| --- | --- | --- | --- | --- |
| Mari Mayeda | $850 | 139.9 | 355 | $301,750 |
| Joni Carrasco | $425 | 191.8 | 316 | $134,300 |
| Irina Trasovan | $425 | 276.8 | 116.2 | $49,385 |
| Kaitlin Toyama | $290 | 224.3 | 151.4 | $43,906 |

Mari Mayeda
Associate Chief Counsel for Systemic Litigation
California Department of Fair Employment and Housing

---

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

EXHIBIT I

## Mari Mayeda - Fee motion hours billed

| Date | Hours Billed | Case | Description |
|------|--------------|------|-------------|
| 4/26/2018 | 0.5 | LSAC | Edit, draft statement to LSAC re fees |
| 5/2/2018 | 0.6 | LSAC | Finalize statement re fees to send to LSAC |
| 5/23/2018 | 0.3 | LSAC | email to team re LSAC response re fees |
| 5/25/2018 | 0.4 | LSAC | analysis and review of LSAC response to determine strategy and tasks |
| 5/25/2018 | 0.5 | LSAC | instruct staff re lodestar, time record analysis to be performed for potential settlement proposal re fees |
| 5/29/2018 | 0.4 | LSAC | legal research re cases cited by LSAC in fee response letter |
| 5/31/2018 | 1.7 | LSAC | revaluate, research issues raised by LSAC and potential response |
| 6/18/2018 | 1.2 | LSAC | evaluate and finalize analysis of proposed settlement response re fees |
| 6/27/2018 | 0.5 | LSAC | Begin outline of fees brief and arguments |
| 7/2/2018 | 0.3 | LSAC | Phone call Carrasco re billing judgment review and hours to eliminate |
| 7/3/2018 | 1.5 | LSAC | Draft and legal research argument re hourly rates |
| 7/3/2018 | 1.1 | LSAC | Draft and legal research argument re billing judgment |
| 7/3/2018 | 1.2 | LSAC | Draft and legal research argument re multiple counsel in complex litigation |
| 7/5/2018 | 2.9 | LSAC | Edit draft brief portions prepared by staff counsel |

| Total Fee Motion Hours for MM | 13.1 |
|-------------------------------|------|

## Joni Carrasco - Fee motion hours billed

| Date | Hours Billed | Case | Description |
|------|------|------|------|
| 5/2/2018 | 0.3 | LSAC | discuss fee letter w/ MM and IT |
| 6/25/2018 | 0.2 | LSAC | call w/ LSAC team re fee motion |
| 6/26/2018 | 0.5 | LSAC | review fee motion and dec draft |
| 6/27/2018 | 0.3 | LSAC | call w/ KT, MM, IT re fees motion/planning |
| 6/29/2018 | 0.5 | LSAC | analyze time records in prep for fee motion |
| 7/2/2018 | 2.4 | LSAC | review time records for fee motion |
| 7/2/2018 | 0.3 | LSAC | call w/ MM to discuss time records for fee motion/discounting time |
| 7/2/2018 | 0.9 | LSAC | review time records for fee motion/discount time |
| 7/2/2018 | 1.3 | LSAC | review time records for fee motion |
| 7/3/2018 | 1 | LSAC | review time records for fee motion/create exhibit |
| 7/3/2018 | 1 | LSAC | edit MM dec for fee motion |
| 7/5/2018 | 0.4 | LSAC | review time records |
| 7/5/2018 | 0.6 | LSAC | call w/ team re fee motion |
| 7/5/2018 | 0.5 | LSAC | edit MM dec for fee motion |
| 7/5/2018 | 0.6 | LSAC | edit MM dec for fee motion |
| 7/5/2018 | 0.6 | LSAC | analyze records for fee motion |
| 7/5/2018 | 0.5 | LSAC | review fee motion |
| 7/5/2018 | 0.4 | LSAC | discuss fee motion edits w/ MM |
| 7/6/2018 | 0.4 | LSAC | review Pearl declaration |
| 7/6/2018 | 0.4 | LSAC | discuss fee motion w/ MM |
| 7/6/2018 | 0.6 | LSAC | review Pearl declaration |

| Total Fee Motion Hours for JC | 13.7 |
|------|------|

## Kaitlin Toyama - Fee motion hours billed

| Date | Hours Billed | Case | Description |
|---|---|---|---|
| 5/14/18 | 0.2 | LSAC | Call with Mari & Irina re. fee request |
| 6/4/18 | 2.4 | LSAC | Fees settlement letter |
| 6/12/18 | 1.9 | LSAC | Edits to fee demand letter |
| 6/16/18 | 1.7 | LSAC | Edits to fees letter |
| 6/17/18 | 2 | LSAC | Edits to fees letter |
| 6/25/18 | 0.1 | LSAC | Call with team re. fees motio |
| 6/26/18 | 1.4 | LSAC | Researched whether state/federal law applies |
| 6/26/18 | 0.5 | LSAC | Research and drafted rule statement re. state law applying |
| 6/27/18 | 0.3 | LSAC | Call with Mari, Joni, & Irina re. drafting/editing fees motion brief |
| 6/28/18 | 2.4 | LSAC | Reviewed draft of fees motion and made edits to formatting |
| 6/28/18 | 0.6 | LSAC | Edited fees motion draft and researched other contempt fee awards |
| 7/2/18 | 1 | LSAC | Researched other attorney fee decisions for contempt motions |
| 7/3/18 | 2.4 | LSAC | Made edits and added cites to fees motion |
| 7/3/18 | 0.3 | LSAC | Drafted proposed order for fees motion |
| 7/5/18 | 0.5 | LSAC | Call with Mari, Joni, & Irina re. fees motion and tasks |
| 7/5/18 | 2.1 | LSAC | Edited fee motion brief and incorporated Mari's edits |
| 7/6/18 | 1 | LSAC | Reviewed Richard Pearl's declaration with Mari |

| Total Fee Motion Hours for KT | 20.8 |
|---|---|